IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

05 10020 DPW

Amesbury Group, Inc., and
Amesbury Springs Ltd.,

Plaintiffs,

v.   Civil Action No. _____

The Caldwell Manufacturing Company,

Defendant.

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED ___1___
LOCAL RULE 4.1 ___—___
WAIVER FORM ___—___
MCF ISSUED ___—___
BY DPTY. CLK. ___MP___
DATE ___1/5/05___

MAGISTRATE JUDGE ___MBB___

## COMPLAINT

Plaintiffs Amesbury Group, Inc., and Amesbury Springs Ltd. (together, "Amesbury"), file this Complaint for patent infringement against defendant The Caldwell Manufacturing Company ("Caldwell"). Because of such patent infringement, Amesbury has been damaged and irrevocably harmed, and seeks injunctive relief, compensatory and multiple damages, attorneys' fees, and costs and expenses.

## PARTIES

1. Amesbury Group, Inc., is a corporation organized and existing under the laws of the state of Delaware, and maintains a regular place of business at 57 Hunt Road, Amesbury, Massachusetts.

2. Amesbury Springs Ltd. is a corporation organized and existing under the laws of the United Kingdom, and maintains a regular place of business in Peterborough, United Kingdom.

3.  On information and belief, Caldwell is a corporation organized and existing under the laws of the state of New York, and maintains a regular place of business in Rochester, New York.

## JURISDICTION AND VENUE

4.  This action arises under the patent laws of the United States, including 35 U.S.C. §§ 154 and 271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

5.  Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6.  The Court has personal jurisdiction over Caldwell for reasons including that, on information and belief, Caldwell sells products, including products that are the subject of this patent infringement suit, to persons in Massachusetts both directly and indirectly via an established distribution channel.

## INFRINGEMENT OF U.S. PATENT 5,365,638

7.  Amesbury re-alleges and adopts by reference the allegations set forth in paragraphs 1-6 above.

8.  On November 22, 1994, the United States Patent and Trademark Office duly and legally issued to Harold K. Braid and Simon C. Braid, United States Patent No. 5,365,638, entitled "Spring Mounting for Sash Frame Tensioning Arrangements" (the "'638 Patent"), a true and correct copy of which is attached hereto as Exhibit A.

9.  Amesbury Springs Ltd. is the assignee and owner of the '638 Patent.

10. On information and belief, Caldwell, has infringed the '638 Patent throughout the United States by making, using, importing, selling, offering to sell, inducing the use and sale of, and/or contributing to the use and sale of, window hardware that falls within the scope of one or more claims of the '638 Patent, including by selling window hardware to persons in this judicial district directly or through Caldwell's intermediaries.

11. On information and belief, Caldwell has notice of the '638 Patent.

12. On information and belief, Caldwell's infringement of the '638 Patent is willful.

13. Amesbury is without an adequate remedy at law, because Caldwell's infringement will irreparably harm Amesbury unless Caldwell is enjoined by the Court from the actions complained of herein.

14. As a direct and proximate result of Caldwell's infringement, Amesbury has suffered damages and continues to suffer damages in an amount to be determined at trial.

### INFRINGEMENT OF U.S. PATENT 6,598,264

15. Amesbury re-alleges and adopts by reference the allegations set forth in paragraphs 1-6 above.

16. On September 19, 2002, the United States Patent and Trademark Office published U.S. Patent Application Publication No. US 2002/0129463, entitled "Block and Tackle Window Balance with Bottom Guide Roller" (the "'463 Application"), a true and correct copy of which is attached hereto as Exhibit B.

17. On July 29, 2003 the United States Patent and Trademark Office duly and legally issued to Gary Roger Newman, United States Patent No. 6,598,264, entitled "Block and Tackle

Window Balance with Bottom Guide Roller" (the "'264 Patent"), a true and correct copy of which is attached hereto as Exhibit C.

18. Amesbury Group, Inc. is the assignee and owner of the '463 Application and the '264 Patent.

19. On information and belief, Caldwell, has infringed the '264 Patent throughout the United States by making, using, importing, selling, offering to sell, inducing the use and sale of, and/or contributing to the use and sale of, window hardware that falls within the scope of one or more claims of the '264 Patent, including by selling window hardware to persons in this judicial district directly or through Caldwell's intermediaries.

20. On information and belief, Caldwell has notice of the '463 Application and the '264 Patent.

21. On information and belief, Caldwell offered for sale and sold the infringing window hardware after publication of the '463 Application on September 19, 2002.

22. On information and belief, Caldwell's infringement of the '264 Patent is willful.

23. Amesbury is without an adequate remedy at law, because Caldwell's infringement will irreparably harm Amesbury unless Caldwell is enjoined by the Court from the actions complained of herein.

24. As a direct and proximate result of Caldwell's infringement, Amesbury has suffered damages and continues to suffer damages in an amount to be determined at trial.

### INFRINGEMENT OF U.S. PATENT 6,820,368

25. Amesbury re-alleges and adopts by reference the allegations set forth in paragraphs 1-6 above.

26. On October 16, 2003, the United States Patent and Trademark Office published U.S. Patent Application Publication No. US 2003/0192257, entitled "Snap Lock Balance Shoe and System for a Pivotable Window" (the "'257 Application"), a true and correct copy of which is attached hereto as Exhibit D.

27. On November 23, 2004, the United States Patent and Trademark Office duly and legally issued to Stuart J. Uken, Gary R. Newman, and Lawrence J. VerSteeg, United States Patent No. 6,820,368, entitled "Snap Lock Balance Shoe and System for a Pivotable Window" (the "'368 Patent"), a true and correct copy of which is attached hereto as Exhibit E.

28. Amesbury Group, Inc. is the assignee and owner of the '257 Application and the '368 Patent.

29. On information and belief, Caldwell, has infringed the '368 Patent throughout the United States by making, using, importing, selling, offering to sell, inducing the use and sale of, and/or contributing to the use and sale of, window hardware that falls within the scope of one or more claims of the '368 Patent, including by selling window hardware to persons in this judicial district directly or through Caldwell's intermediaries.

30. On information and belief, Caldwell has notice of the '257 Application and the '368 Patent.

31. On information and belief, Caldwell offered for sale and sold the infringing window hardware after publication of the '257 Application on October 16, 2003.

32. On information and belief, Caldwell's infringement of the '368 Patent is willful.

33. Amesbury is without an adequate remedy at law, because Caldwell's infringement will irreparably harm Amesbury unless Caldwell is enjoined by the Court from the actions complained of herein.

34. As a direct and proximate result of Caldwell's infringement, Amesbury has suffered damages and continues to suffer damages in an amount to be determined at trial.

## PRAYERS FOR RELIEF

WHEREFORE, Amesbury prays for a judgment in its favor, including:

1. A finding that Caldwell has infringed the '638 Patent;

2. A finding that Caldwell's infringement of the '638 Patent is willful;

3. A finding that Caldwell has infringed the '264 Patent;

4. A finding that Caldwell's infringement of the '264 Patent is willful;

5. A finding that Caldwell has infringed the '368 Patent;

6. A finding that Caldwell's infringement of the '368 Patent is willful;

7. A preliminary and permanent injunction prohibiting Caldwell, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with Caldwell, from further infringing the '638 Patent throughout its remaining enforceable term;

8. A preliminary and permanent injunction prohibiting Caldwell, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with Caldwell, from further infringing the '264 Patent throughout its remaining enforceable term;

9. A preliminary and permanent injunction prohibiting Caldwell, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with Caldwell, from further infringing the '368 Patent throughout its remaining enforceable term;

10. An award of Amesbury's damages proximately caused by Caldwell's unlawful acts at least under 35 U.S.C. §§ 154 and 284;

11. An award of increased damages and punitive damages for the willful nature of Caldwell's unlawful acts, said award to equal treble the amount of Amesbury's actual damages;

12. An award of the costs and attorneys' fees Amesbury has incurred in bringing and maintaining this action;

13. An award of pre-judgment and post-judgment interest; and

14. Such other and further relief as the Court deems proper.

### Jury Trial Requested

Amesbury requests a trial by jury on all issues so triable.

Dated: January 5, 2005

AMESBURY GROUP, INC.
AMESBURY SPRINGS LTD.

Douglas J. Kline (BBO# 556680)
Stephen D. Whetstone (BBO# 562196)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110-2704

Telephone: (617) 248-7000
Facsimile: (617) 248-7100

3163082_1

≈JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AMESBURY GROUP, INC.
AMESBURY SPRINGS LTD.

**DEFENDANTS**
THE CALDWELL MANUFACTURING COMPANY

(b) County of Residence of First Listed Plaintiff   Essex County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-10020 DPW

(c) Attorney's (Firm Name, Address, and Telephone Number)
Testa, Hurwitz & Thibeault, LLP
125 High Street, Boston, MA  02110   617/248-7000

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. 154, 35 U.S.C. 271
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  1/5/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Amesbury Group, Inc. v. The Caldwell Manufacturing Company**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **05-10020 DPW**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐  NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐  NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐  NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐  NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐  NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐  NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐  NO ☒
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? **Eastern**

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐   OR WESTERN DIVISION; YES ☐ NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐    MEDIATION ☐    SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                  OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Douglas J. Kline, Stephen D. Whetstone__
ADDRESS __Testa, Hurwitz & Thibeault, 125 High Street, Boston, MA 02110__
TELEPHONE NO. __617/248-7000__

(Category Form.wpd - 3/28/2000)