IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,
                       Plaintiffs,

vs.

THE CALDWELL MANUFACTURING
COMPANY,

                       Defendant.

**ANSWER AND COUNTERCLAIM**

Civil Action No. 05-10020-DPW

---

Defendant, THE CALDWELL MANUFACTURING COMPANY ("Caldwell"), for its Answer to the Complaint of plaintiffs AMESBURY GROUP, INC. and AMESBURY SPRINGS LTD. (collectively "Amesbury"), states as follows:

The introductory paragraph to the Complaint contains conclusory allegations, legal conclusions, prefatory information and inflammatory statements to which no response is required. To the extent this paragraph purports to contain factual allegations, Caldwell denies those allegations.

    1.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1", and therefore denies them.

    2.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "2", and therefore denies them.

    3.    Admits the allegations contained in paragraph "3".

4. Admits that this action arises under the patent laws of the United States and that this court has subject matter jurisdiction over this action, but denies that Amesbury states a claim for patent infringement against Caldwell.

5. Admits that venue is proper in this District, but denies that Caldwell has infringed the patents-in-suit.

6. With respect to the allegations contained in paragraph "6", denies that Caldwell has infringed the patents-in-suit, but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of that paragraph.

7. Caldwell repeats and realleges its responses to the allegations set forth in paragraphs "1" through "6" of the Complaint as fully set forth herein.

8. With respect to the allegations contained in paragraph 8, admits that a true and correct copy of U.S. Patent No. 5,365,638 is attached to the Complaint, but otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in that paragraph, and therefore denies them.

9. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9", and therefore denies them.

10. Denies the allegations contained in paragraph "10".

11. Denies the allegations contained in paragraph "11".

12. Denies the allegations contained in paragraph "12".

13. Denies the allegations contained in paragraph "13".

14. Denies the allegations contained in paragraph "14".

15. Caldwell repeats and realleges its responses to the allegations set forth in paragraphs "1" through "6" of the Complaint as fully set forth herein.

16. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "16", and therefore denies them.

17. With respect to the allegations contained in paragraph "17", admits that a true and correct copy of U.S. Patent No. 6,598,264 is attached to the Complaint, but otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in that paragraph, and therefore denies them.

18. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "18", and therefore denies them.

19. Denies the allegations contained in paragraph "19".

20. Denies the allegations contained in paragraph "20".

21. Denies the allegations contained in paragraph "21".

22. Denies the allegations contained in paragraph "22".

23. Denies the allegations contained in paragraph "23".

24. Denies the allegations contained in paragraph "24".

25. Repeats and realleges its responses to the allegations set forth in paragraphs "1" through "6" of the Complaint as if fully set forth herein.

26. Denies knowledge and information sufficient to form a belief as to truth or falsity of the allegations contained in paragraph "26", and therefore denies them.

27. With respect to the allegations contained in paragraph "27", admits that a true and correct copy of U.S. Patent No. 6,820,368 is attached to the Complaint, but otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in that paragraph, and therefore denies them.

28. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "28", and therefore denies them.

29. Denies the allegations contained in paragraph "29".

30. Denies the allegations contained in paragraph "30".

31. Denies the allegations contained in paragraph "31".

32. Denies the allegations contained in paragraph "32".

33. Denies the allegations contained in paragraph "33".

34. Denies the allegations contained in paragraph "34".

35. Denies all allegations of the Complaint not previously admitted, denied or otherwise controverted.

### FIRST AFFIRMATIVE DEFENSE

Amesbury's claim against Caldwell fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The '638, '264 and/or '368 Patents are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE

Caldwell has neither infringed, nor contributed to, or induced the infringement of either the '638, '264 or the '368 Patents.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted against Caldwell are barred by prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Amesbury does not own and/or does not have the right to assert the '264 Patent.

### SIXTH AFFIRMATIVE DEFENSE

Amesbury's claim for damages against Caldwell, if any, is limited by 35 U.S.C. §286 or §287.

### SEVENTH AFFIRMATIVE DEFENSE

The request for injunctive relief is barred as against public policy.

### COUNTERCLAIMS

1. Counterclaimant Caldwell is a corporation duly organized under the laws of New York, with a place of business in Rochester, New York.

2. Upon information and belief, counterclaim defendant Amesbury Group, Inc. ("Amesbury Group") is a corporation duly organized under the laws of Delaware and has a place of business in Amesbury, Massachusetts.

3. Upon information and belief, counterclaim defendant Amesbury Springs, Ltd. ("Amesbury Springs") is a corporation duly organized under the laws of the United Kingdom and has a place of business in Peterborough, United Kingdom (Amesbury Group and Amesbury Springs are referred to collectively as "Amesbury").

4. This Court has jurisdiction of Caldwell's counterclaims pursuant to 28 U.S.C. §§2201 and 2202, 35 U.S.C. §100 *et seq.*, and 28 U.S.C. §1338.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(c) and 1400(b).

### FIRST COUNTERCLAIM

6. Due to Amesbury's commencement of this action, an actual controversy has arisen and now exists between Amesbury and Caldwell as to whether Caldwell has directly and/or indirectly infringed any valid claim of the '638, '264 or the '368 Patents.

HARRIS BEACH LLP
ATTORNEYS AT LAW

7. Caldwell therefore requests a declaration from this Court pursuant to 28 U.S.C. §2201 *et seq*. that Caldwell has not directly and/or indirectly infringed (either by inducing, or contributing to, any infringement) any valid claim of the '638, '264 and/or the '368 Patents either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

8. Caldwell repeats and realleges the allegations contained in paragraphs 1 through 7 as if fully set forth herein.

9. Due to Amesbury's commencement of this action, an actual controversy has arisen and now exists between Amesbury and Caldwell as to whether any of the claims of the '371 Patent are valid.

10. Caldwell therefore requests a declaration from this Court pursuant to 28 U.S.C. §2201 *et seq*., that each of the claims of the '638, '264 and '368 Patents are invalid for failure to comply with the patent laws of the United States, including but not limited to, 35 U.S.C. §§101, 102, 103 and/or 112.

## JURY DEMAND

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Caldwell demands a trial by jury of all factual issues in this lawsuit.

**WHEREFORE,** Caldwell respectfully requests that the Court enter judgment in its favor and against Amesbury as follows:

    A.    Dismissing Amesbury's Complaint with prejudice:

    B.    Declaring that each of the claims of the '638, '264 and/or the '368 Patents are invalid and/or that Caldwell has not infringed any claim of these Patents either literally or under the doctrine of equivalents;

    C.    Awarding Caldwell the costs and expenses, including reasonable attorneys fees, of this lawsuit; and

    D.    Granting Caldwell such other and further relief as the Court deems just and proper.

Dated: March 7, 2005

THE CALDWELL MANUFACTURING COMPANY

By its attorneys,

 /s/ Thomas E. Lent
David E. Lurie, BBO# 542030
Thomas E. Lent, BBO# 644970
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Telephone: 617-367-1970

Of counsel:

Neal L. Slifkin
Paul J. Yesawich, III
Laura W. Smalley
Harris Beach LLP
99 Garnsey Road
Pittsford, New York 14534
Telephone: 585-419-8800

        Eugene S. Stephens
        Brown & Michaels, PC
        400 M & T Bank Building
        118 North Tioga Street - The Commons
        Ithaca, NY 14850
        Phone: (607) 256-2000