UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC., and AMESBURY SPRINGS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE CALDWELL MANUFACTURING COMPANY, <br><br> Defendant. | Civil Action No. 05-10020-DPW |

### AMESBURY'S REPLY TO DEFENDANT CALDWELL'S ANSWER AND COUNTERCLAIM

Plaintiffs Amesbury Group, Inc., and Amesbury Springs Ltd. (together, "Amesbury"), respond as follows to the Answer and Counterclaim filed by defendant The Caldwell Manufacturing Company ("Caldwell").

### CALDWELL'S AFFIRMATIVE DEFENSES

Amesbury denies the allegations set forth in Caldwell's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses.

### CALDWELL'S COUNTERCLAIMS

Amesbury replies to the numbered paragraphs of Caldwell's Counterclaims as follows:

1. Amesbury admits that, on information and belief, Caldwell is a corporation organized under the laws of New York, with a place of business in Rochester, New York.

2. Amesbury admits that Amesbury Group, Inc. is a corporation organized under the laws of Delaware and has a place of business in Amesbury, Massachusetts.

3. Amesbury admits that Amesbury Springs Ltd. is a corporation organized under the laws of the United Kingdom and has a place of business in Peterborough, United Kingdom.

4. Amesbury admits that this Court has jurisdiction of Caldwell's counterclaims.

5. Amesbury admits that venue is proper in this District.

## CALDWELL'S FIRST COUNTERCLAIM

6. Amesbury admits that an actual controversy has arisen and now exists between Amesbury and Caldwell due to Amesbury's commencement of this action.

7. Amesbury admits that Caldwell requests a declaration from this Court pursuant to 28 U.S.C. §2201 *et seq*. Amesbury otherwise denies the allegations of paragraph 7 of Caldwell's counterclaims.

## CALDWELL'S SECOND COUNTERCLAIM

8. Amesbury reiterates the replies to paragraphs 1-7 as set forth above and incorporated herein by reference.

9. Amesbury is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Neither Amesbury nor Caldwell has identified or asserted a "'371 Patent".

10. Amesbury admits that Caldwell requests a declaration from this Court pursuant to 28 U.S.C. §2201 *et seq*. Amesbury denies that the claims of the '638, '264, and '368 patents are invalid.

WHEREFORE, Amesbury denies that Caldwell is entitled to any of the relief prayed for in Caldwell's Answer and Counterclaim, and Amesbury prays that:

(1) Caldwell's counterclaims be dismissed with prejudice;

(2) Amesbury be awarded its attorneys' fees and costs in defending this matter; and

(3) the Court grant such other further relief as it may deem just.

Respectfully submitted,

AMESBURY GROUP, INC.
AMESBURY SPRINGS LTD.

/s/ Douglas J. Kline
Douglas J. Kline (BBO# 556680)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: March 25, 2005

LIBA/1519540.1