UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC. and<br>AMESBURY SPRINGS LTD.,<br><br>  Plaintiffs,<br><br>v.<br><br>THE CALDWELL MANUFACTURING<br>COMPANY,<br><br>  Defendant. | Civil Action No. 05-10020-DPW |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties believe that it would serve their interests to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to this Stipulated Protective Order ("Order"), subject to approval of the Court;

IT IS HEREBY ORDERED that:

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as

*"Confidential -- Counsel Eyes Only"*

or

*"Confidential"*

any documents, things, interrogatory answers, responses to requests for admissions, trial or deposition testimony, or other materials that contain Confidential Information.

2. As used herein, the term "Confidential Information" means material or information not known to the general public that is produced in this litigation by any party or non-party, that the party or non-party so designating ("Designating Party") in good faith believes to incorporate sensitive business information, trade secrets, know-how, proprietary data, or commercial or personal information. "Confidential Information" includes all such designated information, whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, hearing or trial transcripts, responses to requests for admissions or otherwise made available to counsel for any party in this action.

3. A Designating Party may designate as *"Confidential -- Counsel Eyes Only"* only Confidential Information of such a sensitive nature that the Designating Party in good faith believes that potential competitive injury could result from disclosure of that information to any other party.

4. Any designation of Confidential Information pursuant to Paragraphs 1, 2 and/or 3 above shall also apply to all copies thereof, and to the information contained in or derived from the material so designated, including excerpts, summaries, indices, or abstracts. No designation shall be made unless the Designating Party believes in good faith that the designated material is Confidential Information as defined in Paragraph 2 above, and entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

5. Unless the Court rules otherwise, material marked or otherwise designated as *"Confidential -- Counsel Eyes Only"* or any information derived therefrom including excerpts, summaries, indices, abstracts or copies thereof, shall be maintained in confidence by the person to whom such material is produced ("Receiving Party") and shall not be disclosed to any person

without prior, express written consent or consent on the record by the Designating Party, except that the disclosure may be made without such consent to the following:

(a)     Counsel for the respective parties, including partners, associates, and other professional legal personnel, as well as secretarial, clerical, litigation support, and paralegal personnel employed or retained by such counsel. As used herein "Counsel" shall mean the firms of the attorneys of record in this matter, <u>Amesbury Group, Inc. and Amesbury Springs Ltd. v. The Caldwell Manufacturing Company</u>, presently pending in the United States District Court for the District of Massachusetts, Civil Action No. 05-10020-DPW.

(b)     Experts who are not officers, directors, employees, shareholders, or consultants of a party to this action, who have been retained in connection with this action, who agree that they will not use Confidential Information for any purpose other than to prepare and/or provide expert testimony in this action, who have been given a copy of this Order, who have had its provisions explained to them by an attorney, and who have executed an undertaking in the form attached as Exhibit A, provided, however, that prior to disclosing any Confidential Information to such expert, a Receiving Party wishing to make disclosure shall give at least ten (10) business days advance notice to all other parties, in writing, which states the name and address of each expert to whom disclosure will be made and the relationship of each such expert to the parties and their competitors. If, within the ten (10) business day period, a motion is filed objecting to the proposed disclosure, no disclosure may be made unless or until the Court has denied the motion. The moving party shall bear the burden of showing why the proposed disclosure should not be permitted.

(c) Translators of foreign language documents or foreign language testimony who are not regularly employed by any of the parties, but are retained to provide translations of any material or information;

(d) Non-parties, who are not regularly employed by any of the parties, but are specifically retained to assist Counsel or a party in copying or computer coding or imaging of documents, but only for purposes of copying or computer coding or imaging any material or information;

(e) The Court and its employees (including court reporters, persons operating video equipment at depositions, and any special master appointed by the Court) whose function requires them to have access to material or information; and

(f) Employees of third-party contractors involved solely in one or more aspects of organizing, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data in connection with this litigation, including providing computerized litigation support.

6. Unless the Court rules otherwise, material marked or otherwise designated as *"Confidential"* or any information derived therefrom including excerpts, summaries, indices, abstracts or copies thereof, shall be maintained in confidence by the person to whom such material is produced ("Receiving Party") and shall not be disclosed to any person without prior, express written consent or consent on the record by the Designating Party, except that the disclosure may be made without such consent to the following:

(a) Three (3) employees of the Receiving Party (or a related company of which the receiving party is a wholly-owned subsidiary) who have been designated by

that party for participation in policy decisions with regard to this action provided the employee shall execute an undertaking in the form attached as Exhibit A;

(b)     Stenographic and clerical employees associated with any of the individuals enumerated here; and

(c)     Any persons designated in subparagraphs 5(a)-(f) above.

7. Any person to whom Confidential Information is divulged pursuant to subparagraphs 5(a)-(f) and 6(a)-(c) above is obligated to maintain the confidence of such Confidential Information, and not to disclose it to any person other than a person authorized under subparagraphs 5(a)-(f) and 6(a)-(c) above, subject to Paragraph 8 below.

8. Notwithstanding subparagraphs 5(a)-(f) and 6(a)-(c), any party or non-party witness may be shown at a deposition or examine any document containing material or information designated *"Confidential"* or *"Confidential -- Counsel Eyes Only"* if it appears from the face of the document that the witness authored or received a copy of that document.

9. Unless *otherwise* agreed upon, all parties shall maintain the entire deposition transcript, deposition *exhibits*, and all information contained therein as *"Confidential -- Counsel Eyes Only"* for thirty (30) days following receipt of a copy of the transcript. During that thirty (30) day period, the party desiring to maintain confidentiality must designate in writing those portions of the transcript regarded as *"Confidential"* or *"Confidential -- Counsel Eyes Only"* and only those portions will thereafter be considered as Confidential Information in accordance with the provisions of this Stipulated Protective Order.

10. A Designating Party who believes that its Confidential Information may be disclosed during a deposition, or a portion thereof, shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information may be or is to be

disclosed, any person other than the deponent, Counsel (as defined in Paragraph 5(a) above), the court reporter, and any other persons agreed upon by Counsel in attendance at the deposition.

11. Material produced without the designation of *"Confidential -- Counsel Eyes Only"* or *"Confidential"* may be so designated subsequent to production or testimony if the Designating Party provides replacement materials bearing appropriate designations and notifies the Receiving Party promptly after becoming aware of same that the Designating Party failed to make such designation at the time of production, during the testimony, or during the thirty (30) day period after receipt of the transcript through inadvertence, mistake, or error. If discovery material is designated *"Confidential"* or *"Confidential -- Counsel Eyes Only"* subsequent to production or testimony, the Receiving Party promptly shall collect any copies that have been provided to individuals other than those identified in subparagraphs 5(a)-(f) and 6(a)-(c), and paragraph 8 of this Order.

12. If any party objects to a designation hereunder, that party may request in writing that the Designating Party rescind the designation. If the parties cannot agree, the objecting party may move the Court to order a lower designation, e.g., from *"Confidential -- Counsel Eyes Only"* to *"Confidential,"* or de-designation of any material. The Designating Party shall bear the burden of establishing the need for the *"Confidential -- Counsel Eyes Only"* or *"Confidential"* designation.

13. At the conclusion of this case, any and all documents and things incorporating Confidential Information, and furnished pursuant to this Order, shall be returned to the Designating Party, and all copies thereof shall be destroyed by the Receiving Party's counsel with confirmation in writing provided to the Designating Party that such material has been destroyed. Any documents containing Confidential Information which also contain privileged

information, such as attorney work product, may be maintained, if maintained in compliance with the non-disclosure requirements of this Order. Notwithstanding the foregoing, Counsel (as defined in subparagraph 5(a) above) shall be permitted to retain a file copy of all documents and pleadings that were filed with the Court containing Confidential Information, provided, however, that any such file copy containing Confidential Information be maintained in compliance with the non-disclosure requirements of this Order.

14. This Order shall be without prejudice to the right of any party or non-party to oppose production of any information for any reason permitted under the Federal Rules of Civil Procedure.

15. Any document or thing containing or embodying *"Confidential -- Counsel Eyes Only"* or *"Confidential"* material that is to be filed with the Court in this action shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall bear a statement substantially in the form:

CONFIDENTIAL

Filed under Protective Order. This envelope is not to be opened
nor the contents thereof displayed or revealed except by Order of
the Court or by agreement of the parties.

16. Counsel (as defined in subparagraph 5(a) above) are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential materials filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential materials may be returned by the Clerk of the Court, if they are not so retrieved.

17. The restrictions set forth in any of the preceding paragraphs, including subparagraphs 5(a)-(f) and 6(a)-(c), and paragraph 8, shall not apply to information or material that:

(a) was, is, or becomes public knowledge in a manner other than by violation of this Order;

(b) is acquired by a non-designating party from a third party having the right to disclose such information or material;

(c) was lawfully possessed by a non-designating party prior to the entry of this Order by the Court; or

(d) was devised or developed by a non-designating party independently of any Confidential Information provided pursuant to this Order.

18. Any discovery documents produced in this litigation may be later designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or protected document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall collect all such documents and copies thereof and return them to the producing party. Notwithstanding the above, the receiving attorney reserves the right to contest the assertion of privilege or other protection with respect to any document.

19. The parties agree forthwith to submit this Order to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Order shall be effective as if approved.

20. This Order may be amended by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case. Any party may apply to the Court

for a modification of this Order. This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

21. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action or from relying upon his or her examination of documents or things produced, including information designated *"Confidential"* or *"Confidential -- Counsel Eyes Only"*. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any information, document, or thing designated *"Confidential"* or *"Confidential -- Counsel Eyes Only"*.

22. Any person currently employed by a party or retained as an expert witness by a party may be examined at trial or upon deposition concerning any Confidential Information designated as such by the examining party.

23. All *"Confidential"* or *"Confidential -- Counsel Eyes Only"* information obtained by any party from a Designating Party shall be used by the Receiving Party only in connection with the litigation or settlement of this matter, Amesbury Group, Inc. and Amesbury Springs Ltd. v. The Caldwell Manufacturing Company, presently pending in the United States District Court for the District of Massachusetts, Civil Action No. 05-10020-DPW, and any appeals therefrom.

This 24th day of August, 2005

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

9

STIPULATED AND AGREED TO:

/s/ Laura Smalley
David E. Lurie (BBO# 542030)
Thomas E. Lent (BBO# 644970)
LURIE & KRUPP, LLP
One McKinley Square
Boston, MA 02109
(617)-367-1970

Paul J. Yesawich, III
Neil L. Slifkin
David J. Edwards
Laura Smalley
HARRIS BEACH PLLC
99 Garnsey Road
Pittsford, NY 14534
(585)-419-8800

Attorneys for Defendant

**THE CALDWELL MANUFACTURING COMPANY**

Dated: August 23, 2005

/s/ Safraz W. Ishmael
Douglas J. Kline (BBO# 556680)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617)-570-1000

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.
AMESBURY SPRINGS LTD.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC. and<br>AMESBURY SPRINGS LTD.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CALDWELL MANUFACTURING<br>COMPANY,<br><br>    Defendant. | Civil Action No. 05-10020-DPW |

## EXHIBIT A

**NON-DISCLOSURE AGREEMENT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC. and
AMESBURY SPRINGS LTD.,

    Plaintiffs,

v.

THE CALDWELL MANUFACTURING
COMPANY,

    Defendant.

Civil Action No. 05-10020-DPW

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear (or affirm) that I am fully familiar with the terms of the Stipulated Protective Order ("Order") entered in the above captioned case, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I acknowledge that I am about to receive Confidential Information in said action and certify my understanding that such Confidential Information is being provided to me pursuant to the terms and restrictions of the Order. I understand that such information and any copies I make of any documentary material containing Confidential Information or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in that Order. I hereby consent to the jurisdiction of this Court for purposes of enforcing of this Order.

Dated: _____

By: _____

LIBA/1558509.1

12