UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

                    Plaintiff,

    vs.                                     Civil Action No.: 05-10020 (DPW)

THE CALDWELL MANUFACTURING
COMPANY,

                    Defendant.

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO ISSUE LETTERS OF REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO
THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE
TAKING OF EVIDENCE IN CIVIL OR COMMERCAL MATTERS**

HARRIS BEACH PLLC
Attorneys for Defendant The
  Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York  14534
Telephone: (585) 419-8800

## PRELIMINARY STATEMENT

Defendant moves this Court to issue Letters of Request issued to the Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand London WC2A 2LL, England, United Kingdom, as Central Authority for the United Kingdom, requesting the examination of Harold K. Braid and Simon C. Braid by deposition, and requesting the production of documents from Harold K. Braid and Simon C. Braid, relating to the above-captioned action.

## ARGUMENT

Pursuant to Article 1 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), a judicial authority of a signatory state may request the competent central authority of another signatory state to obtain evidence by means of a Letter of Request. (See Hague Convention on the Taking of Evidence in Civil or Commercial Matters, October 7, 1972, 23 UST 2555, attached to this Memorandum as Exhibit A.)  The United Kingdom and the United States of America are both signatories to the Hague Convention. Id.

Pursuant to its authority in Article 2 of the Hague Convention, the United Kingdom has designated and organized the Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand London WC2A 2LL, England, United Kingdom as its competent Central Authority to receive Letters of Request.  Thus, this Court may properly issue Letters of Request to that Central Authority. Id.  Pursuant to Federal Rule of Civil Procedure 28(b), Letters of Request shall be issued on application and notice and on terms that are just and appropriate.

Defendant has moved to issue these Letters of Request because it seeks discovery from Harold K. Braid and Simon C. Braid regarding matters at issue in this lawsuit. This lawsuit was brought by plaintiffs based on allegations of patent infringement. Upon information and belief, Harold K. Braid and Simon C. Braid are persons with knowledge of the inventions and patents-in-suit at issue in this litigation. Specifically, Patent No. 5,365,638 (the "'638 Patent), entitled "Spring Mounting for Sash Frame Tensioning Arrangements," which is a patent-in-suit in this action, was issued to Harold K. Braid and Simon C. Braid by the United States Patent and Trademark Office on November 22, 1994. Upon information and belief, depositions of Harold K. Braid and Simon C. Braid will yield evidence and documents, including but not limited to evidence and documents regarding the '638 Patent, which will be material and relevant at trial. In addition to being co-inventors of the '638 Patent, Amesbury has identified Messrs. Harold and Simon Braid as witnesses with discoverable information Amesbury may call to testify in support of its claims in this lawsuit.

Therefore, based on the foregoing, defendant Caldwell Manufacturing Company respectfully requests that this Court grant its motion to issue Letters of Request as outlined in the accompanying Notice of Motion and supporting Affidavit of David J. Edwards, Esq.

Respectfully submitted,

THE CALDWELL MANUFACTURING
COMPANY, by one of its Counsel

DATED:  October 13, 2005

   /s/ Thomas E. Lent
David Lurie *(dlurie@luriekrupp.com)*
Thomas Lent *(tlent@luriekrupp.com)*
LURIE & KRUPP, LLP
Attorneys for Defendant
    The Caldwell Manufacturing Company
One McKinley Square
Boston, Massachusetts  02109
Telephone: (617) 367-1970

Paul J. Yesawich, III
*(pyesawich@harrisbeach.com)*
Neal L. Slifkin *(nslifkin@harrisbeach.com)*
Laura W. Smalley
*(lsmalley@harrisbeach.com)*
David J. Edwards
*(dedwards@harrisbeach.com)*
HARRIS BEACH PLLC
Attorneys for Defendant
    The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York  14534
Telephone: (585) 419-8800

TO:    Douglas J. Kline, Esq.
       Safraz W. Ishmael, Esq.
       GOODWIN PROCTER LLP
       Attorneys for Plaintiffs
           Amesbury Group, Inc. and
           Amesbury Springs Ltd.
       Exchange Place
       Boston, Massachusetts 02109
       Telephone: (617) 570-1000



23 U.S.T. 2555                                                                Page 1

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**


Multilateral

Taking of Evidence Abroad

Convention adopted at the Eleventh Session of The Hague Conference on Private
International Law October 26, 1968;

Opened for signature at The Hague March 18, 1970;
Signed on behalf of the United States of America July 27, 1970;
Ratification advised by the Senate of the United States of America June 13,
1972;
Ratified by the President of the United States of America July 15, 1972;
Ratification of the United States of America deposited with the Ministry of
Foreign Affairs of the Netherlands August 8, 1972;
Proclaimed by the President of the United States of America September 15, 1972;
Entered into force with respect to the United States of America October 7,
1972.
October 7, 1972.

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

CHAPTER I-LETTERS OF REQUEST

ARTICLE 1

ARTICLE 2

ARTICLE 3

ARTICLE 4

ARTICLE 5

ARTICLE 6

ARTICLE 7

ARTICLE 8

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                          Page 2

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**

ARTICLE 9

ARTICLE 10

ARTICLE 11

ARTICLE 12

ARTICLE 13

ARTICLE 14

CHAPTER II-TAKING OF EVIDENCE BY DIPLOMATIC OFFICERS, CONSULAR AGENTS AND
COMMISSIONERS

ARTICLE 15

ARTICLE 16

ARTICLE 17

ARTICLE 18

ARTICLE 19

ARTICLE 20

ARTICLE 21

ARTICLE 22

CHAPTER III - GENERAL CLAUSES

ARTICLE 23

ARTICLE 24

ARTICLE 25

ARTICLE 26

ARTICLE 27

ARTICLE 28

ARTICLE 29

ARTICLE 30

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                                        Page 3

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**

ARTICLE 31

ARTICLE 32

ARTICLE 33

ARTICLE 34

ARTICLE 35

ARTICLE 36

ARTICLE 37

ARTICLE 38

ARTICLE 39

ARTICLE 40

ARTICLE 41

ARTICLE 42

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

CONSIDERING THAT:

  The Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,
adopted at the Eleventh Session of The Hague Conference on Private International
Law on October 26, 1968, was opened for signature at The Hague on March 18, 1970,
and was signed for the United States of America on July 27, 1970, the text of
which in the French and English languages is annexed;

  The Senate of the United States of America by its resolution of June 13, 1972,
two-thirds of the Senators present concurring, gave its advice and consent to the
ratification of that Convention;

  The President ratified the Convention on July 15, 1972, and the instrument of
ratification was deposited with the Ministry of Foreign Affairs of the Netherlands
on August 8, 1972;

  Article 37 of the Convention provides that it shall enter into force on the
sixtieth day after the deposit of the third instrument of ratification; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                    Page 4

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**


 The Convention accordingly will enter into force for the United States of America on October 7, 1972, instruments of ratification having been deposited by Denmark and Norway on June 20, 1972 and August 3, 1972, respectively;

 NOW, THEREFORE, I, Richard Nixon, President of the United States of America, proclaim and make public the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, to the end that it shall be observed and fulfilled with good faith on and after October 7, 1972 by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

 IN TESTIMONY WHEREOF, I have signed this proclamation and caused the Seal of the United States of America to be affixed.
    DONE at the city of Washington this fifteenth day of September in the year of our Lord one thousand nine hundred seventy-two and of the Independence of the United States of America the one hundred ninety-seventh.

RICHARD NIXON

[SEAL]

By the President:

WILLIAM P ROGERS

Secretary of State

CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

 The States signatory to the present Convention,

 Desiring to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose,

 Desiring to improve mutual judicial co-operation in civil or commercial matters,

 Have resolved to conclude a Convention to this effect and have agreed upon the following provisions –

CHAPTER I–LETTERS OF REQUEST

ARTICLE 1

 In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                      Page 5

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**


  A Letter shall not be used to obtain evidence which is not intended for use in
judicial proceedings, commenced or contemplated.

  The expression 'other judicial act' does not cover the service of judicial
documents or the issuance of any process by which judgments or orders are executed
or enforced, or orders for provisional or protective measures.

                                ARTICLE 2

  A Contracting State shall designate a Central Authority which will undertake to
receive Letters of Request coming from a judicial authority of another Contracting
State and to transmit them to the authority competent to execute them. Each State
shall organize the Central Authority in accordance with its own law.

  Letters shall be sent to the Central Authority of the State of execution without
being transmitted through any other authority of that State.

                                ARTICLE 3

  A Letter of Request shall specify –

  (a) the authority requesting its execution and the authority requested to execute
it, if known to the requesting authority;

  (b) the names and addresses of the parties to the proceedings and their
representatives, if any;

  (c) the nature of the proceedings for which the evidence is required, giving all
necessary information in regard thereto;

  (d) the evidence to be obtained or other judicial act to be performed.

  Where appropriate, the Letter shall specify, inter alia –

  (e) the names and addresses of the persons to be examined;

  (f) the questions to be put to the persons to be examined or a statement of the
subject-matter about which they are to be examined;

  (g) the documents or other property, real or personal, to be inspected;

  (h) any requirement that the evidence is to be given on oath or affirmation, and
any special form to be used;

  (i) any special method or procedure to be followed under Article 9.

  A Letter may also mention any information necessary for the application of
Article 11.

                    © 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                           Page 6

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**


  No legalization or other like formality may be required.

                              ARTICLE 4

  A Letter of Request shall be in the language of the authority requested to
execute it or be accompanied by a translation into that language.

  Nevertheless, a Contracting State shall accept a Letter in either English or
French, or a translation into one of these languages, unless it has made the
reservation authorized by Article 33.

  A Contracting State which has more than one official language and cannot, for
reasons of internal law, accept Letters in one of these languages for the whole of
its territory, shall, by declaration, specify the language in which the Letter or
translation thereof shall be expressed for execution in the specified parts of its
territory. In case of failure to comply with this declaration, without justifiable
excuse, the costs of translation into the required language shall be borne by the
State of origin.

  A Contracting State may, by declaration, specify the language or languages other
than those referred to in the preceding paragraphs, in which a Letter may be sent
to its Central Authority.

  Any translation accompanying a Letter shall be certified as correct, either by a
diplomatic officer or consular agent or by a sworn translator or by any other
person so authorized in either State.

                              ARTICLE 5

  If the Central Authority considers that the request does not comply with the
provisions of the present Convention, it shall promptly inform the authority of
the State of origin which transmitted the Letter of Request, specifying the
objections to the Letter.

                              ARTICLE 6

  If the authority to whom a Letter of Request has been transmitted is not
competent to execute it, the Letter shall be sent forthwith to the authority in
the same State which is competent to execute it in accordance with the provisions
of its own law.

                              ARTICLE 7

  The requesting authority shall, if it so desires, be informed of the time when,
and the place where, the proceedings will take place, in order that the parties
concerned, and their representatives, if any, may be present. This information
shall be sent directly to the parties or their representatives when the authority
of the State of origin so requests.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                          Page 7

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**

ARTICLE 8

A Contracting State may declare that members of the judicial personnel of the
requesting authority of another Contracting State may be present at the execution
of a Letter of Request. Prior authorization by the competent authority designated
by the declaring State may be required.

ARTICLE 9

The judicial authority which executes a Letter of Request shall apply its own law
as to the methods and procedures to be followed.

However, it will follow a request of the requesting authority that a special
method or procedure be followed, unless this is incompatible with the internal law
of the State of execution or is impossible of performance by reason of its
internal practice and procedure or by reason of practical difficulties.

A Letter of Request shall be executed expeditiously.

ARTICLE 10

In executing a Letter of Request the requested authority shall apply the
appropriate measures of compulsion in the instances and to the same extent as are
provided by its internal law for the execution of orders issued by the authorities
of its own country or of requests made by parties in internal proceedings.

ARTICLE 11

In the execution of a Letter of Request the person concerned may refuse to give
evidence in so far as he has a privilege or duty to refuse to give the evidence –

(a) under the law of the State of execution; or

(b) under the law of the State of origin, and the privilege or duty has been
specified in the Letter, or, at the instance of the requested authority, has been
otherwise confirmed to that authity by the requesting authority.

A Contracting State may declare that, in addition, it will respect privileges and
duties existing under the law of States other than the State of origin and the
State of execution, to the extent specified in that declaration.

ARTICLE 12

The execution of a Letter of Request may be refused only to the extent that –

(a) in the State of execution the execution of the Letter does not fall within

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                    Page 8

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**

the functions of the judiciary; or

  (b) the State addressed considers that its sovereignty or security would be
prejudiced thereby.

  Execution may not be refused solely on the ground that under its internal law the
State of execution claims exclusive jurisdiction over the subject-matter of the
action or that its internal law would not admit a right of action on it.

ARTICLE 13

  The documents establishing the execution of the Letter of Request shall be sent
by the requested authority to the requesting authority by the same channel which
was used by the latter.

  In every instance where the Letter is not executed in whole or in part, the
requesting authority shall be informed immediately through the same channel and
advised of the reasons.

ARTICLE 14

  The execution of the Letter of Request shall not give rise to any reimbursement
of taxes or costs of any nature.

  Nevertheless, the State of execution has the right to require the State of origin
to reimburse the fees paid to experts and interpreters and the costs occasioned by
the use of a special procedure requested by the State of origin under Article 9,
paragraph 2.

  The requested authority whose law obliges the parties themselves to secure
evidence, and which is not able itself to execute the Letter, may, after having
obtained the consent of the requesting authority, appoint a suitable person to do
so. When seeking this consent the requested authority shall indicate the
approximate costs which would result from this procedure. If the requesting
authority gives its consent it shall reimburse any costs incurred; without such
consent the requesting authority shall not be liable for the costs.

CHAPTER II-TAKING OF EVIDENCE BY DIPLOMATIC OFFICERS, CONSULAR AGENTS AND
COMMISSIONERS

ARTICLE 15

  In a civil or commercial matter, a diplomatic officer or consular agent of a
Contracting State may, in the territory of another Contracting State and within
the area where he exercises his functions, take the evidence without compulsion of
nationals of a State which he represents in aid of proceedings commenced in the
courts of a State which he represents.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                        Page 9

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**

  A Contracting State may declare that evidence may be taken by a diplomatic
officer or consular agent only if permission to that effect is given upon
application made by him or on his behalf to the appropriate authority designated
by the declaring State.

                              ARTICLE 16

  A diplomatic officer or consular agent of a Contracting State may, in the
territory of another Contracting State and within the area where he exercises his
functions, also take the evidence, without compulsion, of nationals of the State
in which he exercises his functions or of a third State, in aid of proceedings
commenced in the courts of a State which he represents, if-

  (a) a competent authority designated by the State in which he exercises his
functions has given its permission either generally or in the particular case, and

  (b) he complies with the conditions which the competent authority has specified
in the permission.

  A Contracting State may declare that evidence may be taken under this Article
without its prior permission.

                              ARTICLE 17

  In a civil or commercial matter, a person duly appointed as a commissioner for
the purpose may, without compulsion, take evidence in the territory of a
Contracting State in aid of proceedings commenced in the courts of another
Contracting State if-

  (a) a competent authority designated by the State where the evidence is to be
taken has given its permission either generally or in the particular case; and

  (b) he complies with the conditions which the competent authority has specified
in the permission.

  A Contracting State may declare that evidence may be taken under this Article
without its prior permission.

                              ARTICLE 18

  A Contracting State may declare that a diplomatic officer, consular agent or
commissioner authorized to take evidence under Articles 15, 16 or 17, may apply to
the competent authority designated by the declaring State for appropriate
assistance to obtain the evidence by compulsion. The declaration may contain such
conditions as the declaring State may see fit to impose.

  If the authority grants the application it shall apply any measures of compulsion

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                    Page 10

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**

which are appropriate and are precribed by its law for use in internal proceedings.

ARTICLE 19

  The competent authority, in giving the permission referred to in Articles 15, 16 or 17, or in granting the application referred to in Article 18, may lay down such conditions as it deems fit, inter alia, as to the time and place of the taking of the evidence. Similarly it may require that it be given reasonable advance notice of the time, date and place of the taking of the evidence; in such a case a representative of the authority shall be entitled to be present at the taking of the evidence.

ARTICLE 20

  In the taking of evidence under any Article of this Chapter persons concerned may be legally represented.

ARTICLE 21

  Where a diplomatic officer, consular agent or commissioner is authorized under Articles 15, 16 or 17 to take evidence -

  (a) he may take all kinds of evidence which are not incompatible with the law of the State where the evidence is taken or contrary to any permission granted pursuant to the above Articles, and shall have power within such limits to administer an oath or take an affirmation;

  (b) a request to a person to appear or to give evidence shall, unless the recipient is a national of the State where the action is pending, be drawn up in the language of the place where the evidence is taken or be accompanied by a translation into such language;

  (c) the request shall inform the person that he may be legally represented and, in any State that has not filed a declaration under Article 18, shall also inform him that he is not compelled to appear or to give evidence;

  (d) the evidence may be taken in the manner provided by the law applicable to the court in which the action is pending provided that such manner is not forbidden by the law of the State where the evidence is taken;

  (e) a person requested to give evidence may invoke the privileges and duties to refuse to give the evidence contained in Article 11.

ARTICLE 22

  The fact that an attempt to take evidence under the procedure laid down in this

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                      Page 11

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**


Chapter has failed, owing to the refusal of a person to give evidence, shall not
prevent an application being subsequently made to take the evidence in accordance
with Chapter I.

                        CHAPTER III – GENERAL CLAUSES

                              ARTICLE 23

  A Contracting State may at the time of signature, ratification or accession,
declare that it will not execute Letters of Request issued for the purpose of
obtaining pre-trial discovery of documents as known in Common Law countries.

                              ARTICLE 24

  A Contracting State may designate other authorities in addition to the Central
Authority and shall determine the extent of their competence. However, Letters of
Request may in all cases be sent to the Central Authority.

  Federal States shall be free to designate more than one Central Authority.

                              ARTICLE 25

  A Contracting State which has more than one legal system may designate the
authorities of one of such systems, which shall have exclusive competence to
execute Letters of Request pursuant to this Convention.

                              ARTICLE 26

  A Contracting State, if required to do so because of constitutional limitations,
may request the reimbursement by the State of origin of fees and costs, in
connection with the execution of Letters of Request, for the service of process
necessary to compel the appearance of a person to give evidence, the costs of
attendance of such persons, and the cost of any transcript of the evidence.

  Where a State has made a request pursuant to the above paragraph, any other
Contracting State may request from that State the reimbursement of similar fees
and costs.

                              ARTICLE 27

  The provisions of the present Convention shall not prevent a Contracting State
from –

  (a) declaring that Letters of Request may be transmitted to its judicial
authorities through channels other than those provided for in Article 2;

  (b) permitting, by internal law or practice, any act provided for in this

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                                    Page 12

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**

Convention to be performed upon less restrictive conditions;

 (c) permitting, by internal law or practice, methods of taking evidence other than those provided for in this Convention.

                                    ARTICLE 28

 The present Convention shall not prevent an agreement between any two or more Contracting States to derogate from -

 (a) the provisions of Article 2 with respect to methods of transmitting Letters of Request;

 (b) the provisions of Article 4 with respect to the languages which may be used;

 (c) the provisions of Article 8 with respect to the presence of judicial personnel at the execution of Letters;

 (d) the provisions of Article 11 with respect to the privileges and duties of witnesses to refuse to give evidence;

 (e) the provisions of Article 13 with respect to the methods of returning executed Letters to the requesting authority;

 (f) the provisions of Article 14 with respect to fees and costs;

 (g) the provisions of Chapter II.

                                    ARTICLE 29

 Between Parties to the present Convention who are also Parties to one or both of the Conventions on Civil Procedure signed at the Hague on the 17th of July 1905 [FN1] and the 1st of March 1954, [FN2] this Convention shall replace Articles 8-16 of the earlier Conventions.

FN1. 99 British Foreign and State Papers 990.

FN2. 286 UNTS 265.

                              End of Footnote(s).

                                    ARTICLE 30

 The present Convention shall not affect the application of Article 23 of the Convention of 1905, or of Article 24 of the Convention of 1954.

                                    ARTICLE 31

             © 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                    Page 13

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**


 Supplementary Agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention unless the Parties have otherwise agreed.

ARTICLE 32

 Without prejudice to the provisions of Articles 29 and 31, the present Convention shall not derogate from conventions containing provisions on the matters covered by this Convention to which the Contracting States are, or shall become Parties.

ARTICLE 33

 A State may, at the time of signature, ratification or accession exclude, in whole or in part, the application of the provisions of paragraph 2 of Article 4 and of Chapter II. No other reservation shall be permitted.

 Each Contracting State may at any time withdraw a reservation it has made; the reservation shall cease to have effect on the sixtieth day after notification of the withdrawal.

 When a State has made a reservation, any other State affected thereby may apply the same rule against the reserving State.

ARTICLE 34

 A State may at any time withdraw or modify a declaration.

ARTICLE 35

 A Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the designation of authorities, pursuant to Articles 2, 8, 24 and 25.

 A Contracting State shall likewise inform the Ministry, where appropriate, of the following -

 (a) the designation of the authorities to whom notice must be given, whose permission may be required, and whose assistance may be invoked in the taking of evidence by diplomatic officers and consular agents, pursuant to Articles 15, 16 and 18 respectively;

 (b) the designation of the authorities whose permission may be required in the taking of evidence by commissioners pursuant to Article 17 and of those who may grant the assistance provided for in Article 18;

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                    Page 14

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**


  (c) declarations pursuant to Articles 4, 8, 11, 15, 16, 17, 18, 23 and 27;

  (d) any withdrawal or modification of the above designations and declarations;

  (e) the withdrawal of any reservation.

ARTICLE 36

  Any difficulties which may arise between Contracting States in connection with
the operation of this Convention shall be settled through diplomatic channels.

ARTICLE 37

  The present Convention shall be open for signature by the States represented at
the Eleventh Session of the Hague Conference on Private International Law.

  It shall be ratified, and the instruments of ratification shall be deposited with
the Ministry of Foreign Affairs of the Netherlands.

ARTICLE 38

  The present Convention shall enter into force on the sixtieth day after the
deposit of the third instrument of ratification referred to in the second
paragraph of Article 37.


  The Convention shall enter into force for each signatory State which ratifies
subsequently on the sixtieth day after the deposit of its instrument of
ratification.

ARTICLE 39

  Any State not represented at the Eleventh Session of the Hague Conference on
Private International Law which is a Member of this Conference or of the United
Nations or of a specialized agency of that Organization, or a Party to the Statute
of the International Court of Justice [FN3] may accede to the present Convention
after it has entered into force in accordance with the first paragraph of Article
38.

FN3. TS 993; 59 Stat. 1055.

End of Footnote(s).

  The instrument of accession shall be deposited with the Ministry of Foreign
Affairs of the Netherlands.

  The Convention shall enter into force for a State acceding to it on the sixtieth
day after the deposit of its instrument of accession.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                              Page 15

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

(Publication page references are not available for this document.)

   The accession will have effect only as regards the relations between the
acceding State and such Contracting States as will have declared their acceptance
of the accession. Such declaration shall be deposited at the Ministry of Foreign
Affairs of the Netherlands; this Ministry shall forward, through diplomatic
channels, a certified copy to each of the Contracting States.

   The Convention will enter into force as between the acceding State and the State
that has declared its acceptance of the accession on the sixtieth day after the
deposit of the declaration of acceptance.

ARTICLE 40

   Any State may, at the time of signature, ratification or accession, declare that
the present Convention shall extend to all the territories for the international
relations of which it is responsible, or to one or more of them. Such a
declaration shall take effect on the date of entry into force of the Convention
for the State concerned.

   At any time thereafter, such extensions shall be notified to the Ministry of
Foreign Affairs of the Netherlands. [FN4]

FN4. Extended to Guam, Puerto Rico, and the Virgin Islands pursuant to
notification sent by the American Embassy at The Hague on Feb. 6, 1913.

End of Footnote(s).

   The Convention shall enter into force for the territories mentioned in such an
extension on the sixtieth day after the notification indicated in the preceding
paragraph.

ARTICLE 41

   The present Convention shall remain in force for five years from the date of its
entry into force in accordance with the first paragraph of Article 38, even for
States which have ratified it or acceded to it subsequently.

   If there has been no denunciation, it shall be renewed tacitly every five years.

   Any denunciation shall be notified to the Ministry of Foreign Affairs of the
Netherlands at least six months before the end of the five year period.

   It may be limited to certain of the territories to which the Convention applies.

   The denunciation shall have effect only as regards the State which has notified
it. The Convention shall remain in force for the other Contracting States.

ARTICLE 42

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

23 U.S.T. 2555                                                          Page 16

1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

**(Publication page references are not available for this document.)**


  The Ministry of Foreign Affairs of the Netherlands shall give notice to the
States referred to in Article 37, and to the States which have acceded in
accordance with Article 39, of the following –

  (a) the signatures and ratifications referred to in Article 37;

  (b) the date on which the present Convention enters into force in accordance with
the first paragraph of Article 38;

  (c) the accessions referred to in Article 39 and the dates on which they take
effect;

  (d) the extensions referred to in Article 40 and the dates on which they take
effect;

  (e) the designations, reservations and declarations referred to in Articles 33
and 35;

  (f) the denunciations referred to in the third paragraph of Article 41.

  IN WITNESS WHEREOF the undersigned, being duly authorised thereto, have signed
the present Convention.

  DONE at The Hague, on the 18th day of March 1970, in the English and French
languages, both texts being equally authentic, in a single copy which shall be
deposited in the archives of the Government of the Netherlands, and of which a
certified copy shall be sent, through the diplomatic channel, to each of the
States represented at the Eleventh Session of the Hague Conference on Private
International Law.

(s.) HANS ARNOLD

(s.) G. ROGSTAD

(s.) CONSTANTINO RIBEIRO VAZ

(s.) EDWARD TOMKINS

17 APR. 1970

(F. G. Boulonois)

 1972 WL 122493 (U.S. Treaty), T.I.A.S. No. 7444, 23 U.S.T. 2555

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

                    Plaintiff,                    Civil Action No.: 05-10020 (DPW)

        vs.

THE CALDWELL MANUFACTURING
COMPANY,

                    Defendant.

**ORDER ISSUING LETTERS OF REQUEST**

On October 13, 2005, defendant The Caldwell Manufacturing Company filed a motion

requesting this Court to issue Letters of Request to the Senior Master of the Supreme Court, Queen's

Bench Division, Royal Courts of Justice, Strand London WC2A 2LL, England, United Kingdom

requesting (1) the examinations by deposition of Harold K. Braid and Simon C. Braid, and; (2) the

production of documents from Harold K. Braid and Simon C. Braid. Plaintiff's request is embodied

in Exhibit A, attached to this order, entitled Request For International Judicial Assistance Pursuant

To The Hague Convention of 18 March 1970 On The Taking Of Evidence In Civil Or Commercial

Matters. Defendant's motion to issue the Letters of Request attached as Exhibit A is hereby granted.

SO ORDERED this _____ day of _____, 2005

_____
Hon. Douglas P. Woodlock
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts  02210

L:\JAH\Caldwell Manufacturing\Amesbury Litigation\10-11-05 MLR-Order fir LOR.doc

UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

                    Plaintiff,

    vs.

THE CALDWELL MANUFACTURING
COMPANY,

                    Defendant.

---

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

Civil Action No.: 05-10020 (DPW)

I.

| | | |
|---|---|---|
| 1. | SENDER | Harris Beach PLLC<br>Paul J. Yesawich, III, Esq.<br>Neal L. Slifkin, Esq.<br>Laura W. Smalley, Esq.<br>David J. Edwards, Esq.<br>99 Garnsey Road<br>Pittsford, New York 14534 U.S.A.<br>Telephone: (585) 419-8800 |
| | | Lurie & Krupp, LLP<br>David Lurie, Esq.<br>Thomas Lent, Esq.<br>One McKinley Square<br>Boston, Massachusetts 02109 U.S.A.<br>Telephone: (617) 367-1970 |
| | | On behalf of Defendant:<br>THE CALDWELL<br>MANUFACTURING COMPANY |
| 2. | CENTRAL AUTHORITY<br>OF REQUESTED STATE | Senior Master of the Supreme Court<br>Queen's Bench Division<br>Royal Courts of Justice<br>Strand, London WC2A 2LL<br>England, United Kingdom |

HARRIS BEACH
ATTORNEYS AT LAW

3.      PERSONS TO WHOM THE          Harris Beach PLLC
        EXECUTED REQUEST            Paul J. Yesawich, III, Esq.
        IS TO BE RETURNED           Neal L. Slifkin, Esq.
                                    Laura W. Smalley, Esq.
                                    David J. Edwards, Esq.
                                    99 Garnsey Road
                                    Pittsford, New York  14534  U.S.A.
                                    Telephone: (585) 419-8800

                                    Lurie & Krupp, LLP
                                    David Lurie, Esq.
                                    Thomas Lent, Esq.
                                    One McKinley Square
                                    Boston, Massachusetts  02109  U.S.A.
                                    Telephone: (617) 367-1970

II.     In conformity with Article III of the Hague Convention, the undersigned applicant has the
        honor to submit the following requests:

        1.      REQUESTING JUDICIAL         Hon. Douglas P. Woodlock
                AUTHORITY                   United States District Court
                                            District of Massachusetts
                                            John Joseph Moakley U.S. Courthouse
                                            1 Courthouse Way
                                            Boston, Massachusetts  02210  U.S.A.

        2.      COMPETENT AUTHORITY         Adam Cooke, or any solicitor from:
                                            Wragge & Co LLP
                                            3 Waterhouse Square
                                            142 Holborn
                                            London EC1N 2SW
                                            United Kingdom

                                            As The Caldwell Manufacturing Company's
                                            nominee to apply to the:
                                            Senior Master of the Supreme Court
                                            Queen's Bench Division
                                            Royal Courts of Justice
                                            Strand, London WC2A 2LL
                                            England, United Kingdom

        3.      NAMES AND ADDRESSES         Plaintiff: Amesbury Group, Inc.
                PARTIES AND THEIR           57 Hunt Road
                REPRESENTATIVES             Amesbury, Massachusetts  01913  U.S.A.

Represented by: Goodwin Procter LLP
Douglas J. Kline, Esq.
Safraz W. Ishmael, Esq.
Exchange Place
Boston, Massachusetts 02109 U.S.A.
Telephone: (617) 570-1000

Plaintiff: Amesbury Springs Ltd.
Peterborough, England, United Kingdom

Represented by: Goodwin Procter LLP
Douglas J. Kline, Esq.
Safraz W. Ishmael, Esq.
Exchange Place
Boston, Massachusetts 02109 U.S.A.
Telephone: (617) 570-1000

Defendant: The Caldwell
       Manufacturing Company
2605 Manitou Road
Rochester, New York 14692 U.S.A.

Represented by: Harris Beach PLLC
Paul J. Yesawich, III, Esq.
Neal L. Slifkin, Esq.
Laura W. Smalley, Esq.
David J. Edwards, Esq.
99 Garnsey Road
Pittsford, New York 14534 U.S.A.
Telephone: (585) 419-8800

Represented by: Lurie & Krupp, LLP
David Lurie, Esq.
Thomas Lent, Esq.
One McKinley Square
Boston, Massachusetts 02109 U.S.A.
Telephone: (617) 367-1970

4.    NATURE AND PURPOSE OF PROCEEDINGS
      AND SUMMARY OF FACTS

Defendant The Caldwell Manufacturing Company (herein "Caldwell") is a corporation

organized and existing under the laws of the State of New York, and maintains a principal place of

business in Rochester, New York.  Caldwell has operating units in Rochester, New York; Williamsport, Maryland; Jackson, Mississippi and Coventry, England, United Kingdom.

Plaintiff Amesbury Group, Inc. (herein "Amesbury Group") is a corporation organized and existing under the laws of the State of Delaware, and maintains a regular place of business in Amesbury, Massachusetts.  Plaintiff Amesbury Springs Ltd. (herein "Amesbury Springs") is a corporation organized and existing under the laws of the United Kingdom, and maintains a regular place of business in Peterborough, England, United Kingdom.

This is a civil action commenced by the filing of a Summons and Complaint in the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts on January 5, 2005.

This action was brought by plaintiffs Amesbury Group and Amesbury Springs to recover damages based on allegations of infringement of three (3) United States Patents, namely U.S. Patent No. 5,365,638 (the "'638 Patent"), U.S. Patent No. 6,598,264 (the "'264 Patent") and U.S. Patent No. 6,820,368 (the "'368 Patent) by Caldwell.

The '638 Patent, entitled "Spring Mounting for Sash Frame Tensioning Arrangements," was issued to Harold K. Braid and Simon C. Braid by the United States Patent and Trademark Office on November 22, 1994.  (A true and correct copy of the '638 Patent is attached as Exhibit A to the Affidavit of David J. Edwards submitted herewith)

Upon information and belief, Harold K. Braid and Simon C. Braid, as inventors, are individuals with exclusive knowledge regarding the "Spring Mounting for Sash Frame Tensioning Arrangements" device which is the subject of the '638 Patent, the validity and meaning of the '638 Patent, and the conception, design, reduction to practice, testing, analysis, first sale, production and manufacture of the subject device.  Upon information and belief, Harold K. Braid and Simon C.

Braid are citizens of, and reside in, the United Kingdom. Upon information and belief, Amesbury Springs is the assignee and present owner of the '638 Patent, through an assignment from Harold K. Braid and Simon C. Braid.

On or about August 16, 2005, Caldwell, by its attorneys Harris Beach PLLC, served a Notice of Deposition *Duces Tecum* of Harold K. Braid and a Notice of Deposition *Duces Tecum* of Simon C. Braid upon plaintiffs' attorneys, Goodwin Procter LLP. Plaintiffs have heretofore refused to produce Harold K. Braid and/or Simon C. Braid for examinations by deposition, advising that neither Harold K. Braid nor Simon C. Braid are within their control. As such, Caldwell submits this request for international judicial assistance to the Central Authority of the United Kingdom.

5.    EVIDENCE TO BE OBTAINED OR OTHER
      JUDICIAL ACT TO BE PERFORMED

The evidence requested herein consists of deposition testimony of Harold K. Braid and Simon C. Braid, as well as documents, regarding the validity and meaning of the '638 Patent, as well as the conception, design, reduction to practice, testing, patenting, first sale, production and manufacture of the "Spring Mounting for Sash Frame Tensioning Arrangements" which is the subject of the '638 Patent. Upon information and belief, as the inventors of the device which is the subject of the '638 Patent, Harold K. Braid and Simon C. Braid are the only individuals capable of providing relevant testimony thereon. The documents requested are described in detail in the attached Schedule A.

6.    IDENTITY AND ADDRESSES OF PERSONS TO BE EXAMINED

Harold K. Braid
The Sheilings
Braceborough, Lincolnshire  PE9 4NT
England, United Kingdom

Simon C. Braid
13 Crowson Way
Deeping, St. James, Lincolnshire
England, United Kingdom

7.    STATEMENT OF THE SUBJECT MATTER ABOUT WHICH
THE PERSONS NAMED IN PARAGRAPH 6 ARE TO BE EXAMINED

The "Spring Mounting for Sash Frame Tensioning Arrangements" which is the subject of the

'638 Patent was designed, invented, tested, developed and patented by Harold K. Braid and Simon

C. Braid.  The conception, reduction to practice and first sale of the '638 Patent were by Harold K.

Braid and Simon C. Braid.  Further, the '638 Patent was assigned to Amesbury Springs by Harold K.

Braid and Simon C. Braid for purposes of manufacture and production.

8.    DOCUMENTS OR OTHER PROPERTY TO BE PRODUCED

Defendant requests that Harold K. Braid and Simon C. Braid produce and bring to the

examinations by deposition all books, papers, documents and other things in their possession or

control concerning the issues in this action, including but not limited to documents relating to the

conception, reduction to practice, first sale, design, invention, testing, patenting, production and

manufacture of the "Spring Mounting for Sash Frame Tensioning Arrangements," which is the

subject of the '638 Patent and of this action.

9.    OATH OR AFFIRMATION

This application requests that Harold K. Braid and Simon C. Braid, as the persons identified

in paragraph 6 herein, be examined under oath.

10.    SPECIAL METHODS OR PROCEDURE

Pursuant to Articles III(i) and IX, we hereby request that the examinations be conducted by

the attorney for defendant Caldwell Manufacturing Company, or his designee, with cross-

examination by attorneys for defendants Amesbury Group and Amesbury Springs as listed in

paragraph 3 herein, and that a verbatim transcript of the examination be transcribed by a court reporter whom we will provide. We request that depositions be held on December 8 and 9, 2005, or at the mutual convenience of the witnesses and parties. Furthermore, we request that the documents and materials herein requested be produced for inspection and copying on November 25, 2005.

11.    REQUEST FOR ATTENDANCE OR PARTICIPATION
         OF JUDICIAL PERSONNEL

We request that counsel for plaintiffs Amesbury Group and Amesbury Springs, as well as counsel for defendant Caldwell, as identified in paragraph 3 herein, be allowed to attend the examinations by deposition and the inspection of documents and materials.

12.    FEES AND COSTS

The fees and costs incurred which are reimbursable under Article XIV(2) or under Article XXVI will be borne by defendant The Caldwell Manufacturing Company.

13.    DATE OF REQUEST: October 13, 2005.

Respectfully submitted,

THE CALDWELL MANUFACTURING COMPANY,
by one of its Counsel

/s/ Thomas E. Lent
David Lurie *(dlurie@luriekrupp.com)*
Thomas Lent *(tlent@luriekrupp.com)*
LURIE & KRUPP, LLP
Attorneys for Defendant
    The Caldwell Manufacturing Company
One McKinley Square
Boston, Massachusetts  02109
Telephone: (617) 367-1970

Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
Neal L. Slifkin *(nslifkin@harrisbeach.com)*
Laura W. Smalley *(lsmalley@harrisbeach.com)*
David J. Edwards *(dedwards@harrisbeach.com)*
HARRIS BEACH PLLC
Attorneys for Defendant
     The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York  14534
Telephone: (585) 419-8800

## **SCHEDULE A**

## **DEFINITIONS AND INSTRUCTIONS**

1.      The term "document" includes, but is not limited to, any writing or other tangible or electronic means of preserving thought, expression or information, including all originals, drafts, handwritten notes, non-identical copies and computer disks, disk drives, tapes or other means of computer or electronic storage, and includes, but is not limited to, laboratory reports, reports, correspondence, memoranda, notes, minutes of meetings, contracts, policies, ledgers, invoices, drafts, checks, canceled checks, plans, designs, schedules, packaging, warnings and statements by parties or witnesses to the matters related to the '638 Patent as defined herein.

2.      The term "'638 Patent" refers to United States Patent No. 5,365,638, entitled "Spring Mounting for Sash Frame Tensioning Arrangements", which was issued to Harold K. Braid and Simon C. Braid by the United States Patent and Trademark Office on November 22, 1994, and which has been assigned to Amesbury Springs by Harold K. Braid and Simon C. Braid.

3.      The term "Hague Convention" refers to the Hague Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters, of March 18, 1970.

4.      If a privilege is claimed under Article 11 of the Hague Convention as a ground for not responding, in whole or in part, to any request, identify the nature of the privilege which is being claimed, and provide the following information:

        a.      the type of document;
        b.      a general description of the subject matter of the document;
        c.      the date of the document;
        d.      the author of the document; and
        e.      the addresse(s) and the recipient(s) of the document.

5.    As to any document previously destroyed, specify:

    a.    the author;
    b.    its date;
    c.    its content;
    d.    names of recipient(s) of copies; and
    e.    when and under what circumstances the document was destroyed.

6.    As to all documents, this request is for unredacted copies in which no part of the content of the document is masked or otherwise diminished in legibility by over-stamping or other defacement.

## REQUESTS

1.    Documents relating to tests, evaluations, studies, analyses or otherwise, concerning the design, invention, testing, development, performance, patenting and manufacture of the "Spring Mounting for Sash Frame Tensioning Arrangements", which is the subject of the '638 Patent and of this action.

2.    Documents relating to all claims or lawsuits concerning the '638 Patent.

3.    Documents relating to design modifications of the "Spring Mounting for Sash Frame Tensioning Arrangements" which is the subject of the '638 Patent.

4.    Documents relating to the application for the '638 Patent with the U.S. Patent and Trademark Office.

5.    Documents relating to the conception, reduction to practice, first sale and assignment to Amesbury Springs of the '638 Patent.

6.    Documents and correspondence sent to or received from any plaintiffs and/or their representatives in this action concerning the '638 Patent, including but not limited to documents relating to this action and documents relating to the validity of the '638 Patent.

L:\JAH\Caldwell Manufacturing\Amesbury Litigation\10-11-05 MLR-Request and Schedule A.doc