UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

                         Plaintiff,

    vs.

THE CALDWELL MANUFACTURING
COMPANY,

                    Defendant.

_____

**AFFIDAVIT IN SUPPORT
OF MOTION TO REQUEST
JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE
CONVENTION OF 18 MARCH
1970 ON THE TAKING OF
EVIDENCE IN CIVIL OR
COMMERCIAL MATTERS**

Civil Action No.: 05-10020 (DPW)

DAVID J. EDWARDS, being duly sworn, deposes and says:

    1.    I am a member of the law firm of Harris Beach PLLC, attorneys for the plaintiff in the above-entitled action, and am fully familiar with all the facts and circumstances heretofore had herein.

    2.    The above-entitled action was brought by plaintiffs Amesbury Group, Inc. ("Amesbury Group") and Amesbury Springs Ltd. ("Amesbury Springs") (collectively "Amesbury") to recover damages based on Amesbury's claim that The Caldwell Manufacturing Company ("Caldwell") had allegedly infringed three (3) United States Patents, namely U.S. Patent No. 5,365,638 (the "'638 Patent"), U.S. Patent No. 6,598,264 (the "'264 Patent") and U.S. Patent No. 6,820,368 (the "'368 Patent).

    3.    The '638 Patent, entitled "Spring Mounting for Sash Frame Tensioning Arrangements," was issued to Harold K. Braid and Simon C. Braid by the United States Patent and Trademark Office on November 22, 1994.  (A true and correct copy of the '638 Patent is attached hereto as Exhibit A.)

4.      Upon information and belief, subsequent to being awarded the '638 Patent, Harold K. Braid and Simon C. Braid assigned the '638 Patent to its assignee and current owner, Amesbury Springs.

5.      Upon information and belief, Harold K. Braid and Simon C. Braid, as inventors, are individuals with exclusive knowledge regarding the "Spring Mounting for Sash Frame Tensioning Arrangements" device which is the subject of the '638 Patent, the validity of the '638 Patent, and the design, invention, testing, analysis, production and manufacture of the subject device.

6.      Messrs. Harold K. and Simon C. Braid are also both listed on Amesbury's Rule 26 Disclosure as persons who have discoverable information that Amesbury may use to support its claims. (See Amesbury's Initial Disclosures, attached hereto as Exhibit B.)

7.      On or about August 16, 2005, Caldwell, by its attorneys, served deposition notices to examine Harold K. Braid and Simon C. Braid upon plaintiffs' attorneys, Goodwin Procter LLP. (See Exhibit C.)

8.      During telephone conversations with plaintiffs' attorneys in the latter part of September, plaintiffs' counsel stated that the Braids are not employed by Amesbury and that they would not be producing them for depositions, whether in the United States of America or in the United Kingdom.

9.      Upon information and belief, Harold K. Braid and Simon C. Braid are citizens of, and reside in, the United Kingdom.  As such, Harold K. Braid and Simon C. Braid are beyond the jurisdictional reach of this Court, absent a request for international judicial assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Convention").  As such, Caldwell submits this motion asking this Court to issue a request for international judicial assistance to the Central Authority of the United Kingdom.

10.    Plaintiff moves this Court to issue Letters of Request issued to the Senior Master of the Supreme Court, Queen's Bench Division, Royal Courts of Justice, Strand London WC2A 2LL, England, United Kingdom, as Central Authority for the United Kingdom, requesting the examination of Harold K. Braid and Simon C. Braid by deposition, and requesting the production of documents from Harold K. Braid and Simon C. Braid relating to the '638 Patent and all other patents-in suit in the above-captioned action.

11.    Upon information and belief, examinations of Harold K. Braid and Simon C. Braid by deposition will yield evidence and documents, including but not limited to evidence and documents regarding the '638 Patent and other patents-in-suit, which will be material and relevant at trial.

WHEREFORE, based on the foregoing, defendant Caldwell respectfully requests that this Court grant its motion to issue Letters of Request to the Central Authority of the United Kingdom, requesting the depositions of Harold K. Braid and Simon C. Braid and the production of relevant documentary evidence by Harold K. Braid and Simon C. Braid, along with such other and further relief as the Court may find just and proper.

DAVID J. EDWARDS

Sworn to before me this 12th
day of October, 2005

Notary Public

JAYME A. HURWITZ
Notary Public, State of New York
Qualified in Monroe County
Lic. # 02HU6127094
Commission Expires May 23rd of 20_09_



US005365638A

# United States Patent [19]

## Braid et al.

[11]  Patent Number:  **5,365,638**

[45]  Date of Patent:  **Nov. 22, 1994**

[54]  **SPRING MOUNTING FOR SASH FRAME TENSIONING ARRANGEMENTS**

[76]  Inventors:  Harold K. Braid, The Sheilings, Braceborough, Lincolnshire, PE9 4NT; Simon C. Braid, 13, Crowson Way, Deeping, St. James, Lincolnshire, both of England

[21]  Appl. No.:  **7,628**

[22]  Filed:  **Jan. 21, 1993**

[30]  **Foreign Application Priority Data**

Jan. 21, 1992  [GB]  United Kingdom ............... 9201208.7
Feb. 25, 1992  [GB]  United Kingdom ............... 9204006.2
Mar. 4, 1992  [GB]  United Kingdom ............... 9204687.9

[51]  Int. Cl.⁵ ............................................. E05D 13/00
[52]  U.S. Cl. .............................................. 16/197
[58]  Field of Search ...................... 16/197, DIG. 16

[56]  **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,732,594 | 1/1956 | Adams et al. | 16/197 |
| 2,873,472 | 2/1959 | Foster | 16/197 |
| 3,452,480 | 7/1969 | Foster | 16/197 |
| 3,992,751 | 11/1976 | Foster et al. | 16/197 |
| 4,227,345 | 10/1980 | Durham | |
| 5,157,808 | 10/1992 | Sterner | 16/197 |

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 825513 | 12/1959 | United Kingdom |
| 1505782 | 3/1978 | United Kingdom |
| 2253874 | 9/1992 | United Kingdom |

*Primary Examiner*—P. Austin Bradley
*Assistant Examiner*—Chuck Y. Mah
*Attorney, Agent, or Firm*—Steven H. Bazerman

[57]  **ABSTRACT**

A mounting element and assembly for a sash frame tensioner used in a sash window frame to support the window in any desired open position, the assembly comprising a channel section member and a sash frame support element slidable in said channel section member. A coiled ribbon spring having a free outer end thereof engaged with said sash frame support member, and a mounting element, the mounting being disposed between the sash frame support member and a coiled body portion of said coiled ribbon spring with a free end of said coiled ribbon spring disposed alongside said mounting, said mounting being secured to said channel section member, directly or indirectly, and in use impinging upon an outer surface of said coiled body portion to retain said coiled body portion in position during uncoiling of said coiled ribbon spring as said sash support member is moved away from said coiled body portion.

**8 Claims, 4 Drawing Sheets**





**U.S. Patent**     Nov. 22, 1994     Sheet 1 of 4     **5,365,638**



FIG.1.

FIG.2.

FIG.3.



FIG.4.



FIG.5.



FIG.6.



FIG.7.



FIG.8.

95    95



110

102

FIG.9.

100

95    95

112    108



FIG.10.



FIG.11.



FIG.12.

5,365,638

1

# SPRING MOUNTING FOR SASH FRAME TENSIONING ARRANGEMENTS

## BACKGROUND OF THE INVENTION

The invention relates to a mounting for a coiled ribbon spring and is particularly, though not exclusively, applicable to sash springs used in sash frame tensioning arrangements for windows.

Such coiled ribbon springs are in the form of a flat coil with an open area at their center and two free ends, an outer one on the outside of the coil and one on the inside; the springs being similar in construction to clock springs except that the inner free end is not (as in a clock spring) secured to a fixed point.

It is known in the art to mount such coiled ribbon springs on a drum within a hollow channel in a window frame by means of a screw or other fixing, about which the spring is able to uncoil as an outer free end of the spring attached to a window sash moves away from the coil as the sash is moved. The drum may be arranged to be stationary or to rotate with the spring, through the drum is provided only to guide the spring and is not operatively secured thereto (thus, if the spring were unwound too far, it would be unwound completely from the drum).

It is a feature of these known mountings that the spring is supported from the open space within the coil so that an upper part of the coil rests on the drum with a lower part of the coil slung below the drum and not supported thereby. It is, as stated above, a feature of such springs that the inner free end of the spring is not secured to any point (on the drum or elsewhere) such springs being referred to in some instances as "constant tension" springs.

The drum is merely to provide a reaction member and as a means of retaining the body of the spring loosely in position in the channel as its free outer end is uncoiled.

It has been a disadvantage of this known type of mounting that the spring is not silent in use, possibly due to relative movement between the inner, free end of the spring and the spring support drum.

The present invention seeks to overcome this disadvantage.

## SUMMARY OF THE INVENTION

The invention provides a mounting assembly comprising a channel section member, a sash frame support element slidable in said channel section member, a coiled ribbon spring having a free outer end thereof engaged with said sash frame support member, and a mounting element, the mounting being disposed between the sash frame support member and a coiled body portion of said coiled ribbon spring with a free end of said coiled ribbon spring disposed alongside said mounting, said mounting being secured to said channel section member, directly or indirectly, and in use impinging upon an outer surface of said coiled body portion to retain said coiled body portion in position during uncoiling of said coiled ribbon spring as said sash support member is moved away from said coiled body portion.

The present invention also provides a mounting element for use in the assembly set forth above, the mounting comprising a body portion having means for securing the mounting in a channel portion of a sash frame or

2

other abutment and having a support surface disposed so as to impinge upon an outer surface of the spring coil.

In normal circumstances the channel section member will in use be mounted substantially vertically and thus said mounting element will support an outer undersurface of said coiled body portion from below. Thus, normally the sash frame support member will be disposed in use beneath the mounting element which is itself disposed beneath the coiled body portion.

It will be understood that the mounting element is to be operatively disposed between the spring body portion and the sash frame support member.

Preferably, the mounting element comprises a body portion having an aperture therein to receive, in use, a fixing screw by which the mounting element may be secured to said frame or abutment, an upper surface of the body portion being concavely curved to support the curved outer undersurface of the spring, thus providing said support surface.

In this inventive arrangement the spring merely rests on the mounting element which acts as a reaction member which the spring abuts as a free outer end, attached to the sash, is unwound. (Ideally, there is a slight tension in the spring when at rest so there is no likelihood of the spring being displaced should the sash frame be inverted for any reason).

The mounting element may be provided with inter-engagement formations by which a plurality of such elements may be stackingly inter-engaged, thus enabling a plurality of coiled ribbon springs to be used at a single location, only one fixing element or screw being required to secure the said stack against movement as the sash frame support member moves. The inter-engagement formations may be in the form of tooth-like projections cooperable with corresponding complementary detentes in another such mounting element. The inter-engagement formations may in addition or as an alternative be formed so as to provide an interference fit with formations of another mounting element or a "snap fit" therewith.

Alternatively, the mounting element may be configured such that there is a hub portion having an aperture therein to receive, in use, a fixing screw by which the mounting element may be secured to the frame or abutment; the hub portion being disposed such that in use the spring encircles such hub portion, the mounting element having an arm portion slung below said hub portion and disposed so as to support said outer undersurface of said spring.

In this arrangement, the hub portion loosely impales the spring body portion but in normal circumstances the hub portion does not support the spring, all the support is rendered by the arm portion slung below the hub portion. (In fact, in certain instances, i.e., when the spring is fully extended, the hub portion may also provide some minor support, though this is not its function).

The mounting element may be provided with formations conformed so as to cooperate with a portion of the sash frame within which the element is to be received, such that contact of said formations with said sash frame inhibits in a rotational, pivoting, or twisting sense of the element relative to the sash frame.

It will be apparent that the mounting element does not rotate or otherwise move with the spring but is substantially stationary when the spring is in operation.

5,365,638

3

### BRIEF DESCRIPTION OF THE DRAWINGS

Embodiments of the invention will now be described by way of example only and with reference to the accompanying drawings in which:

FIG. 1 is a schematic side elevational view shown partly broken away of an assembly according to the invention showing a coiled ribbon spring supported by a mounting element according to the invention in a vertical channel section of a sash window;

FIG. 2 is a perspective view of the mounting element shown in FIG. 1;

FIG. 3 is a schematic side elevational view shown partly broken away of a mounting assembly for a coiled ribbon spring, showing a second mounting element according to the invention;

FIG. 4 is an exploded schematic view of the mounting assembly shown in FIG. 3;

FIG. 5 is a sectional view on line V—V of FIG. 3 with the coiled ribbon spring removed;

FIG. 6 is a schematic view on an enlarged scale of a portion of the mounting assembly shown in FIGS. 3, 4 and 5;

FIG. 7 is a schematic perspective view on an enlarged scale of a third mounting element according to the invention;

FIG. 8 is a schematic front view of a fourth mounting element similar to said third mounting element, according to the invention;

FIG. 9 is a partial schematic front view of a fifth mounting element similar to said third and fourth mounting elements according to the invention;

FIG. 10 is a schematic perspective view of the element of FIG. 9 shown on a larger scale and partially broken away so as to foreshorten the element;

FIG. 11 is a schematic perspective view of a fifth mounting element according to the invention being similar to that shown in FIG. 10 with certain differences; and

FIG. 12 is a partial front elevational view of a further mounting element similar to those shown in FIGS. 7 and 8 with certain differences.

### DESCRIPTION OF THE PREFERRED EMBODIMENTS

The mounting assembly shown in FIG. 1 comprises a mounting element shown generally as M having a body portion 10 having a bore 12 therein to receive a fixing screw 14 by means of which the mounting element may be secured to a channel section 16 of a sash frame. The mounting element is dimensioned so as to be capable of insertion into the channel section from the side (i.e., without the necessity to slide the mounting element in from the end of the channel section).

The mounting is shown so fixed in FIG. 1. The body portion 10 has two upstanding walls 18 and disposed therebetween is a support surface 20 which is concavely curved to receive a coiled body portion 22 of a coiled ribbon spring shown generally as S, such that the coiled body portion 22 rests on said surface 20 between said walls. An outer free end 24 of the coiled ribbon spring S is provided with a hooked end 26 engageable with a sash frame support element 28 which forms part of a sliding sash. The sash frame support element 28 is slidable in the channel section 16 back and forth in the directions of arrows A, A', to move the sash.

It is to be noted that only a few coils of the coiled ribbon spring have been shown in the figures for sim-

4

plicity. In practice, many more coils wold be provided. Also, the thickness of the coiled ribbon spring has been exaggerated.

As the sash frame support element 28 (and so the sash) is moved downwardly in the direction of arrow A the coiled ribbon spring unwinds.

It may be the case during this unwinding that the curvature of the undersurface of the coiled body portion 22 does not conform exactly to the curvature of the surface 20. This is of no particular importance as the mounting only has a guiding and support function. It will e noted that the coiled ribbon spring is not supported from within the coil (shown generally as 30) as it is in the prior art. In the embodiment shown in FIGS. 3 to 6, the mounting element is in two parts 50, 52 which inter-engage to form a body portion 54 of reel-like structure but having a tube-like hub 56 which, in use, loosely impales a body portion of the coiled ribbon spring 58 but provides no support therefor.

A support portion 60 is provided slung below (when used in vertical sash frames as is usual) the tube 56 on part 52 and is provided with a curved support surface 62 the counterpart of the support surface 20 in the first embodiment. There is then provided on part 50 a bracing portion 64 inter-engageable with the under surface of the support portion 60 (see FIG. 5). As will be seen from FIG. 3 an outer undersurface of the coiled body portion of the coiled ribbon spring rests on the support surface 62, and is supported thereby. The hub 56 receives in use a fixing screw 64 by which the mounting may be fixed to a channel section member. FIG. 6 shows portions of coils 66, 68 and 70 of the spring, coil 70 being the outermost and having its outer undersurface supported by the support surface 62.

The mounting element shown in FIG. 7 is similar to that shown in FIGS. 1 and 2 except firstly that upstanding walls $78^a$ and $78^b$ are dissimilar and secondly that inter-engagement formations 80 are provided to enable a plurality of said elements to inter-engage in a stacked manner.

One of the upstanding walls $78^a$ which is intended to lie against a back surface 82 (shown in broken line) of a channel section frame (shown as 84 in part hatched line) is provided with a pair of lateral ears 86 (only one of which is shown full line) which are intended to prevent rotation of the mounting element about a fixing screw (not shown) received, in use, in recessed bore 88. A concavely curved surface 20' is provided in similar manner to the embodiment of FIGS. 1 and 2. A second upstanding wall $78^b$ has greater thickness than upstanding wall $78^a$ and is provided with a plurality of tooth-like inter-engagement formations 80. There is provided a rebate 89 of a depth equal to the thickness of the upstanding wall $78^b$ and provided with a plurality of detentes 90 corresponding to formations 80 such that the formations of one element as shown in FIG. 7 can engage in detentes 90 of another identical element lying above the first element. Thus, two or more coiled ribbon springs can be mounted one above the other with their mounting elements inter-engaged and only a lower one of said mounting elements need be secured with a screw as hereinbefore described.

FIG. 8 shows a fourth mounting element in accordance with the invention. This is closely similar to that shown in FIG. 7 except that at lower corner regions shown generally as 95, the element is rounded off for ease of insertion of the element into the sash frame.

5,365,638

**5**

The mounting element 100 shown in FIGS. 9 and 10 is similar to those of FIGS. 7 and 8 and some of those portions of the element similar to those provided in the elements shown in FIGS. 7 and 8 have been labelled with the same reference numerals. The mounting element 100 is devoid of the lateral ears 86 but instead is provided with a raised spine formation 102 whose width W is arranged such that it is a snug fit between open lip portions 104 of a channel section sash frame member 5 (shown in broken line in FIG. 10) within which the mounting element is to be operatively received. Thus, rotational, pivoting or twisting motion of the element 100 within the sash frame member 5 is inhibited. The element 100 is secured in the sash frame member 5 by a screw or other suitable fixing via a bore 108 in a similar manner to that of the element shown in FIG. 7. In the mounting element 100 a single inter-engagement projection formation 110 is provided, which is cooperable with a corresponding recess formation 112 of a second such element, so that elements can be "stacked" as in previous embodiments.

The mounting element 110 shown in FIG. 11 is similar to that shown in FIG. 10 except that the upstanding wall 78[b] is provided entirely by said raised spine formation 102. This is especially useful where space is limited, i.e., the depth of the coiled ribbon spring approaches the depth of the channel section sash frame member.

The mounting element shown in FIG. 12 is similar to those shown in FIGS. 7 and 8 and the same reference numerals have been used to indicate corresponding portions thereof. It has the rounded off regions 95 of the mounting element shown in FIG. 8 but differs in that it has a locating rib 102 like that shown in FIGS. 9 and 10 and the curved surface 20' (shown in broken line) is truncated at outer regions thereof by sloping shoulders 21 (shown in broken line). These enable a free end of a spring, supported by the mounting element in use, to be more easily fed between the mounting element and a wall 17 of a channel section 16, providing a funnel-like provision.

It will readily be apparent that the inter-engagement formations need not be as shown in the Figures but may be of any suitable shape, and number.

They may also be made to be interlocking, releasable or otherwise. It is to be understood that in the channel section partly shown in broken line in FIG. 1 at F the front retaining flanges shown in FIG. 1 at F have not been shown.

It will be noted that in none of the embodiments does the mounting element move with the spring.

It will be apparent that other methods of securing the mountings to a frame or abutment may be used. For example, two or more screw or other fixings would prevent any tendency for the mountings to move or rotate in use. Alternatively, pegs, spigots or catches could be used.

The previous descriptions of the preferred embodiments of the present invention are for purposes of illustration and are limited only by the provisions of the following claims.

What is claimed is:

1. A mounting assembly comprising a channel means having a rear wall, side walls and at extremities of said

**6**

side walls, inwardly turned opposed flanges, a sash frame support means slidable in said channel means, a coiled ribbon spring having a first end engaged with said sash frame support means, and a means for mounting said coiled ribbon spring, the coiled body portion of said coiled ribbon spring having the other end of said coiled ribbon spring within the coil being positioned in said mounting means, said other end of said coiled ribbon spring being free and unattached to said mounting means and said mounting means being secured in said channel means, said mounting means having a raised spine positioned between and in the same plane as said inwardly turned opposed flanges of said channel means, whereby rotational motion of said mounting means is inhibited.

2. The mounting assembly of claim 1 wherein the mounting means has a support surface disposed in contact with the outer surface of said coiled body portion of said coiled ribbon spring during movement of said coiled ribbon spring as said sash support means moves in said channel means.

3. The mounting assembly of claim 2 wherein said mounting means has a body portion having an aperture therein, a fixing screw positioned in said aperture by which the mounting means is secured relative to said channel means, a surface of said body portion being concavely curved, said coiled body portion of said coiled ribbon spring being in contact with and supported by said curved surface of said body portion.

4. The mounting assembly of claim 2 in which the mounting means has at least one inter-engagement means by which a plurality of such mounting means may be stacked in inter-engagement.

5. The mounting assembly of claim 4 in which the inter-engagement means comprises a tooth-like projection cooperable on said first mounting means with a corresponding complementary detente in a second mounting means.

6. The mounting assembly of claim 4 in which the inter-engagement means on said first mounting means is in an interference fit with an inter-engagement means on said second mounting means.

7. The mounting assembly of claim 4 in which the inter-engagement means is formed so as to provide a snap fit.

8. A mounting assembly comprising a channel means having a rear wall, side walls and at extremities of said side walls, inwardly turned opposed flanges, a sash frame support means slidable in said channel means, a coiled ribbon spring having an outer end engaged with said sash frame support means, and a means for mounting said coiled ribbon spring, the coiled body portion of said coiled ribbon spring with the other end of said coiled ribbon spring positioned in said mounting means, said mounting means being secured in said channel means and the mounting means having projection means positioned between said inwardly turned opposite flanges of the channel means which cooperate with said flanges of the channel means within which the mounting means is positioned, whereby rotational movement of the mounting means is inhibited.

* * * * *

65

RE'D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

            Plaintiffs,

    v.                                          Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

            Defendant.

## AMESBURY'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Plaintiffs, Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively,

"Amesbury"), hereby make the following initial discovery disclosures pursuant to Fed. R. Civ.

P. 26(a)(1) and Local Rule 26.2(A).

### INITIAL DISCLOSURES

Amesbury bases the following disclosures on information currently in its possession.

Because discovery in this matter is ongoing, Amesbury reserves its right to amend or

supplement these disclosures as necessary and to rely on the testimony of any person that is

subsequently identified as having knowledge relevant to this dispute and/or the substance of any

documents that are subsequently identified that may support Amesbury's claims or defenses.

(A)    **The name and, if known, the address and telephone number of each individual
       likely to have discoverable information that the disclosing party may use to support
       its claims or defenses, unless solely for impeachment, identifying the subjects of the
       information.**

Amesbury, based on its current knowledge, information, and belief, identifies the

following individuals as people who may have discoverable information concerning

Amesbury's claims or defenses.

| **Categories of Information** | **Relevant Persons** |
|---|---|
| 1. Manufacture and operation of Amesbury products | Richard Koopmann Amesbury Group, Inc. 517 E. 52nd Street North Sioux Falls, SD 57104 (605) 339-3115 |
| | Cherrie Haugen Amesbury Group, Inc. 517 E. 52nd Street North Sioux Falls, SD 57104 (605) 339-3115 |
| 2. Making of the inventions | Gary R. Newman Amesbury Group, Inc. 517 E. 52nd Street North Sioux Falls, SD 57104 (605) 339-3115 |
| | Stuart J. Uken Amesbury Group, Inc. 517 E. 52nd Street North Sioux Falls, SD 57104 (605) 339-3115 |
| | Lawrence J. VerSteeg Amesbury Group, Inc. 517 E. 52nd Street North Sioux Falls, SD 57104 (605) 339-3115 |
| | Harold K. Braid Cherry Tree Cottage 28 Scottlethorpe Road Edenham, Bourne Lincolnshire  PE100LN United Kingdom |

Simon C. Braid
Cherry Tree Cottage
28 Scottlethorpe Road
Edenham, Bourne
Lincolnshire  PE100LN
United Kingdom

3. Prosecution of the patents-in-
   suit

Gary R. Newman
Amesbury Group, Inc.
517 E. 52nd Street North
Sioux Falls, SD 57104
(605) 339-3115

Stuart J. Uken
Amesbury Group, Inc.
517 E. 52nd Street North
Sioux Falls, SD 57104
(605) 339-3115

Lawrence J. VerSteeg
Amesbury Group, Inc.
517 E. 52nd Street North
Sioux Falls, SD 57104
(605) 339-3115

Harold K. Braid
Cherry Tree Cottage
28 Scottlethorpe Road
Edenham, Bourne
Lincolnshire  PE100LN
United Kingdom

Simon C. Braid
Cherry Tree Cottage
28 Scottlethorpe Road
Edenham, Bourne
Lincolnshire  PE100LN
United Kingdom

Richard Koopmann
Amesbury Group, Inc.
517 E. 52nd Street North
Sioux Falls, SD 57104
(605) 339-3115

Joseph Sullivan, Esq.
Saint-Gobain Abrasives, Inc,
One New Bond Street
Worcester, MA 01615

John V. Forcier, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Andrew L. Jagenow, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Steven H. Bazerman
Deceased

4.  Marketing and sales of
    Amesbury products

Richard Koopmann
Amesbury Group, Inc.
517 E. 52nd Street North
Sioux Falls, SD 57104
(605) 339-3115

Gary R. Newman
Amesbury Group, Inc.
517 E. 52nd Street North
Sioux Falls, SD 57104
(605) 339-3115

Howard Babbit
Amesbury Group, Inc.
517 E. 52nd Street North
Sioux Falls, SD 57104
(605) 339-3115

Cherrie Haugen
Amesbury Group, Inc.
517 E. 52nd Street North
Sioux Falls, SD 57104
(605) 339-3115

| | |
|---|---|
| 5. Marketing and sales of the accused products | Richard Koopmann<br>Amesbury Group, Inc.<br>517 E. 52nd Street North<br>Sioux Falls, SD 57104<br>(605) 339-3115<br><br>Howard Babbit<br>Amesbury Group, Inc.<br>517 E. 52nd Street North<br>Sioux Falls, SD 57104<br>(605) 339-3115 |
| 6. Counterclaims concerning invalidity asserted by The Caldwell Manufacturing Company ("Caldwell"). | Amesbury is unable to identify the individual(s) likely to have discoverable information with respect to this category, because the counterclaims lack the specificity required by Fed. R. Civ. P. 9(b) and otherwise fail to state cognizable claims under Fed. R. Civ. P. 12(b)(6). |

**(B)     A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Amesbury discloses and describes by category the following documents, data compilations, and tangible things that are in the possession, custody, or control of Amesbury and that Amesbury reasonably believes it may use to support its claims or defenses, unless solely for impeachment. The documents are located at Amesbury's offices, at the previously specified addresses and telephone numbers for Amesbury, and/or at the offices of its attorneys, Goodwin Procter, LLP, Exchange Place, 53 State Street, Boston, MA 02109.

1.     United States Patent No. 5,365,638 (the "'638 Patent").

2.     The prosecution file history of the '638 Patent.

3.     Documents relating to the conception and development of the inventions claimed in the '638 Patent.

4.    United States Patent No. 6,598,264 (the "'264 Patent").

5.    The prosecution file history of the '264 Patent.

6.    Documents relating to the conception and development of the inventions claimed in the '264 Patent.

7.    United States Patent No. 6,820,368 (the "'368 Patent").

8.    The prosecution file history of the '368 Patent.

9.    Documents relating to the conception and development of the inventions claimed in the '368 Patent.

10.    Accused products.

11.    Documents describing accused products.

**(C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Amesbury cannot provide a calculation of damages because such a calculation depends, in part, on information currently in the sole possession of Caldwell.

**(D)    Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

To the best of Amesbury's knowledge, no such insurance agreement exists.

Respectfully submitted,

Douglas J. Kline (BBO# 556680)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.
AMESBURY SPRINGS LTD.**

Dated: May 3, 2005

## CERTIFICATE OF SERVICE

I, Safraz W. Ishmael, a member of the bar, hereby certify that on May 3, 2005, I caused a true and accurate copy of the attached "Amesbury's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)" to be sent to opposing counsel Neil L. Slifkin, Harris Beach LLP, 99 Garnsey Road, Pittsford, New York 14534 via regular mail and facsimile to (585) 419-8801, and to Thomas E. Lent, Lurie & Krupp LLP, One McKinley Square, Boston, MA 02109 via regular mail and facsimile to (617) 367-1971.

Safraz W. Ishmael

LIBA/1534860.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

                Plaintiffs,

      v.

THE CALDWELL MANUFACTURING
COMPANY,

                Defendant.

_____

**NOTICE OF DEPOSITION**
*DUCES TECUM*
**OF HAROLD K. BRAID**

05-CV-10020 (DPW)

TO:    Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        GOODWIN PROCTER LLP
        Attorneys for Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd.
        Exchange Place, Boston, Massachusetts 02109

    **PLEASE TAKE NOTICE** that defendant The Caldwell Manufacturing Company will take the deposition of HAROLD K. BRAID, before a notary public of the State of New York, on a date and time mutually agreeable to the parties, at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109.

    Harold K. Braid shall bring to the deposition all books, papers, documents and other things in his possession or control concerning the issues in this action. The deposition will continue from day to day until completed or adjourned. You are invited to attend and participate to the extent provided under the Federal Rules of Civil Procedure.

Dated:  August 16, 2005
         Pittsford, New York

                     **HARRIS BEACH PLLC**

                By: _____
                    Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
                    Neal L. Slifkin *(nslifkin@harrisbeach.com)*
                    Laura W. Smalley *(lsmalley@harrisbeach.com)*
                    David J. Edwards *(dedwards@harrisbeach.com)*
                    Attorneys for Defendant
                    The Caldwell Manufacturing Company
                    99 Garnsey Road
                    Pittsford, New York  14534
                    Telephone: (585) 419-8800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on August 17, 2005 in the a.m. on:

> Douglas J. Kline, Esq.
> Safraz W. Ishmael, Esq.
> GOODWIN PROCTER LLP
> Attorneys for Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd.
> Exchange Place
> Boston, Massachusetts 02109
> Telephone: (617) 570-1000

> Laura W. Smalley
> HARRIS BEACH PLLC
> Attorneys for Defendant
> The Caldwell Manufacturing Company
> 99 Garnsey Road
> Pittsford, New York 14534
> Telephone: (585) 419-8800

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

                        Plaintiffs,

       v.

THE CALDWELL MANUFACTURING
COMPANY,

                        Defendant.

**NOTICE OF DEPOSITION**
*DUCES TECUM*
**OF SIMON C. BRAID**

05-CV-10020 (DPW)

---

TO:    Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        GOODWIN PROCTER LLP
        Attorneys for Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd.
        Exchange Place, Boston, Massachusetts 02109

    **PLEASE TAKE NOTICE** that defendant The Caldwell Manufacturing Company will take the deposition of SIMON C. BRAID, before a notary public of the State of New York, on a date and time mutually agreeable to the parties, at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109.

    Simon C. Braid shall bring to the deposition all books, papers, documents and other things in his possession or control concerning the issues in this action. The deposition will continue from day to day until completed or adjourned. You are invited to attend and participate to the extent provided under the Federal Rules of Civil Procedure.

Dated:  August 16, 2005
         Pittsford, New York

                        HARRIS BEACH PLLC

                By:                                              
                        Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
                        Neal L. Slifkin *(nslifkin@harrisbeach.com)*
                        Laura W. Smalley *(lsmalley@harrisbeach.com)*
                        David J. Edwards *(dedwards@harrisbeach.com)*
                        Attorneys for Defendant
                        The Caldwell Manufacturing Company
                        99 Garnsey Road
                        Pittsford, New York  14534
                        Telephone: (585) 419-8800

HARRIS BEACH ℡
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on August 17, 2005 in the a.m. on:

> Douglas J. Kline, Esq.
> Safraz W. Ishmael, Esq.
> GOODWIN PROCTER LLP
> Attorneys for Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd.
> Exchange Place
> Boston, Massachusetts 02109
> Telephone: (617) 570-1000

> Laura W. Smalley
> HARRIS BEACH PLLC
> Attorneys for Defendant
> The Caldwell Manufacturing Company
> 99 Garnsey Road
> Pittsford, New York 14534
> Telephone: (585) 419-8800

HARRIS BEACH PLLC
ATTORNEYS AT LAW

2