IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

                        Plaintiffs,

vs.                                                 Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

                              Defendant.

---

### CALDWELL'S MOTION TO COMPEL AMESBURY TO DESIGNATE A 30(B)(6) WITNESS ON ITS INFRINGEMENT CONTENTIONS

This is a patent infringement case. Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively "Amesbury") have sued the Caldwell Manufacturing Company ("Caldwell") alleging infringement of three Amesbury patents with questionable basis. Amesbury initially refused to produce a 30(b)(6) witness to testify as to its infringement contentions, objecting on the basis that such testimony would require expert opinion and/or legal conclusions rather than facts. Without any prior notice, Amesbury designated a 30(b)(6) witness, Richard Koopmann, on the topic of infringement **at 9:30 in the morning on the day Mr. Koopmann appeared to testify on damages issues**.

Clearly, Amesbury's last minute designation of its witness was in bad faith and designed to deprive Caldwell of the opportunity to conduct a meaningful inquiry on one of the central issues in this case. Furthermore, Amesbury's offer to produce Mr. Koopmann did not comply with Caldwell's 30(b)(6) notice, which requested testimony Amesbury's infringement contentions. As admitted by Amesbury, Amesbury intended to limit Mr. Koopmann's testimony to the factual basis for Amesbury's infringement allegations before Amesbury filed suit, and

flatly refused to provide testimony on the topic of its infringement contentions as demanded by Caldwell. Finally, the designation of Mr. Koopmann was clearly in bad faith because he has only limited knowledge on the topic for which Amesbury offered his testimony – the factual basis for Amesbury's infringement allegations.

The Court should order Amesbury to produce a 30(b)(6) witness on its infringement contentions in Rochester, New York, and not allow Amesbury to circumvent its obligations to provide discovery by its belated and bad faith designation of a witness clearly not qualified to give 30(b)(6) testimony on infringement.

    A.    <u>**Amesbury Failed to Designate A 30(b)(6) Witness on Its Infringement Contentions Before the Date of the Koopmann Deposition**</u>

On August 16, 2005, Caldwell served 30(b)(6) deposition notices on Amesbury seeking, among other things, testimony about Amesbury's contentions that Caldwell's products infringe the patents in suit. (Slifkin Dec., Exs. "A" and "B"). Amesbury objected to the request for 30(B)(6) testimony describing its infringement contentions on the basis that the request sought expert opinion and legal contentions, among other things. (Slifkin Dec., Exs. "C" and "D"). Amesbury declined to produce a 30(b)(6) witness on that issue at that time. (Id.).

After Amesbury's objections were served, the parties corresponded regarding the conduct of the 30(b)(6) depositions noticed by Caldwell. On or about October 7, 2005, Caldwell requested that it be permitted to have two different attorneys question Amesbury's 30(b)(6) witness: one on technical issues and one on non-technical issues. (Slifkin Dec., Ex. "E"). Amesbury agreed and requested that the subjects be broken down by attorney. (Id.) Amesbury indicated that it would be producing Mr. Koopmann as its 30(b)(6) on most of the topics noticed by Caldwell. In scheduling Mr. Koopmann's deposition, Caldwell informed Amesbury that the deposition would last for two days and his deposition would be taken by two different attorneys:

2

one attorney would examine Mr. Koopmann on the technical issues and one attorney would examine him on the non-technical issues. (Slifkin Dec., Ex "F"). Pursuant to the parties' understanding that Mr. Koopmann would be deposed over two days by two different attorneys, Caldwell issued amended 30(b)(6) Notices on October 26, 2005 clarifying the order and timing of Mr. Koopmann's testimony. These notices again requested that Amesbury produce a witness to testify as to its infringement contentions. (Slifkin Dec., Ex. "G", "H", "I" and "J"). On October 27, 2005, Amesbury advised for the first time that it was not simply objecting to the topic of infringement, but, rather, was refusing to produce any witness on the subject. (Edwards Dec. at ¶3.) This was Caldwell's first notice that Amesbury was going to disregard its obligation to designate a witness; effectively disregard the prohibition against directing a witness not to answer questions [Fed. R. Civ. Pro. 30(d)(1)]; and disregard its obligation to seek a protective order if it had a valid basis for refusing to comply with Caldwell's request. Amesbury served objections to the amended deposition notices, and declined to produce a witness to testify as to its infringement contentions, but agreed to provide witnesses on the other topics noticed by Caldwell. (Ex. "K" and "L").    The Rule 30(b)(6) deposition was scheduled for 9:30 a.m. on November 2, 2005.

On October 31, 2005, less than 48 hours before the Koopmann deposition was scheduled to begin, Amesbury's counsel, Jordan M. Singer, wrote Caldwell's counsel and stated that Amesbury objected to producing a 30(b)(6) witness on the topic of its infringement contentions. Amesbury stated that it would not "permit" its witness to identify the elements of the Caldwell products that allegedly correspond to the patent claims at issue or to testify about the application of the claims to the products. In its October 31, 2005 letter, Amesbury stated that it would only allow a representative to testify about the factual basis for its infringement allegations.

Amesbury stated that, **if** Caldwell agreed to Amesbury's proposed limits on the requested 30(b)(6) testimony, it **would** "designate a representative to testify on this topic." (Slifkin Dec., Exhibit "M"). Caldwell rejected Amesbury's proposal on November 1, 2005, less than 18 hours before the deposition was scheduled, stating that Caldwell did not agree to the proposed limits on the 30(b)(6) testimony, but requesting that Amesbury designate its 30(b)(6) representative so that questioning could begin and proper objections be imposed. (Slifkin Decl., Exhibit "N").

Thus, as of November 1, 2005, less than 18 hours before the scheduled start of the Koopmann deposition, Amesbury had not designated a 30(b)(6) witness on the infringement issue. The parties had not even agreed on the scope of such a deposition were it to occur. Given Amesbury's objections, Caldwell had no reason to believe that Amesbury had designated Mr. Koopmann as its 30(b)(6) witness on infringement issues.

B.    **Amesbury's Designation of Mr. Koopmann As Its 30(b)(6) Witness on Infringement Was In Bad Faith and Was An Attempt to Frustrate Caldwell's Legitimate Attempt to Gain Evidence**

An attorney for Caldwell arrived at the office of plaintiff's counsel on the morning of November 2, 2005 to take Mr. Koopmann's deposition. Before the deposition began, Amesbury stated that it was it was designating Mr. Koopmann as its 30(b)(6) witness on its infringement allegations, but limited his proposed testimony to the factual basis for those allegations. Thus, Amesbury not only offered Mr. Koopmann's testimony on the infringement issue without prior notice to Caldwell, but it refused to comply fully with Caldwell's 30(b)(6) notice. Furthermore, the designation was in bad faith because Amesbury's counsel knew that Mr. Edwards intended to take Mr. Koopmann's testimony on non-technical issues only. (See Edwards Dec., Slifkin Dec., and Slifkin Dec., Ex. "F").

Amesbury admitted at the deposition that it had not previously designated Mr. Koopmann to testify on its infringement position. Amesbury had only designated Mr. Koopmann to testify

4

on topics 3 through 8 as outlined in certain of Caldwell's Amended Deposition Notices. (Slifkin

Dec., Exs. "G" through "J"). Indeed, as stated on the record at Mr. Koopmann's deposition:

> Mr. Edwards (for Caldwell):  **[CONFIDENTIAL MATERIAL REDACTED]**

> Mr. Singer (for Amesbury):  **[CONFIDENTIAL MATERIAL REDACTED]**

(Slifkin Decl., Ex. "O" at p. 18).  Amesbury thus acknowledged on the record that its original

designation of Mr. Koopmann was for topics 3 through 8 of Caldwell's deposition notices, not on

topic 1, which concerned its infringement contentions.

Furthermore, the attorney conducting the examination on behalf of Caldwell, Mr.

Edwards, was prepared to examine Mr. Koopmann on damages and other non-technical issues.

Another attorney, Mr. Slifkin, was to examine Mr. Koopmann the next day on technical issues as

an individual.  Amesbury was aware that Mr. Edwards was not intending to examine Mr.

Koopmann on technical issues when it designated him as its 30(b)(6) witness on infringement on

the morning of November 2, 2005.  (Slifkin Dec., Edwards Dec.).

After Amesbury stated that the Rule 30(b)(6) deposition was closed, Mr. Koopmann's

individual deposition began the next day.  The designation of Mr. Koopmann to testify about the

factual basis for Amesbury's allegations of infringement was in bad faith because Mr. Koopmann

had no knowledge of these issues.  He stated that **[CONFIDENTIAL MATERIAL

REDACTED]**.  Amesbury's designation of Mr. Koopmann the previous days to provide

testimony as to the factual basis of its infringement claims was therefore improper because Mr.

Koopmann had little, if any, knowledge on that issue.

It is clear that Amesbury's designation of Mr. Koopmann as its 30(b)(6) witness on the

factual basis for its infringement allegations was in bad faith and did not comply with the Federal

Rules in that:

1.  The designation was made on the morning of Mr. Koopmann's deposition without prior notice;

2.  The offered testimony, which was limited to the factual basis for Amesbury's infringement allegations, did not comply with Caldwell's 30(b)(6) notice, which requested testimony on Amesbury's infringement contentions; and

3.  Mr. Koopmann was not qualified to testify on infringement in any event.

C.  **Amesbury Should Be Compelled to Designate a 30(b)(6) Witness to Testify as To Its Infringement Contentions**

The Court should compel Amesbury to produce a 30(b)(6) witness to testify as to its infringement contentions. Amesbury's attempt to limit the offered testimony to the "factual basis" for its infringement position on the basis that testimony regarding its infringement contentions calls expert opinion and/or legal conclusions, is simply wrong.   It is clear that Caldwell is entitled to testimony comparing Amesbury's claims with Caldwell's products and that Amesbury's objections are meritless.[1]

As stated by the Northern District of California, "The objection that testimony ... would call for a 'legal conclusion' is not meritorious.  It is well established that 'witnesses may offer testimony about ultimate issues, even when those ultimate issues involve legal concepts." Advanced Cardiovascular v. C.R. Bard, Inc., 144 F.R.D. 372, 378-79 (N.D. Cal. 1992). A party can properly be compelled to provide a witness to compare the claims to the product at issue and interpret the patent. AMP Inc. v. Molex Inc., 227 U.S.P.Q. 172 (Aug. 9, 1985); see also Novartis Pharmaceuticals, Inc. v. Abbot Lab., 203 F.R.D. 159, 162 (D. Del. 2001) (defendant's

---

[1] Amesbury has a very limited view of what the factual basis for its claims is.  At the deposition, Mr. Singer confirmed that Amesbury **[CONFIDENTIAL MATERIAL REDACTED].** (Slifkin Decl., Ex. "O" at 199-200). As noted below, a request for infringement contentions does not request legal advice or expert opinions, but requests the information on which the plaintiff is making its allegations of infringement.  **[CONFIDENTIAL MATERIAL REDACTED]** and that Caldwell is not entitled to discovery the factual allegations underpinning Amesbury's infringement claims, which would include a comparison of the claims to Caldwell's products.

infringement test of accused products proper subject of 30(b)(6) deposition); Nike, Inc. v.
Wolverine, 43 F.3d 644, 648 (Fed. Cir. 1994) (discussing deposition of a 30(b)(6) representative
regarding plaintiff's theory of infringement.).

Indeed, in Ecrix Corp. v. Exabyte Corp., the Court compelled the plaintiff to provide a
30(b)(6) witness on both claim construction and infringement. 95 F.Supp.2d 1155 (D. Colo.
2000). The plaintiff offered a witness at deposition, but refused to allow the witness to testify on
infringement or claim construction on the basis that the examination called for a legal
conclusion. The court found that requiring such a comparison simply requested "information in
[plaintiff's] possession on which [plaintiff] based and bases its assertions that [defendant]
infringed its patents." Id. at 1158-59. Therefore, the Court compelled the plaintiff to provide a
30(b)(6) witness on both construction and infringement. Id. at 1159; see also Haworth, Inc. v.
Herman Miller, No. 1:92 CV 877 1995 W.L. 479545 (W.D. Mich. March 9, 1995) (sanctioning
defendant for failure to produce a 30(b)(6) witness on its non-infringement position). Based on
this authority, Caldwell is clearly entitled to a deposition regarding Amesbury's infringement
contentions.[2]

Even if Amesbury was entitled to limit the requested 30(b)(6) testimony to what it
believes it the factual basis for its claims, it waived any objection by failing to obtain a protective
order. Schwarzkopf Tech. Corp. v. Ingersoll Cutting Tool Co., 142 F.R.D. 420, 422 (D. Del.

---

[2] Two cases that are sometimes quoted as being contrary to the scope and purpose of 30(b)(6) depositions are both
limited and distinguishable. McCormick-Morgan, Inc. v. Teledyne InduGalazarries, Inc., 134 F.R.D. 275 (N.D.
Cal.), reversed on other grounds, 765 F. Supp. 611 (N.D. Cal. 1991), and Exxon Research & Engineering Co. v.
United States, 44 Fed. Cl. 597 (1999). In McCormick, the defendant attempted to take 30(b)(6) depositions
regarding all of the contentions made and for the positions taken (including all affirmative defenses) by the
responding party, including a substantial number of contentions consisting of "quasi-legal argument." 134 F.R.D. at
287 (emphasis added). In Exxon, the United States attempted to take a 30(b)(6) deposition regarding the plaintiff's
construction of the claims in its patents. The Exxon court characterized its decision as a "close call" on the basis of
"the factual circumstances of this case," and stated that contention interrogatories provide "precious little useful
information." 44 Fed. Cl. at 598, 601. In any event, Amesbury did not, as did the opposing party in the cited cases,
move for a protective order and claim that contention interrogatories were more appropriate than a 30(b)(6)
deposition.

1992) ("If a party from whom discovery is sought does not comply with a Rule 30(b)(6) deposition notice, the part must seek a protective order for good cause under Federal Rule of Civil Procedure 26(c)."). Amesbury should make this witness available in Rochester, New York for its previous failure to produce the 30(b)(6) witness as required.

>   D.    **Even if Amesbury's Proposed Limitation on Mr. Koopmann's Testimony Was Proper, Amesbury Should Be Compelled to Designate Another 30(b)(6) Witness or to Produce Mr. Koopman A Second Time.**

The designation of Mr. Koopmann was in bad faith. Even if the proposed limitation on his testimony was proper, he was designated at the last minute without time for adequate preparation. Furthermore, as Mr. Koopmann (or apparently anyone at the corporation) has no knowledge of the patent claims or the factual basis for Amesbury's allegations of infringement, his designation did not comply with Rule 30(b)(6).[3] As the Court stated in United Technologies Motor Systems, Inc. v. Borg-Warner Automotive, Inc., a defendant in a patent infringement case is entitled to know what a plaintiff's position at trial will be and "may properly inquire about the nature and extent of the plaintiff's contentions, both factual and legal." 50 U.S.P.Q.2d 1060 (E.D. Mich. 1998). The corporation so noticed "must produce a **knowledgeable and adequately prepared designee** to testify as to matters known or reasonably known by the corporation." Id. (emphasis added).

As stated by this Court:

>   [Defense] counsel is quite simply wrong in his assertion that the [defendants] did not have a duty to educate themselves about the 30(b)(6) topics. Indeed, the law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation. Rule 30(b)(6) explicitly requires [a company] to have persons testify on its behalf as to all

---

[3]  Mr. Koopmann displayed stunning ignorance on other issues as well. Although he was designated Amesbury Springs Ltd.'s 30(b)(6) witness on several issues, **[CONFIDENTIAL MATERIAL REDACTED].** (Ex. "O" at pp. 7-9, 20-21).

matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process.... [P]reparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business....[A company] does not fulfill its obligations at the Rule 30(b)(6) deposition by stating that it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available....

Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 36 (D. Mass. 2001).

As demonstrated by his testimony in his deposition as an individual, Mr. Koopmann did not have any knowledge about why the Caldwell products allegedly infringed the patents-in-suit or the basis for the allegations of infringement other than that some brochures were given to the company's lawyers.    Thus, his designation could not have complied with Rule 30(b)(6). Because of the late designation of Mr. Koopman as its 30(b)(6) witness and because Mr. Koopman did not have the requisite knowledge to provide the testimony, Amesbury should be compelled to produce another individual to testify as to the basis for its infringement claims or produce Mr. Koopmann officially once he is prepared.

## CONCLUSION

For the foregoing reasons, Caldwell's motion to compel should be granted in all respects, and Caldwell should also be entitled to additional relief as the Court deems just and proper.


Dated: November 14, 2005

HARRIS BEACH PLLC


By:    /s/ Neal L. Slifkin
       Paul J. Yesawich, III
       Neal L. Slifkin
       David J. Edwards
       Laura W. Smalley
       *Attorneys for Defendant*
       99 Garnsey Road
       Pittsford, New York 14534
       Telephone: 585-419-8800

              -and-

       David E. Lurie, BBO# 542030
       Thomas E. Lent, BBO# 644970
       Lurie & Krupp, LLP
       One McKinley Square
       Boston, MA 02109
       Telephone: 617-367-1970


17810.6
11/14/2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

                              Plaintiffs,

vs.                                                    Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

                              Defendant.

CERTIFICATE OF COMPLIANCE
(Local Rule 7.1(A)(2)

        I, Neal L. Slifkin, attorney for the Defendant The Caldwell Manufacturing Company in

the above captioned action, hereby certify that on October 31, 2005, I conferred by telephone and

again by letter on November 1, 2005 with counsel for the Plaintiff and have attempted in good

faith to resolve or narrow the issues presented in Defendant's Motion to Compel, filed today,

November 14, 2005.

                              Respectfully submitted,

                              THE CALDWELL MANUFACTURING
                              COMPANY,

                              By its attorneys,

                              /s/ Neal J. Slifkin
                              Paul J. Yesawich, III
                              Neal J. Slifkin
                              David J. Edwards
                              Laura M. Smalley
                              Harris Beach
                              99 Garnsby Road,
                              Pittsford, NY 14534
                              Tel: 585-419-8800

                              - and -

David E. Lurie (BBO #542030)
Thomas E. Lent (BBO #644970)
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Dated:  November 14, 2005            Tel: 617-367-1970