IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

Plaintiffs,

vs.                                                                    Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

Defendant.

NEAL L. SLIFKIN, under penalty of perjury, declares as follows:

1.      I am a member of HARRIS BEACH PLLC, one of the attorneys for the defendant CALDWELL MANUFACTURING COMPANY ("Caldwell") in this action. I submit this declaration in support of Caldwell's motion to compel plaintiffs the Amesbury Group, Inc. and Amesbury Springs Ltd.'s (collectively "Amesbury") to produce a Fed. R. Civ. P. 30(b)(6) witness to testify as to Amesbury's contentions that Caldwell infringes the patents-in-suit.

2.      Attached as Exhibit "A" is a true and correct copy of Caldwell's 30(b)(b) Deposition Notice of Amesbury Springs Ltd.

3.      Attached as Exhibit "B" is a true and correct copy of Caldwell's 30(b)(b) Deposition Notice of Amesbury Group, Inc.

4.      Attached as Exhibit "C" is a true and correct copy of Amesbury Springs Ltd.'s Objections to the Deposition Notice Served by Caldwell.

5.      Attached as Exhibit "D" is a true and correct copy of Amesbury Group, Inc.'s Objections to the Deposition Notice Served by Caldwell.

6.    Attached as Exhibit "E" is a letter from Jordan M. Singer to Neal L. Slifkin dated October 7, 2005.

7.    Attached as Exhibit "F" is an e-mail from David J. Edwards to Jordan M. Singer dated October 26, 2005.

8.    Attached as Exhibit "G" is an Amended Deposition Notice for Amesbury Group, Inc. dated October 26, 2005.

9.    Attached as Exhibit "H" is an Amended Deposition Notice for Amesbury Group, Inc. dated October 26, 2005.

10.    Attached as Exhibit "I" is an Amended Deposition Notice for Amesbury Springs Ltd. dated October 26, 2005.

11.    Attached as Exhibit "J" is an Amended Deposition Notice for Amesbury Springs Ltd. dated October 26, 2005.

12.    Attached as Exhibit "K" is Amesbury Springs Ltd.'s Objections to the Amended Deposition Notices Served by Caldwell.

13.    Attached as Exhibit "L" is Amesbury Group, Inc.'s Objections to the Amended Deposition Notices Served by Caldwell.

14.    Attached as Exhibit "M" is a letter from Jordan M. Singer to Neal L. Slifkin dated October 31, 2005.

15.    Attached as Exhibit "N" is a letter from Neal L. Slifkin to Jordan M. Singer dated November 1, 2005.

16.    Attached as Exhibit "O" are selected pages of the rough-draft of Richard N. Koopmann's November 2, 2005 deposition, which was the 30(b)(6) deposition.

17.    Attached as Exhibit "P" are selected pages of the rough-draft of Richard N. Koopmann's November 3, 2005 deposition, which was Mr. Koopmann's individual deposition.

18.    I believe, based on our phone conversations and his letter of October 7, 2005 (Exhibit "E"), that Mr. Singer was aware that I intended to take the individual deposition of Mr. Koopmann on technical issues on November 3, 2005 and that Mr. Edwards intended to take the 30(b)(6) deposition of Mr. Koopmann on damages issues on November 2, 2005.

**WHEREFORE,** for the foregoing reasons, Caldwell's motion to compel should be granted in all respects, and Caldwell should also be entitled to additional relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on November 11, 2005.


   s/Neal L. Slifkin_____
   NEAL L. SLIFKIN

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

                Plaintiffs,

      v.

THE CALDWELL MANUFACTURING
COMPANY,

                Defendant.

---

**DEPOSITION NOTICE**

05-CV-10020 (DPW)

    **PLEASE TAKE NOTICE**, that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the testimony upon oral examination of a representative of plaintiff AMESBURY SPRINGS LTD. ("Amesbury Springs"), will be taken by stenographic means at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109, at a date and time mutually agreeable to the parties. The representative designated by Amesbury Springs should have knowledge of the following subjects: (1) Amesbury Springs's contentions that the Caldwell products infringe the patents-in-suit; (2) Amesbury Springs's damages; (3) The conception and/or reduction to practice of the inventions underlying the patents-in-suit; (4) Amesbury Springs's knowledge of designs and/or concepts for window balances created by Carl Shelton; and (5) The corporate relationship(s) between Amesbury Group, Inc. and Amesbury Springs Ltd. The deponent is required to produce at the examination all books, papers, documents and other things in his or her possession or control concerning the issues in this action.

HARRIS BEACH ᴾᴸᴸᶜ
ATTORNEYS AT LAW

Dated:  August 16, 2005
        Pittsford, New York

                                HARRIS BEACH PLLC

                        By: _____
                            Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
                            Neal L. Slifkin *(nslifkin@harrisbeach.com)*
                            Laura W. Smalley *(lsmalley@harrisbeach.com)*
                            David J. Edwards *(dedwards@harrisbeach.com)*
                            Attorneys for Defendant
                            The Caldwell Manufacturing Company
                            99 Garnsey Road
                            Pittsford, New York  14534
                            Telephone: (585) 419-8800

TO:     Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        GOODWIN PROCTER LLP
        Attorneys for Plaintiffs
        Amesbury Group, Inc. and Amesbury Springs Ltd.
        Exchange Place
        Boston, Massachusetts 02109
        Telephone: (617) 570-1000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on August 17, 2005 in the a.m. on:

Douglas J. Kline, Esq.
Safraz W. Ishmael, Esq.
GOODWIN PROCTER LLP
Attorneys for Plaintiffs
Amesbury Group, Inc. and Amesbury Springs Ltd.
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000

Laura W. Smalley
HARRIS BEACH PLLC
Attorneys for Defendant
The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

              Plaintiffs,

       v.

THE CALDWELL MANUFACTURING
COMPANY,

            Defendant.

---

**DEPOSITION NOTICE**

05-CV-10020 (DPW)

    **PLEASE TAKE NOTICE**, that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the testimony upon oral examination of a representative of plaintiff AMESBURY GROUP, INC. ("Amesbury Group"), will be taken by stenographic means at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109, at a date and time mutually agreeable to the parties. The representative designated by Amesbury Group should have knowledge of the following subjects: (1) Amesbury Group's contentions that the Caldwell products infringe the patents-in-suit; (2) Amesbury Group's damages; (3) The conception and/or reduction to practice of the inventions underlying the patents-in-suit; and (4) Amesbury Group's knowledge of designs and/or concepts for window balances created by Carl Shelton. The deponent is required to produce at the examination all books, papers, documents and other things in his or her possession or control concerning the issues in this action.

Dated:  August 16, 2005
       Pittsford, New York

                                   **HARRIS BEACH PLLC**

By: _____
             Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
             Neal L. Slifkin *(nslifkin@harrisbeach.com)*
             Laura W. Smalley *(lsmalley@harrisbeach.com)*
             David J. Edwards *(dedwards@harrisbeach.com)*
             Attorneys for Defendant
             The Caldwell Manufacturing Company
             99 Garnsey Road
             Pittsford, New York  14534
             Telephone: (585) 419-8800

TO:    Douglas J. Kline, Esq.
       Safraz W. Ishmael, Esq.
       GOODWIN PROCTER LLP
       Attorneys for Plaintiffs
       Amesbury Group, Inc. and Amesbury Springs Ltd.
       Exchange Place
       Boston, Massachusetts 02109
       Telephone: (617) 570-1000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on August 17, 2005 in the a.m. on:

> Douglas J. Kline, Esq.
> Safraz W. Ishmael, Esq.
> GOODWIN PROCTER LLP
> Attorneys for Plaintiffs
> Amesbury Group, Inc. and Amesbury Springs Ltd.
> Exchange Place
> Boston, Massachusetts 02109
> Telephone: (617) 570-1000

> Laura W. Smalley
> HARRIS BEACH PLLC
> Attorneys for Defendant
> The Caldwell Manufacturing Company
> 99 Garnsey Road
> Pittsford, New York 14534
> Telephone: (585) 419-8800

HARRIS BEACH PLLC
ATTORNEYS AT LAW

3

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY SPRINGS LTD., and
AMESBURY SPRINGS LTD.,

       Plaintiffs,

    v.

THE CALDWELL MANUFACTURING
COMPANY,

       Defendant.

Civil Action No. 05-10020-DPW

## AMESBURY SPRINGS LTD.'S OBJECTIONS TO
## THE DEPOSITION NOTICE SERVED BY CALDWELL

Plaintiff Amesbury Springs Ltd. objects to the Deposition Notice served by defendant The Caldwell Manufacturing Company ("Caldwell") as follows:

### GENERAL OBJECTIONS

Amesbury Springs Ltd. objects to Caldwell's Deposition Notice to the extent it:

1.     Seeks to obtain information protected from discovery by the attorney-client privilege, the work product immunity, or any other privilege or immunity.

2.     Attempts to impose obligations on Amesbury Springs Ltd. that are inconsistent with, or beyond the scope of, those imposed by or authorized under the Federal Rules of Civil Procedure and the applicable local rules.

3.     Seeks to obtain information that is neither relevant to the issues raised in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.     Attempts to define "Amesbury Springs Ltd." as encompassing any entity or person other than plaintiff Amesbury Springs Ltd.

1

5.      Seeks to obtain information beyond the matters reasonably known by, or reasonably available to, Amesbury Springs Ltd.

6.      Seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Springs Ltd.

7.      Seeks expert testimony.

8.      Is vague, ambiguous, overly broad, or unduly burdensome.

Amesbury Springs Ltd. specifically incorporates each of these General Objections into its specific responses to each of Caldwell's numbered topics, whether or not each such General Objection is expressly referred to in Amesbury Springs Ltd.'s response to a specific topic.

Amesbury Springs Ltd. reserves the right to assert additional or supplemental objections should Amesbury Springs Ltd. discover additional grounds for such objections.

## SPECIFIC OBJECTIONS

**TOPIC NO. 1:**

Amesbury Springs's contentions that the Caldwell products infringe the patents-in-suit.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent that it is vague, overly broad or unduly burdensome. Amesbury Springs Ltd. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity. Amesbury Springs Ltd. also objects that this topic seeks expert opinion. Amesbury Springs Ltd. further objects that this topic seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Springs Ltd. Amesbury Springs Ltd. also objects to this topic as it seeks information that has already been provided to Caldwell in Amesbury Springs Ltd.'s response to Caldwell's Interrogatories Nos. 1 and 2.

**TOPIC NO. 2:**

Amesbury Springs's damages.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent that it is vague, overly broad or unduly burdensome. Amesbury Springs Ltd. also objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity. Amesbury Springs Ltd. also objects that this topic seeks expert opinion. Amesbury Springs Ltd. further objects that this topic seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Springs Ltd.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 3:**

The conception and/or reduction to practice of the inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Springs Ltd. objects that this topic is overly broad and unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence to the extent it concerns the subject matter of claims not asserted in this lawsuit. Amesbury Springs Ltd. also objects to this topic to the extent it seeks information not in Amesbury Springs Ltd.'s possession. Amesbury Springs Ltd. further objects that the phrase "inventions underlying the patents-in-suit" is vague and ambiguous. Amesbury Springs Ltd. also objects to this topic to the extent it seeks information protected by the attorney-client privilege or

3

the work product immunity. Amesbury Springs Ltd. also objects to this topic to the extent it seeks expert opinion. Amesbury Springs Ltd. further objects to this topic to the extent it seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Springs Ltd.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 4:**

Amesbury Springs's knowledge of designs and/or concepts for window balances created by Carl Shelton.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity. Amesbury Springs Ltd. further objects that the phrase "designs and/or concepts for window balances created by Carl Shelton" is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 5:**

The corporate relationship(s) between Amesbury Group, Inc. and Amesbury Springs Ltd.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity.

4

Subject to and without waiving the foregoing general and specific objections, Amesbury

Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

Douglas J. Kline (BBO# 556680)
Jordan M. Singer (BBO# 651068)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
Phone:  (617) 570-1000
Fax:  (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: September 14, 2005.

## CERTIFICATE OF SERVICE

I, Safraz W. Ishmael, hereby certify that I caused the foregoing AMESBURY SPRINGS LTD.'S OBJECTIONS TO THE DEPOSITION NOTICE SERVED BY CALDWELL to be served on September 14, 2005, by First Class Mail and by facsimile, on the following:

Neil L. Slifkin, Esq.
David J. Edwards, Esq.
Laura W. Smalley, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534
Fax: (585) 419-8801

David E. Lurie, Esq.
Thomas E. Lent, Esq.
Lurie & Krupp, LLP
One McKinley Square,
Boston, MA 02109
Fax: (617) 367-1971

Attorneys for Defendant

THE CALDWELL MANUFACTURING
COMPANY

Date: September 14, 2005

Safraz W. Ishmael

LIBA/1582179.1

6

**EXHIBIT D**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

    v.

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

Civil Action No. 05-10020-DPW

## AMESBURY GROUP, INC.'S OBJECTIONS TO
## THE DEPOSITION NOTICE SERVED BY CALDWELL

Plaintiff Amesbury Group, Inc. objects to the Deposition Notice served by defendant The Caldwell Manufacturing Company ("Caldwell") as follows:

### GENERAL OBJECTIONS

Amesbury Group, Inc. objects to Caldwell's Deposition Notice to the extent it:

1.    Seeks to obtain information protected from discovery by the attorney-client privilege, the work product immunity, or any other privilege or immunity.

2.    Attempts to impose obligations on Amesbury Group, Inc. that are inconsistent with, or beyond the scope of, those imposed by or authorized under the Federal Rules of Civil Procedure and the applicable local rules.

3.    Seeks to obtain information that is neither relevant to the issues raised in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Attempts to define "Amesbury Group, Inc." as encompassing any entity or person other than plaintiff Amesbury Group, Inc.

1

5.    Seeks to obtain information beyond the matters reasonably known by, or reasonably available to, Amesbury Group, Inc.

6.    Seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Group, Inc.

7.    Seeks expert testimony.

8.    Is vague, ambiguous, overly broad, or unduly burdensome.

Amesbury Group, Inc. specifically incorporates each of these General Objections into its specific responses to each of Caldwell's numbered topics, whether or not each such General Objection is expressly referred to in Amesbury Group, Inc.'s response to a specific topic.

Amesbury Group, Inc. reserves the right to assert additional or supplemental objections should Amesbury Group, Inc. discover additional grounds for such objections.

## SPECIFIC OBJECTIONS

**TOPIC NO. 1:**

Amesbury Group's contentions that the Caldwell products infringe the patents-in-suit.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent that it is vague, overly broad or unduly burdensome. Amesbury Group, Inc. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity. Amesbury Group, Inc. also objects that this topic seeks expert opinion. Amesbury Group, Inc. further objects that this topic seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Group, Inc. Amesbury Group, Inc. also objects to this topic as it seeks information that has already been provided to Caldwell in Amesbury Group, Inc.'s response to Caldwell's Interrogatories Nos. 1 and 2.

2

## TOPIC NO. 2:

Amesbury Group's damages.

## RESPONSE:

Amesbury Group, Inc. objects to this topic to the extent that it is vague, overly broad or unduly burdensome. Amesbury Group, Inc. also objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity. Amesbury Group, Inc. also objects that this topic seeks expert opinion. Amesbury Group, Inc. further objects that this topic seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Group, Inc.

Subject to and without waiving the foregoing general and specific objections, Amesbury Group, Inc. will provide one or more designated representatives to testify regarding this topic.

## TOPIC NO. 3:

The conception and/or reduction to practice of the inventions underlying the patents-in-suit.

## RESPONSE:

Amesbury Group, Inc. objects that this topic is overly broad and unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence to the extent it concerns the subject matter of claims not asserted in this lawsuit. Amesbury Group, Inc. also objects to this topic to the extent it seeks information not in Amesbury Group, Inc.'s possession. Amesbury Group, Inc. further objects that the phrase "inventions underlying the patents-in-suit" is vague and ambiguous. Amesbury Group, Inc. also objects to this topic to the extent it seeks information protected by the attorney-client privilege or

the work product immunity. Amesbury Group, Inc. also objects to this topic to the extent it

seeks expert opinion. Amesbury Group, Inc. further objects to this topic to the extent it seeks

testimony concerning legal contentions or conclusions, rather than facts known to Amesbury

Group, Inc.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Group, Inc. will provide one or more designated representatives to testify regarding this topic.

## TOPIC NO. 4:

Amesbury Group's knowledge of designs and/or concepts for window balances created
by Carl Shelton.

## RESPONSE:

Amesbury Group, Inc. objects to this topic to the extent it seeks information or

documents protected by the attorney-client privilege or the work product immunity. Amesbury

Group, Inc. further objects that the phrase "designs and/or concepts for window balances created

by Carl Shelton" is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Group, Inc. will provide one or more designated representatives to testify regarding this topic.

Douglas J. Kline (BBO# 556680)
Jordan M. Singer (BBO# 651068)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Fax: (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.
AMESBURY SPRINGS LTD.**

Dated: September 14, 2005.

## <u>CERTIFICATE OF SERVICE</u>

I, Safraz W. Ishmael, hereby certify that I caused the foregoing AMESBURY GROUP, INC.'S OBJECTIONS TO THE DEPOSITION NOTICE SERVED BY CALDWELL to be served on September 14, 2005, by First Class Mail and by facsimile, on the following:

Neil L. Slifkin, Esq.
David J. Edwards, Esq.
Laura W. Smalley, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534
Fax: (585) 419-8801

David E. Lurie, Esq.
Thomas E. Lent, Esq.
Lurie & Krupp, LLP
One McKinley Square,
Boston, MA  02109
Fax: (617) 367-1971

Attorneys for Defendant

THE CALDWELL MANUFACTURING COMPANY

Date: September 14, 2005

Safraz W. Ishmael

LIBA/1582138.1

6

**EXHIBIT E**

OCT-07-05  11:07  From:GOODWIN PROCTER LLP                    6173873977              T-339  P.02/03  Job-800

GOODWIN | PROCTER

Jordan M. Singer
617.570.1096
jsinger@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

October 7, 2005

**By Facsimile and First Class Mail**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:     *Amesbury Group, Inc. et al. v. The Caldwell Manufacturing Co.,*
        <u>U.S. District Court, D. Mass., Case No. 05-10020-DPW</u>

Dear Neal:

I wanted to memorialize our conversation yesterday afternoon on a series of outstanding discovery issues.

First, as of yesterday, we had not heard back from you on the exchange of privilege logs, an issue I first raised more than a week ago, on September 28. You informed me yesterday that Caldwell's privilege log is still not ready. Amesbury's privilege log is ready, and it is essential that we set a date for a mutual exchange of logs so that Amesbury is not further prejudiced by Caldwell's delay. Amesbury reserves its right to keep open any depositions taken until Caldwell produces its privilege log and Amesbury has had adequate opportunity to review it.

Second, you told me yesterday that Caldwell would not be supplementing its response to Interrogatory No. 5 at the current time, as I requested in my September 28 letter. The request for supplementation is essentially one for clarification: it is impossible to tell from Caldwell's current response whether a "No" on Caldwell's claim charts with respect to a dependent claim means that Caldwell does not believe its product(s) infringe the dependent claim itself, or whether Caldwell does not believe the product(s) infringe the underlying independent claim. As I understand your position, Caldwell asserts that it need not supplement until after depositions have been completed. If my understanding is incorrect, please let me know. Otherwise, I fail to see how a clarification or supplementation of the sort Amesbury has requested is dependent on deposition testimony.

Third, we confirmed that the deposition of Doug Zinter will proceed at 9:30 a.m. on Tuesday, October 11. You should have received a revised deposition notice for Mr. Zinter yesterday.

OCT-07-05  11:07  From:GOODWIN PROCTER LLP                6173879977           T-939  P.03/03  Job-800

# GOODWIN | PROCTER

Neal L. Slifkin, Esq.
October 7, 2005
Page 2

Fourth, we agreed to begin the deposition of Gary Newman on October 18, with October 19 held open in case another day was necessary. We are confirming Mr. Newman's availability on the 19th, but I do not perceive any difficulty with that date. Similarly, we discussed the possibility of condensing Richard Koopmann's depositions (as a 30(b)(6) witness for Amesbury Group and Amesbury Springs) into one day, an issue which we have left open for the time being. We also need to schedule another day of James Kellum, as well as one day for Stuart Uken. Please let me know when you have dates available for Mr. Kellum.

According to my notes, the current schedule of depositions is as follows:

| | | |
|---|---|---|
| October 11 | Doug Zinter | Rochester |
| October 18 (and 19) | Gary Newman | Boston |
| October 20-21 | Richard DeNormand | Rochester |
| October 28 | James Kellum | Rochester |
| November 2-3 | Richard Koopmann | Boston |
| November 4 | Lawrence Ver Steeg | Boston |
| November 9 | Bob Lelio | Rochester |

With respect to the 30(b)(6) depositions of Amesbury Group and Amesbury Springs, you asked whether Amesbury would agree to have different attorneys for Caldwell ask questions on different topics (i.e., one set of questioning on technical topics and another set of questioning on non-technical topics). Amesbury is amenable to this approach, provided that: (1) Caldwell designate in advance which topics in each deposition notice will be handled by each attorney, and (2) the first attorney completes his questioning before the second attorney begins questioning on a different set of topics.

Finally, you informed me that your office was finalizing the draft motion to extend the deadline to take depositions. We look forward to seeing the draft as soon as possible. As I noted to you, it is important that the parties get the motion on file before the current close of discovery.

Sincerely yours,

*Jordan Singer*

Jordan M. Singer

cc:    Douglas J. Kline, Esq.
       Safraz W. Ishmael, Esq.

**EXHIBIT F**

**Nancy Colgrove**

| | |
|---|---|
| **From:** | David J. Edwards |
| **Sent:** | Thursday, October 27, 2005 12:15 PM |
| **To:** | Nancy Colgrove |
| **Cc:** | Paul J. Yesawich; Neal L. Slifkin; Laura W. Smalley |
| **Subject:** | FW: RE: Amesbury/Caldwell deposition scheduling |

For file

-----Original Message-----
From:      David J. Edwards
Sent: Thu Oct 27 12:09:53 2005
To:    David J. Edwards; 'Singer, Jordan M'; Neal L. Slifkin
Cc:    'Ishmael, Safraz W'
Subject:    RE: Amesbury/Caldwell deposition scheduling

Jordan - further to my email of last night I can confirm Tom Batten's availability on
November 8 and 9, but Bob Lelio's first availability upon his return to the US is November
21 or 22.

Dave

-----Original Message-----
From:      David J. Edwards
Sent: Wed Oct 26 20:12:06 2005
To:    'Singer, Jordan M'; Neal L. Slifkin
Cc:    Ishmael, Safraz W
Subject:    RE: Amesbury/Caldwell deposition scheduling

Jordan:

I am waiting for return calls regarding the availability of Mr. Batten and Mr. Lelio and
will get back to you as soon as possible on your proposed dates.  As you may have gathered
from the testimony last week, however, Russ Kuitems and Jeff Robertson are no longer with
the company and we do not know their whereabouts.  I will inquire with Caldwell's human
resource department about their last known addresses if you wish to subpoena them, which
raises another point -- namely, you have not stated your position with respect to our
motion to take the depositions of the Braids in England or the need to reschedule the Shelton
deposition.  I think that the issue has already dealt with in the joint motion to extend
the schedule, but we should be clear on the subject -- if you will agree not to oppose the
motion to take the Braids' depositions or object to the Shelton deposition occurring after
the current, extended discovery cut-off for party depositions, we will agree to do the
same with respect to Messrs. Kuitems and Robertson.

As to Mr. Koopmann, we believe that his deposition will take two days, given the number of
patents and products.  In your letter of October 7 to Neal Slifkin agreeing to split the
questioning of Mr. Koopmann between two lawyers - one for technical and another for non-
technical - you asked that we designate the topics to be handled by each attorney.
Attached are amended 30(b)(6) notices separating the topics (hard copies will follow).
Also attached is an individual notice for Mr. Koopmann's deposition, although we expect to
cover any areas outside of the 30(b)(6) notices that may be necessary on the scheduled
days and do not plan a separate day.

Finally, I don't see Mr. Ver Steeg on your proposed schedule and want to confirm that he
is still on for Nov. 4.

Regards,

Dave

-----Original Message-----
From: Singer, Jordan M [mailto:JSinger@goodwinprocter.com]
Sent: Wednesday, October 26, 2005 11:08 AM

1

To: Neal L. Slifkin; David J. Edwards
Cc: Ishmael, Safraz W
Subject: Amesbury/Caldwell deposition scheduling


Neal and Dave,

We need to schedule a number of depositions in the coming weeks, including Tom
Batten (30(b)(6) and individual), Jeff Robertson, Bob Lelio (reschedule), Russ Kuitems and
Stuart Uken.

Given our existing schedule, I propose the following dates for Rochester:

November 8 -- Batten (30(b)(6))
November 9 -- Batten (individual)
November 14 -- Lelio
November 15 -- Robertson
November 16 -- Kuitems

Also, we have scheduled Rich Koopmann as Amesbury's 30(b)(6) designee on certain
topics for November 2 and 3. As I have raised with you before, given that Mr. Koopmann
will be discussing the same topics on behalf of Amesbury Group and Amesbury Springs, it
would makes sense to combine the two (virtually identical) depositions into one and
holding that deposition on Thursday, November 3. Please let me know if you are amenable
to this approach.

Please let me know as soon as possible if these dates work for you. I would like to
have the depositions scheduled before our status conference with the Court tomorrow.

Sincerely,

Jordy Singer

Jordan M. Singer
Goodwin|Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1096
(617) 523-1231 (f)
jsinger@goodwinprocter.com

---

*********************************************************************

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform
you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

*********************************************************************

*********************************************************************
This message is intended only for the designated recipient(s). It may
contain confidential or proprietary information and may be subject to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please notify
the sender by reply e-mail and delete this message. Thank you.
*********************************************************************

2

**EXHIBIT G**

#1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

         Plaintiffs,

    v.

THE CALDWELL MANUFACTURING
COMPANY,

         Defendant.

**AMENDED
DEPOSITION NOTICE**

05-CV-10020 (DPW)

    **PLEASE TAKE NOTICE**, that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the testimony upon oral examination of a representative of plaintiff AMESBURY GROUP, INC. ("Amesbury Group"), will be taken by stenographic means at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109, at a date and time mutually agreeable to the parties.  The representative designated by Amesbury Group should have knowledge of the following subjects: (1) Amesbury Group's contentions that Caldwell products infringe the patents-in-suit; (2) The conception and/or reduction to practice of the inventions underlying the patents-in-suit; (3) the gross sales, sales returns and allowances, sales discounts and net sales of the inventions underlying the patents-in-suit; (4) the expenses and costs incurred in connection with the manufacture and sale of the inventions underlying the patents-in-suit; (5) any license or other agreement, including but not limited to distribution agreements, involving the inventions underlying the patents-in-suit; (6) Amesbury Group's patent licensing policies; (7) the royalties paid by Amesbury Group in connection with the inventions underlying the patents-in-suit; (8) the pricing by country, including any reductions and/or discounts, of the inventions underlying the patents-in-suit,

HARRIS BEACH ⸿
ATTORNEYS AT LAW

from the date of first sale to the present; and (9) Amesbury Group's knowledge of designs and/or concepts for window balances created by Carl Shelton;

The deponent is required to produce at the examination all books, papers, documents and other things in his or her possession or control concerning the issues in this action.

Dated:  October 26, 2005
        Pittsford, New York

                                    HARRIS BEACH PLLC

                                    By: _____
                                        Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
                                        Neal L. Slifkin *(nslifkin@harrisbeach.com)*
                                        Laura W. Smalley *(lsmalley@harrisbeach.com)*
                                        David J. Edwards *(dedwards@harrisbeach.com)*
                                        Attorneys for Defendant
                                        The Caldwell Manufacturing Company
                                        99 Garnsey Road
                                        Pittsford, New York  14534
                                        Telephone: (585) 419-8800

TO:     Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        GOODWIN PROCTER LLP
        Attorneys for Plaintiffs
        Amesbury Group, Inc. and Amesbury Springs Ltd.
        Exchange Place
        Boston, Massachusetts 02109
        Telephone: (617) 570-1000

HARRIS BEACH PLLC
ATTORNEYS AT LAW

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on October 27, 2005 in the a.m. on:

> Douglas J. Kline, Esq.
> Safraz W. Ishmael, Esq.
> GOODWIN PROCTER LLP
> Attorneys for Plaintiffs
> Amesbury Group, Inc. and Amesbury Springs Ltd.
> Exchange Place
> Boston, Massachusetts 02109
> Telephone: (617) 570-1000

David J. Edwards
HARRIS BEACH PLLC
Attorneys for Defendant
The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York  14534
Telephone: (585) 419-8800

**EXHIBIT H**

#2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

    v.

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

**AMENDED
DEPOSITION NOTICE**


05-CV-10020 (DPW)

---

    **PLEASE TAKE NOTICE**, that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the testimony upon oral examination of a representative of plaintiff AMESBURY GROUP, INC. ("Amesbury Group"), will be taken by stenographic means at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109, at a date and time mutually agreeable to the parties. The representative designated by Amesbury Group should have knowledge of the following subjects: (1) Amesbury Group's claimed damages as a result of Caldwell's alleged infringement of the patents-in-suit; (2) The corporate relationship(s) between Amesbury Group, Inc. and Amesbury Springs Ltd.; (3) Amesbury Group's recordkeeping practices (for both electronic and paper records), record retention practices and record destruction practices; and (4) Amesbury Group's production of electronic records and documents in this action.

    The deponent is required to produce at the examination all books, papers, documents and other things in his or her possession or control concerning the issues in this action.

HARRIS BEACH ™
ATTORNEYS AT LAW

Dated:  October 26, 2005
        Pittsford, New York

HARRIS BEACH PLLC

By: _____

Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
Neal L. Slifkin *(nslifkin@harrisbeach.com)*
Laura W. Smalley *(lsmalley@harrisbeach.com)*
David J. Edwards *(dedwards@harrisbeach.com)*
Attorneys for Defendant
The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York  14534
Telephone: (585) 419-8800

TO:     Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        GOODWIN PROCTER LLP
        Attorneys for Plaintiffs
        Amesbury Group, Inc. and Amesbury Springs Ltd.
        Exchange Place
        Boston, Massachusetts 02109
        Telephone: (617) 570-1000

HARRIS BEACH PLLC
ATTORNEYS AT LAW

2

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 26, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on October 27, 2005 in the a.m. on:

        Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        GOODWIN PROCTER LLP
        Attorneys for Plaintiffs
        Amesbury Group, Inc. and Amesbury Springs Ltd.
        Exchange Place
        Boston, Massachusetts 02109
        Telephone: (617) 570-1000

                                        _David J. Edwards_
                                        David J. Edwards
                                        HARRIS BEACH PLLC
                                        Attorneys for Defendant
                                        The Caldwell Manufacturing Company
                                        99 Garnsey Road
                                        Pittsford, New York  14534
                                        Telephone: (585) 419-8800

**EXHIBIT I**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

               Plaintiffs,

      v.

THE CALDWELL MANUFACTURING
COMPANY,

               Defendant.

_____

**AMENDED
DEPOSITION NOTICE**

05-CV-10020 (DPW)

     **PLEASE TAKE NOTICE,** that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, the testimony upon oral examination of a representative of plaintiff AMESBURY

SPRINGS LTD. ("Amesbury Springs"), will be taken by stenographic means at the offices of

LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109, at a date and time

mutually agreeable to the parties. The representative designated by Amesbury Springs should have

knowledge of the following subjects: (1) Amesbury Springs's contentions that Caldwell products

infringe the patents-in-suit; (2) The conception and/or reduction to practice of the inventions

underlying the patents-in-suit; (3) the gross sales, sales returns and allowances, sales discounts and

net sales of the inventions underlying the patents-in-suit; (4) the expenses and costs incurred in

connection with the manufacture and sale of the inventions underlying the patents-in-suit; (5) any

license or other agreement, including but not limited to distribution agreements, involving the

inventions underlying the patents-in-suit; (6) Amesbury Springs's patent licensing policies; (7) the

royalties paid by Amesbury Springs in connection with the inventions underlying the patents-in-suit;

(8) the pricing by country, including any reductions and/or discounts, of the inventions underlying

the patents-in-suit, from the date of first sale to the present; and (9) Amesbury Springs's knowledge

of designs and/or concepts for window balances created by Carl Shelton;

       The deponent is required to produce at the examination all books, papers, documents and

other things in his or her possession or control concerning the issues in this action.

Dated:  October 26, 2005
       Pittsford, New York

                       **HARRIS BEACH PLLC**

                    By:   _____

                       Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
                       Neal L. Slifkin *(nslifkin@harrisbeach.com)*
                       Laura W. Smalley *(lsmalley@harrisbeach.com)*
                       David J. Edwards *(dedwards@harrisbeach.com)*
                       Attorneys for Defendant
                       The Caldwell Manufacturing Company
                       99 Garnsey Road
                       Pittsford, New York  14534
                       Telephone: (585) 419-8800

TO:    Douglas J. Kline, Esq.
       Safraz W. Ishmael, Esq.
       GOODWIN PROCTER LLP
       Attorneys for Plaintiffs
       Amesbury Group, Inc. and Amesbury Springs Ltd.
       Exchange Place
       Boston, Massachusetts 02109
       Telephone: (617) 570-1000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on October 27, 2005 in the a.m. on:

> Douglas J. Kline, Esq.
> Safraz W. Ishmael, Esq.
> GOODWIN PROCTER LLP
> Attorneys for Plaintiffs
> Amesbury Group, Inc. and Amesbury Springs Ltd.
> Exchange Place
> Boston, Massachusetts 02109
> Telephone: (617) 570-1000

David J. Edwards
HARRIS BEACH PLLC
Attorneys for Defendant
The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

**EXHIBIT J**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

         Plaintiffs,

     v.

THE CALDWELL MANUFACTURING
COMPANY,

         Defendant.

---

**AMENDED
DEPOSITION NOTICE**

05-CV-10020 (DPW)

     **PLEASE TAKE NOTICE**, that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the testimony upon oral examination of a representative of plaintiff AMESBURY SPRINGS LTD. ("Amesbury Springs"), will be taken by stenographic means at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109, at a date and time mutually agreeable to the parties.  The representative designated by Amesbury Springs should have knowledge of the following subjects: (1) Amesbury Springs's claimed damages as a result of Caldwell's alleged infringement of the patents-in-suit; (2) The corporate relationship(s) between Amesbury Group, Inc. and Amesbury Springs Ltd.; (3) Amesbury Springs's recordkeeping practices (for both electronic and paper records), record retention practices and record destruction practices; and (4) Amesbury Springs's production of electronic records and documents in this action.

     The deponent is required to produce at the examination all books, papers, documents and other things in his or her possession or control concerning the issues in this action.

HARRIS BEACH ⸮
ATTORNEYS AT LAW

Dated:  October 26, 2005
        Pittsford, New York

                                    HARRIS BEACH PLLC

                            By:  _____
                                    Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
                                    Neal L. Slifkin *(nslifkin@harrisbeach.com)*
                                    Laura W. Smalley *(lsmalley@harrisbeach.com)*
                                    David J. Edwards *(dedwards@harrisbeach.com)*
                                    Attorneys for Defendant
                                    The Caldwell Manufacturing Company
                                    99 Garnsey Road
                                    Pittsford, New York  14534
                                    Telephone: (585) 419-8800

TO:     Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        GOODWIN PROCTER LLP
        Attorneys for Plaintiffs
        Amesbury Group, Inc. and Amesbury Springs Ltd.
        Exchange Place
        Boston, Massachusetts 02109
        Telephone: (617) 570-1000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on October 27, 2005 in the a.m. on:

        Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        GOODWIN PROCTER LLP
        Attorneys for Plaintiffs
        Amesbury Group, Inc. and Amesbury Springs Ltd.
        Exchange Place
        Boston, Massachusetts 02109
        Telephone: (617) 570-1000

David J. Edwards
HARRIS BEACH PLLC
Attorneys for Defendant
The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

**EXHIBIT K**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

           Plaintiffs,

      v.

THE CALDWELL MANUFACTURING
COMPANY,

           Defendant.

Civil Action No. 05-10020-DPW

REC'D HRW NOV   2005

## AMESBURY SPRINGS LTD.'S OBJECTIONS TO
## THE AMENDED DEPOSITION NOTICES SERVED BY CALDWELL

Plaintiff Amesbury Springs Ltd. hereby objects to the Amended Deposition Notices
served by defendant The Caldwell Manufacturing Company ("Caldwell"), dated October 26,
2005.[1]

## GENERAL OBJECTIONS

Amesbury Springs Ltd. objects to Caldwell's Amended Deposition Notices to the extent
they:

    1.     Seek to obtain information protected from discovery by the attorney-client
privilege, the work product immunity, or any other privilege or immunity.

    2.     Attempt to impose obligations on Amesbury Springs Ltd. that are inconsistent
with, or beyond the scope of, those imposed by or authorized under the Federal Rules of Civil
Procedure and the applicable local rules.

---

[1] Caldwell served two separate "Amended Deposition Notices" on Amesbury Springs Ltd. on October 26, 2005.
Amesbury Springs Ltd. responses and objects to both notices here.

3.    Seek to obtain information that is neither relevant to the issues raised in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Attempt to define "Amesbury Springs" or "Amesbury Springs Ltd." as encompassing any entity or person other than plaintiff Amesbury Springs Ltd.

5.    Seek to obtain information beyond the matters reasonably known by, or reasonably available to, Amesbury Springs Ltd.

6.    Seek testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Springs Ltd.

7.    Seek expert testimony.

8.    Are vague, ambiguous, overly broad, or unduly burdensome.

Amesbury Springs Ltd. specifically incorporates each of these General Objections into its specific responses to each of Caldwell's numbered topics, whether or not each such General Objection is expressly referred to in Amesbury Springs Ltd.'s response to a specific topic.

Amesbury Springs Ltd. reserves the right to assert additional or supplemental objections should Amesbury Springs Ltd. discover additional grounds for such objections.

## SPECIFIC OBJECTIONS TO AMENDED NOTICE #1

### TOPIC NO. 1:

Amesbury Springs's contentions that the Caldwell products infringe the patents-in-suit.

### RESPONSE:

Amesbury Springs Ltd. objects to this topic to the extent that it is vague, overly broad and/or unduly burdensome.  Amesbury Springs Ltd. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity.  Amesbury Springs Ltd. also objects that this topic seeks expert opinion.  Amesbury

Springs Ltd. further objects that this topic seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Springs Ltd. Amesbury Springs Ltd. also objects to this topic as it seeks information that has already been provided to Caldwell in Amesbury Springs Ltd.'s response to Caldwell's Interrogatories Nos. 1 and 2.

**TOPIC NO. 2:**

The conception and/or reduction to practice of the inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic on the ground that Amesbury Springs Ltd.'s testimony on this topic, through its corporate designee, was already taken and concluded at a deposition on October 18, 2005. Amesbury Springs Ltd. expressly incorporates its objections and responses to this topic as set forth in its Objections to the Deposition Notice Served by Caldwell, dated September 14, 2005.

**TOPIC NO. 3:**

The gross sales, sales returns and allowances, sales discounts and net sales of the inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent that it is vague, overly broad or unduly burdensome. Amesbury Springs Ltd. also objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 4:**

The expenses and costs incurred in connection with the manufacture and sale of the inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent that it is vague, overly broad or unduly burdensome. Amesbury Springs Ltd. also objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 5:**

Any license or other agreement, including but not limited to distribution agreements, involving the inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 6:**

Amesbury Springs's patent licensing policies.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 7:**

The royalties paid by Amesbury Springs in connection with the inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent it seeks information or

documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 8:**

The pricing by country, including any reductions and/or discounts, of the inventions
underlying the patents-in-suit, from the date of first sale to the present.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent that it is vague, overly broad or

unduly burdensome. Amesbury Springs Ltd. also objects to this topic to the extent it seeks

information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 9:**

Amesbury Springs's knowledge of designs and/or concepts for window balances created
by Carl Shelton.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic on the ground that Amesbury Springs Ltd.'s

testimony on this topic, through its corporate designee, was already taken and concluded at a

deposition on October 18, 2005. Amesbury Springs Ltd. expressly incorporates its objections and

responses to this topic as set forth in its Objections to the Deposition Notice Served by Caldwell,

dated September 14, 2005.

## SPECIFIC OBJECTIONS TO AMENDED NOTICE #2

### TOPIC NO. 1

Amesbury Springs's claimed damages as a result of Caldwell's alleged infringement of the patents-in-suit.

### RESPONSE:

Amesbury Springs Ltd. objects to this topic to the extent that it is vague, overly broad and/or unduly burdensome. Amesbury Springs Ltd. also objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity. Amesbury Springs Ltd. also objects that this topic seeks expert opinion. Amesbury Springs Ltd. further objects that this topic seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Springs Ltd.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

### TOPIC NO. 2:

The corporate relationship(s) between Amesbury Group, Inc. and Amesbury Springs Ltd.

### RESPONSE:

Amesbury Springs Ltd. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

### TOPIC NO. 3:

Amesbury Springs's recordkeeping practices (for both electronic and paper records), record retention policies and record destruction policies.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 4:**

Amesbury Springs's production of electronic records and documents in this action.

**RESPONSE:**

Amesbury Springs Ltd. objects to this topic to the extent that it is vague, overly broad or unduly burdensome. Amesbury Springs Ltd. also objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Springs Ltd. will provide one or more designated representatives to testify regarding this topic.

Douglas J. Kline (BBO# 556680)
Jordan M. Singer (BBO# 651068)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Fax: (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: October 28, 2005

7

## CERTIFICATE OF SERVICE

I, Jordan M. Singer, hereby certify that I caused the foregoing AMESBURY SPRINGS LTD.'S OBJECTIONS TO THE AMENDED DEPOSITION NOTICES SERVED BY CALDWELL to be served on October 28, 2005, by First Class Mail and by facsimile, on counsel for the defendant.

Date: October 28, 2005

Jordan M. Singer

LIBA/1642033.1

**EXHIBIT L**

11/1/05

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMESBURY GROUP, INC., and AMESBURY SPRINGS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE CALDWELL MANUFACTURING COMPANY, <br><br> Defendant. | Civil Action No. 05-10020-DPW <br><br> REC'D HBW  NOV  1 2005 |

## AMESBURY GROUP, INC.'S OBJECTIONS TO
## THE AMENDED DEPOSITION NOTICES SERVED BY CALDWELL

Plaintiff Amesbury Group, Inc. hereby objects to the Amended Deposition Notices

served by defendant The Caldwell Manufacturing Company ("Caldwell"), dated October 26,

2005.[1]

### GENERAL OBJECTIONS

Amesbury Group, Inc. objects to Caldwell's Amended Deposition Notices to the extent

they:

1.     Seek to obtain information protected from discovery by the attorney-client

privilege, the work product immunity, or any other privilege or immunity.

2.     Attempt to impose obligations on Amesbury Group, Inc. that are inconsistent

with, or beyond the scope of, those imposed by or authorized under the Federal Rules of Civil

Procedure and the applicable local rules.

---

[1] Caldwell served two separate "Amended Deposition Notices" on Amesbury Group, Inc. on October 26, 2005. Amesbury Group, Inc. responds and objects to both notices here.

3.      Seek to obtain information that is neither relevant to the issues raised in this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Attempt to define "Amesbury Group" or "Amesbury Group, Inc." as encompassing any entity or person other than plaintiff Amesbury Group, Inc.

5.      Seek to obtain information beyond the matters reasonably known by, or reasonably available to, Amesbury Group, Inc.

6.      Seek testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Group, Inc.

7.      Seek expert testimony.

8.      Are vague, ambiguous, overly broad, or unduly burdensome.

Amesbury Group, Inc. specifically incorporates each of these General Objections into its specific responses to each of Caldwell's numbered topics, whether or not each such General Objection is expressly referred to in Amesbury Group, Inc.'s response to a specific topic.

Amesbury Group, Inc. reserves the right to assert additional or supplemental objections should Amesbury Group, Inc. discover additional grounds for such objections.

## SPECIFIC OBJECTIONS TO AMENDED NOTICE #1

## TOPIC NO. 1:

Amesbury Group's contentions that the Caldwell products infringe the patents-in-suit.

## RESPONSE:

Amesbury Group, Inc. objects to this topic to the extent that it is vague, overly broad and/or unduly burdensome. Amesbury Group, Inc. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity. Amesbury Group, Inc. also objects that this topic seeks expert opinion. Amesbury

2

Group, Inc. further objects that this topic seeks testimony concerning legal contentions or

conclusions, rather than facts known to Amesbury Group, Inc. Amesbury Group, Inc. also

objects to this topic as it seeks information that has already been provided to Caldwell in

Amesbury Group, Inc.'s response to Caldwell's Interrogatories Nos. 1 and 2.

**TOPIC NO. 2:**

The conception and/or reduction to practice of the inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic on the ground that Amesbury Group, Inc.'s

testimony on this topic, through its corporate designee, was already taken and concluded at a

deposition on October 18, 2005. Amesbury Group, Inc. expressly incorporates its objections and

responses to this topic as set forth in its Objections to the Deposition Notice Served by Caldwell,

dated September 14, 2005.

**TOPIC NO. 3:**

The gross sales, sales returns and allowances, sales discounts and net sales of the
inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent that it is vague, overly broad or

unduly burdensome. Amesbury Group, Inc. also objects to this topic to the extent it seeks

information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 4:**

The expenses and costs incurred in connection with the manufacture and sale of the
inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent that it is vague, overly broad and/or unduly burdensome. Amesbury Group, Inc. also objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 5:**

Any license or other agreement, including but not limited to distribution agreements, involving the inventions underlying the patents-in-suit.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 6:**

Amesbury Group's patent licensing policies.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 7:**

The royalties paid by Amesbury Group in connection with the inventions underlying the patents-in-suit.

4

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent it seeks information or

documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 8:**

The pricing by country, including any reductions and/or discounts, of the inventions
underlying the patents-in-suit, from the date of first sale to the present.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent that it is vague, overly broad

and/or unduly burdensome.  Amesbury Group, Inc. also objects to this topic to the extent it seeks

information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 9:**

Amesbury Group's knowledge of designs and/or concepts for window balances created
by Carl Shelton.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic on the ground that Amesbury Group, Inc.'s

testimony on this topic, through its corporate designee, was already taken and concluded at a

deposition on October 18, 2005. Amesbury Group, Inc. expressly incorporates its objections and

responses to this topic as set forth in its Objections to the Deposition Notice Served by Caldwell,

dated September 14, 2005.

## SPECIFIC OBJECTIONS TO AMENDED NOTICE #2

**TOPIC NO. 1**

Amesbury Group's claimed damages as a result of Caldwell's alleged infringement of the patents-in-suit.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent that it is vague, overly broad and/or unduly burdensome. Amesbury Group, Inc. also objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or the work product immunity. Amesbury Group, Inc. also objects that this topic seeks expert opinion. Amesbury Group, Inc. further objects that this topic seeks testimony concerning legal contentions or conclusions, rather than facts known to Amesbury Group, Inc.

Subject to and without waiving the foregoing general and specific objections, Amesbury Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 2:**

The corporate relationship(s) between Amesbury Group, Inc. and Amesbury Springs Ltd.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent it seeks information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 3:**

Amesbury Group's recordkeeping practices (for both electronic and paper records), record retention policies and record destruction policies.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent it seeks information or

documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Group, Inc. will provide one or more designated representatives to testify regarding this topic.

**TOPIC NO. 4:**

Amesbury Group's production of electronic records and documents in this action.

**RESPONSE:**

Amesbury Group, Inc. objects to this topic to the extent that it is vague, overly broad or

unduly burdensome.  Amesbury Group, Inc. also objects to this topic to the extent it seeks

information or documents protected by the attorney-client privilege or work product immunity.

Subject to and without waiving the foregoing general and specific objections, Amesbury

Group, Inc. will provide one or more designated representatives to testify regarding this topic.


_____
Douglas J. Kline (BBO# 556680)
Jordan M. Singer (BBO# 651068)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Fax: (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: October 28, 2005

## CERTIFICATE OF SERVICE

I, Jordan M. Singer, hereby certify that I caused the foregoing AMESBURY GROUP, INC.'S OBJECTIONS TO THE AMENDED DEPOSITION NOTICES SERVED BY CALDWELL to be served on October 28, 2005, by First Class Mail and by facsimile, on counsel for the defendant.

Date: October 28, 2005

_____
Jordan M. Singer

LIBA/1642012.1

8

**EXHIBIT M**

Oct-31-05  03:52pm  From-ADA (GDT PROCTER LLP                    16172276591  ·.·        T-489  P.02/03  F-444

# GOODWIN | PROCTER

Jordan M. Singer
617.570.1096
jsinger@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T. 617.570 1000
F: 617 523 1231

October 31, 2005

**By Facsimile and First Class Mail**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:   *Amesbury Group, Inc. et al. v. The Caldwell Manufacturing Co.,*
      <u>U.S. District Court, D. Mass., Case No. 05-10020</u>

Dear Neal:

I am following up on our conversation this morning concerning the scope of Caldwell's Rule 30(b)(6) deposition of Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively, "Amesbury"). Caldwell's amended deposition notices seek testimony from an Amesbury representative on the subject of Amesbury's "contentions that Caldwell products infringe the patents-in-suit." As you know, Amesbury objected to this topic on the grounds that, among other things, it seeks expert opinion and legal conclusions rather than facts known to Amesbury

As I understood from our discussion this morning, Caldwell intends to ask Amesbury's designee to identify elements of Caldwell products that correspond to specific claims of the patents-in-suit, and to otherwise testify about the application of the patent claims to the accused products. This line of questioning calls for legal and expert analysis, and is not appropriate for a fact witness. Accordingly, Amesbury will not permit its representative to testify on these legal issues. Amesbury, however, does not object to Caldwell inquiring into the <u>factual</u> basis of Amesbury's infringement allegations – that is, the facts in Amesbury's possession that led it to believe that Caldwell's products infringe its patents

I expect that this letter clarifies Amesbury's position. If Caldwell will limit its questioning on Amesbury's infringement contentions to the factual issues discussed above, please let me know and we will designate a representative to testify on this topic.

Sincerely yours,

Jordan Singer

Jordan M. Singer

Oct-31-05  03:52pm  From-ADA (GDT PROCTER LLP                16172278591          T-489  P.03/03  F-444

# GOODWIN │ PROCTER

Neal L. Slifkin, Esq.
October 31, 2005
Page 2


cc:    David J. Edwards, Esq.
       Douglas J. Kline, Esq.
       Safraz W. Ishmael, Esq.

**EXHIBIT N**

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

NEAL L. SLIFKIN

DIRECT:   (585) 419-8636
FAX:       (585) 419-8813
NSLIFKIN@HARRISBEACH.COM

*By Facsimile  617/523-1231*

November 1, 2005

Jordan M. Singer, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

      Re:   ·  Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Co.
           U.S. District Court, D. Mass, Case No. 05-10020

Dear Jordan:

     I am responding to your letter of October 31, 2005 regarding Caldwell's 30(b)(6) deposition for Amesbury Group, Inc. and Amesbury Springs, Ltd.  Frankly, we do not understand the distinction you are drawing between the "factual basis of Amesbury's infringement allegations" and asking Amesbury to "testify about the application of the patent claims to the accused products." Because we do not understand the distinction you are drawing, we are unable to agree, in advance, to limit questioning to the "factual issues." Accordingly, we ask that you designate a representative to testify on what you believe to be the "factual issues." You will then be able to object to the questions as permitted under the Federal Rules of Civil Procedure.

     As required by the local rules, this is our attempt to resolve the dispute prior to filing a motion to compel.

                Sincerely,

                Neal L. Slifkin

NLS:nac

T:\user\nos\caLDWELL\Singer ltr.doc
11/1/2005 10:00:17 AM

# EXHIBIT O

# FILED UNDER SEAL

**EXHIBIT P**

**FILED UNDER SEAL**