IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,
                        Plaintiffs,

vs.                                            Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,
                        Defendant.

DAVID J. EDWARDS, under penalty of perjury, declares as follows:

       1.      I am associated with HARRIS BEACH PLLC, one of the attorneys for the defendant CALDWELL MANUFACTURING COMPANY ("Caldwell") in this action. I submit this declaration in support of Caldwell's motion to compel plaintiffs the Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively "Amesbury") to produce a Fed. R. Civ. P. 30(b)(6) witness to testify as to Amesbury's contentions that Caldwell infringes the patents-in-suit.

       2.      Caldwell served its original Rule 30(b)(b) deposition notice in August 2005. Amesbury's counsel served written objections to <u>all</u> topics designated in Caldwell's notice of September 14, 2005. Amesbury produced a 30(b)(6) witness to testify on certain subjects, notwithstanding its objections, on October 18, 2005.

       3.      Immediately following the conference with the Court, on October 27, 2005, Amesbury's counsel, Jordan Singer, when asked who Amesbury was producing on the subject of infringement, stated that Amesbury would not be producing any witness to testify on that subject.

       4.      On October 31, 2005, when I spoke with Amesbury's counsel, he stated that Richard Koopmann would be Amesbury's 30(b)(6) witness on topics 3-8 in Caldwell's Amended

HARRIS BEACH
ATTORNEYS AT LAW

30(b)(6) Deposition Notice (attached as Exhibit "1"), but not topic 1 which requested testimony on Amesbury's infringement contentions (or the other topics which had previously been covered by another witness designated by Amesbury). He also stated that Mr. Koopmann would be Amesbury's 30(b)(6) witness on topics 1-4 in Caldwell's Second Amended 30(b)(6) Deposition Notice (attached as Exhibit "2").

5. On November 2, 2005, I appeared at the offices of Goodwin Procter LLC at around 9:30 a.m. to take the deposition of Mr. Koopmann, Amesbury's designated 30(b)(6) witnesses on damages issues. At that time, Mr. Singer, counsel for Amesbury, informed me that Amesbury was also producing Mr. Koopmann as Amesbury's designated 30(b)(6) witness on infringement but would also be greatly circumscribing the testimony to the witness' knowledge before suit was filed.

6. Until I arrived at the deposition, I was unaware that Amesbury intended to designate Mr. Koopmann as its 30(b)(6) witness on infringement. As of the night before, Amesbury had objected to producing any 30(b)(6) witness to testify as to its infringement allegations and that it had stated that it would designate a witness on infringement only if Caldwell would agree that the testimony would be limited to the "factual basis" for Amesbury's initial accusations of infringement before it filed this lawsuit. Furthermore, as of the afternoon of November 1, 2005 -- less than 24 hours before the Koopmann deposition was scheduled to commence -- Amesbury had not designated any witness it intended to produce on that topic.

7. On the morning of November 2, 2005, I was prepared to conduct a 30(b)(6) deposition of Mr. Koopmann on the non-technical issues of Amesbury's claimed damages, consistent with Amesbury's counsel's letter of October 7, 2005. I believe that Mr. Singer was aware of that fact when he attempted to designate Mr. Koopmann at the deposition as Amesbury's

HARRIS BEACH
ATTORNEYS AT LAW

2

witness on infringement with the limitation that the witness not be asked about Amesbury's contentions on infringement. Mr. Singer was well aware that Mr. Slifkin, a member of Harris Beach PLLC and a patent attorney, was arriving the next day to take Mr. Koopmann's testimony as an individual on technical issues.

**WHEREFORE,** for the foregoing reasons, Caldwell's motion to compel should be granted in all respects, and Caldwell should also be entitled to additional relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 14, 2005.

s/David J. Edwards<br>
DAVID J. EDWARDS

17927.3
11/14/2005

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

v.

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

**AMENDED
DEPOSITION NOTICE**

05-CV-10020 (DPW)

---

**PLEASE TAKE NOTICE**, that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the testimony upon oral examination of a representative of plaintiff AMESBURY GROUP, INC. ("Amesbury Group"), will be taken by stenographic means at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109, at a date and time mutually agreeable to the parties. The representative designated by Amesbury Group should have knowledge of the following subjects: (1) Amesbury Group's contentions that Caldwell products infringe the patents-in-suit; (2) The conception and/or reduction to practice of the inventions underlying the patents-in-suit; (3) the gross sales, sales returns and allowances, sales discounts and net sales of the inventions underlying the patents-in-suit; (4) the expenses and costs incurred in connection with the manufacture and sale of the inventions underlying the patents-in-suit; (5) any license or other agreement, including but not limited to distribution agreements, involving the inventions underlying the patents-in-suit; (6) Amesbury Group's patent licensing policies; (7) the royalties paid by Amesbury Group in connection with the inventions underlying the patents-in-suit; (8) the pricing by country, including any reductions and/or discounts, of the inventions underlying the patents-in-suit,

from the date of first sale to the present; and (9) Amesbury Group's knowledge of designs and/or concepts for window balances created by Carl Shelton;

The deponent is required to produce at the examination all books, papers, documents and other things in his or her possession or control concerning the issues in this action.

Dated: October 26, 2005
Pittsford, New York

HARRIS BEACH PLLC

By: _/s/ Paul J. Yesawich, III_

Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
Neal L. Slifkin *(nslifkin@harrisbeach.com)*
Laura W. Smalley *(lsmalley@harrisbeach.com)*
David J. Edwards *(dedwards@harrisbeach.com)*
Attorneys for Defendant
The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

TO: Douglas J. Kline, Esq.
Safraz W. Ishmael, Esq.
GOODWIN PROCTER LLP
Attorneys for Plaintiffs
Amesbury Group, Inc. and Amesbury Springs Ltd.
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000

HARRIS BEACH
ATTORNEYS AT LAW

2

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on October 27, 2005 in the a.m. on:

>Douglas J. Kline, Esq.
>Safraz W. Ishmael, Esq.
>GOODWIN PROCTER LLP
>Attorneys for Plaintiffs
>Amesbury Group, Inc. and Amesbury Springs Ltd.
>Exchange Place
>Boston, Massachusetts 02109
>Telephone: (617) 570-1000

>/s/ David J. Edwards
>David J. Edwards
>HARRIS BEACH PLLC
>Attorneys for Defendant
>The Caldwell Manufacturing Company
>99 Garnsey Road
>Pittsford, New York 14534
>Telephone: (585) 419-8800

EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

    v.

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

**AMENDED DEPOSITION NOTICE**

05-CV-10020 (DPW)

---

    **PLEASE TAKE NOTICE**, that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the testimony upon oral examination of a representative of plaintiff AMESBURY GROUP, INC. ("Amesbury Group"), will be taken by stenographic means at the offices of LURIE & KRUPP, LLP, One McKinley Square, Boston, Massachusetts 02109, at a date and time mutually agreeable to the parties. The representative designated by Amesbury Group should have knowledge of the following subjects: (1) Amesbury Group's claimed damages as a result of Caldwell's alleged infringement of the patents-in-suit; (2) The corporate relationship(s) between Amesbury Group, Inc. and Amesbury Springs Ltd.; (3) Amesbury Group's recordkeeping practices (for both electronic and paper records), record retention practices and record destruction practices; and (4) Amesbury Group's production of electronic records and documents in this action.

    The deponent is required to produce at the examination all books, papers, documents and other things in his or her possession or control concerning the issues in this action.

HARRIS BEACH
Attorneys at Law

Dated: October 26, 2005
Pittsford, New York

HARRIS BEACH PLLC

By: _____
Paul J. Yesawich, III *(pyesawich@harrisbeach.com)*
Neal L. Slifkin *(nslifkin@harrisbeach.com)*
Laura W. Smalley *(lsmalley@harrisbeach.com)*
David J. Edwards *(dedwards@harrisbeach.com)*
Attorneys for Defendant
The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

TO:   Douglas J. Kline, Esq.
Safraz W. Ishmael, Esq.
GOODWIN PROCTER LLP
Attorneys for Plaintiffs
Amesbury Group, Inc. and Amesbury Springs Ltd.
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000

HARRIS BEACH
ATTORNEYS AT LAW

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2005, I caused to be served a copy of the foregoing by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for delivery by Federal Express marked for delivery on October 27, 2005 in the a.m. on:

Douglas J. Kline, Esq.
Safraz W. Ishmael, Esq.
GOODWIN PROCTER LLP
Attorneys for Plaintiffs
Amesbury Group, Inc. and Amesbury Springs Ltd.
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000

David J. Edwards
HARRIS BEACH PLLC
Attorneys for Defendant
The Caldwell Manufacturing Company
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

HARRIS BEACH
ATTORNEYS AT LAW

3