IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,
                                 Plaintiffs,

vs.                                                      Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,
                                 Defendant.

## **MOTION TO IMPOUND**

Pursuant to Local Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, defendant the Caldwell Manufacturing Company ("Caldwell") hereby moves to impound portions of the accompanying Motion to Compel and Declaration of Neal L. Slifkin, dated November 14, 2005 and November 11, 2005, respectively. As grounds for this motion, Caldwell states as follows:

1.      Caldwell designated certain documents it produced in this litigation as "confidential-attorneys' eyes only." Certain of these documents, as well as other confidential matters, were addressed at the recent deposition of Richard Koopmann. Therefore, the parties agreed to designate the transcript of the Koopmann deposition, dated November 2 and 3, 2005, as "confidential-attorneys' eyes only."

2.      Pursuant to the Stipulated Protective Order executed by the Court on August 24, 2005, all documents designated by a party as "confidential-attorneys' eyes only" must be filed under

HARRIS BEACH
ATTORNEYS AT LAW

seal with the Court. Therefore, the party filing any such document must also file a motion to impound.

3. In accordance with the Stipulated Protective Order, Caldwell requests that the Court maintain Exhibits "O" and "P" to the Slifkin Declaration, which consist of excerpts of the Koopmann deposition, as well as those portions of the accompanying Motion to Compel that cite the Koopmann deposition, under seal. Caldwell has provided a complete set of the motion papers, including the Motion to Compel, the Slifkin Declaration and the Edwards Declaration, for filing under seal. Redacted copies of the Motion to Compel and the Slifkin Declaration will be filed electronically, along with the complete Edwards Declaration.

4. Caldwell requests that the impounding order be lifted only upon further Order of the Court, and that the papers be kept in the Clerk's non-public information file during any post-impoundment period.

WHEREFORE, defendant Caldwell respectfully requests that the Court allow its Motion to Impound.

Dated: November 14, 2005                    HARRIS BEACH PLLC


                                            By:    /s/ Neal L. Slifkin
                                                   Paul J. Yesawich, III
                                                   Neal L. Slifkin
                                                   David J. Edwards
                                                   Laura W. Smalley
                                                   *Attorneys for Defendant*
                                                   99 Garnsey Road
                                                   Pittsford, New York 14534
                                                   Telephone: 585-419-8800

                                                   -and-

HARRIS BEACH PLLC
ATTORNEYS AT LAW

2

David E. Lurie, BBO# 542030
Thomas E. Lent, BBO# 644970
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Telephone: 617-367-1970

::ODMA\PCDOCS\HBROC\18604\1
11/14/2005 2:23:40 PM

HARRIS BEACH PLLC
ATTORNEYS AT LAW