IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

                    Plaintiffs,

vs.                                  Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

                      Defendant.

---

## CALDWELL'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO THE COMPLAINT

The Caldwell Manufacturing Company ("Caldwell"), pursuant to Federal Rules of Civil Procedure 15(a), respectfully requests permission to amend its Answer to the Complaint to add an additional counterclaim based on Amesbury Group, Inc. and Amesbury Springs Ltd's, (collectively referred to as "Amesbury") inequitable conduct before the Patent and Trademark Office ("PTO") during the prosecution of the U.S Patent No. 6,598,264 (the "'264 Patent").

## INTRODUCTION

After conducting discovery and reviewing the information revealed through that process, including the deposition of the inventor of the '264 Patent, Caldwell seeks to amend its answer to add a counterclaim asserting that the '264 Patent is unenforceable due to Amesbury's inequitable conduct before the PTO. Because this Court's Scheduling Order, dated May 4, 2005, does not provide a deadline for the parties to amend their pleadings, Caldwell's motion should be granted under the liberal standard set forth by Rule 15(a).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be *freely* given when justice so requires." Rochlin v. Cincinnati Ins. Co., No. IP00-1898-CH/K, 2003 WL 21852341, at 17 (S.D. Ind. July 8, 2003) [emphasis added]; *see, also,* In re Recombinant DNA Tech. Patent & Contract Litig., 850 F. Supp. 769, 771 n.3 (S.D. Ind. 1994) (holding that the amendment policy for Rule 15(a) is a "liberal one"); Fed. R. Civ. P. 15(a). Thus, courts should freely allow a party to amend its pleading absent "'any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the amendment.'" King v. Cook, 26 F.3d 720, 723 (7th Cir. 1994) (*quoting* Foman v. Davis, 371 U.S. 178, 182 [1962]).

## ARGUMENT

**Caldwell Should Be Granted Leave to Amend Its Complaint to Add A Counterclaim for Inequitable Conduct Because It Has Discovered That Amesbury Failed to Disclose A Material Prior Art Reference During the Prosecution of the '264 Patent**

"[I]nequitable conduct includes affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." Semiconductor Energy Laboratory Company, Ltd. v. Samsung Electronics Co., 204 F.3d 1368, 1373 (Fed. Cir. 2000). If an alleged infringer can establish that (1) a material reference was withheld from the PTO, and (2) it was withheld with an intent to deceive, the patent is rendered unenforceable. See, id.; Baxter Intern., Inc. v. McGaw, Inc., 149 F.3d 1321, 1327 (Fed. Cir. 1998).

Intent can be inferred from knowledge of the reference and the failure to disclose the reference. As the Federal Circuit has recognized, "[i]ntent need not, and really cannot be proven

by direct evidence." <u>Bruno Ind. Living Aids v. Acorn Mobility Services, Ltd.</u>, 394 F.3d 1348, 1354 (Fed. Cir. 2005). In the absence of a credible explanation, intent to deceive is generally inferred from the facts surrounding a knowing failure to disclose material information. <u>Id</u>. An inference of deceptive intent may be drawn in the absence of a credible explanation when a patentee fails to disclose highly material art. <u>Bruno</u>, 394 F.3d at 1354.

Here, as more fully set forth in the proposed Amended Answer, which is attached to the Slifkin Declaration as Exhibit "D", it was not until the deposition of Gary Roger Newman on October 18, 2005 that Caldwell discovered that it had a viable counterclaim for Amesbury's inequitable conduct. Although Caldwell suspected Amesbury of failing to disclose a material reference to the PTO before the Newman deposition, Mr. Newman's testimony establishing the date of the reference and his failure to disclose that reference to the PTO were necessary to specifically plead inequitable conduct. <u>See</u> <u>Burlington Indus., Inc. v. Dayco Corp.</u>, 849 F.2d 1418, 1422 (Fed. Cir. 1988) (The "habit of charging inequitable conduct in almost every major patent case has become an absolute plague. ... A patent litigant should be made to feel, therefore, that an **unsupported** charge of 'inequitable conduct in the Patent Office' is a negative contribution to the rightful administration of justice."). As soon as Caldwell received the final version of this deposition transcript, it sought leave to amend its Answer by this motion. Accordingly, Caldwell has not delayed its application to amend its Answer. Furthermore, the Scheduling Order does not provide a deadline by which the parties must amend pleadings; Caldwell therefore is not precluded from making an amendment nor must it make the showing of "good cause" necessary to amend the Scheduling Order.

The proposed counterclaim is meritorious. As shown by the testimony of Amesbury's employees, Mr. Newman and the prosecuting attorneys committed inequitable conduct. They

3

failed to disclose to the patent examiner during the prosecution of the '264 Patent application prior art developed by Mr. Newman and other employees at Amesbury (referred to as the "728 series balance") with the intent to deceive the patent examiner. Before the PTO, Amesbury represented that the prior art did not show a bottom guide roller placed beneath the channel of a window balance. Yet, the guide roller of the 728 series balance, which was sold to a third party more than a year before Amesbury applied for the '264 Patent, is placed in the same manner as the guide roller in the balance disclosed in the '264 Patent. By failing to disclose its own product to the PTO, Amesbury withheld material prior art that would have rendered the '264 Patent invalid. (*See* proposed Amended Answer, at ¶¶52-75).

Moreover, the plaintiffs will not suffer any prejudice if Caldwell is permitted to add an additional counterclaim for inequitable conduct. The counterclaim raises an issue concerning Amesbury's own conduct during the prosecution of the disputed patent and, thus, the relevant information is already fully in Amesbury's possession. Besides, Amesbury was already fully aware that Caldwell was evaluating this potential counterclaim as confirmed by questions it asked during depositions. (*See generally* Deposition of Gary Newman, attached as Exhibit "C" to the Slifkin Declaration).

## **CONCLUSION**

Based on the foregoing, this Court should grant Caldwell's motion for leave to amend its Answer to the Complaint.

Dated: November 29, 2005

THE CALDWELL MANUFACTURING COMPANY

By its attorneys

David E. Lurie, BBO# 542030
Thomas E. Lent, BBO# 644970
Lurie & Krupp, LLP
One McKinley Square
Boston, MA   02109
Telephone:  (617) 367-1970

-and-

By: /s/Neal L. Slifkin
Neal L. Slifkin
Paul J. Yesawich, III
HARRIS BEACH PLLC
99 Garnsey Road
Pittsford, New York   14534
Telephone:  (585) 419-8800

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

                Plaintiffs,

vs.                                       Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

                Defendant.

CERTIFICATE OF COMPLIANCE
(Local Rule 7.1(A)(2)

I, Neal L. Slifkin, attorney for the defendant The Caldwell Manufacturing Company in the above captioned action, hereby certify that on November 29, I wrote counsel for the plaintiffs and requested that they consent to allow Caldwell to amend its answer, which is the relief sought in Defendant's Motion for Leave to Amend, filed today, November 30, 2005.

Respectfully submitted,

THE CALDWELL MANUFACTURING
COMPANY,

By its attorneys,

/s/ Neal J. Slifkin
Paul J. Yesawich, III
Neal J. Slifkin
David J. Edwards
Laura M. Smalley
Harris Beach
99 Garnsby Road,
Pittsford, NY 14534
Tel: 585-419-8800

- and -

David E. Lurie (BBO #542030)
Thomas E. Lent (BBO #644970)
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Dated: November 30, 2005                Tel: 617-367-1970