IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,
                               Plaintiffs,

vs.                                            Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,
                               Defendant.

## MOTION TO IMPOUND

Pursuant to Local Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, defendant the Caldwell Manufacturing Company ("Caldwell") hereby moves to impound portions of the accompanying Motion for Leave to Amend Answer and Declaration of Neal L. Slifkin, dated November 29, 2005 and November 11, 2005. As grounds for this motion, Caldwell states as follows:

1.    Caldwell designated certain documents it produced in this litigation as "confidential-attorneys' eyes only." Certain of these documents, as well as other confidential matters, were addressed at the recent deposition of Gary R. Newman. Therefore, the parties agreed to designate the transcript of the Newman deposition, which was held on October 18-19, 2005, as "confidential-attorneys' eyes only."

2.    Pursuant to the Stipulated Protective Order executed by the Court on August 24, 2005, all documents designated by a party as "confidential-attorneys' eyes only" must be filed

HARRIS BEACH
ATTORNEYS AT LAW

under seal with the Court. Therefore, the party filing any such document must also file a motion to impound.

3. In accordance with the Stipulated Protective Order, Caldwell requests that the Court maintain Exhibits "C" and "D" to the Slifkin Declaration, which consist of the Newman deposition transcript and Caldwell's proposed Amended Answer, as confidential. Caldwell's Amended Answer quotes from the Newman deposition. Caldwell has provided a complete set of the motion papers, including the Motion to Amend and the Slifkin Declaration, for filing under seal. The Motion to Amend and the Slifkin Declaration will be filed electronically without Exhibits "C" and "D".

4. Caldwell requests that the impounding order be lifted only upon further Order of the Court, and that the papers be kept in the Clerk's non-public information file during any post-impoundment period.

WHEREFORE, defendant Caldwell respectfully requests that the Court allow its Motion to Impound.

Dated: November 29, 2005                    HARRIS BEACH PLLC


                                            By:   /s/ Neal L. Slifkin
                                                  Paul J. Yesawich, III
                                                  Neal L. Slifkin
                                                  David J. Edwards
                                                  Laura W. Smalley
                                                  *Attorneys for Defendant*
                                                  99 Garnsey Road
                                                  Pittsford, New York 14534
                                                  Telephone: 585-419-8800

HARRIS BEACH
ATTORNEYS AT LAW

        -and-

David E. Lurie, BBO# 542030  
Thomas E. Lent, BBO# 644970  
Lurie & Krupp, LLP  
One McKinley Square  
Boston, MA 02109  
Telephone: 617-367-1970

::ODMA\PCDOCS\HBROC\18604\1  
11/30/2005 11:40:54 AM