## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

    v.

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

Civil Action No. 05-10020-DPW

## MEMORANDUM IN SUPPORT OF
## AMESBURY'S MOTION TO COMPEL DISCOVERY

Plaintiffs Amesbury Group, Inc., and Amesbury Springs Ltd. (collectively, "Amesbury")

submit this Memorandum in Support of Amesbury's Motion to Compel Discovery.  Amesbury

seeks full compliance from defendant The Caldwell Manufacturing Company ("Caldwell") on

three issues.  First, and most egregiously, Caldwell still refuses to disclose its invalidity position

with respect to Amesbury's patents-in-suit, even though Caldwell filed an affirmative defense

and counterclaim of invalidity in March, and represented to this Court in September that it would

fully supplement its interrogatory response on invalidity once it had concluded fact depositions.

Second, Caldwell has failed to provide a number of documents responsive to Amesbury's

document requests, often without any justification and in some cases even though Caldwell's

own representative testified that such documents existed and were in Caldwell's possession.

Finally, Caldwell has failed to produce an adequate privilege log.  The log Caldwell submitted to

Amesbury includes a number of documents that are plainly not privileged and provides no

evidence that the remaining documents on the log are in fact privileged. Caldwell should be compelled to meet each of its discovery obligations.

**A.    Caldwell's Continued Refusal To Disclose Its Invalidity Position.**

Caldwell's failure to disclose its position on the alleged invalidity of the patents-in-suit extends back to July and has already been the subject of one motion to compel. In its Answer to the Complaint, Caldwell alleged as an affirmative defense and counterclaim that one or more of the patents-in-suit was invalid. *See* Caldwell's Answer and Counterclaim at 4, 6 (Docket No. 5). On May 5, 2005, Amesbury issued an interrogatory (Interrogatory No. 6) to Caldwell seeking the details of Caldwell's invalidity position:

> State the full factual and legal basis for Cadlwell's assertion that each of the patents-in-suit is invalid for failure to meet the requirements of the patent laws of the United States as set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

Caldwell responded with a short list of alleged prior art references but refused to explain how, in its view, any reference or combination invalidates any of the three patents-in-suit. Caldwell further refused to identify what elements in these references are relevant to its invalidity assertion, or to apply any elements of these references to the claim terms of the patents-in-suit.

After Amesbury filed a motion with this Court in August to compel an adequate response, Caldwell supplemented its answer with a list of additional references, including Japanese references for which Caldwell provided no translation. *See* Defendant's Supplemented Answers to Plaintiffs' First Set of Interrogatories at 2-4 (copy attached hereto as Exhibit 1). However, Caldwell still failed to set forth any element-by-element analysis demonstrating how, in its view, any claim of any of the patents-in-suit was invalidated by the alleged prior art cited. *See id.*

At the hearing on Amesbury's motion to compel, Caldwell represented to Magistrate Judge Bowler that it would be in a position to further supplement Interrogatory No. 6 after it had completed fact depositions.[1]  Presumably based on that representation, the Court denied Amesbury's motion without prejudice to refile if Caldwell did not adequately supplement its response after taking depositions.

Caldwell completed its party depositions of Amesbury on November 16.  During October and November, Caldwell deposed several Amesbury engineers and employees, including all the named inventors on U.S. Patent Nos. 6,598,264 and 6,820,368.  Caldwell was given ample opportunity during those depositions to ask questions related to its invalidity positions. Accordingly, on November 18, Amesbury requested that Caldwell further supplement its response to Interrogatory No. 6 by November 28, and confirm to Amesbury by November 22 that it would do so.  *See* Letter from Jordan M. Singer, Esq. To Neal L. Slifkin, Esq., dated November 18, 2005 (copy attached hereto as Ex. 2).  Amesbury received no response from Caldwell to this letter, and Caldwell has not supplemented its response to Interrogatory No. 6.

Caldwell's ongoing refusal to disclose its position continues to prejudice Amesbury substantially.  As it is, Amesbury has been forced to complete fact discovery without any clear idea what position Caldwell is asserting with respect to the alleged invalidity of the patents-in-suit.  Amesbury was also required to submit its *Markman* brief without any knowledge of Caldwell's invalidity positions, and similarly will be required to prepare for the December 22

---

[1] While there was no transcript of the first motion hearing, Caldwell's oral representations concerning its ability to supplement after further discovery are entirely consistent with Caldwell's written representations on the same issue. For example, Caldwell's first supplemented answer to Interrogatory No. 6 states that "Caldwell requires discovery from Amesbury to answer this interrogatory fully."  Defendant's Supplemented Answers to Plaintiffs' First Set of Interrogatories at 2 (Exhibit 1).  Caldwell also told the Court that its responses were "based on the information currently known to" it.  Caldwell's Response to Amesbury's Motion to Compel Responses to Interrogatories at 2 (Docket No. 20).

*Markman* hearing without that knowledge unless this Court compels Caldwell to provide an adequate response.

Caldwell raised the defense and counterclaim of patent invalidity, but has steadfastly refused to set out its position in any detailed or meaningful way. Given that Caldwell presumably conducted an investigation into its invalidity position before asserting the affirmative defense and counterclaims, and given that the burden of proof lies with Caldwell to show invalidity by clear and convincing evidence, Caldwell should be compelled to explain fully its invalidity position immediately, or be precluded from challenging the validity of the patents-in-suit. *See, e.g., Takeda Chem. Indus. v. Mylan Labs.*, No. 03 Civ. 8253 (DLC), 2005 WL 1457996 at *1-2 (S.D.N.Y. Jun. 15, 2005) (precluding defendant from offering certain evidence at trial as to the invalidity of an asserted patent when that evidence was produced after the close of fact discovery).

## B. Caldwell's Failure To Produce Responsive Documents.

Caldwell has also refused to produce several categories of documents requested by Amesbury, including documents whose existence was confirmed by Caldwell's own representative at a recent deposition. These documents include:

- Caldwell's Product Line Income Contribution charts for the accused product lines for all time periods except December 2004 (the only month that was produced) (responsive to Amesbury's Document Request No. 13);

- Caldwell's monthly consolidated income statements from January 2001 to the present (responsive to Document Request No. 13);

- All sales and invoice data and analyses related to all products in the accused product lines (responsive to Document Request No. 13);

- Caldwell's income analysis and invoice spreadsheets updated as of October 2005 (responsive to Document Request No. 13); and

- Caldwell's agreement with Intek concerning the rights to make Caldwell's jambliner product (responsive to Document Request No. 16).

Amesbury learned about the existence of these documents for the first time at its Rule 30(b)(6) deposition of Caldwell's representative, Robert Lelio, on November 22, 2005. The next day, Amesbury wrote to Caldwell to request these documents. *See* Letter from Safraz W. Ishmael, Esq. to David J. Edwards, Esq., dated November 23, 2005 (copy attached hereto as Exhibit 3). Caldwell has neither produced these documents, nor indicated whether it even will produce them.

These documents fall within the scope of requests propounded by Amesbury in May, and despite Caldwell's confirmation that such documents exist, Caldwell has not produced them. There is no question that these documents are relevant and essential to Amesbury's analysis of its damages. The documents should be produced immediately.

Caldwell has similarly declined to produce several other documents requested long ago by Amesbury. Most notably, Caldwell has failed to produce any of its tax returns (responsive to Amesbury's Document Requests Nos. 12 and 31), ostensibly due to confidentiality concerns. *See* Defendant's Answers to Plaintiff's First Request for Documents and Things at 6, 14 (copy attached hereto as Exhibit 4). But this Court entered a Protective Order in this case in August 24, 2005, and any concerns about confidentiality can be resolved by an appropriate designation in accordance with that Order. Caldwell should produce the requested tax returns at once.

Caldwell has also failed to produce its financial information in native electronic form, such as a manipulable Microsoft Excel spreadsheet. There can be little question that Caldwell keeps at least its financial spreadsheets in electronic form, as the paper documents that have been produced were clearly generated by a computer program. Amesbury's document requests specifically defines "document" to include electronic versions. *See* Amesbury's First Set of Requests for Documents and Things at 1 (May 5, 2005) (copy attached hereto as Exhibit 5).

Amesbury reiterated its request for the electronic versions of Caldwell's financial spreadsheets, *see* Letter from Safraz W. Ishmael, Esq. to Laura W. Smalley, Esq., dated November 18, 2005 (copy attached hereto as Ex. 6), but Caldwell has provided no indication that it will do so. In fact, Caldwell did not even respond to Amesbury's latest request. The electronic data should be produced immediately.

**C.    Caldwell's Overbroad Claims of Privilege and Failure to Produce an Adequate Privilege Log.**

On November 18, Amesbury received Caldwell's privilege log for electronic documents. A copy of that log is attached hereto as Exhibit 7. Caldwell's privilege log is at once overbroad and incomplete. As an initial matter, nowhere in the log does Caldwell identify the title, position, or employer of any party who allegedly authored or received each document listed. It is therefore impossible to tell which documents, if any, truly reflect privileged communications between attorney and client. Similarly, there is no way to tell from the face of the log whether privilege for a document has been waived because it was sent to or shared with a third party outside the attorney-client relationship.

It is well-settled that the attorney-client privilege can only attach to communications made by a client in confidence to an attorney for purposes of legal advice or assistance. *U.S. v. Randall*, 194 F.R.D. 369, 372 (D. Mass. 1999). The party asserting privilege bears the burden of demonstrating its applicability. *Borase v. M/A COM, Inc.*, 171 F.R.D. 10, 14 (D. Mass. 1997). Here, Caldwell has not met its burden of showing that any of the documents cited in its log is privileged. Caldwell's log does not identify any communications as clearly between attorney and client for the purpose of seeking legal advice, much less whether the communication was in confidence. Accordingly, Caldwell should be required to amend its privilege log immediately, or produce all documents for which it now claims attorney-client privilege.

Relatedly, Caldwell's log does not describe each document sufficiently to establish a basis for withholding it.  Instead, the privilege log only provides what appears to be the title of the electronic document or message, which frequently is not enough to determine the true subject matter or substance of the document.  As but a few of many examples, *see, e.g.*, privilege log enteries 27 ("Patent"), 43 ("Letter"), 50 ("Amesbury/BSI") and 137 ("Solar").  Therefore, neither Amesbury nor this Court has any way of determining whether a particular document logged by Caldwell actually contains privileged material.  Caldwell must justify its decision to withhold documents with clear and complete descriptions of the documents withheld, and must amend its log accordingly.

Furthermore, Caldwell takes the untenable position that nearly every document listed in its log is covered by the work product doctrine.  The work product doctrine provides limited protection for documents "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative."  Fed. R. Civ. P. 26(b)(3).  The doctrine is limited to documents specifically prepared in anticipation of litigation or trial, not documents prepared or circulated in the ordinary course of business.  *See, e.g., In re Raytheon Sec. Litig.*, 218 F.R.D. 354, 359 (D. Mass. 2003) (in limiting work product to materials prepared 'in anticipation of litigation,' the drafters of Rule 26(b)(3) excluded from the rule's protection '[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other non-litigation purposes'") (internal citations omitted).

Notwithstanding that the work product doctrine applies only to materials specifically prepared for litigation or trial, Caldwell asserts work product immunity for dozens of documents that could not possibly have been prepared an anticipation of this litigation.  Indeed, the chronology of this litigation alone belies Caldwell's work product position: Caldwell asserts

work product immunity for documents going back to January 2002, years before the Complaint was filed in this case, before Amesbury ever accused any Caldwell device of infringing its patents, and even before Amesbury acquired the patents-in-suit. It is difficult, if not impossible, to comprehend how these documents could have been prepared in anticipation of litigation, and in any event Caldwell has provided no explanation for their inclusion.

The Court need only look at the first entry of Caldwell's log to understand the depth of the log's inadequacy. That entry lists work product and attorney-client privilege for a document dated January 2, 2002 and entitled "Window & Door Magazine." The author is listed as Doug Zinter and the recipients are Tom Batten, Bob Cochrane, and Bob MacGregor, all four of whom are believed to be Caldwell employees and not attorneys. This entry generates far more questions than it answers: (1) Who are the individuals listed? (2) Who are their employers and what are their positions? (3) What is the basis for the assertion of attorney-client privilege? (4) Given the date of the document as January 2002 – three years before this suit was filed and well before Amesbury secured rights in any of the patents-in-suit – what is the basis for Caldwell's asserted work product immunity? (5) What is the substance of the document that affords it any sort of protection? Specifically, "Window & Door Magazine" is an industry publication. How is it privileged?

Caldwell's other entries are rife with the same inadequacies. Accordingly, Amesbury requested that Caldwell remove from its log (and produce to Amesbury) those documents that are not truly privileged, and provide substantially more information on the identities of the author and recipients and the description of the documents withheld. *See* Letter from Jordan M. Singer, Esq. to Laura W. Smalley, Esq., dated November 22, 2005 (copy attached hereto as Exhibit 8). Caldwell, however, has refused to amend its log. Therefore, Amesbury respectfully

requests that this Court compel Caldwell to amend its privilege log to: (a) describe each document with specificity; (b) identify the author and recipients of each document with specificity; and (c) remove from the log and produce all documents which are not subject to being withheld under the attorney-client privilege and/or work product doctrine.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Amesbury's Motion to Compel in full.

Respectfully submitted,

/s/ Safraz W. Ishmael
Douglas J. Kline (BBO# 556680)
Jordan M. Singer (BBO# 651068)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
Phone:  (617) 570-1000
Fax:  (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: November 30, 2005

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

   v.

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

Civil Action No. 05-10020-DPW

## AMESBURY'S MOTION TO COMPEL DISCOVERY

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

                                 Plaintiffs,

    vs.

THE CALDWELL MANUFACTURING
COMPANY,

                                Defendant.

**DEFENDANT'S SUPPLEMENTED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Civil Action No. 05-10020-DPW

Defendant the Caldwell Manufacturing Company ("Caldwell"), by its attorneys Harris Beach PLLC, submits the following supplemental answers to plaintiffs' First Set of Interrogatories:

**INTERROGATORY NO. 4**:

For each Window Product identified in response to Interrogatory No. 1, separately state the full factual and legal basis for Caldwell's assertion that the Window Product does not infringe any claim of the patents-in-suit, identifying for each claim each element that Caldwell asserts is or is not present in the Window Product, either literally or under the doctrine of equivalents, and any claim construction relevant to Caldwell's assertion.

       **ANSWER**:    Amesbury objects to this interrogatory in that is premature in that the court has not construed the claims at issue.   Additionally, Caldwell objects to this interrogatory for the reasons stated in response to Interrogatory No. 1 in that the definition of "Window Product" is vague and overly broad.    Caldwell's preliminary claim charts are attached as Exhibit "A". Caldwell reserves the right to supplement or amend these responses based on further discovery, investigation or the Court's claim construction.

**INTERROGATORY NO. 6**:

State the full factual and legal basis for Caldwell's assertion that each of the patents-in-suit is invalid for failure to meet the requirements of the patent laws of the United States as set forth in, *inter alia*, 35 U.S.C. §§102, 103 and 112.

**ANSWER**:    Caldwell objects to this interrogatory in that it calls for legal conclusions.  Furthermore, Caldwell requires discovery from Amesbury to answer this interrogatory fully.  Subject to and without waiving these objections, Caldwell states as follows:

(1)    U.S. Patent No. 6,598,264: The file history indicates that the only potentially novel element of this patent is the location of the bottom guide roller within the bottom guide.  This element is disclosed, or is obvious in light of, the following prior art references, either singly or in combination:  (1) Prosser, U.S. Patent No. 3,091,797; (2) Thompson, U.S. Patent No. 6,840,011, (3) Wood, U.S. Patent No. 3,114,178, (4) Biro, U.S. Patent No. 3,449,862, (5) DeNormand, U.S. Patent No. 6,041,746, (6) Berndt, U.S. Patent No. 4,704,821, (7) Fitzgibbon, U.S. Patent No. 4,089,085, (8) a window balance product manufactured by or for Anderson Corporation that, upon information and belief, incorporated a part sold by Amesbury to Anderson as early as 1999, (9) Japanese Utility Model No. JITSUKAI S62-19485, (10) United Kingdom Patent No. GB1219927, (11) United Kingdom Patent No. GB1244324, and (12) additional prior art cited during the prosecution of the patent.  Additional prior art references may be found through additional prior art searches or in discovery, and Caldwell reserves the right to supplement this response.  Also, the patent is invalid to the extent that Amesbury seeks to construe the claims of this patent to cover rollers that are not attached directly to the bottom guide because, during prosecution of the patent, Amesbury distinguished certain prior art references, including *Biro*, supra, which disclosed a roller indirectly mounted to the bottom guide.

(2)    U.S. Patent No. 6,820,368: The file history indicates that the only potentially novel element of this patent is enlarged end of the balance shoe. The patent also discloses a "pocket" element. These elements are disclosed, or are obvious in light of, the following prior art references, either singly or in combination: (1) DeNormand, U.S. Pat. No. 6,041,746, (2) Berndt, U.S. Patent No. 4,704,821, (3) Schmidt, U.S. Patent No. 5, 301, 467, (4) additional prior art cited during the prosecution of the patent, (5) United Kingdom Patent Application No. 2280697A, (6) United Kingdom Patent Application No. 2236786A, (7) United Kingdom Patent Application No. 2292168A, (8) United Kingdom Patent No. 740223, (9) Japanese Utility Model JITSUKAI S56-171982, and (10) Japanese Utility Model JITSUKAI S63-3785.   Additional references may be discovered, and Caldwell reserves the right to supplement this response.  In addition, this patent is invalid to the extent that Amesbury argues that Caldwell's 97ez product infringes this patent because this argument requires a construction of the patent that would require two claim elements to correspond to a single part of Caldwell's product.  Caldwell's products do not have both a "pocket ... adapted to mate with a rivet" **and** a "connecting device" as claimed, even assuming that the Caldwell device has any of those elements as those terms are defined by the patent claims and specification. To argue otherwise would render the patent ambiguous and invalid.

(3)    U.S. Patent No. 5,365,638: The file history indicates that the only potentially novel element of this patent is the raised spine that inhibits rotation of the mounting means. This element is disclosed, or is obvious in light of, the following prior art references, either singly or in combination: (1) Makarowksi, U.S. Patent No. 5,069,001, (2) Patterson, U.S Patent No. 2,088,866, (3) Osten, U.S. Patent No. 2,774,119, (4) Arlauskas, U.S. Patent No. 3,069,152, (5) Jones, U.S. Patent No. 3,105,576, (6) Anderson, U.S. Patent No. 3,711,995, (7) Anderson, U.S. Patent No. 3,795,076, (8) Anderson, 4,028,849, (9) Japanese Utility Model No. JIKKOHEI8-9334,

(9) Japanese Utility Model No. JIKKAIHEI4-119083, (10) Japanese Utility Model No. JIKKAIHEI41-112279, (11) additional prior art cited during the prosecution of the patent, (12) United Kingdom Patent No. 1287756, and (13) United Kingdom Patent No. 329996. Additional references may be discovered, and Caldwell reserves the right to supplement this response. Furthermore, to the extent that Amesbury claims a spine that does not inhibit rotation is covered by the claims, the patent is anticipated and/or obvious in light of Sterner, U.S. Patent No. 5,157,808, and is invalid for lack of enablement in that the specification only discloses a spine that inhibits rotational movement.

**INTERROGATORY NO. 10**:

State the full factual and legal basis for Caldwell's denial that its infringement of the patents-in-suit is willful, including, but not by way of limitation, identifying any legal advice or legal opinion relied upon by Caldwell in deciding to use, make, offer for sale, sell in, or import into, the United States, or in deciding to continue to use, make, offer for sale, sell in, or import into, the United States, any of the Window Products identified in response to Interrogatory No. 1.

**ANSWER**:    Caldwell objects to this interrogatory in that it is overly broad, calls for legal conclusions, and seeks material covered by the attorney-client privilege. Caldwell will not rely upon the opinion of counsel at trial. Caldwell declines to produce opinions of counsel regarding the validity and/or infringement of the patents-in-suit. Subject to and without waiving these objections, Caldwell states that it has a good faith basis for arguing that the patents-at-issue are invalid and/or not infringed, as outlined in its responses to Interrogatories Nos. 5 and 6 above, and as is evident from a comparison of Caldwell's products with the claims of the patents-in-suit. In addition, after Amesbury accused Caldwell of infringement, Caldwell withdrew its 97ez and 86xt products from the market, although Caldwell denies that those products infringed any of the patents-in-suit. Testimony

of Caldwell employees, including those disclosed in Caldwell's Rule 26 disclosures and Thomas E.

Batten, also are evidence of non-willfulness.


Dated: August _31_, 2005                          HARRIS BEACH PLLC


                                          By: _____
                                               Paul J. Yesawich, III
                                               Neal L. Slifkin
                                               David J. Edwards
                                               Laura W. Smalley
                                               *Attorneys for Defendant*
                                               99 Garnsey Road
                                               Pittsford, New York 14534
                                               Telephone: 585-419-8800

                                                      -and-

                                               BROWN & MICHAELS, P.C.
                                               Christopher A. Michaels
                                               Eugene S. Stephens
                                               400 M&T Bank Building
                                               118 North Tioga Street
                                               Ithaca, New York 14850
                                               Telephone: 607-256-2000

                                               *Attorneys for Defendant*


TO:    GOODWIN PROCTER LLP
       Douglas J. Kline, Esq.
       Safraz W. Ishmael
       *Attorneys for Plaintiffs*
       Exchange Place
       Boston, MA 02109-2881
       Telephone: 617-570-1000
P:\CALDWELL\SuppIntResponses.doc
8/30/2005 2:57:26 PM

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF MONROE ) SS.:

   Karen J. Jenness, being duly sworn, deposes and says that I reside in the Town of Irondequoit, New York; I am over twenty-one years of age, and am a legal secretary for the office of Harris Beach LLP.  That on the 31st day of August, 2005 before five-thirty o'clock p.m., at the City of Rochester, County of Monroe and State of New York, deponent served a copy of the annexed upon the following:

   Safraz W. Ishmael, Esq.
   Douglas J. Kline, Esq.
   GOODWIN PROCTER LLP
   Exchange Place
   Boston, MA  02109-2881

by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for Federal Express marked for September 1, a.m. delivery.

            Karen J. Jenness

Sworn to before me this
31st day of August 2005

    Notary Public

HEATHER MCCURTY
Notary Public, State Of New York
Qualified In Monroe County
Commission Expires March 9, 2006

HARRIS BEACH PLLC
ATTORNEYS AT LAW

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC., and<br>AMESBURY SPRINGS LTD.,<br><br>   Plaintiffs,<br><br> v.<br><br>THE CALDWELL MANUFACTURING<br>COMPANY,<br><br>   Defendant. | Civil Action No. 05-10020-DPW |

## AMESBURY'S MOTION TO COMPEL DISCOVERY

## EXHIBIT 2

# GOODWIN | PROCTER

Jordan M. Singer
617.570.1096
jsinger@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

November 18, 2005

**By Facsimile and First Class Mail**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:    ***Amesbury Group, Inc. et al. v. Caldwell Manufacturing Co.,***
       <u>**U.S. District Court, D. Mass., Case No. 05-10020-DPW**</u>

Dear Neal:

I write concerning Caldwell's response to Interrogatory No. 6 of Amesbury's First Set of Interrogatories, which requires Caldwell to state the full factual and legal basis for its assertion that each of the patents-in-suit is invalid for failure to meet the requirements of the patent law of the United States. In its supplemented response of August 31, Caldwell stated that it "require[d] discovery from Amesbury to answer this interrogatory fully." Caldwell made the same representation to the Court at the hearing on Amesbury's motion to compel on September 28.

Having now completed its depositions of Amesbury employees and representatives, Caldwell should be in a position to further supplement its response to Interrogatory No. 6, and Amesbury requests that Caldwell do so without delay. Consistent with Interrogatory No. 6, Caldwell's supplementation should, at minimum, identify each prior art reference that Caldwell believes is relevant to its invalidity assertion for each patent-in-suit, identify each element of each prior art reference that Caldwell claims is relevant to its invalidity assertion, and apply each such element to the claim terms of the patents-in-suit.

Please confirm by the close of business on November 22, 2005 that Caldwell will supplement fully its response to Interrogatory No. 6 no later than November 28, 2005.

Sincerely yours,

*Jordan Singer*

Jordan M. Singer

# GOODWIN | PROCTER

Neal L. Slifkin, Esq.
November 18, 2005
Page 2


cc:    Douglas J. Kline, Esq.
       Safraz W. Ishmael, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

   v.                              Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

**AMESBURY'S MOTION TO COMPEL DISCOVERY**

# EXHIBIT 3

# GOODWIN | PROCTER

Safraz W. Ishmael, Esq.
617.570.1729
sishmael@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

November 23, 2005

**Via Facsimile (585-419-8801)**

David J. Edwards, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:     **Amesbury Group, Inc., *et al.* v. The Caldwell Manufacturing Company
C.A. No. 05-10020-DPW, District of Massachusetts**

Dear Dave:

In yesterday's 30(b)(6) deposition of Caldwell, Robert Lelio, the designated Caldwell witness, confirmed the existence of several documents responsive to Amesbury's document requests that have not been produced by Caldwell. These documents include:

- All Caldwell Manufacturing Company Product Line Income Contribution charts for the Series 86, Series 97, and Quick-Tilt product lines, with the exception of the December 2004 charts that were already produced at Bates numbers C 000086 through C 000101.

- All Caldwell Manufacturing Company Consolidated Income Statements, on a monthly basis, from January 2001 to present.

- All sales and invoice data and analysis relating to all products in the Caldwell Series 97 product line (including the 97i and 97sl products), in the Series 86 product line (including the 86hp product), and in the Quick-Tilt product line. Mr. Lelio stated in the deposition that such data is kept by Caldwell in the Enterprise Reporting System (MAPICS system) and in the CUSINVID2 file. Please produce this data in a native format that is viewable with widely available software, for example Microsoft Excel format.

- The October 2005 updated version of the income analysis and invoice spreadsheets that Mr. Lelio indicated is now available. For your reference, the February 2005 version is Bates numbered C 000140 through C 000306.

- The agreement between Caldwell and Intek relating to the jamb liner product, identified yesterday by Mr. Lelio.

GOODWIN | PROCTER

David J. Edwards, Esq.
November 23, 2005
Page 2


Please produce these documents no later than <u>December 2, 2005</u>, and please confirm that you will produce them by the close of business on <u>November 29, 2005</u>. Amesbury reserves its right to continue the 30(b)(6) deposition upon review of these documents.

Very truly yours,

Safraz W. Ishmael

cc:    Neal L. Slifkin, Esq.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

       Plaintiffs,

   v.

THE CALDWELL MANUFACTURING
COMPANY,

       Defendant.

Civil Action No. 05-10020-DPW

## AMESBURY'S MOTION TO COMPEL DISCOVERY

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC., and AMESBURY SPRINGS LTD, | **DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS AND THINGS (Nos. 1-34)** |
| Plaintiffs, | |
| vs. | |
| THE CALDWELL MANUFACTURING COMPANY, | Civil Action No. 05-10020-DPW |
| Defendant. | |

Defendant, the Caldwell Manufacturing Company ("Caldwell"), by its attorneys Harris Beach PLLC, submits the following answers to plaintiffs' First Request for Documents and Things (Nos. 1-34):

**REQUEST NO. 1**:

All documents and things that were reviewed, referred to, relied upon, consulted, or identified in connection with investigating or responding to Amesbury's First Set of Interrogatories.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome. Subject to and without waiving these objections, Caldwell that all non-privileged documents reviewed in responding to these interrogatories will be produced subject to a protective order.

**REQUEST NO. 2**:

All documents and things referring or relating to any of the subjects of Amesbury's First Set of Interrogatories.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome. Subject to and without waiving these objections, Caldwell states that the items used in answering

Amesbury's interrogatories were referred to in request No. 1 above, and, to the extent Caldwell is able to identify non-privileged, responses documents, the same will be produced in the manner in which they are kept in the ordinary course of business subject to a protective order.

**REQUEST NO. 3:**

All documents and things referring or relating to any of the patents-in-suit.

**ANSWER:**

Caldwell objects to this document request to the extent it seeks items "relating" to the patents-in-suit as vague, overly broad and unduly burdensome. Subject to and without waiving these objections, Caldwell states it has: (1) copies of the patents-in-suit; (2) the file histories for the patents-in-suit; and (3) correspondence from Amesbury regarding the patents-in-suit. These documents will be produced. An ongoing search of Caldwell's records may also produce additional documents, which will be made available subject to a protective order. Caldwell has withheld as privileged documents generated by counsel regarding to the patents-in-suit.

**REQUEST NO. 4:**

All documents and things referring or relating to the dates and circumstances of Caldwell first becoming aware of each of the patents-in-suit.

**ANSWER:**

Caldwell objects to this document request as vague. Subject to and without waiving this objection, Caldwell will produce non-privileged documents responsive to this request subject to a protective order. Caldwell has withheld as privileged documents generated by counsel regarding the patents-in-suit.

**REQUEST NO. 5**:

All documents and things referring or relating to any opinion, advice or comments of any person involving the validity, enforceability, infringement or scope of any of the patents-in-suit.

**ANSWER**:

Caldwell objects to this document request as overly broad, and because it seeks information subject to the attorney-client and/or work product privileges against disclosure. Caldwell has withheld as privileged documents generated by counsel regarding the patents-in-suit. Subject to and without waiving its objections, Caldwell will produce non-privileged documents responsive to this request subject to a protective order, to the extent they exist.

**REQUEST NO. 6**:

All documents and things referring or relating to the specification, claims or drawings in any of the patents-in-suit or any portion of the prosecution histories of any of the patents-in-suit.

**ANSWER**:

Caldwell objects to this document request as overly broad, and because it seeks information subject to the attorney-client and/or work product privileges against disclosure. Caldwell has withheld as privileged documents generated by counsel relating to the patents-in-suit. Subject to and without waiving these objections, Caldwell states it has: (1) copies of the patents-in-suit; and (2) the file histories for the patents-in-suit. These documents will be produced. An ongoing search of Caldwell's records may also produce additional non-privileged documents, which will be made available subject to a protective order.

HARRIS BEACH ⅏
ATTORNEYS AT LAW

3

**REQUEST NO. 7**:

All documents and things referring or relating to any oral or written statement made by Caldwell or anyone on Caldwell's behalf as to whether or not Caldwell was or is infringing any of the patents-in-suit or that any product of Caldwell infringes any of the patents-in-suit.

**ANSWER**:

Caldwell objects to this document request as it is vague and seeks privileged information. Subject to and without waiving this objection, Caldwell will produce correspondence relating to Caldwell's statements regarding the alleged infringement of the patents-in-suit, to the extent it exists, subject to a protective order.

**REQUEST NO. 8**:

All documents and things referring or relating to any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome. Caldwell also objects to the definition of the term "Window Product" in that it potentially implicates hundreds of Caldwell products.   Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd. ("Amesbury") have not limited that term to those Caldwell products which may allegedly infringe the patents-in-suit. Caldwell will limit its responses to Request Nos. 9 through 19 and 28 below to those specific products included in the definition of the term "Window Product" and those ascertained from correspondence between the parties.   Subject to and without waiving these objections, Caldwell will produce documents and things relating to its Series 86xt, Series 97ez and Quick-Tilt*nc products, including representative specimens, sales materials, and sales records

subject to a protective order.    As to other products, Caldwell will produce certain sales materials initially and supplement its response, as needed, following Amesbury's review of same.

**REQUEST NO. 9**:

Representative specimens of each Window Product identified in response to Amesbury's Interrogatory No. 1.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome for the reasons set forth in its response to Request No. 9 above.    Subject to and without waiving these objections, Caldwell will produce representative specimens for its Series 86xt, Series 97ez and Quick-Tilt*nc products and certain sales materials for its other products, subject to a protective order.  Caldwell will supplement its responses, as needed, following Amesbury's review of same.

**REQUEST NO. 10**:

All documents and things referring or relating to any research, design, testing or development work concerning any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome for the reasons set forth in its response to Request No. 9 above.    Furthermore, many of the requested documents are irrelevant, as an infringement analysis of Caldwell's products can be performed without detailed research, design, testing or development documents.    Subject to and without waiving these objections, Caldwell will produce certain documents as they are kept in the ordinary course of business regarding the design and development of its Series 86xt, Series 97ez and Quick-Tilt*nc products, subject to a protective order.

**REQUEST NO. 11**:

All documents and things referring or relating to any search, consideration or assessment as to whether any of the Window Products identified in response to Amesbury's Interrogatory No. 1 infringe any patent, including, but not limited to, the patents-in-suit.

**ANSWER**:

Caldwell objects to this document request as overly broad, and because it seeks information subject to the attorney-client and/or work product privileges against disclosure. Caldwell also objects to this request for the reasons set forth in its response to Request No. 9 above. Caldwell has withheld as privileged documents generated by counsel relating to the patents-in-suit. Subject to and without waiving its objections, Caldwell will produce non-privileged documents responsive to this request subject to a protective order, to the extent they exist.

**REQUEST NO. 12**:

All documents and things referring or relating to all revenues and profits realized on the sale of any of the Window Products identified in response to Amesbury's Interrogatory No. 1, including but not limited to, sales records, costs records, purchase orders, invoices, receipts, bills of lading, billing ledger sheets, accounts receivable, financial statements and tax returns.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome for the reasons set forth in its response to Request No. 9 above. Subject to and without waiving these objections, Caldwell will produce, pursuant to a protective order, documents as they are kept in the ordinary course of business relating to the revenues and profits realized on the sale for its Series 86xt, Series 97ez and Quick-Tilt*nc products, with the exception of its tax.returns, which are confidential.

**REQUEST NO. 15**:

All draft and executed contracts referring or relating to any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome for the reasons set forth in its response to Request No. 9 above. Subject to and without waiving these objections, Caldwell will produce pursuant to a protective order proposed and executed contracts relating to its Series 86xt, Series 97ez and Quick-Tilt*nc products, to the extent such contracts exist and are kept in the ordinary course of business.

**REQUEST NO. 16**:

All documents and things referring or relating to patent or product licenses or sublicenses concerning window hardware or fenestration hardware, to which Caldwell is a party or which Caldwell has contemplated or is contemplating being a party.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome. Caldwell also objects to this interrogatory as vague if, by referring to "fenestration hardware," it seeks information in addition to that relating to "window hardware." Subject to and without waiving these objections, Caldwell will produce licenses relating to its Series 86xt, Series 97ez and Quick-Tilt*nc products, subject to a protective order, to the extent they exist.

**REQUEST NO. 17**:

All documents and things referring or relating to the original design or specifications of any of the Window Products identified in response to Amesbury's Interrogatory No. 1, any changes in

the design or specifications of said Window Products, or the reasons for any changes in the design or specifications of said Window Products.

**ANSWER:**

Caldwell objects to this document request as overly broad and unduly burdensome for the reasons set forth in its response to Request No. 9 above. Furthermore, many of the requested documents are irrelevant, as an infringement analysis of Caldwell's products can be performed without detailed research, design, testing or development documents.   Subject to and without waiving these objections, Caldwell will produce the relevant design documents relating to its Series 86xt, Series 97ez and Quick-Tilt*nc products subject to a protective order.

**REQUEST NO. 18:**

All documents and things referring or relating to the discontinuance of selling or manufacturing of any of the Window Products identified in response to Amesbury's Interrogatory No. 1, including but not limited to all documents having a bearing on the reason or reasons for the discontinuance of the Window Product.

**ANSWER:**

Caldwell objects to this document request as overly broad and unduly burdensome for the reasons set forth in its response to Request No. 9 above.  Subject to and without waiving this objection, Caldwell will produce any documents kept in the ordinary course of business concerning the discontinuance of its Series 86xt products subject to a protective order.

**REQUEST NO. 19:**

All documents and things referring or relating to any recall from the market (including, but not limited to, customers, retailers, wholesalers, distributors and consumers) of any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome for the reasons set forth in its response to Request No. 9 above.    Caldwell also objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving these objections, Caldwell states that none of its Series 86xt, Series 97ez or Quick-Tilt*nc  products have been recalled.

**REQUEST NO. 20**:

All documents and things not heretofore specifically requested that refer or relate to any of the subjects raised in Caldwell's Counterclaims.

**ANSWER**:

Caldwell objects to this document request as overly broad, unduly burdensome and vague.  Upon information and belief, all documents currently in Caldwell's possession that relate to its counterclaims and are not privileged are being produced as they are kept in the ordinary course of business subject to a protective order.  Caldwell reserves its right to supplement this production as additional material is obtained and/or discovered.

**REQUEST NO. 21**:

All documents and things not heretofore specifically requested that refer or relate to any of the subjects raised in Caldwell's Affirmative Defenses.

**ANSWER**:

Caldwell objects to this document request as overly broad, unduly burdensome and vague. Upon information and belief, all documents currently in Caldwell's possession that relate to its affirmative defenses and are not privileged are being produced as they are kept in the ordinary

course of business subject to a protective order. Caldwell reserves its right to supplement this production as additional material is obtained and/or discovered.

**REQUEST NO. 22**:

All documents and things referring or relating to Caldwell's assertion that each of the patents-in-suit is invalid for failure to meet the requirements of the patent laws of the United States.

**ANSWER**:

Caldwell objects to this document request as overly broad, unduly burdensome and vague. Upon information and belief, all documents currently in Caldwell's possession that relate to its affirmative defenses and are not privileged are being produced as they are kept in the ordinary course of business subject to a protective order. Caldwell reserves its right to supplement this production as additional material is obtained and/or discovered.

**REQUEST NO. 23**:

All documents and things referring or relating to Caldwell's assertion that Amesbury's claims are barred by prosecution history estoppel.

**ANSWER**:

Caldwell objects to this document request as overly broad and vague. Upon information and belief, all documents currently in Caldwell's possession that relate to its estoppel defense and are not privileged are being produced as they are kept in the ordinary course of business subject to a protective order. Caldwell reserves its right to supplement this production as additional material is obtained and/or discovered.

**REQUEST NO. 24**:

All documents and things referring or relating to Caldwell's assertion that Amesbury's claims for damages are limited by 35 U.S.C. §286 or §287.

**ANSWER**:

Caldwell objects to this document request as overly broad and vague. Subject to and without waiving these objections, Caldwell states that it will seek material responsive to this request from Amesbury and/or other sources in discovery, and will supplement its production at that time.

**REQUEST NO. 25**:

All documents and things referring or relating to the charges of infringement identified in response to Interrogatory No. 11.

**ANSWER**:

Caldwell objects to this document request as overly broad and vague. Caldwell cannot respond to this request because no charges of infringement were the subject of inquiry, or identified in response to Interrogatory No. 11.

**REQUEST NO. 26**:

All documents and things referring or relating to Caldwell's denial that the infringement of the patents-in-suit is willful.

**ANSWER**:

Caldwell objects to this document request as overly broad. Subject to and without waiving this objection, Caldwell states that documents bearing on willfulness include: (1) the patents-in-suit; (2) the file histories for the patents-in-suit; (3) Prosser, U.S. Patent No. 3,091,797; (4) Thompson, U.S. Patent No. 6,840,011, and its file history; (5) DeNormand, U.S. Pat. No. 6,041,746, (6) Berndt, U.S. Patent No. 4,704,821; (7) certain sales and design documents generated by Caldwell; and (8) product information from Anderson Corporation. These documents will be produced pursuant to a protective order. Caldwell has withheld as privileged documents generated by counsel relating to the patents-in-suit.

**REQUEST NO. 27**:

All documents and things referring or relating to any claim of damages by Caldwell against Amesbury.

**ANSWER**:     Caldwell objects to this document request as overly broad and vague. Subject to and without waiving these objections, Caldwell has no responsive documents.

**REQUEST NO. 28**:

All documents and things that may or will be used at trial or any evidentiary hearing in this matter.

**ANSWER**:   Caldwell objects to this document request as overly broad, premature and because it seeks information subject to the work product privilege.  To the extent not produced in response to another request, Caldwell will produce such non-privileged documents and things at such time required by a scheduling order of the Court.

**REQUEST NO. 29**:

All pages from Caldwell's past and present web sites referring or relating to any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

**ANSWER**:

Caldwell objects to this document request as overly broad and unduly burdensome for the reasons set forth in its response to Request No. 9 above.   Subject to and without waiving these objections, Caldwell will produce all pages from its current websites, as well as past websites, to the extent they exist.

**REQUEST NO. 30**:

Copies of documents which describe the corporate structure of Caldwell.

**ANSWER:**

Caldwell objects to this document request as overly broad and vague. Subject to and without waiving these objections, Caldwell will produce a current organizational chart subject to a protective order.

**REQUEST NO. 31:**

All financial statements and tax returns of Caldwell.

**ANSWER:**

Caldwell objects to this document request as overly broad, without a limitation as to time, and as seeking confidential materials. Subject to and without waiving these objections, Caldwell will produce financial statements for the fiscal years 2003 through 2004 subject to a protective order.

**REQUEST NO. 32:**

All documents and things identified in Caldwell's Rule 26(a) disclosure.

**ANSWER:**

These items will be produced subject to a protective order.

**REQUEST NO. 33:**

All documents and things referring to, relating to, or constituting the specification, claims or drawings in any Caldwell patent or patent application relating to any Window Product, or any portion of the prosecution histories relating to any Window Product.

**ANSWER:**

Caldwell objects to this document request as overly broad, unduly burdensome and vague. In addition, the request seeks information covered by the attorney-client and/or work product

privileges.  Subject to and without waiving these objections, Caldwell will produce copies of all of its patents relating to any Window Product.

**REQUEST NO. 34**:

All documents and things referring to, relating to, or constituting any prior art to the patents-in-suit.

**ANSWER**:

Caldwell objects to this document request as overly broad.  Subject to and without waiving this objection, Caldwell will produce (subject to a protective order): (1) the patents-in-suit; (2) the file histories for the patents-in-suit; (3) Prosser, U.S. Patent No. 3,091,797; (4) Thompson, U.S. Patent No. 6,840,011, and its file history; (5) DeNormand, U.S. Pat. No. 6,041,746, (6) Berndt, U.S. Patent No. 4,704,821; and (7) product information from Anderson Corporation. These documents will be produced pursuant to a protective order.

Dated:  June 10, 2005

HARRIS BEACH PLLC

By: _____
    Paul J. Yesawich, III
    Neal L. Slifkin
    Laura W. Smalley
    99 Garnsey Road
    Pittsford, New York 14534
    Telephone: 585-419-8800

    -and-

    BROWN & MICHAELS, P.C.
    Christopher A. Michaels
    Eugene S. Stephens
    400 M&T Bank Building
    118 North Tioga Street
    Ithaca, New York 14850
    Telephone: 607-256-2000

    *Attorneys for Defendant*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF MONROE ) SS.:

        Karen J. Jenness, being duly sworn, deposes and says that I reside in the Town of Irondequoit, New York; I am over twenty-one years of age, and am a legal secretary for the office of Harris Beach LLP. That on the 10th day of June, 2005 before five-thirty o'clock p.m., at the City of Rochester, County of Monroe and State of New York, deponent served a copy of the annexed upon the following:

GOODWIN PROCTER LLP
Douglas J. Kline, Esq.
Safraz W. Ishmael, Esq.
Exchange Place
Boston, MA 02109-2881

by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for Federal Express marked for June 13th a.m. delivery.

                                  Karen J. Jenness

Sworn to before me this
10th day of June 2005

Notary Public

AMY M. DANN
Notary Public, State of New York
Qualified in Monroe County
NO. 01DA5077058
Commission Expires May 12, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

       Plaintiffs,

  v.

THE CALDWELL MANUFACTURING
COMPANY,

      Defendant.

Civil Action No. 05-10020-DPW

## <u>AMESBURY'S MOTION TO COMPEL DISCOVERY</u>

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMESBURY GROUP, INC., and<br>AMESBURY SPRINGS LTD.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE CALDWELL MANUFACTURING<br>COMPANY,<br><br>        Defendant. | Civil Action No. 05-10020-DPW |

**AMESBURY'S  FIRST SET OF REQUESTS**
**FOR DOCUMENTS AND THINGS (Nos. 1-34)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively, "Amesbury") request that defendant The Caldwell Manufacturing Company ("Caldwell") produce the following documents and tangible things for inspection and copying in accordance with the definitions and instructions set forth below within thirty (30) days after service hereof at the offices of Goodwin Procter LLP, Exchange Place, 53 State Street, Boston, MA 02109.

**DEFINITIONS AND INSTRUCTIONS**

A.     As used herein, "documents" incorporates all documents and things as defined in Fed. R. Civ. P. 34(a) and includes without limitation every writing or record of every type and description, including correspondence, invoices, contracts, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, charts, reports, surveys, minutes, statistical compilations or electronic documents, such as documents on a diskette or hard drive; and every copy of every such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

B.     As used herein, "person" shall mean any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

C.     As used herein, "date" shall mean the exact day, month and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

D.   As used herein, "identify" when used in reference to:

    (a)    an individual, means to state his or her full name, present or last known residential and business addresses and present or last known position and/or business affiliation;

    (b)    a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation;

    (c)    a document, means to state the date, title (if any), each author, each recipient, type of document (i.e., publication, letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian;

    (d)    a communication, means to state its date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it and the substance of the communication; and

    (e)    a product, means to state the product's description, manufacturer, designation by the manufacturer thereof (e.g., style, model, proprietary name, established name, product classification number and/or catalog number), and brand name or trademark.

E.   As used herein, "Defendant," "you," and "Caldwell" shall mean defendant The Caldwell Manufacturing Company, its predecessors, divisions, subsidiaries, affiliated or related companies, parents, agents, servants, employees, attorneys and all persons in active concert and participation with defendant The Caldwell Manufacturing Company.

F.   As used herein, "patents-in-suit" shall mean U.S. Patent Nos. 5,365,638 (the "'638 patent"), 6,598,264 (the "'264 patent"), and 6,820,368 (the "'368 patent").

G.   As used herein, "Window Product" shall mean each product, including but not limited to Caldwell's Series 86xt balance product and Series 97ez balance product, that includes one or more of a: (1) block and tackle balance; (2) balance shoe; and (3) coiled spring mounting element.

H.   As used herein, "and" and "or" shall be construed both conjunctively and disjunctively and the singular shall be deemed to also refer to the plural and vice versa.

I.   As used herein, "relating to," "relate to" and words to that effect shall mean, in addition to the customary and usual meaning of those words, refer or refer to, assess, describe, embody, evidence, mention, support, reflect or record.

J.   As used herein, "communication" means any transmission of information by any means including, but not limited to, telephone, letters, telegrams, teletypes, telexes, telecopies, computer linkups, electronic mails ("emails"), written memoranda and face-to-face

communication.

K.      Requests for production include any and all relevant documents and things within your possession, custody or control, including, without limitation, documents and things located in the personal files of all past and present directors, officers, agents, representatives, employees, attorneys, accountants of or retained by you.

L.      Documents from any single file shall be produced in the same order as they were found in such file, and the files from which they are being produced shall be identified. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

M.      If you object to producing any document responsive to these requests on the ground of attorney-client privilege or attorney work product, or for any other reason, for each such document, state: (1) the identity of the authors or creators; (2) the identity of all addressees and recipients; (3) its subject matter; (4) the identity of persons to whom the document or any portion of it has been already revealed; (5) the source of the document; (6) the date of the document; and (7) the basis for withholding the document.

N.      In producing the documents requested, indicate the specific request(s) pursuant to which each document or group of documents is being produced.

O.      These requests for the production of documents shall be deemed continuing and supplemental responses should be provided as additional information becomes available.

P.      If any document or thing that would have been responsive has been destroyed or is otherwise no longer in respondent's possession, custody or control:

      (1)     describe the content of the document or thing, and state the location of all copies; and

      (2)     state the date of, and identify the person responsible for its destruction, loss, transfer, or other action by which the document or thing left respondent's possession, custody or control.

## REQUESTS

1.    All documents and things that were reviewed, referred to, relied upon, consulted, or identified in connection with investigating or responding to Amesbury's First Set of Interrogatories.

2.    All documents and things referring or relating to any of the subjects of Amesbury's First Set of Interrogatories.

3.    All documents and things referring or relating to any of the patents-in-suit.

4.    All documents and things referring or relating to the dates and circumstances of Caldwell first becoming aware of each of the patents-in-suit.

5.    All documents and things referring or relating to any opinion, advice or comments of any person involving the validity, enforceability, infringement or scope of any of the patents in-suit.

6.    All documents and things referring or relating to the specification, claims or drawings in any of the patents-in-suit or any portion of the prosecution histories of any of the patents-in-suit.

7.    All documents and things referring or relating to any oral or written statement made by Caldwell or anyone on Caldwell's behalf as to whether or not Caldwell was or is infringing any of the patents-in-suit or that any product of Caldwell infringes any of the patents-in-suit.

8.    All documents and things referring or relating to any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

9.    Representative specimens of each Window Product identified in response to Amesbury's Interrogatory No. 1.

10.    All documents and things referring or relating to any research, design, testing or development work concerning any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

11.    All documents and things referring or relating to any search, consideration or assessment as to whether any of the Window Products identified in response to Amesbury's Interrogatory No. 1 infringe any patent, including, but not limited to, the patents-in-suit.

12.    All documents and things referring or relating to all revenues and profits realized on the sale of any of the Window Products identified in response to Amesbury's Interrogatory No.1, inlcuding but not limited to, sales records, costs records, purchase orders, invoices, receipts, bills of lading, billing ledger sheets, accounts receivable, financial statements and tax returns.

13.    All documents and things referring or relating to the sales and distribution of any

of the Window Products identified in response to Amesbury's Interrogatory No. 1, including, but not limited to, customer lists, sales records, purchase orders, invoices, receipts, bills of lading, billing ledger sheets, accounts receivable, financial statements and tax returns.

14.     All documents and things referring or relating to the promotion, marketing, advertisement, or sale of any of the Window Products identified in response to Amesbury's Interrogatory No. 1, including, but not limited to, press releases, price lists, pamphlets, brochures, specification sheets, and catalogs.

15.     All draft and executed contracts referring or relating to any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

16.     All documents and things referring or relating to patent or product licenses or sub-licenses concerning window hardware or fenestration hardware, to which Caldwell is a party or which Caldwell has contemplated or is contemplating being a party.

17.     All documents and things referring or relating to the original design or specifications of any of the Window Products identified in response to Amesbury's Interrogatory No. 1, any changes in the design or specifications of said Window Products, or the reasons for any changes in the design or specifications of said Window Products.

18.     All documents and things referring or relating to the discontinuance of selling or manufacturing of any of the Window Products identified in response to Amesbury's Interrogatory No. 1, including but not limited to all documents having a bearing on the reason or reasons for the discontinuance of the Window Product.

19.     All documents and things referring or relating to any recall from the market (including, but not limited to, customers, retailers, wholesalers, distributors and consumers) of any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

20.     All documents and things not heretofore specifically requested that refer or relate to any of the subjects raised in Caldwell's Counterclaims.

21.     All documents and things not heretofore specifically requested that refer or relate to any of the subjects raised in Caldwell's Affirmative Defenses.

22.     All documents and things referring or relating to Caldwell's assertion that each of the patents-in-suit is invalid for failure to meet the requirements of the patent laws of the United States.

23.     All documents and things referring or relating to Caldwell's assertion that Amesbury claims are barred by prosecution history estoppel.

24.     All documents and things referring or relating to Caldwell's assertion that Amesbury's claims for damages are limited by 35 U.S.C. § 286 or § 287.

25.    All documents and things referring or relating to the charges of infringement identified in response to Interrogatory No. 11.

26.    All documents and things referring or relating to Caldwell's denial that the infringement of the patents-in-suit is willful.

27.    All documents and things referring or relating to any claim of damages by Caldwell against Amesbury.

28.    All documents and things that may or will be used at trial or any evidentiary hearing in this matter.

29.    All pages from Caldwell's past and present web sites referring or relating to any of the Window Products identified in response to Amesbury's Interrogatory No. 1.

30.    Copies of documents which describe the corporate structure of Caldwell.

31.    All financial statements and tax returns of Caldwell.

32.    All documents and things identified in Caldwell's Rule 26(a) disclosure.

33.    All documents and things referring to, relating to, or constituting the specification, claims or drawings in any Caldwell patent or patent application relating to any Window Product, or any portion of the prosecution histories relating to any Window Product.

34.    All documents and things referring to, relating to, or constituting any prior art to the patents-in-suit.

Respectfully submitted,

Douglas J. Kline (BBO# 556680)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: May 5, 2005

*Amesbury's First Request*            6
*for Documents and Things*

## CERTIFICATE OF SERVICE

I, Safraz W. Ishmael, a member of the bar, hereby certify that on May 5, 2005, I caused a true and accurate copy of the attached "Amesbury's First Request for Documents and Things (Nos. 1-34)" to be delivered by hand to opposing counsel, Lurie & Krupp LLP, One McKinley Square, Boston, MA 02109.

_____
Safraz W. Ishmael

LIBA/1536454.1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

       Plaintiffs,

   v.

THE CALDWELL MANUFACTURING
COMPANY,

     Defendant.

Civil Action No. 05-10020-DPW

## AMESBURY'S MOTION TO COMPEL DISCOVERY

# EXHIBIT 6

GOODWIN｜PROCTER

Safraz W. Ishmael, Esq.
617.570.1729
sishmael@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

November 18, 2005

**Via Facsimile (585-419-8801) and First Class Mail**

Laura W. Smalley, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:     **Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Company**
        <u>**C.A. No. 05-10020-DPW, District of Massachusetts**</u>

Dear Laura:

In Caldwell's June 10, 2005 responses to Amesbury's first set of document requests, Caldwell stated that it will produce proposed and executed contracts responsive to Document Request No. 15, to the extent that they exist. Upon review of Caldwell's document production, we have located no such documents. Please confirm whether such documents exist, and if they do exist please produce them as soon as possible.

Caldwell also stated in its June 10, 2005 responses that it will produce documents responsive to Document Request No. 18, including documents concerning the discontinuance of the Caldwell Series 86xt product. Please confirm whether Caldwell has produced all such documents responsive to Amesbury's Document Request No. 18.

Furthermore, Caldwell has not produced any of its tax returns as specifically requested in Amesbury's Document Requests Nos. 12 and 31. As the confidentiality of these tax returns will be preserved under the Court's Protective Order, Caldwell's professed confidentiality concerns are not a basis for withholding production; as such, these tax returns should be produced.

Finally you have provided hard copies of financial spreadsheets Bates numbered C 000140 through C 000306 and C 004615 through C 004843. I assume these spreadsheets are available in a native format copy (e.g. Microsoft Excel). If so, it should be produced.

GOODWIN | PROCTER

Laura W. Smalley, Esq.
November 18, 2005
Page 2


Please respond on the above-mentioned matters by the close of business on November 28, 2005. I look forward to hearing from you.

Very truly yours,

Safraz W. Ishmael

cc:    Neal L. Slifkin, Esq.
       David J. Edwards, Esq.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

       Plaintiffs,

   v.

THE CALDWELL MANUFACTURING
COMPANY,

       Defendant.

Civil Action No. 05-10020-DPW

## <u>AMESBURY'S MOTION TO COMPEL DISCOVERY</u>

# EXHIBIT 7

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 1 | | | | | | |
| 2 | Doug Zinter | 01/02/02 | Window & Door Magazine | Tom Batten | Bill Cochrane; Bob MacGregor | Work Product/Attorney Client |
| 3 | Doug Zinter | 06/14/02 | BSI 156 series | Tom Batten; Erik Timothy; Rick deNormand | Bill Cochrane; Bob MacGregor | Attorney Client |
| 4 | Tom Batten | 07/18/02 | Patent evaluation | Gene Stephens | Jeff Robertson; Ted Boucher | Attorney Client |
| 5 | Tom Batten | 09/30/02 | Arizona trip | Doug Zinter | Bill Cochrane | Work Product/Attorney Client |
| 6 | Doug Zinter | 10/02/02 | BSI 156 B&T Patent app. | Tom Batten; Bill Cochrane; Bob MacGregor | Ted Boucher; Jim Musante; John Coughlin | Work Product/Attorney Client |
| 7 | Tom Batten | 10/02/02 | BSI 156 B&T Patent app. | Steve Scott | | Attorney Client |
| 8 | Tom Batten | 10/04/02 | New product projects | VP | Russ Kutiems | Work Product/Attorney Client |
| 9 | Doug Zinter | 10/04/02 | BSI 156 Patent app. | Tom Batten; Bill Cochrane; Bob MacGregor | Jim Boucher; Ted Boucher; Jeff Musante | Work Product/Attorney Client |
| 10 | Tom Batten | 10/07/02 | Integral Carrier | Jeff Robertson | | Work Product/Attorney Client |
| 11 | Doug Zinter | 12/02/02 | Reduced SKU sideload B&T / Milgard | Bill Cochrane; Bob MacGregor | Tom Batten; Rick deNormand; Russ Kutiems | Work Product/Attorney Client |
| 12 | Tom Batten | 12/06/02 | Patent question | Steve Scott | | Attorney Client |
| 13 | Tom Batten | 12/19/02 | Patent question | Steve Scott | | Attorney Client |
| 14 | Tom Batten | 06/09/03 | Evaluation of US 2002/0092241 | Steve Scott | Jeff Robertson; Bill Cochrane; Doug Zinter | Attorney Client |

|  | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 15 | Tom Batten | 06/09/03 | Evaluation of US 2002/0092241 | Bill Cochrane |  | Work Product/Attorney Client |
| 16 | Tom Batten | 06/12/03 | Inverted Carrier | Ted Boucher | Bill Cochrane | Work Product/Attorney Client |
| 17 | Tom Batten | 10/31/03 | Inverted EZ - Patent | Jeff Robertson | Jim Kellum | Work Product/Attorney Client |
| 18 | Tom Batten | 11/25/03 | Glenow Patent | Bill Cochrane | Mark Farrell | Work Product/Attorney Client |
| 19 | Tom Batten | 12/02/03 | New EZ-In Carrier design | Jim Kellum |  | Work Product/Attorney Client |
| 20 | Tom Batten | 12/12/03 | S86xt and BSI | Bill Cochrane; Bob Lelio; Jim Boucher; John Coughlin; Karen J. Williams; Peter Egberts; Ted Boucher |  | Attorney Client |
| 21 | Tom Batten | 12/12/03 | S86xt and BSI | Bill Cochrane; Bob Lelio; Jim Boucher; John Coughlin; Karen J. Williams; Peter Egberts; Ted Boucher |  | Attorney Client |
| 22 | Tom Batten | 12/12/03 | S86xt and BSI | Bill Cochrane; Bob Lelio; Jim Boucher; John Coughlin; Karen J. Williams; Peter Egberts; Ted Boucher |  | Attorney Client |
| 23 | Tom Batten | 12/12/03 | S86xt and BSI | Curtis Levermore; Doug Zinter |  | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 24 | Doug Zinter | 12/12/03 | S86xt and BSI 150 | Tom Batten | Mark Farrell; Curtis Levermore; Bill Cochrane; Doug Wegman | Work Product/Attorney Client |
| 25 | Tom Batten | 12/12/03 | S86xt and BSI 150 | Doug Zinter | Bill Cochrane; Curtis Levermore; Doug Wegman; Mark Farrell | Work Product/Attorney Client |
| 26 | Tom Batten | 12/12/03 | S86xt and BSI 150 | Doug Zinter | Bill Cochrane; Curtis Levermore; Doug Wegman; Mark Farrell | Work Product/Attorney Client |
| 27 | Tom Batten | 12/15/03 | Patent | Jeff Robertson | Jim Kellum; Russ Kuitems | Work Product/Attorney Client |
| 28 | Tom Batten | 12/30/03 | Anlin Quick-Tilt Egress System | Russ Kuitems | Bill Cochrane; Bob Lelio; Peter Egberts | Attorney Client |
| 29 | Tom Batten | 12/30/03 | Anlin Quick-Tilt Egress System | Russ Kuitems | Bill Cochrane; Bob Lelio; Peter Egberts | Attorney Client |
| 30 | Tom Batten | 12/30/03 | Anlin Quick-Tilt Egress System | Russ Kuitems | Bill Cochrane; Bob Lelio; Peter Egberts | Attorney Client |
| 31 | Russ Kuitems | 01/02/04 | Anlin Quick-Tilt Egress System | Curtis Levermore | | Attorney Client |
| 32 | Russ Kuitems | 01/02/04 | Anlin Quick-Tilt Egress System | Dennis O'Donnell; Fletcher Smith | | Attorney Client |
| 33 | Russ Kuitems | 01/02/04 | Anlin Quick-Tilt Egress System | Curtis Levermore | | Attorney Client |
| 34 | Doug Zinter | 01/06/04 | 97ez / introduction | Bill Cochrane | Curtis Levermore; Bill Bumpus; Doug Wegman; Tom Batten | Attorney Client |
| 35 | Tom Batten | 01/06/04 | Q/T Gen II Carrier Friction Adjustment | Doug Zinter | | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 36 | Doug Zinter | 01/06/04 | 97ez / introduction | Steve Zumbo | Bill Bumpus; Curtis Levermore; Doug Wegman; Tom Batten; Jeff Robertson; Rick deNormand | Work Product/Attorney Client |
| 37 | Bill Cochrane | 01/07/04 | 97ez / introduction | Doug Zinter | Curtis Levermore; Doug Zinter; Steve Zumbo; Doug Wegman; Jim Kellum; Jeff Robertson; Fletcher Smith; Dennis O'Donnell; Karen Thomas; Mark Bernhardt | Work Product/Attorney Client |
| 38 | Russ Kuitems | 01/12/04 | Recap of Quick-Tilt Egress | Jim Boucher; Bill Cochrane; Tom Batten; Bob Lello; Peter Egberts | | Work Product/Attorney Client |
| 39 | Bill Cochrane | 01/14/04 | Glenow Patent | Tom Batten | Mark Farrell | Attorney Client |
| 40 | Tom Batten | 01/14/04 | Glenow Patent | Bill Cochrane | Mark Farrell | Attorney Client |
| 41 | Bill Cochrane | 01/14/04 | Glenow Patent | Tom Batten | Mark Farrell | Attorney Client |
| 42 | Tom Batten | 01/14/04 | Letter | Steve Scott | Bill Cochrane | Attorney Client |
| 43 | Tom Batten | 01/14/04 | Letter | Bill Cochrane; Mark Farrell | | Attorney Client |
| 44 | Tom Batten | 01/14/04 | Quick Tilt | Ted Boucher | | Work Product/Attorney Client |
| 45 | Bill Cochrane | 01/16/04 | Letter | Tom Batten | Mark Farrell | Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 46 | Ted Boucher | 01/26/04 | Minutes 1/23/04 Sr Staff Meeting | Bob Lelio | | Work Product/Attorney Client |
| 47 | Tom Batten | 01/27/04 | Amesbury | Bill Cochrane; Bob Lelio; Jim Boucher; Karen J. Williams; Peter Egberts; Ted Boucher | Curtis Levermore; Bill Bumpus; Doug Zinter; Jim Kellum; Jeff Robertson | Work Product/Attorney Client |
| 48 | Tom Batten | 01/27/04 | Amesbury | Bill Cochrane; Bob Lelio; Jim Boucher; Karen J. Williams; Peter Egberts; Ted Boucher | Curtis Levermore; Bill Bumpus; Doug Zinter; Jim Kellum; Jeff Robertson | Work Product/Attorney Client |
| 49 | Tom Batten | 02/05/04 | Snap-on Carrier concern | Bill Cochrane; Bob Lelio; Jim Boucher; Karen J. Williams; Peter Egberts; Ted Boucher | | Work Product/Attorney Client |
| 50 | Tom Batten | 02/23/04 | Amesbury/BSI | Ted Boucher; Bill Cochrane | | Work Product/Attorney Client |
| 51 | Tom Batten | 04/01/04 | EZ | Jim Kellum | | Attorney Client |
| 52 | Tom Batten | 05/04/04 | GRAHAM ARCH. PRODUCTS INC. | Steve Zumbo | Curtis Levermore | Work Product |
| 53 | Tom Batten | 05/05/04 | GRAHAM ARCH. PRODUCTS INC. | Steve Zumbo | Curtis Levermore | Work Product/Attorney Client |
| 54 | Curtis Levermore | 06/21/04 | Dies at Caldwell. | Karen J. Williams | Doug Zinter; Mark Farrell | Attorney Client |
| 55 | Karen J. Williams | 06/21/04 | Dies at Caldwell. | Curtis Levermore | Curtis Levermore | Attorney Client |
| 56 | Tom Batten | 06/21/04 | Amesbury | | Jim Boucher; Ted Boucher; Peter Egberts; Bob Lelio; Karen J. Williams; Doug Wegman | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 57 | Tom Batten | 06/22/04 | Amesbury Bottom Guide Roller | Steve Scott | | Attorney Client |
| 58 | Doug Zinter | 06/22/04 | Dies at Caldwell. | Curtis Levermore | Bob Lelic; Doug Wegman | Work Product/Attorney Client |
| 59 | Tom Batten | 06/23/04 | Wins since early May | Karen J. Williams | Bob Lelic; Karen J. Williams | Attorney Client |
| 60 | Doug Wegman | 06/23/04 | Wins since early May | Tom Batten | | Attorney Client |
| 61 | Karen J. Williams | 07/21/04 | Dies at Caldwell. - Glenow Agreement | Curtis Levermore | | Attorney Client |
| 64 | Doug Zinter | 07/30/04 | Unique Inverted B&T | Sales; WSeaver@aol.com; dfseaver@aol.com | Tom Batten; Jim Kellum | Work Product |
| 63 | Doug Zinter | 07/30/04 | Unique Inverted B&T | Sales; WSeaver@aol.com; dfseaver@aol.com | Tom Batten; Jim Kellum | Work Product |
| 62 | Doug Zinter | 07/30/04 | Unique Inverted B&T | Sales; WSeaver@aol.com; dfseaver@aol.com | Tom Batten; Jim Kellum | Work Product |
| 65 | Karen Thomas | 08/06/04 | John Evans & Sons vs. Caldwell Mfg Co. | Karen J. Williams | Tom Batten; Alan Lulla; Ted Boucher; Peter Egberts; Bob Lelic; Doug Wegman; Jim Boucher | Attorney Client |
| 66 | Tom Batten | 08/24/04 | BSI Patent Application | VP | | Work Product/Attorney Client |
| 67 | Tom Batten | 08/25/04 | Case Chronology (RCAL-43) | Steve Scott | | Attorney Client |
| 68 | Tom Batten | 08/26/04 | BSI Patent Application | <Unable to determine Recipient> | | Work Product/Attorney Client |
| 69 | Steve Scott | 08/31/04 | Amesbury Bottom Guide Roller CIP | Tom Batten | | Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 70 | Tom Batten | 09/07/04 | Amesbury Case - S86xt | Doug Zinter; Ted Boucher | | Attorney Client |
| 71 | Tom Batten | 09/07/04 | Amesbury Case - S86xt | Ted Boucher | | Attorney Client |
| 72 | Tom Batten | 09/09/04 | S86xt | Ted Boucher; Doug Zinter | | Attorney Client |
| 73 | Tom Batten | 09/09/04 | Amesbury Case - S86xt | Doug Zinter; Ted Boucher | | Attorney Client |
| 74 | Tom Batten | 09/14/04 | S/86xt | Bob Lelio; Doug Wegman; Peter Egberts | Jim Boucher; Karen J. Williams; Ted Boucher | Work Product/Attorney Client |
| 75 | Doug Wegman | 09/15/04 | S/86xt | Ted Boucher; Jim Boucher; Bob Lelio; Peter Egberts; Tom Batten; Karen J. Williams | Curtis Levermore; Doug Zinter | Work Product/Attorney Client |
| 76 | Tom Batten | 09/17/04 | S/86xt letter to customers | Doug Wegman | Bob Lelio; Jim Boucher; Karen J. Williams; Peter Egberts; Ted Boucher | Attorney Client |
| 77 | Tom Batten | 09/17/04 | S/86xt letter to customers | Doug Wegman | Bob Lelio; Jim Boucher; Karen J. Williams; Peter Egberts; Ted Boucher | Attorney Client |
| 78 | Montie Watson | 09/21/04 | S86xt | Steve Dittus; Kaye Boone; Joe Draughn; Sherman Simpson; Ray Jones | | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 79 | Montie Watson | 09/21/04 S86xt | | Steve Dittus; Kaye Boone; Joe Draughn; Sherman Simpson; Ray Jones | | Work Product/Attorney Client |
| 80 | Montie Watson | 09/21/04 S86xt | | Steve Dittus; Kaye Boone; Joe Draughn; Sherman Simpson; Ray Jones | | Work Product/Attorney Client |
| 81 | Fletcher Smith | 09/21/04 S86xt | | Peter Egberts | Montie Watson; Karen Thomas | Work Product/Attorney Client |
| 82 | Curtis Levermore | 09/22/04 CO OF COL | ATRIUM DOOR & WINDOW | Doug Zinter | Alan Lulla; Bill Bumpus; Bill Cochrane; Bob Lelio; Darren Kent; Dennis O'Donnell; Doug Wegman; Greg Weston; James Bradshaw; Jim Boucher; Jim Kellum; Joe Norton; Karen J. Williams; Lisa Cardilli; Mark Farrell; Peter Egberts; Rick deNormand; Steve Zumbo; Ted Boucher; Tim Wehner; Tom Batten | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 1 | | | | | | |
| 83 | Curtis Levermore | 09/22/04 | ATRIUM DOOR & WINDOW CO OF COL | Doug Zinter | Alan Lulla; Bill Bumpus; Bill Cochrane; Bob Lelio; Darren Kent; Dennis O'Donnell; Doug Wegman; Greg Weston; James Bradshaw; Jim Boucher; Jim Kellum; Joe Norton; Karen J. Williams; Lisa Cardilli; Mark Farrell; Peter Egberts; Rick deNormand; Steve Zumbo; Ted Boucher; Tim Wehner; Tom Batten | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 1 | | | | | | |
| 84 | Curtis Levermore | 09/22/04 | ATRIUM DOOR & WINDOW CO OF COL | Doug Zinter | Alan Lulla; Bill Bumpus; Bill Cochrane; Bob Lelio; Darren Kent; Dennis O'Donnell; Doug Wegman; Greg Weston; James Bradshaw; Jim Boucher; Jim Kellum; Joe Norton; Karen J. Williams; Lisa Cardilli; Mark Farrell; Peter Egberts; Rick deNormand; Steve Zumbo; Ted Boucher; Tim Wehner; Tom Batten | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 85 | Curtis Levermore | 09/22/04 | ATRIUM DOOR & WINDOW CO OF COL | Doug Zinter | Alan Lulla; Bill Bumpus; Bill Cochrane; Bob Lelio; Darren Kent; Dennis O'Donnell; Doug Wegman; Greg Weston; James Bradshaw; Jim Boucher; Jim Kellum; Joe Norton; Karen J. Williams; Lisa Cardilli; Mark Farrell; Peter Egberts; Rick deNormand; Steve Zumbo; Ted Boucher; Tim Wehner; Tom Batten | Work Product |
| 86 | Rick deNormand | 09/22/04 | ATRIUM DOOR & WINDOW CO OF COL | Jim Kellum | | Work Product |
| 87 | Tom Batten | 09/22/04 | ATRIUM DOOR & WINDOW CO OF COL | Jim Kellum | | Work Product |
| 88 | Steve Scott | 09/27/04 | Amesbury (RCAL-43) | Tom Batten | | Attorney Client |
| 89 | Doug Zinter | 10/06/04 | Atrium Colorado / 86xt conversion | Rick deNormand; Jim Kellum; Tom Batten | Doug Wegman; Curtis Levermore; Darren Kent | Work Product |
| 90 | Doug Zinter | 10/06/04 | Atrium Colorado / 86xt conversion | Jim Kellum | Curtis Levermore; Darren Kent; Doug Wegman; Rick deNormand; Tom Batten | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 91 | Tom Batten | 10/07/04 | Atrium Colorado / 86xt conversion | Jim Kellum | | Work Product |
| 92 | Rick deNormand | 10/07/04 | Atrium Colorado / 86xt conversion | Doug Zinter | Curtis Levermore; Darren Kent; Doug Wegman; Jim Kellum; Tom Batten | Work Product |
| 93 | Rick deNormand | 10/07/04 | Atrium Colorado / 86xt conversion | Doug Zinter | Curtis Levermore; Darren Kent; Doug Wegman; Jim Kellum; Tom Batten | Work Product |
| 94 | Doug Zinter | 10/07/04 | Atrium Colorado / 86xt conversion | Rick deNormand; Jim Kellum | Tom Batten; Doug Wegman; Curtis Levermore; Ted Boucher | Work Product |
| 95 | Tom Batten | 10/18/04 | Amesbury Patent Application | Steve Scott | | Attorney Client |
| 96 | Tom Batten | 10/19/04 | New elongated bottom guide for Series 86 | Mark Bernhardt | | Work Product |
| 97 | Mark Bernhardt | 10/21/04 | New elongated bottom guide for Series 86 | Tom Batten | Doug Zinter; Rick deNormand; Mark Baker | Work Product |
| 98 | Mark Bernhardt | 10/22/04 | New elongated bottom guide for Series 86 | Tom Batten | | Work Product |
| 99 | Mark Bernhardt | 10/22/04 | New elongated bottom guide for Series 86 | Tom Batten | | Work Product |
| 100 | Tom Batten | 10/25/04 | Amesbury 1-2-3 Patent | Doug Wegman | Ted Boucher | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 101 | Doug Zinter | 11/09/04 | Amesbury Inverted Carrier patent CIP | Doug Wegman; Curtis Levermore; Bill Cochrane; Bill Bumpus; Steve Zumbo; Mark Farrell; Tim Wehner; Darren Kent; Greg Weston; Lisa Cardilli | | Work Product/Attorney Client |
| 102 | Doug Zinter | 11/11/04 | ATRIUM CO / 86xt | Doug Wegman; Curtis Levermore | Bill Bumpus | Work Product/Attorney Client |
| 103 | Doug Wegman | 11/11/04 | ATRIUM DOOR & WINDOW CO OF COL | Bob Lelio | | Work Product |
| 104 | Tom Batten | 11/15/04 | RCAL-42 (Snap Lock Balance Shoe) | Steve Scott | Doug Wegman; Jim Kellum | Attorney Client |
| 105 | Tom Batten | 11/15/04 | RCAL-42 (Snap Lock Balance Shoe) | Steve Scott | | Attorney Client |
| 106 | Karen J. Williams | 11/15/04 | ATRIUM DOOR & WINDOW CO OF COL | Bob Lelio | Bob Lelio; Jim Boucher; Doug Wegman; Jim Boucher; Peter Egberts; Ted Boucher; Tom Batten | Attorney Client |
| 107 | Doug Wegman | 11/16/04 | Series 86a Customer Service | Darren Kent; Diane Vlar; Doug Zinter; Greg Weston; Isalina Gomes; Kristy Lewis; Mary Cliff; Melonie Orr; Sales; wseaver@aol.com; dfseaver@aol.com | Bill Bumpus; Bill Cochrane; Karen Williams; Peter Egberts; Ted Boucher; Tom Batten | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 108 | Doug Wegman | 11/16/04 | Series 88a Customer Service | Darren Kent; Diane Viar; Doug Zinter; Greg Weston; Isalina Gomes; Kristy Lewis; Mary Cliff; Melonie Orr; Sales; wseaver@aol.com; dfseaver@aol.com | Bob Lelio; Jim Boucher; Karen Williams; Peter Egberts; Ted Boucher; Tom Batten | Work Product/Attorney Client |
| 109 | Tom Batten | 11/17/04 | | Rick deNormand | | Work Product/Attorney Client |
| 110 | Rick deNormand | 11/17/04 | Idea? | Tom Batten | | Work Product/Attorney Client |
| 111 | Tom Batten | 11/17/04 | Idea? | Rick deNormand | | Work Product/Attorney Client |
| 112 | Rick deNormand | 11/17/04 | Idea? | Tom Batten | | Work Product/Attorney Client |
| 113 | Tom Batten | 11/17/04 | Idea? | Rick deNormand | | Work Product/Attorney Client |
| 114 | Rick deNormand | 11/17/04 | Idea? | Tom Batten | | Work Product/Attorney Client |
| 115 | Tom Batten | 11/17/04 | Idea? | Rick deNormand | | Work Product/Attorney Client |
| 116 | Rick deNormand | 11/17/04 | Idea? | Tom Batten | | Work Product/Attorney Client |

| | A Author | B DocDate | C DocTitle | D Recip | E CC | F Privilege |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 117 | Tom Batten | 11/17/04 | Idea? | Rick deNormand | | Work Product/Attorney Client |
| 118 | Tom Batten | 11/18/04 | BSI patents and S/86xt | Doug Wegman; Doug Zinter | Ted Boucher; Karen J. Williams | Work Product/Attorney Client |
| 119 | Tom Batten | 11/18/04 | BSI patents and S/86xt | Doug Wegman; Doug Zinter | Ted Boucher; Karen J. Williams | Work Product/Attorney Client |
| 120 | Doug Zinter | 11/18/04 | BSI patents and S/86xt | Tom Batten | Doug Wegman; Karen J. Williams; Ted Boucher | Work Product/Attorney Client |
| 121 | Tom Batten | 01/07/05 | Amesbury Summons | Karen J. Williams | | Attorney Client |
| 122 | Karen J. Williams | 01/07/05 | BSI - Claims of infringement | Ted Boucher; Jim Boucher; Tom Batten; Peter Egberts; Bob Lelio; Doug Wegman | | Attorney Client |
| 123 | Doug Zinter | 01/07/05 | 86xt | Bill Bumpus | Curtis Levermore; Doug Wegman; James Bradshaw; Tom Batten | Work Product |
| 124 | Doug Zinter | 01/07/05 | 86xt | Bill Bumpus | Curtis Levermore; Doug Wegman; James Bradshaw; Tom Batten | Work Product |
| 125 | Tom Batten | 01/11/05 | Amesbury | Rick deNormand; Toby Dallas | | Work Product/Attorney Client |
| 126 | Toby Dallas | 01/13/05 | s97ez b&t forecast for 2005 | Doug Zinter | Curtis Levermore; Tom Batten | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 127 | Bill Bumpus | 01/18/05 | 97ez Gen II / Vinylite (Earthwise) and Series | Doug Wegman | Curtis Levermore; Doug Zinter; Tom Batten | Work Product/Attorney Client |
| 128 | Tom Batten | 01/18/05 | 638 Patent | Gene Stephens | | Attorney Client |
| 129 | Doug Zinter | 01/18/05 | 97ez / special customer survey | Curtis Levermore; Joe Norton; Bill Bumpus; James Bradshaw | Doug Wegman; Toby Dallas; Tom Batten; Bill Cochrane; Steve Zumbo; Darren Kent; Greg Weston; Lisa Cardilli | Work Product |
| 130 | Doug Zinter | 01/18/05 | 97ez / special customer survey | Curtis Levermore; Joe Norton; Bill Bumpus; James Bradshaw | Doug Wegman; Toby Dallas; Tom Batten; Bill Cochrane; Steve Zumbo; Darren Kent; Greg Weston; Lisa Cardilli | Work Product |
| 131 | Doug Zinter | 01/18/05 | 97ez / special customer survey | Curtis Levermore; Joe Norton; Bill Bumpus; James Bradshaw | Doug Wegman; Toby Dallas; Tom Batten; Bill Cochrane; Steve Zumbo; Darren Kent; Greg Weston; Lisa Cardilli | Work Product |
| 132 | Doug Zinter | 01/18/05 | 97ez / special customer survey | Curtis Levermore; Joe Norton; Bill Bumpus; James Bradshaw | Doug Wegman; Toby Dallas; Tom Batten; Bill Cochrane; Steve Zumbo; Darren Kent; Greg Weston; Lisa Cardilli | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 133 | Steve Zumbo | 01/18/05 | 97ez / special customer survey | Doug Zinter | Bill Bumpus; Bill Cochrane; Curtis Levermore; Darren Kent; Doug Wegman; Greg Weston; James Bradshaw; Joe Norton; Lisa Cardilli; Toby Dallas; Tom Batten | Work Product |
| 134 | Steve Zumbo | 01/18/05 | 97ez / special customer survey | Doug Zinter | Bill Bumpus; Bill Cochrane; Curtis Levermore; Darren Kent; Doug Wegman; Greg Weston; James Bradshaw; Joe Norton; Lisa Cardilli; Toby Dallas; Tom Batten | Work Product |
| 135 | Steve Zumbo | 01/18/05 | 97ez / special customer survey | Doug Zinter | Bill Bumpus; Bill Cochrane; Curtis Levermore; Darren Kent; Doug Wegman; Greg Weston; James Bradshaw; Joe Norton; Lisa Cardilli; Toby Dallas; Tom Batten | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 136 | Steve Zumbo | 01/18/05 | | Doug Zinter | Bill Bumpus; Bill Cochrane; Curtis Levermore; Darren Kent; Doug Wegman; Greg Weston; James Bradshaw; Joe Norton; Lisa Cardilli; Toby Dallas; Tom Batten | Work Product |
| 137 | Tom Batten | 01/19/05 | 97ez / special customer survey Solar | Doug Zinter | | Work Product |
| 138 | Tom Batten | 01/26/05 | QT Nest/Cover Mold | Jim Kellum; Mark Bernhardt | Ted Boucher; Doug Wegman; Karen J. Williams | Work Product/Attorney Client |
| 139 | Tom Batten | 01/26/05 | QT Nest/Cover Mold | Jim Kellum | | Work Product/Attorney Client |
| 140 | Mark Bernhardt | 01/27/05 | QT Nest/Cover Mold | Tom Batten | Curtis Levermore; Doug Wegman; Doug Zinter; Jim Kellum; Karen J. Williams; Ted Boucher; Fletcher Smith | Work Product/Attorney Client |
| 141 | Tom Batten | 01/27/05 | QT Nest/Cover Mold | Jim Kellum | | Work Product/Attorney Client |
| 142 | Fletcher Smith | 01/27/05 | QT Nest/Cover Mold | Fred Dietzel | | Work Product/Attorney Client |
| 143 | Fletcher Smith | 01/27/05 | QT Nest/Cover Mold | Fred Dietzel | | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 144 | Mark Bernhardt | 01/27/05 | QT Nest/Cover Mold | Tom Batten | Curtis Levermore; Doug Wiegman; Doug Zinter; Jim Kellum; Karen J. Williams; Ted Boucher; Fletcher Smith | Work Product/Attorney Client |
| 145 | Mark Bernhardt | 01/31/05 | 15N38 carrier body | Greg Wolford; Pam Mellott | Toby Dallas | Work Product |
| 146 | Pam Mellott | 01/31/05 | 15N38 carrier body | Mark Bernhardt | Greg Wolford; Toby Dallas | Work Product |
| 147 | Pam Mellott | 01/31/05 | 15N38 carrier body | Toby Dallas | Greg Wolford; Mark Bernhardt | Work Product |
| 148 | Greg Wolford | 01/31/05 | 15N38 carrier body | Mark Bernhardt | Pam Mellott; Toby Dallas; Ray Smigelski | Work Product |
| 149 | Mark Bernhardt | 01/31/05 | 15N38 carrier body | Greg Wolford | Pam Mellott; Ray Smigelski; Toby Dallas | Work Product |
| 150 | Mark Bernhardt | 01/31/05 | 15N38 carrier body | Toby Dallas | | Work Product |
| 151 | Sharon Sipes | 02/03/05 | Amesbury vs. Caldwell | Bob Lelio | | Work Product/Attorney Client |
| 152 | Sharon Sipes | 02/03/05 | Amesbury vs. Caldwell | Bob Lelio | | Work Product/Attorney Client |
| 153 | Toby Dallas | 02/03/05 | series 97 hybrid & ez modifications | Gerry Bennett | Peter Egberts; Doug Zinter; Curtis Levermore | Work Product |
| 154 | Toby Dallas | 02/03/05 | 15N38 carrier body | Pam Mellott; Greg Wolford; Kaye Boone | Gerry Bennett; Mark Bernhardt; Peter Egberts | Work Product |

| A | B | C | D | E | F |
|---|---|---|---|---|---|
| Author | DocDate | DocTitle | Recip | CC | Privilege |
| 155 Greg Wolford | 02/04/05 | 15N38 carrier body | Fletcher Smith; Fred Dietzel; Bill Wilhide; Jim Seville; Mike Caldwell; Ray Smigelski | | Work Product |
| 156 Greg Wolford | 02/04/05 | 15N38 carrier body | Fletcher Smith; Fred Dietzel; Bill Wilhide; Jim Seville; Mike Caldwell; Ray Smigelski | | Work Product |
| 157 Toby Dallas | 02/07/05 | Series 97 ez Gen II | Tom Batten; Jim Kellum; Rick deNormand; Doug Wegman; Doug Zinter; Bill Bumpus; Peter Egberts; Karen J. Williams; Curtis Levermore | Doug Wegman; Bill Cochrane; Greg Weston; Darren Kent; Tom Batten; Toby Dallas; Jim Kellum; Peter Egberts; Karen J. Williams; Bob Lelio | Work Product/Attorney Client |
| 158 Doug Zinter | 02/07/05 | Series 97 ez Gen II | Curtis Levermore; Steve Zumbo; Bill Bumpus; Mark Farrell; Lisa Cardilli; James Bradshaw; Joe Norton | Doug Wegman; Bill Cochrane; Greg Weston; Darren Kent; Tom Batten; Toby Dallas; Jim Kellum; Peter Egberts; Karen J. Williams; Bob Lelio | Work Product/Attorney Client |
| 159 Doug Zinter | 02/07/05 | Series 97 ez Gen II | Curtis Levermore; Steve Zumbo; Bill Bumpus; Mark Farrell; Lisa Cardilli; James Bradshaw; Joe Norton | Doug Wegman; Bill Cochrane; Greg Weston; Darren Kent; Tom Batten; Toby Dallas; Jim Kellum; Peter Egberts; Karen J. Williams; Bob Lelio | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 160 | Doug Zinter | 02/07/05 | Series 97 ez Gen II | Curtis Levermore; Steve Zumbo; Bill Bumpus; Mark Farrell; Lisa Cardilli; James Bradshaw; Joe Norton | Doug Wegman; Bill Cochrane; Greg Weston; Darren Kent; Tom Batten; Toby Dallas; Jim Kellum; Peter Egberts; Karen J. Williams; Bob Lelio | Work Product/Attorney Client |
| 161 | Doug Zinter | 02/07/05 | Series 97 ez Gen II | Curtis Levermore; Steve Zumbo; Bill Bumpus; Mark Farrell; Lisa Cardilli; James Bradshaw; Joe Norton | Doug Wegman; Bill Cochrane; Greg Weston; Darren Kent; Tom Batten; Toby Dallas; Jim Kellum; Peter Egberts; Karen J. Williams; Bob Lelio | Work Product/Attorney Client |
| 162 | Toby Dallas | 02/08/05 | Series 97 ez Gen II | Rick deNormand | | Work Product/Attorney Client |
| 163 | Bill Bumpus | 02/08/05 | Series 97 ez Gen II | Doug Zinter | Bill Cochrane; Bob Lelio; Curtis Levermore; Darren Kent; Doug Wegman; Greg Weston; James Bradshaw; Jim Kellum; Joe Norton; Karen J. Williams; Lisa Cardilli; Mark Farrell; Peter Egberts; Steve Zumbo; Toby Dallas; Tom Batten | Work Product/Attorney Client |

| | A Author | B DocDate | C DocTitle | D Recip | E CC | F Privilege |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 164 | Bill Bumpus | 02/08/05 | Series 97 ez Gen II | Doug Zinter | Bill Cochrane; Bob Lelic; Curtis Levermore; Darren Kent; Doug Wegman; Greg Weston; James Bradshaw; Jim Kellum; Joe Norton; Karen J. Williams; Lisa Cardilli; Mark Farrell; Peter Egberts; Steve Zumbo; Toby Dallas; Tom Batten | Work Product/Attorney Client |
| 165 | Bill Bumpus | 02/08/05 | Series 97 ez Gen II | Doug Zinter | Bill Cochrane; Bob Lelic; Curtis Levermore; Darren Kent; Doug Wegman; Greg Weston; James Bradshaw; Jim Kellum; Joe Norton; Karen J. Williams; Lisa Cardilli; Mark Farrell; Peter Egberts; Steve Zumbo; Toby Dallas; Tom Batten | Work Product/Attorney Client |
| 166 | Doug Zinter | 02/08/05 | Series 97 ez Gen II | Toby Dallas | | Work Product/Attorney Client |
| 167 | Doug Zinter | 02/08/05 | Series 97 ez Gen II | Toby Dallas | | Work Product/Attorney Client |
| 168 | Tom Batten | 02/09/05 | Amesbury | Chris Michaels | | Attorney Client |

| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
|---|--------|---------|----------|-------|-----|-----------|
| 169 | Tom Batten | 02/09/05 | Amesbury | Chris Michaels | | Attorney Client |
| 170 | Tom Batten | 02/09/05 | 368 & '264 Patents | Chris Michaels | | Attorney Client |
| 171 | Tom Batten | 02/09/05 | Amesbury | Karen J. Williams | | Work Product/Attorney Client |
| 172 | Mark Bernhardt | 02/10/05 | 15N27 / 28 Carrier Bodies | Greg Wolford | Bill Wilhide; Toby Dallas | Work Product/Attorney Client |
| 173 | Greg Wolford | 02/11/05 | 15N27 / 28 Carrier Bodies | Mark Bernhardt | Bill Wilhide; Toby Dallas | Work Product/Attorney Client |
| 174 | Greg Wolford | 02/11/05 | 15N27 / 28 Carrier Bodies | Toby Dallas | Bill Wilhide; Mark Bernhardt | Work Product/Attorney Client |
| 175 | Greg Wolford | 02/11/05 | 15N27 / 28 Carrier Bodies | Toby Dallas | | Work Product/Attorney Client |
| 176 | Karen J. Williams | 02/14/05 | Meeting Amesbury at WDMA | Ted Boucher; Jim Boucher; Bill Cochrane; Tom Batten; Doug Zinter; Bill Bumpus; Neal Slifkin | | Attorney Client |
| 177 | Greg Wolford | 02/15/05 | 15N27 / 28 Carrier Bodies | Toby Dallas | Mark Bernhardt | Work Product/Attorney Client |
| 178 | Sharon Sipes | 02/15/05 | Amesbury vs. Caldwell | Bob Lelio | Karen J. Williams | Work Product/Attorney Client |
| 179 | Sharon Sipes | 02/15/05 | Amesbury vs. Caldwell | Bob Lelio | Karen J. Williams | Work Product/Attorney Client |
| 180 | Wood Lynda | 02/15/05 | Tackle & Balance 1 of 3 | Toby Dallas | Gene Stephens | Attorney Client |
| 181 | Wood Lynda | 02/15/05 | Tackle & Balance 1 of 3 | Toby Dallas | Gene Stephens | Attorney Client |
| 182 | Wood Lynda | 02/15/05 | Tackle & Balance 3 of 3 | Toby Dallas | Gene Stephens | Attorney Client |
| 183 | Wood Lynda | 02/15/05 | Tackle & Balance 3 of 3 | Toby Dallas | Gene Stephens | Attorney Client |
| 184 | Wood Lynda | 02/15/05 | Tackle & Balance 2 of 3 | Toby Dallas | Gene Stephens | Attorney Client |

| 1 | A Author | B DocDate | C DocTitle | D Recip | E CC | F Privilege |
|---|---|---|---|---|---|---|
| 185 | Wood Lynda | 02/15/05 | Tackle & Balance 2 of 3 | Toby Dallas | Gene Stephens | Attorney Client |
| 186 | Stephens Gene | 02/16/05 | Ashland u.s. patent 6 622 342 | Toby Dallas | | Attorney Client |
| 187 | Stephens Gene | 02/16/05 | Ashland u.s. patent 6 622 342 | Toby Dallas | | Attorney Client |
| 188 | Tom Batten | 02/17/05 | Ashland u.s. patent 6 622 342 | Toby Dallas | Jim Kellum; Stephens Gene | Attorney Client |
| 189 | Tom Batten | 02/17/05 | Ashland u.s. patent 6 622 342 | Toby Dallas | Jim Kellum; Stephens Gene | Attorney Client |
| 190 | Tom Batten | 02/17/05 | idea for s97 | Toby Dallas | | Work Product |
| 191 | Tom Batten | 02/17/05 | idea for s97 | Toby Dallas | | Work Product |
| 192 | Tom Batten | 02/17/05 | idea for s97 | Toby Dallas | | Work Product |
| 193 | Bill Bumpus | 02/17/05 | Amesbury | Jim Boucher; Ted Boucher; Karen J. Williams; Doug Wegman; Tom Batten; Bill Cochrane; Doug Zinter | | Work Product/Attorney Client |
| 194 | Stephens Gene | 02/19/05 | Amesbury application and Ashland patents on lock shoes joined to balance channels | Tom Batten | Karen J. Williams; Toby Dallas; Mike Brown; Chris Michaels; Neal Slifkin | Attorney Client |
| 195 | Stephens Gene | 02/19/05 | Amesbury application and Ashland patents on lock shoes joined to balance channels | Tom Batten | Karen J. Williams; Toby Dallas; Mike Brown; Chris Michaels; Neal Slifkin | Attorney Client |
| 196 | Tom Batten | 02/25/05 | Gen II S/97ez Carrier | Curtis Levermore | | Work Product/Attorney Client |
| 197 | Tom Batten | 03/01/05 | 5542212 lock-knife carrier patent # | Toby Dallas | Bill Bumpus | Work Product |
| 198 | Tom Batten | 03/01/05 | 5542212 lock-knife carrier patent # | Toby Dallas | Bill Bumpus | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 199 | Stephens Gene | 03/02/05 | reply to Toby Dallas | Karen J. Williams; Toby Dallas; Mike Brown; Chris Michaels; Neal Slifkin, Tom Batten | | Attorney Client |
| 200 | Stephens Gene | 03/02/05 | reply to Toby Dallas | | | Work Product/Attorney Client |
| 201 | Bob Booth | 03/04/05 | Income Analysis for S86xt S97i (H) S97ez & QT Gen 2 | Karen J. Williams | Bob Lelio, Sharon Sipes | Work Product/Attorney Client |
| 202 | Bob Booth | 03/04/05 | Income Analysis for S86xt S97i (H) S97ez & QT Gen 2 | Karen J. Williams | Bob Lelio, Sharon Sipes | Work Product/Attorney Client |
| 203 | Bob Booth | 03/04/05 | Income Analysis for S86xt S97i (H) S97ez & QT Gen 2 | Karen J. Williams | Bob Lelio, Sharon Sipes | Work Product/Attorney Client |
| 204 | Tom Batten | 03/04/05 | RCAL 46: Slotted Inverted | Steven Scott | Jim Kellum | Attorney Client |
| 205 | Tom Batten | 03/08/05 | RCAL 46: Slotted Inverted | Steven Scott | | Attorney Client |
| 206 | Karen J. Williams | 03/10/05 | Call to Rich Koopman | Bill Bumpus | Tom Batten | Attorney Client |
| 207 | Karen J. Williams | 03/10/05 | Amesbury vs. CMC - S86xt | Tom Batten | Gerri Eagen | Attorney Client |
| 208 | Tom Batten | 03/14/05 | Amesbury vs. CMC- S86xt | Gerri Eagen | Gerri Eagen | Attorney Client |
| 209 | Tom Batten | 03/14/05 | Amesbury vs. CMC - S86xt | Gerri Eagen | | Attorney Client |
| 210 | Tom Batten | 03/16/05 | RCAL-63 | Karen J. Williams | Ted Boucher | Attorney Client |
| 211 | Knapp  Pam | 03/17/05 | Dallas proposal conclusions | Karen J. Williams; Toby Dallas; Chris Michaels; Neal Slifkin, Tom Batten | | Attorney Client |
| 212 | Knapp  Pam  <kn | 03/17/05 | Dallas proposal conclusions | Karen J. Williams; Toby Dallas; Chris Michaels; Neal Slifkin, Tom Batten | | Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 213 | Bill Bumpus | 03/18/05 | BSI | Jim Boucher; Ted Boucher; Karen J. Williams; Doug Wegman; Tom Batten; Bill Cochrane | Ted Boucher; Jim Boucher; Peter Egberts; Bob Lelio; Gerri Eagen | Work Product/Attorney Client |
| 214 | Karen J. Williams | 03/23/05 | Patent Issues | Tom Batten; Doug Wegman; Alan Lulla; Karen Thomas; Curtis Levermore | Ted Boucher; Jim Boucher; Peter Egberts; Bob Lelio; Gerri Eagen | Attorney Client |
| 215 | Karen J. Williams | 03/23/05 | Patent Issues | Tom Batten; Doug Wegman; Alan Lulla; Karen Thomas; Curtis Levermore | | Attorney Client |
| 216 | Doug Zinter | 03/28/05 | Patent Issues | Curtis Levermore | Doug Wegman | Attorney Client |
| 217 | Doug Zinter | 03/29/05 | Patent Issues | Doug Wegman | Curtis Levermore | Attorney Client |
| 218 | Tom Batten | 03/29/05 | Another Amesbury Continuation | Gene Stephens | Chris Michaels, Ted Boucher | Attorney Client |
| 219 | Tom Batten | 03/31/05 | Amesbury patent application | VP | Jim Kellum; Toby Dallas; Rick deNormand | Work Product |
| 220 | Tom Batten | 03/31/05 | Amesbury patent application | VP | Jim Kellum; Toby Dallas; Rick deNormand | Work Product |
| 221 | Tom Batten | 03/31/05 | Amesbury patent application | VP | Jim Kellum; Toby Dallas; Rick deNormand | Work Product |
| 222 | Karen J. Williams | 03/31/05 | Amesbury patent application | Tom Batten | Tom Batten | Work Product/Attorney Client |
| 223 | Toby Dallas | 03/31/05 | s97 inverted strategising | Tom Batten | Jim Kellum; Rick deNormand | Work Product |

| | A Author | B DocDate | C DocTitle | D Recip | E CC | F Privilege |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 224 | Tom Batten | 04/01/05 | Amesbury and S/97ez and S/97(h) | Doug Wegman; Doug Zinter; Curtis Levermore | Ted Boucher; Jim Kellum; Rick deNormand; Toby Dallas | Work Product |
| 225 | Tom Batten | 04/01/05 | Amesbury and S/97ez and S/97(h) | Doug Wegman; Doug Zinter; Curtis Levermore | Ted Boucher; Jim Kellum; Rick deNormand; Toby Dallas | Work Product |
| 226 | Tom Batten | 04/01/05 | Amesbury and S/97ez and S/97(h) | Doug Wegman; Doug Zinter; Curtis Levermore | Ted Boucher; Jim Kellum; Rick deNormand; Toby Dallas | Work Product |
| 227 | Tom Batten | 04/01/05 | Amesbury and S/97ez and S/97(h) | Doug Wegman; Doug Zinter; Curtis Levermore | Ted Boucher; Jim Kellum; Rick deNormand; Toby Dallas | Work Product |
| 228 | Doug Wegman | 04/01/05 | Amesbury and S/97ez and S/97(h) | Tom Batten | Curtis Levermore; Doug Zinter; Bill Cochrane; Ted Boucher | Work Product |
| 229 | Tom Batten | 04/05/05 | Andersen and S/86xt | Bill Bumpus; Doug Zinter | Tom Fening; Bill Cochrane | Work Product |
| 230 | Tom Batten | 04/06/05 | WDMA Technical Conference | Bill Bumpus | Pat Milligan | Work Product |
| 231 | Doug Zinter | 04/07/05 | Series 97ez & 97(h) / patent issues | Tom Batten; Toby Dallas | Curtis Levermore; Darren Kent; Tom Fening | Work Product |
| 232 | Doug Zinter | 04/07/05 | Series 97ez & 97(h) / patent issues | Tom Batten; Toby Dallas | Curtis Levermore; Darren Kent; Tom Fening | Work Product |
| 233 | Tom Batten | 04/08/05 | S86XT 15R501 End Carriage | Karen Thomas | Alan Lulla; Peter Egberts | Work Product |
| 234 | Tom Batten | 04/12/05 | Andersen | Tom Fening | | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 235 | Tom Batten | 04/13/05 | RCAL-69 | Doug Zinter | Jim Kellum | Work Product/Attorney Client |
| 236 | Tom Batten | 04/13/05 | RCAL-69 | Doug Zinter | Jim Kellum | Work Product/Attorney Client |
| 237 | Rick deNormand | 04/14/05 | 97ih | Pam Mellott; B.J. Mihalyi; Fletcher Smith; Doug Zinter | | Work Product |
| 238 | Rick deNormand | 04/14/05 | 97ih | Pam Mellott; B.J. Mihalyi; Fletcher Smith; Doug Zinter | Ted Boucher; Doug Zinter | Work Product |
| 239 | Tom Batten | 04/22/05 | Amesbury continuation strategy | Gene Stephens | | Attorney Client |
| 240 | Tom Batten | 04/25/05 | Amesbury Case | Neal Slifkin | Paul Yesawich | Attorney Client |
| 241 | Tom Batten | 04/25/05 | Amesbury Case | Neal Slifkin | Paul Yesawich | Attorney Client |
| 242 | Tom Batten | 04/26/05 | Amesbury suit | Doug Zinter; Curtis Levermore | Tom Fening | Work Product |
| 243 | Doug Zinter | 04/26/05 | Amesbury suit | Tom Batten | Curtis Levermore; Tom Fening | Work Product |
| 244 | Tom Batten | 04/28/05 | Quick-Tilt / BSI litigation | Doug Zinter | Bill Bumpus; Bill Cochrane; Ted Boucher | Work Product |
| 245 | Tom Batten | 04/28/05 | Quick-Tilt / BSI litigation | Doug Zinter | Bill Bumpus; Bill Cochrane; Ted Boucher | Work Product |
| 246 | Mark Farrell | 05/10/05 | 97d/ samples | Toby Dallas | | Work Product |
| 247 | Tom Batten | 05/13/05 | Amesbury litigation | VP | | Work Product/Attorney Client |
| 248 | Tom Batten | 05/13/05 | Amesbury litigation | Bill Bumpus | | Work Product/Attorney Client |
| 249 | Tom Batten | 05/16/05 | Amesbury | Mark Murphy | | Work Product |
| 250 | Tom Batten | 05/16/05 | Ashland | VP | | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 251 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 252 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 253 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 254 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 255 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 256 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 257 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 258 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 259 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 260 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |
| 261 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - Alii, Jackson - Alii; Williamsport - All | | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 262 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - All; Williamsport - All | | Work Product |
| 263 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - All; Williamsport - All | | Work Product |
| 264 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - All; Jackson - All; Williamsport - All | | Work Product |
| 265 | Tom Batten | 05/19/05 | Amesbury patent litigation | Rochester - All; Jackson - All; Williamsport - All | | Work Product |
| 266 | Tom Batten | 05/19/05 | Amesbury patent litigation | Donna Hadfield | | Work Product |
| 267 | Tom Batten | 05/19/05 | Amesbury patent litigation | Donna Hadfield | | Work Product |
| 268 | Tom Batten | 05/19/05 | Amesbury patent litigation | Donna Hadfield | | Work Product |
| 269 | Donna Hadfield | 05/19/05 | Amesbury patent litigation | Tracy Staelens | | Work Product |
| 270 | Donna Hadfield | 05/19/05 | Amesbury patent litigation | Tracy Staelens | | Work Product |
| 271 | Donna Hadfield | 05/19/05 | Amesbury patent litigation | Tracy Staelens | | Work Product |
| 272 | Tom Batten | 05/19/05 | Amesbury patent litigation | Donna Hadfield | | Work Product |
| 273 | Tom Batten | 05/19/05 | Amesbury patent litigation | Donna Hadfield | Tracy Staelens | Work Product |
| 274 | Donna Hadfield | 05/19/05 | Amesbury patent litigation | Tom Batten | Tracy Staelens | Work Product |
| 275 | Donna Hadfield | 05/19/05 | Amesbury patent litigation | Tom Batten | Tracy Staelens | Work Product |
| 276 | Donna Hadfield | 05/19/05 | Amesbury patent litigation | Tom Batten | Tracy Staelens | Work Product |
| 277 | Tracy Staelens | 05/19/05 | Amesbury patent litigation | Tom Batten | Donna Hadfield | Work Product |
| 278 | Tracy Staelens | 05/19/05 | Amesbury patent litigation | Tom Batten | Donna Hadfield | Work Product |
| 279 | Tracy Staelens | 05/19/05 | Amesbury patent litigation | Tom Batten | Donna Hadfield | Work Product |
| 280 | Tom Batten | 05/19/05 | Andersen and the 264 patent | Neal Slifkin | Donna Hadfield | Attorney Client |
| 281 | Tom Batten | 05/19/05 | Andersen and the '264 patent | Neal Slifkin | | Attorney Client |
| 282 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt S97i (H) S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |
| 283 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt S97i (H) S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 284 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt  S97i  (H)  S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |
| 285 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt  S97i  (H)  S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |
| 286 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt  S97i  (H)  S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |
| 287 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt  S97i  (H)  S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |
| 288 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt  S97i  (H)  S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |
| 289 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt  S97i  (H)  S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |
| 290 | Sharon Sipes | 05/19/05 | Income Analysis for S86xt  S97i  (H)  S97ez & QT Gen 2 | Bob Lelio | | Work Product/Attorney Client |
| 291 | Tom Batten | 05/20/05 | Amesbury | Bill Cochrane | | Work Product |
| 292 | Tom Batten | 05/20/05 | Andersen 200 | Tom Fening | | Work Product |
| 293 | Tom Batten | 06/01/05 | Amesbury proposal | Paul Yesawich | | Attorney Client/Work Product |
| 294 | Gina Adams | 06/03/05 | Document Retention Alert | Numerous Caldwell Employees | Laura Smalley, Tom Batten | Work Product/Attorney Client |
| 295 | Gina Adams | 06/03/05 | Document Retention Alert | Numerous Caldwell Employees | Laura Smalley, Tom Batten | Attorney Client |
| 296 | Tom Batten | 06/03/05 | Document Retention Alert | Rochester - All; Jackson - All; Williamsport - All | | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 297 | Tom Batten | 06/03/05 | Document Retention Alert | Rochester - All; Williamsport - All; Jackson - All | | Work Product |
| 298 | Tom Batten | 06/03/05 | Document Retention Alert | Rochester - All; Williamsport - All; Jackson - All | | Work Product |
| 299 | Tom Batten | 06/03/05 | Document Retention Alert | Rochester - All; Williamsport - All; Jackson - All | | Work Product |
| 300 | Tom Batten | 06/03/05 | Document Retention Alert | Rochester - All; Williamsport - All; Jackson - All | | Work Product |
| 301 | Tom Batten | 06/03/05 | Document Retention Alert | Rochester - All; Williamsport - All; Jackson - All | | Work Product |
| 302 | Tom Batten | 06/03/05 | Document Retention Alert | Rochester - All; Williamsport - All; Jackson - All | | Work Product |
| 303 | Tom Batten | 06/03/05 | Document Retention Alert | Rochester - All; Williamsport - All; Jackson - All | | Work Product |
| 304 | Nicole Jacobs | 06/03/05 | Document Retention Alert | Jackson - All | Montie Watson | Work Product |
| 305 | Nicole Jacobs | 06/03/05 | Document Retention Alert | Jackson - All | Montie Watson | Work Product |
| 306 | Tom Batten | 06/06/05 | (H) S97ez & QT Gen 2 Income Analysis for S86xt  S97i | Bob Lelio | | Work Product |
| 307 | Tom Batten | 06/06/05 | (H) S97ez & QT Gen 2 Income Analysis for S86xt  S97i | Bob Lelio | | Work Product |
| 308 | Tom Batten | 06/06/05 | (H) S97ez & QT Gen 2 Income Analysis for S86xt  S97i | Bob Lelio | | Work Product |
| 309 | Tom Batten | 06/06/05 | Amesbury Case | Jim Kellum; Rick deNormand | | Work Product |
| 310 | Rick deNormand | 06/06/05 | Amesbury Case | Jim Kellum | | Work Product |
| 311 | Rick deNormand | 06/06/05 | Amesbury Case | Jim Kellum | | Work Product |
| 312 | Miguel Anaya | 06/06/05 | Document Retention Alert | Gina Adams | Various Caldwell Employees | Attorney Client |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 313 | Tom Batten | 06/07/05 | Andersen Series 200 Window | Neal Slifkin | | Attorney Client |
| 314 | Tom Batten | 06/07/05 | Andersen Series 200 Window | Neal Slifkin | | Attorney Client |
| 315 | Tom Batten | 06/09/05 | Series 86xt | Chris Michaels | | Attorney Client |
| 316 | Neal L. Slifkin | 06/09/05 | Andersen Series 200 Window | Tom Batten | | Attorney Client |
| 317 | Tom Batten | 06/10/05 | QT*eg | Jim Kellum | | Work Product |
| 318 | Tom Batten | 06/10/05 | QT*eg | Curtis Levermore | Curtis Levermore | Work Product |
| 319 | Tom Batten | 06/10/05 | QT*eg | Curtis Levermore | Doug Zinter; Jim Kellum; Ted Boucher | Work Product |
| 320 | Rob Lucci | 06/13/05 | Document Retention Alert | Jim Kellum | Doug Zinter; Jim Kellum; Ted Boucher | Work Product |
| 321 | Donna Hadfield | 06/16/05 | Document Retention Alert | Tom Batten | Tracy Staelens | Work Product |
| 322 | Donna Hadfield | 06/16/05 | Document Retention Alert | Tom Batten | Tracy Staelens | Work Product |
| 323 | Donna Hadfield | 06/16/05 | Document Retention Alert | Tom Batten | Tracy Staelens | Work Product |
| 324 | Tom Batten | 06/16/05 | Series 86xt | Chris Michaels | | Attorney Client |
| 325 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 326 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 327 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 328 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 329 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 330 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 331 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 332 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 333 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 334 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 335 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 336 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 337 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 338 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 339 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 340 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 341 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |
| 342 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All;<br>Williamsport - All;<br>Jackson - All; Juarez | | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 343 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 344 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 345 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 346 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 347 | Tom Batten | 06/16/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 348 | Tom Batten | 06/17/05 | Series 86xt | Chris Michaels | | Attorney Client |
| 349 | Donna Hadfield | 06/17/05 | Amesbury Case | Toby Dallas | Tom Batten | Work Product |
| 350 | Donna Hadfield | 06/17/05 | Amesbury Case | Toby Dallas | Tom Batten | Work Product |
| 351 | Donna Hadfield | 06/17/05 | Amesbury Case | Toby Dallas | Tom Batten | Work Product |
| 352 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 353 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 354 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 355 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 356 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Author | DocDate | DocTitle | Recip | CC | Privilege |
| 357 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 358 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 359 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 360 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 361 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 362 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 363 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 364 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 365 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 366 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |
| 367 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - All; Williamsport - All; Jackson - All; Juarez | | Work Product |

| | A Author | B DocDate | C DocTitle | D Recip | E CC | F Privilege |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 368 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - Ali; Williamsport - Ali; Jackson - Ali; Juarez | | Work Product |
| 369 | Tom Batten | 06/20/05 | Amesbury Case | Rochester - Ali; Williamsport - Ali; Jackson - Ali; Juarez | | Work Product |
| 370 | Donna Hadfield | 06/20/05 | Amesbury Case | Rochester - Ali; Williamsport - Ali; Jackson - Ali; Juarez | | Work Product |
| 371 | Donna Hadfield | 06/21/05 | Amesbury Case | Rochester - Ali; Jackson - Ali; Williamsport - Ali; Juarez | | Work Product |
| 372 | Jim Kellum | 06/22/05 | Amesbury Case | Rick deNormandi; Rob Lucci; Alan Jakus; Gordon Merkel | | Work Product |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

    v.

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

Civil Action No. 05-10020-DPW

## AMESBURY'S MOTION TO COMPEL DISCOVERY

# EXHIBIT 8

# GOODWIN | PROCTER

Jordan M. Singer
617.570.1096
jsinger@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T 617.570.1000
F: 617.523.1231

November 22, 2005

**By Facsimile and First Class Mail**

Laura W. Smalley, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re: ***Amesbury Group, Inc. et al. v. Caldwell Manufacturing Co.,***
     **U.S. District Court, D. Mass., Case No. 05-10020-DPW**

Dear Laura:

I write with respect to numerous deficiencies in Caldwell's privilege log, which we received on November 18. I ask that Caldwell address these deficiencies in a revised privilege log no later than November 29, 2005.

First, although Caldwell makes numerous claims of attorney-client privilege, Caldwell does not identify any individual as an attorney in its privilege log. Without this information, neither plaintiffs nor the Court can readily ascertain whether a communication is in fact subject to the protection of the attorney-client privilege. Please amend the privilege log to identify each attorney, as well as the firm or company for which he or she works.

Second, and similarly, Caldwell's privilege log contains no information on the position or employer of any of the individuals listed. There are several persons listed in the log whose names are unknown to Amesbury. At minimum, Caldwell must amend its log to identify the employer (and position or title) of each individual listed in the log.

Third, Caldwell takes the position that nearly every document listed in its log is covered by the work product doctrine. This cannot be the case. The work product doctrine offers limited protection for documents "prepared for litigation or for trial by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3). The doctrine is limited to documents specifically prepared in anticipation of litigation or trial, not documents prepared or circulated in the ordinary course of business. *See, e.g., In re Raytheon Sec. Litig.*, 218 F.R.D. 354, 359 (D. Mass. 2003) ("In limiting work product to materials prepared 'in anticipation of litigation,' the drafters of Rule 26(b)(3) excluded from the rule's protection '[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for

GOODWIN | PROCTER

Laura W. Smalley, Esq.
November 22, 2005
Page 2

other non-litigation purposes.'"").  Given these clear limitations, the vast majority of the documents withheld by Caldwell plainly do not enjoy work product immunity.  For example:

- Document Nos. 2, 5-6, 8-11, 15-19, 23-27, 35-38, 44, 46-50, 52-53, 58, 62-64, 66, 68, 78-87, 89-94, 96-103, and 109-117 all claim work product immunity for documents generated and circulated before this litigation was ever commenced.  Many of these documents were generated and circulated years before Amesbury was awarded or acquired the patents-in-suit, and/or years before Caldwell began developing, marketing or selling its accused products.  Accordingly, there is no basis to assert that Caldwell prepared the documents in anticipation of litigation or trial, and the documents should be produced.

- Many of documents dated after the commencement of this litigation (and indeed, many dated earlier) appear to have been generated in the ordinary course of business, and would not be entitled to work product immunity.  These documents include, without limitation, Document Nos. 122-123126-127, 129-150, 153-167, 172-175, 177, 190-192, 196-198, 229-238, 246, 250, 282-290, 292, 306-308, and 317-319.  Please produce these documents immediately, as well as all others listed on Caldwell's log that were not specifically prepared in anticipation of litigation or trial.

Fourth, because Caldwell does not provide a "description" category on its log, the substance of the documents withheld is not clear.  As but one example, Caldwell lists Document No. 2 as "Window & Door Magazine."  Is that the title of the document or its source?  And what is Caldwell's basis for withholding that document?  Surely Caldwell is not asserting privilege for a publicly available magazine.  Once Caldwell has culled its privilege log to documents that truly are privileged or subject to work product immunity, please insert a new column in the log to provide a description of documents withheld.

Finally, a great many entries in Caldwell's log claim attorney/client privilege for documents even though no attorney is listed as the source or a recipient.  For example, Document Nos. 109-117, all of which are communications strictly between Rick deNormand and Tom Batten, claim attorney-client privilege.  Caldwell has provided no basis for that claim, or for the identical claim on many similar documents on the log.  All such documents should be produced immediately.

# GOODWIN | PROCTER

Laura W. Smalley, Esq.
November 22, 2005
Page 3


In light of the foregoing, please submit a revised privilege log no later than the close of business on November 29, 2005. At the same time, please confirm in writing that Caldwell will produce previously withheld non-privileged documents by December 2, 2005.

Sincerely yours,

Jordan M. Singer


cc:     Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.