IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,
                    Plaintiffs,

vs.                                                Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,
                    Defendant.

## CALDWELL'S MOTION TO COMPEL DOCUMENTS

This is a patent infringement case. Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively "Amesbury") have sued the Caldwell Manufacturing Company ("Caldwell") alleging infringement of three Amesbury patents with questionable basis. Amesbury has refused to comply with a number of Caldwell's outstanding document demands, objecting on the basis that the requests call for documents not relevant or reasonably calculated to lead to discovery of admissible evidence, or that such documents have not been thus far located.

Clearly, Amesbury's refusal to produce the requested documents is unjustified. Accordingly, the Court should order Amesbury to produce the requested documents, and not allow Amesbury to circumvent its obligations to provide discovery by its refusal to do so.

### A.    Amesbury Has Failed to Produce the Requested Documents

On or about May 31, 2005, Caldwell served its First Set of Document Requests ("Document Requests") on Amesbury. (Slifkin Dec., Exh. "A"). Despite evidence that some of the requested documents exist, Amesbury has repeatedly refused to produce a significant portion of the requested documents, objecting on the basis that the Document Request calls for

documents which are not relevant or reasonably calculated to lead to discovery of admissible evidence, or that such documents have not been thus far located.

The formal document requests with which Amesbury has not complied include the following:

- Request Nos. 51-55 request documents relating to the secondary considerations of non-obviousness. Amesbury has apparently produced only a portion of the responsive documents, and has objected to this request on the basis that this request calls for documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

- Request No. 76 seeks for each patented Amesbury product, electronic data sufficient to completely reconstruct all purchase orders and any invoices concerning any such product. Although Richard Koopmann testified at his 30(b)(6) deposition on that the data exists, to date Amesbury has produced no electronic data in this case.

- Request No. 79 seeks for each patented Amesbury product all documents concerning the gross profit, net income, net profit/net income before taxes on each such product. Amesbury has produced a small number of spreadsheets which relate to this request. However, Mr. Koopmann testified that Amesbury has in its possession supporting detail and voluminous records concerning these items.

- Request No. 80 seeks for each patented Amesbury product, all documents concerning the cost of goods, costs of sales, costs of development, fixed costs, or variable costs for each product. Again, Amesbury has produced a small number of spreadsheets, but has failed to respond fully to the request.

- Request No. 81 seeks for each patented Amesbury product, all documents concerning the cost of developing the capacity to make, sell, or import such product. No responsive documents have been produced.

- Request No. 85 seeks all documents concerning the market share of each patented Amesbury or accused Caldwell product. No responsive documents have been produced.

- Request No. 91 seeks all documents that reflect the rate at which Amesbury pays interest on incurred debts. No responsive documents have been produced.

Slifkin Decl. ¶5.

Amesbury has also failed to comply with document requests made during the depositions of Amesbury's witnesses, all of which were within the scope of documents formally requested by Caldwell, but which Amesbury had evidently overlooked. Those requests include:

- On November 2, 2005, Caldwell requested: (1) copies of invoices which Amesbury retained in CD form; (2) a copy of an Exhibit in electronic format; (3) paper reports located in Amesbury's "Hawaii Room"; (4) a costing sheet showing the cost for the 156 series balance; and (5) a document relating to the Omega profits and losses, showing information such as PBIT and sales revenues. Despite testimony that such documents likely existed in Amesbury's possession, no such documents have been produced.

- On October 18, 2005, Caldwell requested: (1) Anderson 728; the fourth item on page 3 of a particular exhibit, as well as any other design activity lists or documents relating to the Anderson 700 series products; (2) other design activity lists; (3) documentation of payments to Fastek for production of tooling; (4) shipping documents indicating Fastek had shipped Amesbury a prototype; and (5) an invoice corresponding to

3

Exhibit 21, a build order for products for Anderson. Despite testimony that such documents likely existed in Amesbury's possession, no such documents have been produced.

On November 21, 2005, Caldwell advised Amesbury's of the deficiencies in its document production, and requested that, in order to avoid an unnecessary motion to compel, Amesbury full comply with Caldwell's outstanding Document Requests. Slifkin Decl. ¶6.

On November 22, 2005, Amesbury responded, reiterating its objections to Caldwell's formal document demands, and indicating that some further documents would be made available. Despite Amesbury's representations that additional responsive documents would be produced, no such documents have been produced to Caldwell. Slifkin Decl. ¶¶7, 8.

On November 29, 2005, Caldwell reminded Amesbury of its outstanding requests for documents identified at depositions, and requesting that Amesbury forward such documents the following day in order to avoid a motion to compel. On November 30, 2005, Amesbury responded, stating that it had "produced" many of the requested documents the day before, and was in the process of locating additional documents. However, Caldwell has no record reflecting receipt of such records from Amesbury. Slifkin Decl. ¶¶ 9-11.

B.  **Amesbury Should Be Compelled to Produce the Requested Documents**

The Court should compel Amesbury to produce the requested documents. Amesbury's attempt to withhold documents on the basis that some of the Document Requests, which are narrowly tailored to lead to the discovery of evidence relating to the claims and defenses in this action, call for irrelevant documents, is simply improper. See generally Fed. R. Civ. Proc. 37 (describing sanctions for evasive or incomplete disclosure). Furthermore, Amesbury has provided no grounds whatsoever to justify its withholding of the majority of the documents

sought herein. It is clear that Caldwell is entitled to discovery of the requested documents, and that Amesbury's objections are meritless.

Moreover, even if Amesbury was entitled to limit its production of the requested documents, it waived any objection by failing to obtain a protective order. See generally Fed. R. Civ. Proc. 26(c).

## CONCLUSION

For the foregoing reasons, Caldwell's motion to compel should be granted in all respects, and Caldwell should also be entitled to additional relief as the Court deems just and proper.

Dated: November 30, 2005

HARRIS BEACH PLLC

By:   /s/ Neal L. Slifkin
Paul J. Yesawich, III
Neal L. Slifkin
David J. Edwards
Laura W. Smalley
*Attorneys for Defendant*
99 Garnsey Road
Pittsford, New York 14534
Telephone: 585-419-8800

-and-

David E. Lurie, BBO# 542030
Thomas E. Lent, BBO# 644970
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Telephone: 617-367-1970

HBROC-#20341-v1-Motion_to_Compel_Documents.DOC
11/30/2005 4:15:33 PM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

                Plaintiffs,

vs.                                    Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

                Defendant.

## CERTIFICATE OF COMPLIANCE
### (Local Rule 7.1(A)(2)

I, Neal L. Slifkin, attorney for the defendant The Caldwell Manufacturing Company in the above captioned action, hereby certify that on November 21, 2005 and November 29, 2005, I wrote counsel for the plaintiffs and requested that they fully comply with the defendant's outstanding demands for documents, which is the relief sought in Defendant's Motion to Compel, filed today, November 30, 2005.

Respectfully submitted,

THE CALDWELL MANUFACTURING
COMPANY,

By its attorneys,

/s/ Neal J. Slifkin
Paul J. Yesawich, III
Neal J. Slifkin
David J. Edwards
Laura M. Smalley
Harris Beach
99 Garnsby Road,
Pittsford, NY 14534
Tel: 585-419-8800

- and -

|  |  |
|---|---|
|  | David E. Lurie (BBO #542030) |
|  | Thomas E. Lent (BBO #644970) |
|  | Lurie & Krupp, LLP |
|  | One McKinley Square |
|  | Boston, MA 02109 |
| Dated: November 30, 2005 | Tel: 617-367-1970 |

HBROC-#20496-v1-Certificate_of_Compliance_for_Motion_to_Compel.DOC
11/30/2005 3:43:44 PM