IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

Plaintiffs,

vs.                                                          Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

Defendant.

---

NEAL L. SLIFKIN, under penalty of perjury, declares as follows:

1.    I am a member of HARRIS BEACH PLLC, one of the attorneys for the defendant CALDWELL MANUFACTURING COMPANY ("Caldwell") in this action.    I submit this declaration in support of Caldwell's motion to compel plaintiffs the Amesbury Group, Inc. and Amesbury Springs Ltd.'s (collectively "Amesbury") to produce certain documents in response to a host of outstanding demands by Caldwell.

2.    Attached as Exhibit "A" is a true and correct copy of Caldwell's First Set of Document Requests To Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd. ("Document Request").

3.    Attached as Exhibit "B" is a true and correct copy of Amesbury's Objections and Responses To Caldwell's First Set of Document Requests.

4.    Despite evidence that some of the requested documents exist, Amesbury has repeatedly refused to produce the requested documents, objecting on the basis that the Document Request calls for documents which are not relevant or reasonably calculated to lead to discovery of admissible evidence.

5.    The formal document requests with which Amesbury has not complied include the following:

- Request Nos. 51-55 request documents relating to the secondary considerations of non-obviousness. Amesbury has apparently produced only a portion of the responsive documents, and has objected to this request on the basis that this request calls for documents which are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

- Request No. 76 seeks for each patented Amesbury product, electronic data sufficient to completely reconstruct all purchase orders and any invoices concerning any such product. Although Richard Koopmann testified at his 30(b)(6) deposition on that the data exists, to date Amesbury has produced no electronic data in this case.

- Request No. 79 seeks for each patented Amesbury product all documents concerning the gross profit, net income, net profit/net income before taxes on each such product. Amesbury has produced a small number of spreadsheets which relate to this request. However, Mr. Koopmann testified that Amesbury has in its possession supporting detail and voluminous records concerning these items.

- Caldwell's Request No. 80 seeks for each patented Amesbury product, all documents concerning the cost of goods, costs of sales, costs of development, fixed costs, or variable costs for each product. Again, Amesbury has produced a small number of spreadsheets, but has failed to respond fully to the request.

- Request No. 81 seeks for each patented Amesbury product, all documents concerning the cost of developing the capacity to make, sell, or import such product. No responsive documents have been produced.

- Request No. 85 seeks all documents concerning the market share of each patented Amesbury or accused Caldwell product. No responsive documents have been produced.

- Request No. 91 seeks all documents that reflect the rate at which Amesbury pays interest on incurred debts. No responsive documents have been produced.

Amesbury has also failed to comply with document requests made during the depositions of Amesbury's witnesses, all of which were within the scope of documents formally requested by Caldwell, but which Amesbury had evidently overlooked. Those requests include:

- On November 2, 2005, Caldwell requested: (1) copies of invoices which Amesbury retained in CD form; (2) a copy of an Exhibit in electronic format; (3) paper reports located in Amesbury's "Hawaii Room"; (4) a costing sheet showing the cost for the 156 series balance; and (5) a document relating to the Omega profits and losses, showing information such as PBIT and sales revenues. Despite testimony that such documents likely existed in Amesbury's possession, no such documents have been produced.

- On October 18, 2005, Caldwell requested: (1) Anderson 728; the fourth item on page 3 of a particular exhibit, as well as any other design activity lists or documents relating to the Anderson 700 series products; (2) other design activity lists; (3) documentation of payments to Fastek for production of tooling; (4) shipping documents indicating Fastek had shipped Amesbury a prototype; and

(5) an invoice corresponding to Exhibit 21, a build order for products for Anderson. Despite testimony that such documents likely existed in Amesbury's possession, no such documents have been produced.

6.       On November 21, 2005 I wrote to Amesbury's counsel, Jordan M. Singer, Esq., via facsimile, advising him of the deficiencies in Amesbury's document production, requesting that Amesbury full comply with Caldwell's outstanding document requests in order to avoid unnecessary motion practice, and noting that I otherwise would file a motion to compel on November 29, 2005. Attached as Exhibit "C" is a true and correct copy of my facsimile.

7.       On November 22, 2005, I received a response from Mr. Singer via facsimile, reiterating Amesbury's objections and indicating that some further documents would be made available. Attached as Exhibit "D" is a true and correct copy of Mr. Singer's facsimile.

8.       Despite Amesbury's representations that additional responsive documents would be produced, no such documents have been produced to Caldwell.

9.       On November 29, 2005, I sent a facsimile to Mr. Singer, reminding Amesbury of its outstanding requests for documents identified at depositions, attaching a spreadsheet describing those requests, and requesting that Amesbury forward such documents the following day in order to avoid a motion to compel. Attached as Exhibit "E" is a true and correct copy of that facsimile.

10.      On November 30, 2005, I received a facsimile from Safraz W. Ishmael, in response to my November 29, 2005 facsimile. That correspondence stated that Amesbury had "produced" many of the requested documents the day before, and was in the process of locating additional documents. Attached as Exhibit "F" is a true and correct copy of that facsimile.

11.    However, I have no record of receiving any of the documents sought herein from Amesbury on November 29, 2005, or on any prior day.

**WHEREFORE,** for the foregoing reasons, Caldwell's motion to compel should be granted in all respects, and Caldwell should also be entitled to additional relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on November 20, 2005.

s/Neal L. Slifkin_____<br/>NEAL L. SLIFKIN

HBROC-#20340-v1-Slifkin_Declaration_in_Support_of_Motion_to_Compel_Documents.DOC
11/30/2005 3:20:38 PM

HARRIS BEACH ᴾᴸᴸᶜ
ATTORNEYS AT LAW

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC. and
AMESBURY SPRINGS LTD.,

                Plaintiffs,

      v.                                Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

                Defendant.

---

## CALDWELL'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFFS AMESBURY GROUP, INC., and AMESBURY SPRINGS LTD.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Caldwell Manufacturing Company ("Caldwell") requests that Plaintiffs Amesbury Group, Inc. ("A.G.I.") and Amesbury Springs LTD. ("A.S.L.") (collectively "Amesbury") produce the following documents within thirty (30) days of the service of this request. The documents are requested to be produced at the offices of Harris Beach PLLC, 99 Garnsey Road, Rochester, New York 14534.

### DEFINITIONS AND INSTRUCTIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

        1.      As used herein, "Accused Caldwell Products" means all Caldwell products, devices, systems, processes and services that Amesbury alleges infringe the "Patents-In-Suit" (i.e., the products, devices, systems, processes and services of which identification is requested in Caldwell's Interrogatory No. 1).

2.     As used herein, "Patents-In-Suit" shall mean U.S. Patent Nos. 5,365,638, 6,598,264 and 6,820,368.

3.     As used herein, "all" and "each" shall be construed as "all and each."

4.     As used herein, the connectives "and" and "or" shall be construed either as disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside its scope.

5.     As used herein, "Asserted Amesbury Claims" means all claims of the Patents-In-Suit that Amesbury alleges are infringed by any of the Accused Caldwell Products (i.e., the claims of which identification is requested in Caldwell's Interrogatory No. 2).

6.     As used herein, "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.     As used herein, "concerning" means relating to, referring to, describing, evidencing or constituting.

8.     As used herein, "counterclaim" means all counterclaims asserted in Caldwell's Answer to Amesbury's Complaint.

9.     As used herein, "counterparts" of a patent or patent application means any and all parents, continuations, continuations-in-part, divisions, reexaminations, reissues, inventors certificates, provisional applications, and any other applications or patents claiming the benefit of any filing date claimed by the patent or patent application, whether or not abandoned or issued. The foregoing includes United States and foreign patents and patent applications unless the specific discovery request expressly states otherwise.

10.     As used herein, "document" generally includes, without limitation, originals, masters and every non-identical copy of any written, recorded, transcribed, typed, audio, graphic, or

photographic matter, however produced, reproduced, or stored, including but not limited to electronic files, microfilm of any kind or nature, recordings (tape, disc, or other) of oral communications, and other data compilations from which information can be obtained, and all things and matters encompassed, defined, or listed in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001, and all advertisements, agreements, analyses, announcements, articles, audiotapes, bills, binaries, block diagrams, blueprints, books, books of account, brochures, bulletins, calendars, canceled or uncanceled checks, catalogs, charts, circuit schematics, circulars, communications, compilations, computer programming code, contracts, correspondence, data compilations, data sheets, databases, diaries, emails, engineering drawings, evaluations, file labels, files, flow diagrams, flow sheets, formal or informal drawings or diagrams, graphs, hardware description language, interoffice communications, invoices, ledgers, letters, literature, manuals, maps, measurements, mechanical and electronic sound records, memoranda, microcode, minutes, models, notebooks (including but not limited to lab notebooks), notes, order papers, orders, periodicals, pictures, placards, posters, price lists, procedures, recordings, records (including but not limited to research and development records, regulatory compliance records, production records, and records of the sales, marketing, administration, management, patent, and legal departments), reports, schedules, simulations, specifications, statements, studies, summaries, tables, tapes, telegrams, teletypes, tests, transcripts, videotapes, vouchers, and working papers, translated if necessary by Amesbury through detection devices into reasonably usable form.

11.     As used herein, "identify" when used with respect to a person means to give to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has

been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12.    As used herein, "identify" when used with respect to documents means to give to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the documents; and (iv) author(s), addressee(s) and recipients(s).

13.    As used herein, "identify" when used with respect to things other than documents means to give, to the extent known, a description of the thing requested, including but not limited to, any and all product names, numbers, codes and other designations (both those used internally within Amesbury and those used externally in sales, marketing and other commercial activities) and an explanation of each such name, number, code and other designation.

14.    As used herein, "identify," when used with respect to prior art, means the following: Each prior art patent should be identified by its patent number, country of origin and date of issue. Each prior art publication should be identified by its title, date of publication, and where feasible, author and publisher. Prior uses, offers for sale or sales should be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identities of the person(s) and entities which made the use or which made and received the offer, or the person(s) and entities which made the information known and to whom it was made known. Prior art under 35 U.S.C. § 102(f) should be identified by identifying the person(s) from whom and the circumstances under which, the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) should be identified by identifying the prior inventors, their dates of invention and the circumstances surrounding the making of their invention.

15.    As used herein, "identify", when used with respect to an activity or event, means to give the date, participants and nature of the activity or event.

16.    As used herein, "infringe", "infringed" or "infringement" means all categories of infringement under 35 U.S.C. § 271, including direct infringement, contributory infringement and inducement of infringement.

17.    As used herein, "Patented Amesbury Products" means any product, device, system, process or service (excluding the Accused Caldwell Products): (i) the manufacture, use or sale of which is covered by the Patents-In-Suit, including without limitation those products, devices, systems, processes or services that when used or made, incorporate, embody or practice the subject matter of the Asserted Amesbury Claims; (ii) that is marked with any of the patent numbers of the Patents-In-Suit or counterparts thereof; or (iii) that is licensed under any one or more of the Patents-In-Suit or counterparts thereof.

18.    As used herein, "person" is defined as any natural person, or any business, legal or governmental entity or association.

19.    As used herein, "Amesbury" means Amesbury Group, Inc., Amesbury Springs LTD., separately and collectively, and their officers, directors, employees, partners, subsidiaries, corporate parents, affiliates and divisions.

20.    The use of the singular form of any word includes the plural and vice versa.

21.    Where Amesbury does not provide an answer to any request, or part of any request, in whole or in part, or does not produce any related responsive document or thing, on the basis of an assertion of privilege:

(a)    Amesbury shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b)    Amesbury shall provide the following information in the objection, unless to divulge such information would cause disclosure of the allegedly privileged information:

(c)    For documents: (i) the type of document, <u>e.g.</u>, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(d)    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

22.    In responding to requests, identify documents known to Amesbury regardless of whether they are presently in the direct custody or control of Amesbury or no longer exist.

23.    In the event that Amesbury objects to any request or part thereof, Amesbury is requested to answer all parts of such request to which such objection does not apply.

24.    These requests are continuing so as to require supplemental responses by Amesbury in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

### REQUEST NO. 1

All documents concerning Amesbury's allegations that the Accused Caldwell Products infringe any of the three Patents-In-Suit.

### REQUEST NO. 2

All documents which support or form the basis for the allegations of infringement in paragraphs 10, 19 and 29 of Amesbury's Complaint in this action.

### REQUEST NO. 3

All documents and things concerning any Accused Caldwell Product.

**REQUEST NO. 4**

   All documents and things concerning any evaluation, analysis, test or other compilation of data used to determine whether any Accused Caldwell Product falls within the scope of any claim of the three Patents-In-Suit.

**REQUEST NO. 5**

   All documents concerning the decision to bring the present action against Caldwell.

**REQUEST NO. 6**

   All documents concerning Amesbury's first awareness of each of the Accused Caldwell Products.

**REQUEST NO. 7**

   All documents concerning Amesbury's first awareness that each of the Accused Caldwell Products infringe or allegedly infringe one or more of the Patents-In-Suit.

**REQUEST NO. 8**

   All A.G.I. or A.S.L board of directors meeting minutes concerning the Patents-In-Suit or any alleged patent infringement by Caldwell.

**REQUEST NO. 9**

   All documents and things concerning any communication with A.G.I.'s or A.S.L.'s board of directors concerning the Patents-In-Suit or any alleged patent infringement by Caldwell.

**REQUEST NO. 10**

   All documents distributed in connection with any meeting of shareholders, venture capitalists, or other corporate partners of Amesbury concerning the Patents-In-Suit or any alleged patent infringement by Caldwell.

**REQUEST NO. 11**

All documents concerning the basis for the allegation in paragraphs 12, 22 and 32 of Amesbury's Complaint that Caldwell's infringement is willful.

**REQUEST NO. 12**

All documents and things concerning the conception of the alleged inventions of each of the Patents-In-Suit.

**REQUEST NO. 13**

All documents and things concerning reduction to practice of the alleged inventions of each of the Patents-In-Suit.

**REQUEST NO. 14**

All documents and things concerning diligence from conception to reduction to practice of the alleged inventions of the Patents-In-Suit.

**REQUEST NO. 15**

All document concerning each named inventor's contribution to and involvement with the claimed inventions of the Patents-In-Suit.

**REQUEST NO. 16**

All documents concerning any contribution to or involvement with the conception or reduction to practice of the subject matter of each claim of the Patents-In-Suit by anyone other than a named inventor(s) of each patent.

**REQUEST NO. 17**

All documents concerning communications with any person who worked with a named inventor on the subject matter of each claim of the Patents-In-Suit.

**REQUEST NO. 18**

All documents and things concerning research, design, development or testing of any of the alleged inventions of the Patents-In-Suit.

**REQUEST NO. 19**

Organizational charts sufficient to identify, both at the times of the alleged inventions of the Patents-In-Suit and currently, (i) all of the alleged inventors of the Patents-In-Suit, (ii) all of their direct supervisors, (iii) all employees reporting to either such inventors or such supervisors, and (iv) all employees to whom such inventors or such supervisors report either directly or indirectly.

**REQUEST NO. 20**

The curriculum vitae or resume for each of the alleged inventors of the Patents-In-Suit.

**REQUEST NO. 21**

All documents concerning any financial compensation or other consideration received by the inventors of the Patents-In-Suit in connection with this lawsuit.

**REQUEST NO. 22**

All documents and things concerning the preparation, filing or prosecution of the patent applications for the Patents-In-Suit and counterparts thereof, including but not limited to: (i) the prosecution histories of said applications; (ii) all documents and things concerning prior art considered in connection with the preparation, filing, or prosecution of said applications; (iii) all documents and things concerning any communication between any of the alleged inventors and their patent attorneys or agents concerning said applications; (iv) all documents and things concerning any information used or supplied by the alleged inventors in connection with said applications; and (v) all documents concerning any actual or proposed opposition, re-examination or reissue proceeding with respect to said applications.

HARRIS BEACH ⸚
ATTORNEYS AT LAW

**REQUEST NO. 23**

All documents concerning any paper, article or other publication concerning the subject matter of any of the Patents-In-Suit, including but not limited to any communication concerning the work reflected in any such document.

**REQUEST NO. 24**

All documents and things concerning any seminar, speech, presentation, lecture or talk concerning the subject matter of the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 25**

All documents concerning searches directed to subject matter claimed at any time in the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 26**

All documents and things concerning prior art located as a result of any search directed to the subject matter claimed at any time in the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 27**

All documents and things concerning any actual or potential prior art with respect to the claimed subject matter of any of the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 28**

All documents and things concerning any search, investigation, analysis, review, opinion or study concerning the scope, infringement, novelty, patentability, validity or enforceability of any claim of the Patents-In-Suit and/or counterparts thereof, including but not limited to, all documents comprising prior art located, noted, referred to, or discussed in any such search, investigation, analysis, review, opinion or study.

**REQUEST NO. 29**

All documents and things concerning the scope, novelty, patentability, validity or enforceability of any claim of the Patents-In-Suit and counterparts thereof, including but not limited to, documents produced or provided to Amesbury by any person and asserted or suggested by such person to be relevant to the scope, novelty, patentability, validity or enforceability of the claimed inventions of the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 30**

All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to January 21, 1993, concerning any devices or methods that can be used in a window sash frame to retain a coiled ribbon spring in position within a window sash frame during uncoiling of the ribbon spring.

**REQUEST NO. 31**

All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to March 16, 2001, concerning any devices or methods that can be used in a window sash block and tackle balance to increase the range of travel of said window within a window frame.

**REQUEST NO. 32**

All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to May 23, 2003, concerning any devices or methods that can be used in a pivotable window assembly to (1) facilitate installation, assembly or repair of a balance system with a window jam; or (2) provides for greater control of the vertical positioning of the window sash.

**REQUEST NO. 33**

All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to January 21, 1993, concerning any devices or methods that retain a coiled spring in position within a window sash frame during uncoiling of said spring.

**REQUEST NO. 34**

All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to March 16, 2001, concerning any devices or methods that increase the range of travel of a window sash balanced in a window frame with a block and tackle window balance.

**REQUEST NO. 35**

All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to May 23, 2003, concerning any devices or methods that use a balance shoe shaped to mate with a rivet attached to a window sash and adapted to be received by a U-shaped channel in the window jam of a pivotable window.

**REQUEST NO. 36**

All documents and things concerning the preparation or prosecution of United States Patent Application Nos. 08/007,628, 09/180,868 and 10/446,279, including but not limited to prior art searches and the documents and things referred to therein.

**REQUEST NO. 37**

All documents and things concerning the structure, function, capabilities, operation, design, or development of any device or method that falls within the scope of the alleged inventions

described or claimed in United States Patent Application Nos. 08/007,628, 09/810,868 and/or 10/446,279 prior to the date(s) on which said applications were granted.

**REQUEST NO. 38**

All documents served or filed in any court, tribunal, or administrative proceeding, whether foreign or domestic, concerning the Patents-In-Suit and counterparts thereof, including but not limited to, any briefs, transcripts, motions, orders, discovery responses, expert reports, affidavits, or declarations.

**REQUEST NO. 39**

All documents and things concerning any litigation, arbitration, or mediation, whether foreign or domestic, concerning the Patented Amesbury Products, including without limitation, documents produced in response to discovery in such litigation, arbitration, or mediation.

**REQUEST NO. 40**

All documents and things concerning any procedure for determining whether anyone has infringed, or might infringe, the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 41**

All documents and things concerning any comparison of the design, structure, function, or operation of any product, device, process, or system against the specifications or any claims of the Patents-In-Suit and/or counterparts thereof

**REQUEST NO. 42**

All documents concerning any allegation of infringement of the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 43**

All documents and things concerning infringement of any claim of the Patents-In-Suit and/or counterparts thereof, including but not limited to any search, investigation, analysis, review, opinion, or study concerning infringement of any such claim.

**REQUEST NO. 44**

All documents concerning any assignment of, or offer to assign, any right, title, or interest in the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 45**

All documents concerning any license, or offer to license, any right or interest in the Patents-In-Suit and/or counterparts thereof.

**REQUEST NO. 46**

All documents and things concerning Amesbury's patent licensing policies.

**REQUEST NO. 47**

All documents concerning any Amesbury policy, strategy, plan, or practice, whether formal or informal, regarding patents, including but not limited to filing patent applications, acquiring patents or patent applications from other persons, exploiting patents or patented technology, charging other persons with patent infringement, enforcing patents, or marking products with patent numbers.

**REQUEST NO. 48**

All documents concerning agreements (other than assignments or licenses) concerning the Patents-In-Suit and/or counterparts thereof, including but not limited to, development agreements, funding agreements, covenants not to sue, agreements not to assert, and agreements concerning immunity from suit.

HARRIS BEACH ⅊ᴸᴸᶜ
ATTORNEYS AT LAW

**REQUEST NO. 49**

All documents concerning the construction or interpretation of each of the terms in each of the Asserted Amesbury Claims, including but not limited to, documents concerning the usage of such terms by Amesbury or by the alleged inventors of the Patents-In-Suit.

**REQUEST NO. 50**

All documents concerning the best mode of practicing the claimed invention of each of the Asserted Amesbury Claims at the time of filing the application on which the claim is based.

**REQUEST NO. 51**

All documents concerning any commercial success of the claimed invention of any Asserted Amesbury Claim.

**REQUEST NO. 52**

All documents concerning any long felt but unmet need for the claimed invention of any Asserted Amesbury Claim.

**REQUEST NO. 53**

All documents concerning any unexpected results of the claimed invention of any Asserted Amesbury Claim.

**REQUEST NO. 54**

All documents concerning any failure of others to develop the claimed invention of any Asserted Amesbury Claim.

**REQUEST NO. 55**

All documents not produced in response to the previous 4 Requests concerning any objective indicia of non-obviousness of the claimed invention of any Asserted Amesbury Claim.

**REQUEST NO. 56**

Documents sufficient to identify every Patented Amesbury Product.

**REQUEST NO. 57**

For each Patented Amesbury Product, a specimen of such product.

**REQUEST NO. 58**

For each Patented Amesbury Product, a specimen of all prototypes and models.

**REQUEST NO. 59**

All documents and things concerning research, design, development or testing of each of the Patented Amesbury Products.

**REQUEST NO. 60**

All documents concerning the structure, function, operation or capabilities of each of the Patented Amesbury Products.

**REQUEST NO. 61**

All documents concerning the first public disclosure, first public use, first offer for sale, first sale and first manufacture of each of the Patented Amesbury Products.

**REQUEST NO. 62**

All documents and things concerning the first communication of the subject matter of each claim of the Patents-In-Suit to any person.

**REQUEST NO. 63**

All documents concerning each public disclosure, public use, offer for sale, sale and manufacture of each of the Patented Amesbury Products before the relevant filing date for each patent application which resulted in the issuance of the Patents-In-Suit.

**REQUEST NO. 64**

All documents and things concerning each communication of the subject matter of each claim of the Patents-In-Suit to any person prior to the relevant filing date of the patent applications which resulted in the issuance of the Patents-In-Suit.

**REQUEST NO. 65**

Organizational charts sufficient to identify (i) the names and titles of all supervisory or managerial employees involved in the research, development, testing, or marketing of any Patented Amesbury Product; and (ii) all supervisors, whether direct or indirect, of any such employee.

**REQUEST NO. 66**

All documents concerning sales training materials for any Patented Amesbury Product.

**REQUEST NO. 67**

All documents concerning any selling points or techniques proposed or used for any Patented Amesbury Product.

**REQUEST NO. 68**

All documents concerning publications related to, or marketing materials for, any Patented Amesbury Product.

**REQUEST NO. 69**

All licenses granted by another to Amesbury of any right, title, privilege, or interest concerning any patent, including but not limited to exhibits, amendments, attachments, schedules, or appendices thereto.

**REQUEST NO. 70**

All documents concerning marking of any Patented Amesbury Product with the number of one or more of the Patents-In-Suit.

**REQUEST NO. 71**

For each Patented Amesbury Product, documents sufficient to show all markings with the number of the Patents-In-Suit.

**REQUEST NO. 72**

All documents concerning any damages Amesbury alleges it sustained due to patent infringement by Caldwell, as stated in the Prayer for Relief of Amesbury's Complaint.

**REQUEST NO. 73**

All documents concerning an established royalty for the Patents-In-Suit or counterparts thereof.

**REQUEST NO. 74**

For each Patented Amesbury Product, all documents concerning the number of each such product sold.

**REQUEST NO. 75**

For each Patented Amesbury Product, all documents concerning the number of each such product made.

**REQUEST NO. 76**

For each Patented Amesbury Product, electronic data sufficient to completely reconstruct all purchase orders and invoices concerning any such product, including the final amounts of such purchase orders and invoices, together with documents sufficient explain in detail the structure and format of such data.

**REQUEST NO. 77**

For each Patented Amesbury Product, all summaries and period reports concerning purchase orders and invoices concerning any such product.

**REQUEST NO. 78**

For each Patented Amesbury Product, all documents concerning the gross revenues or net revenues on sales on each such product.

**REQUEST NO. 79**

For each Patented Amesbury Product, all documents concerning the gross profit, net income, net profit/net income before taxes on each such product, or the marginal profit on each such product.

**REQUEST NO. 80**

For each Patented Amesbury Product, all documents concerning the cost of goods, cost of sales, cost of development, fixed costs, or variable costs on each such product.

**REQUEST NO. 81**

For each Patented Amesbury Product, all documents concerning the cost of developing the capacity to make, sell, or import each such product.

**REQUEST NO. 82**

For each Patented Amesbury Product, documents sufficient to show Amesbury's average selling price in the United States for such Product, including but not limited to all documents concerning how such average selling price is calculated.

**REQUEST NO. 83**

For each Patented Amesbury Product, all documents concerning pricing of such product.

**REQUEST NO. 84**

For each Patented Amesbury Product, all documents concerning any pricing policy applicable to such product.

HARRIS BEACH

**REQUEST NO. 85**

For each Patented Amesbury Product or Accused Caldwell Product, all documents concerning market share.

**REQUEST NO. 86**

For any product (other than a Patented Amesbury Product or Accused Caldwell Product) that Amesbury believes incorporates, performs, or embodies the subject matter of any of the alleged inventions described or claimed in the Patents-In-Suit, all documents concerning market share.

**REQUEST NO. 87**

All documents and things concerning any product (other than a Amesbury Patented Product or Accused Caldwell Product) that is perceived by Amesbury or that has been identified to Amesbury, as competitive with or substitutable for such Amesbury Patented Product or Accused Caldwell Product.

**REQUEST NO. 88**

All documents and things concerning any product (other than a Amesbury Patented Product or Accused Caldwell Product) that Amesbury believes incorporates, performs, or embodies the subject matter of any of the alleged inventions described or claimed in the Patents-In-Suit.

**REQUEST NO. 89**

All documents concerning the actual, projected, or desired return on investment for the manufacture or sale of any Patented Amesbury Product.

**REQUEST NO. 90**

All documents concerning Amesbury's projections or expectations at any time regarding future sales or actual or anticipated profitability of any Patented Amesbury Product in the United States.

HARRIS BEACH ⁝

**REQUEST NO. 91**

All documents that reflect the rate at which Amesbury pays interest on incurred debts.

**REQUEST NO. 92**

Documents sufficient to identify the first sale and the last sale in the United States of each Patented Amesbury Product.

**REQUEST NO. 93**

All documents concerning any promotional practices concerning any Patented Amesbury Product, including but not limited to documents concerning the nature, timing, extent, cost, or business rationale of any such promotional practice.

**REQUEST NO. 94**

All documents concerning any marketing strategy, sales strategy, marketing plan, strategic plan, business plan, or promotional effort with respect to any Patented Amesbury Product.

**REQUEST NO. 95**

All marketing forecasts, sales forecasts, or marketing studies concerning any Patented Amesbury Product.

**REQUEST NO. 96**

All documents and things that Amesbury may introduce at trial or at any claim construction hearing in this case.

**REQUEST NO. 97**

All documents referenced or relied upon by Amesbury in forming Amesbury's allegation that this any alleged infringement by Caldwell is willful as alleged in Amesbury's Complaint, or concerning such allegation or facts which tend to support or undermine such allegation.

**REQUEST NO. 98**

All annual reports of Amesbury from January 1999 to the present.

**REQUEST NO. 99**

Documents, such as accounting and controller procedure manuals, sufficient to explain the design, operation, and use of Amesbury's sales, accounting and/or financial systems.

**REQUEST NO. 100**

Documents sufficient to explain the design, operation, and use of Amesbury's document and information management systems.

**REQUEST NO. 101**

For each Patented Amesbury Product, all documents concerning agreements between Amesbury and all reseller(s), distributor(s) and customer(s).

**REQUEST NO. 102**

All contracts between A.G.I. and A.S.L.

**REQUEST NO. 103**

All correspondence between A.G.I. and A.S.L. concerning the Patents-In-Suit.

**REQUEST NO. 104**

All documents and things concerning any Amesbury document retention policy or program.

**REQUEST NO. 105**

All documents and things considered, reviewed or prepared in connection with this case by any persons whom Amesbury may or will call as an expert witness at trial.

**REQUEST NO. 106**

To the extent not produced in response to any of the foregoing requests, all documents identified in Amesbury's Fed. R. Civ. P. 26(a)(i) Initial Disclosures.

**REQUEST NO. 107**

To the extent not produced in response to any of the foregoing requests, all documents identified by or otherwise relied upon in response to Defendant Caldwell's First Set of Interrogatories.

Dated: Pittsford, New York
     May _31_ , 2005

Respectfully submitted,

HARRIS BEACH PLLC

By: _David J. Edwards_
Paul J. Yesawich, III
Neal L. Slifkin
David J. Edwards
Laura Smalley
99 Garnsey Road
Pittsford, NY 14534
(585) 419-8800 (Telephone)
(585) 419-8801 (Facsimile)

23

## CERTIFICATE OF SERVICE

I hereby certify that on May *31* 2005, I served a true and correct copy of the foregoing document on Amesbury's counsel of record as follows:

Douglas J. Kline
Safraz W. Ishmael
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

*Attorneys for Plaintiffs*
*AMESBURY GROUP, INC.*
*AMESBURY SPRINGS LTD.*

Via Federal Express Overnight Delivery

_____
DAVID J. EDWARDS

P:\CALDWELL\Caldwell doc request.doc
5/31/2005 4:06:55 PM

HARRIS BEACH

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

       Plaintiffs,

  v.

THE CALDWELL MANUFACTURING
COMPANY,

       Defendant.

Civil Action No. 05-10020-DPW

### AMESBURY'S OBJECTIONS AND RESPONSES
### TO CALDWELL'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively, "Amesbury"), by their undersigned attorneys, respond and object to defendant The Caldwell Manufacturing Company ("Caldwell") First Set of Document Requests to Plaintiffs Amesbury Group, Inc., and Amesbury Springs Ltd. ("First Set of Document Requests" or "Document Requests") as follows:

### GENERAL RESPONSES AND OBJECTIONS

1.     Amesbury objects generally to the First Set of Document Requests to the extent that they seek information subject to the attorney-client privilege, work product protection, or otherwise not subject to discovery under the Federal Rules of Civil Procedure.

2.     Amesbury objects generally to the First Set of Document Requests to the extent that they seek information that is neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information relating to matters that are not raised in the Complaint or Answer and Counterclaim.

3.     Amesbury objects generally to the First Set of Document Requests to the extent that they seek information not in Amesbury's possession, custody or control.

4.     Amesbury objects generally to the First Set of Document Requests to the extent that they seek information that is already in Caldwell's possession and/or is readily accessible to Caldwell.

5.    Amesbury objects generally to the First Set of Document Requests to the extent that they seek information about which Amesbury lacks information or knowledge.

6.    Amesbury objects generally to the First Set of Document Requests to the extent that they seek information that Amesbury is not required to provide under Fed. R. Civ. P. 26 or 34.

7.    Amesbury objects generally to the First Set of Document Requests to the extent that they are vague, ambiguous, or contain incorrect factual assumptions.

8.    Amesbury objects generally to the First Set of Document Requests to the extent that they seek legal conclusions and/or ultimate factual determinations.

9.    Amesbury objects generally to the First Set of Document Requests to the extent that they seek to define terms and/or characterize the evidence in this matter. To the extent Amesbury adopts any terms used by Caldwell in the First Set of Document Requests, such adoption specifically is limited solely to these responses.

10.    Amesbury objects generally to the First Set of Document Requests to the extent that they are not limited to a specific, relevant, and discoverable time period, and therefore are overly broad, oppressive and unduly burdensome.

11.    Amesbury objects to the definition of the term "Amesbury" to the extent that it seeks information from affiliates that are corporate entities separate and distinct from Amesbury, and who are not parties to this action.

12.    All objections as to relevance, authenticity or admissibility of any information or documents referred to herein are expressly reserved.

13.    Amesbury has responded to the First Set of Document Requests as it interprets and understands them. If Caldwell subsequently asserts an interpretation of any Document Request that differs from the understanding of Amesbury, Amesbury reserves the right to supplement or amend its objections and/or production. In addition, Amesbury is producing documents responsive to these Document Requests after having made a diligent inquiry of Amesbury's employees and a diligent search of files in Amesbury's possession, custody, or control. Amesbury expressly reserves the right to complete its legal investigation and discovery of the facts and to rely, at the time of trial or in other proceedings, upon documents and information provided regardless of whether such information is newly discovered or currently in existence. In addition, Amesbury may, in the future, obtain or locate additional documents responsive to the Document Requests. Amesbury therefore reserves the right, at any time, to supplement its production to the extent required by Federal Rule of Civil Procedure 26(e).

14.    Amesbury reserves the right to rely, at the time of trial or in other proceedings in this action, upon documents, responses, and evidence in addition to those provided in response to the Document Requests.

15. Amesbury reserves the right to redact from otherwise responsive and non-privileged documents portions thereof that contain information that is (i) irrelevant to the claim or defense of any party of this litigation and not reasonably calculated to lead to the discovery of admissible evidence; (ii) non-responsive; or (iii) privileged or otherwise exempt from discovery.

16. A response from Amesbury that documents have been or will be produced means that responsive, non-privileged, non-objectionable documents have been or will be produced if found. Neither a response nor an objection can be construed to mean that any such documents exist, but only that Amesbury will conduct a reasonable search for, and will make available for inspection and copying, any relevant or responsive non-privileged documents that exist and that are in Amesbury's possession, custody, or control.

17. Amesbury's responses are based upon, and therefore limited by, records and information still in existence, presently recollected, and/or thus far discovered in the course of preparing these responses. Consequently, Amesbury reserves the right to make any changes in these responses if it appears that any inadvertent errors or omissions have been made or additional or more accurate information becomes available.

18. Amesbury has taken great care not to produce documents protected by one or more of the privileges or exemptions recognized by federal or applicable state law. To the extent any such protected document is produced, the production will have been inadvertent and is not to be deemed to be a waiver of any privilege or exemption from production.

19. The presence or absence of any General or Specific Objection to any Document Request does not mean that Amesbury does not object on any other grounds.

20. Amesbury objects generally to the Document Requests to the extent that the Document Requests seek documents or material containing trade secrets or proprietary and confidential information belonging to Amesbury ("Confidential Information") or any third-party. Amesbury will produce Confidential Information only subject to an appropriate protective order entered by the Court.

21. Amesbury incorporates by reference each of the preceding General Objections into each of the following responses as if specifically set forth therein.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

All documents concerning Amesbury's allegations that the Accused Caldwell Products infringe any of the three Patents-In-Suit.

### RESPONSE:

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses

and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 2:**
All documents which support or form the basis for the allegations of infringement in paragraphs 10, 19 and 29 of Amesbury's Complaint in this action.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also objects to this Request to the extent that it is duplicative of other Document Requests. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 3:**
All documents and things concerning any Accused Caldwell Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also objects to this Request to the extent that it is duplicative of other Document Requests and because it is unbounded in time. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 4:**
All documents and things concerning any evaluation, analysis, test or other compilation of data used to determine whether any Accused Caldwell Product falls within the scope of any claim of the three Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also objects to this Request to the extent that it is duplicative of other Document Requests.

**REQUEST NO. 5:**
All documents concerning the decision to bring the present action against Caldwell.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury

4

also objects to this Request to the extent that it is duplicative of other Document Requests. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 6:**
     All documents concerning Amesbury's first awareness of each of the Accused Caldwell Products.

**RESPONSE:**
     Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 7:**
     All documents concerning Amesbury's first awareness that each of the Accused Caldwell Products infringe or allegedly infringe one or more of the Patents-In-Suit.

**RESPONSE:**
     Amesbury objects to this Request on the grounds that it calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also objects to this Request to the extent that it is duplicative of other Document Requests. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 8:**
     All A.G.I. or A.S.L board of directors meeting minutes concerning the Patents-In-Suit or any alleged patent infringement by Caldwell.

**RESPONSE:**
     Amesbury objects to this Request on the grounds that it calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also objects to this Request to the extent that it is duplicative of other Document Requests. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury preliminarily states that it is aware of no documents responsive to this Request within its possession, custody, or control.

**REQUEST NO. 9:**
     All documents and things concerning any communication with A.G.I.'s or A.S.L.'s board of directors concerning the Patents-In-Suit or any alleged patent infringement by Caldwell.

**RESPONSE:**
        Amesbury objects to this Request on the grounds that it calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also objects to this Request to the extent that it is duplicative of other Document Requests, including Request No. 8. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury preliminarily states that it is aware of no documents responsive to this Request within its possession, custody, or control.

**REQUEST NO. 10:**
        All documents distributed in connection with any meeting of shareholders, venture capitalists, or other corporate partners of Amesbury concerning the Patents-In-Suit or any alleged patent infringement by Caldwell.

**RESPONSE:**
        Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury preliminarily states that it is aware of no documents responsive to this Request within its possession, custody, or control.

**REQUEST NO. 11:**
        All documents concerning the basis for the allegation in paragraphs 12, 22 and 32 of Amesbury's Complaint that Caldwell's infringement is willful.

**RESPONSE:**
        Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control

**REQUEST NO. 12:**
        All documents and things concerning the conception of the alleged inventions of each of the Patents-In-Suit.

**RESPONSE:**
        Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 13:**
   All documents and things concerning reduction to practice of the alleged inventions of each of the Patents-In-Suit.

**RESPONSE:**
   Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 14:**
   All documents and things concerning diligence from conception to reduction to practice of the alleged inventions of the Patents-In-Suit.

**RESPONSE:**
   Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 15:**
   All document concerning each named inventor's contribution to and involvement with the claimed inventions of the Patents-In-Suit.

**RESPONSE:**
   Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 16:**
   All documents concerning any contribution to or involvement with the conception or reduction to practice of the subject matter of each claim of the Patents-In-Suit by anyone other than a named inventor(s) of each patent.

**RESPONSE:**

7

Amesbury objects to this Request on the grounds that it is duplicative, overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

## REQUEST NO. 17:

All documents concerning communications with any person who worked with a named inventor on the subject matter of each claim of the Patents-In-Suit.

## RESPONSE:

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

## REQUEST NO. 18:

All documents and things concerning research, design, development or testing of any of the alleged inventions of the Patents-In-Suit.

## RESPONSE:

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

## REQUEST NO. 19:

Organizational charts sufficient to identify, both at the times of the alleged inventions of the Patents-In-Suit and currently, (i) all of the alleged inventors of the Patents-In-Suit, (ii) all of their direct supervisors, (iii) all employees reporting to either such inventors or such supervisors, and (iv) all employees to whom such inventors or such supervisors report either directly or indirectly.

## RESPONSE:

Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the

production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 20:**
The curriculum vitae or resume for each of the alleged inventors of the Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:**
All documents concerning any financial compensation or other consideration received by the inventors of the Patents-In-Suit in connection with this lawsuit.

**RESPONSE:**
Amesbury objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22:**
All documents and things concerning the preparation, filing or prosecution of the patent applications for the Patents-In-Suit and counterparts thereof, including but not limited to: (i) the prosecution histories of said applications; (ii) all documents and things concerning prior art considered in connection with the preparation, filing, or prosecution of said applications; (iii) all documents and things concerning any communication between any of the alleged inventors and their patent attorneys or agents concerning said applications; (iv) all documents and things concerning any information used or supplied by the alleged inventors in connection with said applications; and (v) all documents concerning any actual or proposed opposition, re-examination or reissue proceeding with respect to said applications.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection.  Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 23:**
    All documents concerning any paper, article or other publication concerning the subject matter of any of the Patents-In-Suit, including but not limited to any communication concerning the work reflected in any such document.

**RESPONSE:**
    Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, unbounded in time, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 24:**
    All documents and things concerning any seminar, speech, presentation, lecture or talk concerning the subject matter of the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**
    Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, unbounded in time, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 25:**
    All documents concerning searches directed to subject matter claimed at any time in the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**
    Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 26:**
    All documents and things concerning prior art located as a result of any search directed to the subject matter claimed at any time in the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**
    Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce nonprivileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 27:**
　　All documents and things concerning any actual or potential prior art with respect to the claimed subject matter of any of the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**
　　Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also specifically objects to this Request as the term "actual or potential prior art" is vague. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 28:**
　　All documents and things concerning any search, investigation, analysis, review, opinion or study concerning the scope, infringement, novelty, patentability, validity or enforceability of any claim of the Patents-In-Suit and/or counterparts thereof, including but not limited to, all documents comprising prior art located, noted, referred to, or discussed in any such search, investigation, analysis, review, opinion or study.

**RESPONSE:**
　　Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also specifically objects to this Request as the term "prior art" is vague. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 29:**
　　All documents and things concerning the scope, novelty, patentability, validity or enforceability of any claim of the Patents-In-Suit and counterparts thereof, including but not limited to, documents produced or provided to Amesbury by any person and asserted or suggested by such person to be relevant to the scope, novelty, patentability, validity or enforceability of the claimed inventions of the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**
　　Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury also objects to this Request as it is duplicative of other Document Requests. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 30:**
　　All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to January 21, 1993, concerning any

devices or methods that can be used in a window sash frame to retain a coiled ribbon spring in position within a window sash frame during uncoiling of the ribbon spring.

**RESPONSE:**
　　Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 31:**
　　All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to March 16, 2001, concerning any devices or methods that can be used in a window sash block and tackle balance to increase the range of travel of said window within a window frame.

**RESPONSE:**
　　Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 32:**
　　All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to May 23, 2003, concerning any devices or methods that can be used in a pivotable window assembly to (1) facilitate installation, assembly or repair of a balance system with a window jam; or (2) provides for greater control of the vertical positioning of the window sash.

**RESPONSE:**
　　Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 33:**
　　All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to January 21, 1993, concerning any devices or methods that retain a coiled spring in position within a window sash frame during uncoiling of said spring.

**RESPONSE:**
　　Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client

privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

## REQUEST NO. 34:

All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to March 16, 2001, concerning any devices or methods that increase the range of travel of a window sash balanced in a window frame with a block and tackle window balance.

## RESPONSE:

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

## REQUEST NO. 35:

All documents concerning each use, offer for sale and sale in the United States and each patent and publication, dated prior to or occurring prior to May 23, 2003, concerning any devices or methods that use a balance shoe shaped to mate with a rivet attached to a window sash and adapted to be received by a U-shaped channel in the window jam of a pivotable window.

## RESPONSE:

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, duplicative of other document requests, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

## REQUEST NO. 36:

All documents and things concerning the preparation or prosecution of United States Patent Application Nos. 08/007,628, 09/180,868 and 10/446,279, including but not limited to prior art searches and the documents and things referred to therein.

## RESPONSE:

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, duplicative of other document requests, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 37:**
All documents and things concerning the structure, function, capabilities, operation, design, or development of any device or method that falls within the scope of the alleged inventions described or claimed in United States Patent Application Nos. 08/007,628, 09/810,868 and/or 10/446,279 prior to the date(s) on which said applications were granted.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, duplicative of other document requests, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 38:**
All documents served or filed in any court, tribunal, or administrative proceeding, whether foreign or domestic, concerning the Patents-In-Suit and counterparts thereof, including but not limited to, any briefs, transcripts, motions, orders, discovery responses, expert reports, affidavits, or declarations.

**RESPONSE:**
Amesbury specifically objects to this Request on the grounds that it is unduly burdensome in that, for example, it seeks court-filed documents that are readily accessible to Caldwell. Amesbury further objects to this request to the extent that it seeks documents that are not relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 39:**
All documents and things concerning any litigation, arbitration, or mediation, whether foreign or domestic, concerning the Patented Amesbury Products, including without limitation, documents produced in response to discovery in such litigation, arbitration, or mediation.

**RESPONSE:**
Amesbury specifically objects to this Request on the grounds that it is unduly burdensome in that, for example, it seeks court-filed documents that are readily accessible to Caldwell. Amesbury further objects to this Request to the extent that it seeks documents that are not relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Amesbury further objects to this Request to the extent it is duplicative Request No. 38.

**REQUEST NO. 40:**
All documents and things concerning any procedure for determining whether anyone has infringed, or might infringe, the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, duplicative of other document requests, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 41:**
All documents and things concerning any comparison of the design, structure, function or operation of any product, device, process, or system against the specifications or any claims of the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, duplicative of other document requests, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request at is unlikely to lead to the discovery of admissible evidence.

**REQUEST NO. 42:**
All documents concerning any allegation of infringement of the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, duplicative of other document requests, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 43:**
All documents and things concerning infringement of any claim of the Patents-In-Suit and/or counterparts thereof, including but not limited to any search, investigation, analysis, review, opinion, or study concerning infringement of any such claim.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, duplicative of other document requests, and calls for the production of documents subject to the attorney-client privilege and/or work product protection.

**REQUEST NO. 44:**
All documents concerning any assignment of, or offer to assign, any right, title, or interest in the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**

15

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 45:**
All documents concerning any license, or offer to license, any right or interest in the Patents-In-Suit and/or counterparts thereof.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 46:**
All documents and things concerning Amesbury's patent licensing policies.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 47:**
All documents concerning any Amesbury policy, strategy, plan, or practice, whether formal or informal, regarding patents, including but not limited to filing patent applications, acquiring patents or patent applications from other persons, exploiting patents or patented technology, charging other persons with patent infringement, enforcing patents, or marking products with patent numbers.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 48:**
All documents concerning agreements (other than assignments or licenses) concerning the Patents-In-Suit and/or counterparts thereof, including but not limited to, development agreements, funding agreements, covenants not to sue, agreements not to assert, and agreements concerning immunity from suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 49:**
All documents concerning the construction or interpretation of each of the terms in each of the Asserted Amesbury Claims, including but not limited to, documents concerning the usage of such terms by Amesbury or by the alleged inventors of the Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request to the extent that it is premature in view of the Court's order that the parties exchange claim construction charts on July 30, 2005.

**REQUEST NO. 50:**
All documents concerning the best mode of practicing the claimed invention of each of the Asserted Amesbury Claims at the time of filing the application on which the claim is based.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 51:**
All documents concerning any commercial success of the claimed invention of any Asserted Amesbury Claim.

**RESPONSE:**

17

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 52:**
    All documents concerning any long felt but unmet need for the claimed invention of any Asserted Amesbury Claim.

**RESPONSE:**
    Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 53:**
    All documents concerning any unexpected results of the claimed invention of any Asserted Amesbury Claim.

**RESPONSE:**
    Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 54:**
    All documents concerning any failure of others to develop the claimed invention of any Asserted Amesbury Claim.

**RESPONSE:**
    Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 55:**
    All documents not produced in response to the previous 4 Requests concerning any objective indicia of non-obviousness of the claimed invention of any Asserted Amesbury Claim.

**RESPONSE:**
 Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 56:**
 Documents sufficient to identify every Patented Amesbury Product.

**RESPONSE:**
 Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 57:**
 For each Patented Amesbury Product, a specimen of such product.

**RESPONSE:**
 Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 58:**
 For each Patented Amesbury Product, a specimen of all prototypes and models.

**RESPONSE:**
 Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set

forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 59:**
All documents and things concerning research, design, development or testing of each of the Patented Amesbury Products.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 60:**
All documents concerning the structure, function, operation or capabilities of each of the Patented Amesbury Products.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 61:**
All documents concerning the first public disclosure, first public use, first offer for sale, first sale and first manufacture of each of the Patented Amesbury Products.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 62:**
All documents and things concerning the first communication of the subject matter of each claim of the Patents-In-Suit to any person.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 63:**
All documents concerning each public disclosure, public use, offer for sale, sale and manufacture of each of the Patented Amesbury Products before the relevant filing date for each patent application which resulted in the issuance of the Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is duplicative of other document requests, overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury preliminarily states that it is aware of no documents responsive to this Request, within its possession, custody, or control.

**REQUEST NO. 64:**
All documents and things concerning each communication of the subject matter of each claim of the Patents-In-Suit to any person prior to the relevant filing date of the patent applications which resulted in the issuance of the Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 65:**
Organizational charts sufficient to identify (i) the names and titles of all supervisory or managerial employees involved in the research, development, testing, or marketing of any Patented Amesbury Product; and (ii) all supervisors, whether direct or indirect, of any such employee.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 66:**
All documents concerning sales training materials for any Patented Amesbury Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 67:**
All documents concerning any selling points or techniques proposed or used for any Patented Amesbury Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 68:**
All documents concerning publications related to, or marketing materials for, any Patented Amesbury Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 69:**
All licenses granted by another to Amesbury of any right, title, privilege, or interest concerning any patent, including but not limited to exhibits, amendments, attachments, schedules, or appendices thereto.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 70:**
All documents concerning marking of any Patented Amesbury Product with the number of one or more of the Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 71:**
For each Patented Amesbury Product, documents sufficient to show all markings with the number of the Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 72:**
All documents concerning any damages Amesbury alleges it sustained due to patent infringement by Caldwell, as stated in the Prayer for Relief of Amesbury's Complaint.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 73:**

All documents concerning an established royalty for the Patents-In-Suit or counterparts thereof.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 74:**

For each Patented Amesbury Product, all documents concerning the number of each such product sold.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 75:**

For each Patented Amesbury Product, all documents concerning the number of each such product made.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 76:**

For each Patented Amesbury Product, electronic data sufficient to completely reconstruct all purchase orders and invoices concerning any such product, including the final amounts of such purchase orders and invoices, together with documents sufficient explain in detail the structure and format of such data.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 77:**
For each Patented Amesbury Product, all summaries and period reports concerning purchase orders and invoices concerning any such product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 78:**
For each Patented Amesbury Product, all documents concerning the gross revenues or net revenues on sales on each such product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 79:**
For each Patented Amesbury Product, all documents concerning the gross profit, net income, net profit/net income before taxes on each such product, or the marginal profit on each such product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 80:**
For each Patented Amesbury Product, all documents concerning the cost of goods, cost of sales, cost of development, fixed costs, or variable costs on each such product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 81:**

For each Patented Amesbury Product, all documents concerning the cost of developing the capacity to make, sell, or import each such product.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 82:**

For each Patented Amesbury Product, documents sufficient to show Amesbury's average selling price in the United States for such Product, including but not limited to all documents concerning how such average selling price is calculated.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 83:**

For each Patented Amesbury Product, all documents concerning pricing of such product.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 84:**

For each Patented Amesbury Product, all documents concerning any pricing policy applicable to such product.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 85:**
For each Patented Amesbury Product or Accused Caldwell Product, all documents concerning market share.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 86:**
For any product (other than a Patented Amesbury Product or Accused Caldwell Product) that Amesbury believes incorporates, performs, or embodies the subject matter of any of the alleged inventions described or claimed in the Patents-In-Suit, all documents concerning market share.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 87:**
All documents and things concerning any product (other than a Amesbury Patented Product or Accused Caldwell Product) that is perceived by Amesbury or that has been identified to Amesbury, as competitive with or substitutable for such Amesbury Patented Product or Accused Caldwell Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 88:**
All documents and things concerning any product (other than a Amesbury Patented Product or Accused Caldwell Product) that Amesbury believes incorporates, performs, or embodies the subject matter of any of the alleged inventions described or claimed in the Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is duplicative of other document requests, overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 89:**
All documents concerning the actual, projected, or desired return on investment for the manufacture or sale of any Patented Amesbury Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 90:**
All documents concerning Amesbury's projections or expectations at any time regarding future sales or actual or anticipated profitability of any Patented Amesbury Product in the United States.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 91:**
All documents that reflect the rate at which Amesbury pays interest on incurred debts.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 92:**
Documents sufficient to identify the first sale and the last sale in the United States of each Patented Amesbury Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection.  Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 93:**
All documents concerning any promotional practices concerning any Patented Amesbury Product, including but not limited to documents concerning the nature, timing, extent, cost, or business rationale of any such promotional practice.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection.  Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 94:**
All documents concerning any marketing strategy, sales strategy, marketing plan, strategic plan, business plan, or promotional effort with respect to any Patented Amesbury Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection.  Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 95:**
All marketing forecasts, sales forecasts, or marketing studies concerning any Patented Amesbury Product.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client

privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 96:**
   All documents and things that Amesbury may introduce at trial or at any claim construction hearing in this case.

**RESPONSE:**
   Amesbury objects to this Request as premature to the extent that Amesbury is not now required to identify documents that it will use at trial or at any claim construction hearing in this case. Amesbury also objects to this Request as it is overbroad and vague as it seeks documents that Amesbury may use. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce reasonably responsible, non-privileged documents in a timely manner and in compliance with the Federal Rules of Civil Procedure and the rules and orders of the Court.

**REQUEST NO. 97:**
   All documents referenced or relied upon by Amesbury in forming Amesbury's allegation that this any alleged infringement by Caldwell is willful as alleged in Amesbury's Complaint, or concerning such allegation or facts which tend to support or undermine such allegation.

**RESPONSE:**
   Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 98:**
   All annual reports of Amesbury from January 1999 to the present.

**RESPONSE:**
   Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 99:**
   Documents, such as accounting and controller procedure manuals, sufficient to explain the design, operation, and use of Amesbury's sales, accounting and/or financial systems.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 100:**
Documents sufficient to explain the design, operation, and use of Amesbury's document and information management systems.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 101:**
For each Patented Amesbury Product, all documents concerning agreements between Amesbury and all reseller(s), distributor(s) and customer(s).

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 102:**
All contracts between A.G.I. and A.S.L.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 103:**
All correspondence between A.G.I. and A.S.L. concerning the Patents-In-Suit.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and

31

without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 104:**
All documents and things concerning any Amesbury document retention policy or program.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 105:**
All documents and things considered, reviewed or prepared in connection with this case by any persons whom Amesbury may or will call as an expert witness at trial.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it is premature, overbroad, vague, ambiguous, and unduly burdensome. Amesbury also objects to this Request on the grounds that it calls for the production of documents subject to the attorney-client privilege and/or work product protection. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 106:**
To the extent not produced in response to any of the foregoing requests, all documents identified in Amesbury's Fed. R. Civ. P. 26(a)(i) Initial Disclosures.

**RESPONSE:**
Amesbury objects to this Request on the grounds that it calls for the production of documents subject to the attorney-client privilege and/or work product protection. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

**REQUEST NO. 107:**
To the extent not produced in response to any of the foregoing requests, all documents identified by or otherwise relied upon in response to Defendant Caldwell's First Set of Interrogatories.

**RESPONSE:**

Amesbury objects to this Request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and calls for the production of documents subject to the attorney-client privilege and/or work product protection or that are already in Caldwell's possession, custody, or control. Amesbury further objects to this Request on the ground that it calls for the production of documents and things that are neither relevant to the claim or defense of any party in this case nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the General Responses and Objections set forth above, and without waiving them, Amesbury will produce non-privileged responsive documents, if any, in its possession, custody, or control.

Respectfully submitted,

Douglas J. Kline (BBO# 556680)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: July 5, 2005

## CERTIFICATE OF SERVICE

I, Safraz W. Ishmael, certify that I caused the foregoing AMESBURY'S OBJECTIONS AND RESPONSES TO CALDWELL'S FIRST SET OF DOCUMENT REQUESTS to be served on July 5, 2005 on the following via First Class Mail.

| | |
|---|---|
| David J. Edwards<br>HARRIS BEACH LLP<br>99 Garnsey Road<br>Pittsford, NY 14534<br>(585)-419-8800<br><br>Attorney for Defendant<br><br>THE CALDWELL MANUFACTURING COMPANY | |
| Date: July 5, 2005 | _____<br>Safraz W. Ishmael |

LIBA/1563220.1

34

# EXHIBIT C

```
┌─────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT    │
└─────────────────────────────────────┘
                              TIME   : 11/21/2005 16:40
                              NAME   : HARRIS BEACH PLLC 1C
                              FAX    : 15854198812
                              TEL    : 18004198800
                              SER.#  : BROL4J145364
```

```
┌──────────────────────────────────────────────────────────────┐
│  DATE,TIME              11/21  16:40                            │
│  FAX NO./NAME           916175231231                           │
│  DURATION               00:00:45                               │
│  PAGE(S)                02                                      │
│  RESULT                 OK                                      │
│  MODE                   STANDARD                               │
│                         ECM                                    │
└──────────────────────────────────────────────────────────────┘
```

**HARRIS BEACH** PLLC

ATTORNEYS AT LAW

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

NEAL L. SLIFKIN

DIRECT: (585) 419-8636
FAX:    (585) 419-8813
NSLIFKIN@HARRISBEACH.COM

*By Facsimile  617/523-1231*

November 21, 2005

Jordan M. Singer, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

　　　　Re:　　Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Co.
　　　　　　　U.S. District Court, D. Mass, Case No. 05-10020

Dear Jordie:

　　　　We are writing to advise you of a number of deficiencies in your document production. We ask that you indicate by the close of business tomorrow whether you intend to produce the documents requested in this letter and we ask for the documents by November 28, 2005. If we do not have all documents requested in this letter by November 28, 2005, we intend to file a motion to compel on November 29, 2005.

　　　　Caldwell's document Request Nos. 51-55 request documents relating to the secondary considerations of non-obviousness. Amesbury has objected on the basis that it calls for documents which are not relevant or reasonably calculated to lead to discovery of admissible evidence. We ask that you either produce all documents that you have relating to the secondary considerations or confirm that you will not be relying on any secondary considerations to support the validity of any of the patents in suit.

**HARRIS BEACH** ᴾ&sup;&sup;ᶜ

ATTORNEYS AT LAW

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

NEAL L. SLIFKIN

DIRECT:     (585) 419-8636
FAX:        (585) 419-8813
NSLIFKIN@HARRISBEACH.COM

*By Facsimile  617/523-1231*

November 21, 2005

Jordan M. Singer, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Re:     Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Co.
U.S. District Court, D. Mass, Case No. 05-10020

Dear Jordie:

We are writing to advise you of a number of deficiencies in your document production. We ask that you indicate by the close of business tomorrow whether you intend to produce the documents requested in this letter and we ask for the documents by November 28, 2005. If we do not have all documents requested in this letter by November 28, 2005, we intend to file a motion to compel on November 29, 2005.

Caldwell's document Request Nos. 51-55 request documents relating to the secondary considerations of non-obviousness. Amesbury has objected on the basis that it calls for documents which are not relevant or reasonably calculated to lead to discovery of admissible evidence. We ask that you either produce all documents that you have relating to the secondary considerations or confirm that you will not be relying on any secondary considerations to support the validity of any of the patents in suit.

Request No. 76 seeks for each patented Amesbury product, electronic data sufficient to completely reconstruct all purchase orders and any invoices concerning any such product. Although Mr. Koopmann testified at his 30(b)(6) deposition that the data exists, Amesbury has produced no electronic data in this case. We request that you produce to us all electronic sales information concerning all patented Amesbury products.

Request No. 79 seeks for each patented Amesbury product all documents concerning the gross profit, net income, net profit/net income before taxes on each such product. Amesbury has produced a small number of spreadsheets which relate to this request. Again, Mr. Koopmann testified that Amesbury has in its possession supporting detail and voluminous records concerning these items. We request that Amesbury produce all documents responsive to this request.

Caldwell's Request No. 80 seeks for each patented Amesbury product, all documents concerning the cost of goods, costs of sales, costs of development, fixed costs, or variable costs

Jordan M. Singer, Esq.
November 21, 2005
Page 2

**HARRIS BEACH** <sub>PLLC</sub>
ATTORNEYS AT LAW

for each product. Again, Amesbury has produced a small number of spreadsheets. The request seeks all documents responsive to this request.

Request No. 81 seeks for each patented Amesbury product, all documents concerning the cost of developing the capacity to make, sell, or import such product. We have been able to identify no documents responsive to this request. Please either identify the documents that you have produced responsive to this request, or provide the documents to us.

Request No. 85 seeks all documents concerning the market share of each patented Amesbury or accused Caldwell product. Please confirm that you either have no such documents or that you will produce all responsive documents.

Request No. 91 seeks all documents that reflect the rate at which Amesbury pays interest on incurred debts. We have been unable to identify any documents which you have produced responsive to this request. Please produce all such documents.

Request No. 98 seeks all annual reports of Amesbury from January, 1999 to the present. We have not received any annual reports of Amesbury. Please produce all such annual reports.

We wish to avoid motion practice if possible. Please consider this as our effort to resolve the dispute and feel free to contact me if you wish to discuss the matter.

Sincerely,

*Neal L. Slifkin*

Neal L. Slifkin

NLS:nac
T:\user\nos\caldwell\Singer ltr1.doc

# EXHIBIT D

Nov-22-05  04:16pm   From-ADA (GDT PROCTER LLP                16172276581              T-805   P.02/03   F-770

# GOODWIN | PROCTER

Jordan M. Singer
617 570 1096
jsinger@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T 617 570 1000
F 617 523 1231

November 22, 2005

**By Facsimile and First Class Mail**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:   *Amesbury Group, Inc. et al. v. Caldwell Manufacturing Co.,*
      U.S. District Court, D. Mass., Case No. 05-10020

Dear Neal:

The letter will address *seriatim* the issues raised in your letter of November 21.

<u>Document Request Nos. 51-55</u>: Amesbury has already produced documents relating to secondary considerations of non-obviousness, including documents reflecting Amesbury's sales, which constitutes evidence of commercial success. Amesbury will rely on all applicable secondary considerations of non-obviousness to support the validity of its patents-in-suit, including without limitation commercial success, long-felt need, unsuccessful attempts by others to find the solution described in the patents-in-suit, copying by competitors, and superior results.

<u>Document Request No. 76</u>: Consistent with Richard Koopmann's testimony on November 2, Amesbury will provide copies of electronic data responsive to Request No. 76 as soon as copies are available.

<u>Document Request No. 79</u>. Amesbury does not track profit and income by individual product lines, and accordingly does not have significant documentation on this topic. Furthermore, Amesbury has already produced documents responsive to this Request. Amesbury, however, will search for any additional documents response to Request No. 79, and will produce any such documents to the extent they are found.

<u>Document Request Nos. 80-81</u>: Amesbury has already produced documents responsive to the cost of developing, manufacturing and selling its products that practice the patents-in-suit. Nevertheless, Amesbury will search again for documents responsive to Request Nos. 80 and 81, and will produce responsive documents if any are located.

# GOODWIN | PROCTER

Neal L. Slifkin, Esq.
November 22, 2005
Page 2

Document Request No. 85: Amesbury does not conduct its own analyses of market share. Any approximations of market share used by Amesbury are derived from general market breakdowns by organizations within the industry, such as the American Architectural Manufacturers Association (AAMA)  Such information is as readily obtainable by Caldwell as it is by Amesbury.  Nonetheless, Amesbury will again look for documents responsive to this Request, and will produce responsive documents if any are located.

Document Request No. 91: Amesbury has no documents responsive to this Request

Document Request No. 98: Amesbury does not issue annual reports, and therefore has no documents responsive to this Request.

Caldwell's demand that Amesbury produce any additional responsive documents by November 28 is unreasonable.  Nevertheless, in the spirit of resolving these issues expeditiously, Amesbury will make every effort to produce responsive documents, if any, by November 30.  If you have any questions on this matter, feel free to contact me.

Sincerely yours,

Jordan M. Singer

cc·    Douglas J. Kline, Esq.
       Safraz W. Ishmael, Esq.

# EXHIBIT E

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

NEAL L. SLIFKIN, ESQ.
MEMBER
DIRECT:   (585) 419-8636
FAX:        (585) 419-8813
NSLIFKIN@HARRISBEACH.COM

November 29, 2005

*By Facsimile*

Douglas J. Kline, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA  02109-2881

     Re:  <u>Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Company</u>
           <u>Civil Action No. 05-10020-DPW, District of Massachusetts</u>

Dear Doug:

     During the depositions of Amesbury's witnesses, we requested that Amesbury produce certain documents. Attached is a list of those documents. These documents were all within the scope of our requests for the production of documents, but were apparently overlooked by Amesbury. Some of the depositions during which the documents were requested took place over one month ago. To date, we have not received any additional documents responsive to those requests. If we do not receive the documents by tomorrow morning, we will be forced to file a motion to compel by the end of the day tomorrow.

     Please consider this letter as our good faith effort to resolve a dispute prior to filing a motion to compel.

                Sincerely,

                Neal L. Slifkin

NLS:nac
Enclosure
cc: Jordan Singer
    Safraz Ishmael
    Paul J. Yesawich, III, Esq.

Douglas J. Kline, Esq.
November 29, 2005
Page 2

**HARRIS BEACH** ᴾᴸᴸᶜ
ATTORNEYS AT LAW

bcc:  Thomas Batten
      Laura W. Smalley, Esq.
      David J. Edwards, Esq.
      Christopher Michaels, Esq.
T:\user\nos\caldwell\kline ltr4.doc
11/29/2005 4:07:37 PM

**AMESBURY VS. CALDWELL**
*DOCUMENTS REQUESTED AT DEPOSITIONS*

| DEPONENT | DATE | REQUEST | PAGE REFERENCE |
|---|---|---|---|
| Koopman 30(b)(6) | 11/2/2005 | Invoices on CDs | 196 - 199 |
| Koopman 30(b)(6) | 11/2/2005 | Exhibit 18 - produced in electronic format | 146 |
| Koopman 30(b)(6) | 11/2/2005 | Paper reports located in "Hawaii Room" | 102 and 103 |
| Koopman 30(b)(6) | 11/2/2005 | Costing sheet - cost for the 156 series balance | 167 |
| Koopman 30(b)(6) | 11/2/2005 | Document that relates to the Omega Profits and Losses that would show information such as PBIT, sales revenues etc. | 170 - 171 |
| Newman 30(b)(6) | 10/18/2005 | Andersen 728 - the 4th item on page 3 of Exhibit 4, as well as any other design activity lists or design activity documents relating to the Andersen 700 series products | 35 |
| Newman 30(b)(6) | 10/18/2005 | Any other design activity lists | 36 |
| Newman 30(b)(6) | 10/18/2005 | Documentation of payments made to Fastek for production of tooling | 190-191 |
| Newman 30(b)(6) | 10/18/2005 | Shipping documents indicating Fastek has shipped prototype to Amesbury | 190-191 |
| Newman (rough draft) | 10/19/2005 | An invoice that corresponds to Exhibit 21, a build order for products for Andersen | 6 |

# EXHIBIT F

# GOODWIN | PROCTER

Safraz W. Ishmael, Esq
617 570.1729
sishmael@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T  617 570 1000
F: 617.523.1231

November 30, 2005

**By Facsimile (585-419-8801)**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:  **Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Company**
     **C.A. No. 05-10020-DPW, District of Massachusetts**

Dear Neal:

    We are in receipt of your letter of November 29, 2005, faxed to us at 4:53 pm yesterday, requesting that Amesbury produce, by this morning, certain documents identified in the 30(b)(6) deposition of Amesbury and in the deposition of Gary Newman.  Before receiving your letter, Amesbury yesterday produced many of these documents.  See 11/29/2005 Letter from Jordan Singer to Neal Slifkin.  Amesbury is in the process of locating the remaining documents and will produce them if they are located.

    Additionally, your letter demanding production of these documents within less than twenty-four (24) hours is certainly not a good faith effort to resolve what you characterize as a dispute.  There is in fact no dispute here as Amesbury is making reasonable efforts to find and produce the documents at issue.

Very truly yours,

Safraz W. Ishmael

cc:   Paul J. Yesawich, III, Esq.
      David J. Edwards, Esq.
      Laura W. Smalley, Esq.

LIBA/1651730