UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC., and<br>AMESBURY SPRINGS LTD.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CALDWELL MANUFACTURING<br>COMPANY,<br><br>    Defendant. | Civil Action No. 05-10020-DPW |

**OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DOCUMENTS**

Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively, "Amesbury") hereby oppose defendant Caldwell Manufacturing Company's ("Caldwell's") motion to compel documents. Caldwell's decision to file its motion is frankly baffling, because there has never been any genuine dispute that Amesbury would produce the documents Caldwell now seeks.[1] Indeed, many of the documents Caldwell now demands were in fact produced by Amesbury on November 29, the day before Caldwell's motion was filed. Caldwell's decision to file this motion is therefore a plain violation of Local Rules 7.1(A)(2) and 37.1(A), which permit filing a motion only where the issues addressed could not be narrowed or resolved by a good faith conference. Caldwell's motion is both moot and in violation of the Local Rules, and should be denied.

---

[1] Amesbury, of course, reserved its right to produce documents subject to its objections to Caldwell's document requests (preserving privilege and relevance objections, for example), but to date no document located by Amesbury in response to the issues raised in this motion has been withheld from production.

## **BACKGROUND**

The ten days leading up to the filing of this motion were characterized by Caldwell making unreasonable demands and Amesbury nevertheless agreeing to produce documents as soon as was practicable. Late in the afternoon of November 21, Caldwell sent a letter to Amesbury, formally requesting for the first time certain documents that Caldwell asserted had not been produced. *See* Letter from Neal L. Slifkin, Esq. to Jordan M. Singer, Esq., dated November 21, 2005 (copy attached hereto as Exhibit A). Caldwell's letter demanded production of all requested documents by November 28 – a one-week period that included the Thanksgiving holiday. Caldwell also demanded that Amesbury confirm by the close of business on November 22 that it would produce the requested documents. *See id.*

Amesbury responded by letter the next day. *See* Letter from Jordan M. Singer, Esq. to Neal L. Slifkin, Esq., dated November 22, 2005 (copy attached hereto as Exhibit B). In that letter, Amesbury agreed to produce the requested documents to the extent they existed and had not already been produced. *See id.* Amesbury noted the unreasonableness of Caldwell's November 28 deadline, but stated that it would endeavor to produce the requested documents by November 30. *See id.*

On November 29, Amesbury sent the requested documents to Caldwell as promised. *See* Letter from Jordan M. Singer, Esq. to Neal L. Slifkin, Esq., dated November 29, 2005 (copy attached hereto as Exhibit C). The only responsive documents not included in this supplemental production were electronic invoices that Caldwell had requested on CD-ROM, which were not yet ready for production. Amesbury nevertheless agreed to produce those CDs as soon as they were ready. *See id.*

Late in the day on November 29, Caldwell sent another letter to Amesbury, reiterating its request for the documents Amesbury has just produced that day, and formally requesting for the first time a host of other documents. *See* Letter from Neal L. Slifkin, Esq. to Douglas J. Kline, Esq., dated November 29, 2005 (copy attached hereto as Exhibit D). Caldwell further demanded that the documents be produced ***the following morning***, and threatened to file a motion to compel if the documents were not received at that time. *See id.*

Amesbury responded to Caldwell's letter the next day. *See* Letter from Safraz W. Ishmael, Esq. to Neal L. Slifkin, Esq., dated November 30, 2005 (copy attached hereto as Exhibit E). In that letter, Amesbury reiterated that it had already produced many of the requested documents the day before, was in the process of locating the remaining requested documents (*i.e.*, the documents requested just the night before), and would produce those documents if they were located. *See id.*

Amesbury's letter was faxed to Caldwell's counsel at approximately 1:10 p.m. on November 30. *See id.* After the letter was sent, neither Caldwell's local counsel nor its *pro hac vice* counsel attempted to contact Amesbury to discuss whether any issues remained unresolved. Furthermore, telephone calls by Amesbury's counsel to Caldwell's counsel that day went unreturned. Then, without any acknowledgement of Amesbury's letters or any attempt to confer on the issues, Caldwell filed its motion to compel, demanding the very documents Amesbury had already produced or agreed to produce. There simply was no effort by Caldwell to meet and confer with Amesbury on the issues presented in its motion.

After Caldwell filed this motion, Amesbury contacted Caldwell by telephone to request that Caldwell withdraw the motion in light of the fact that the documents sought had already been produced or would be produced within days. Caldwell refused to withdraw this motion.

3

## ARGUMENT

**I.     Caldwell's Motion Is Moot.**

Caldwell's motion is moot because Amesbury has already produced nearly all the documents Caldwell has requested, and is in the process of gathering and producing the few items remaining. Indeed, many of the documents Caldwell seeks in its motion were produced by Amesbury *before* Caldwell filed its motion. Specifically, on November 29, Amesbury produced approximately 200 pages of documents responsive to Caldwell's Request Nos. 79, 80, 81, and 85. *See* Exhibit C. Amesbury has also explained to Caldwell that it has produced all documents it has responsive to Request Nos. 51-55, and that it had no documents responsive to Request No. 91. *See id*. On December 6, Amesbury produced another 46 pages of documents and a CD responsive to Caldwell's November 29 letter. *See* Letter from Safraz W. Ishmael, Esq. to Neal L. Slifkin, Esq., dated December 6, 2005 (copy attached hereto as Exhibit F). At this stage, Caldwell has not identified any documents in Amesbury's possession or control that have not been produced or are not in the process of being produced.[2] Caldwell's motion is moot, and should be denied for that reason alone.

**II.    Caldwell Failed to Satisfy Local Rules 7.1(A)(2) and 37.1(A).**

Beyond its substantive failings, Caldwell's motion should also be denied for failure to comply with the local rules. Prior to filing a motion, a party is obligated to confer with the opposing party to attempt in good faith to resolve or narrow the issue presented. *See* L.R. 7.1(A)(2). This is especially true for discovery motions. *See* L.R. 37.1(A) ("counsel for each of

---

[2] In connection with Caldwell's Request No. 76, Amesbury agreed to produce CDs containing electronic data reflecting purchase orders and invoices. While the data is available, transferring it to CD in readable and useable form is a time-consuming process – approximately 2.5 hours per CD. Accordingly, on November 29, Amesbury explained to Caldwell that it was working to produce the requested CDs and would do so as soon as possible. On December 6, 2005, Amesbury sent the first CD to Caldwell with the request that Caldwell review the information contained therein and determine whether it wanted the remaining invoices. Amesbury is prepared to produce the remaining CDs as soon as possible if Caldwell determines that it would like all invoices.

the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent"). Failure to comply with Local Rules 7.1(A)(2) and 37.1(A) due to bad faith actions may result in sanctions for costs and attorneys' fees and, "at least in principle, [in] summary denial" of the motion. *Converse, Inc. v. Reebok Int'l Ltd.*, 328 F. Supp.2d 166, 174-75 & n.7 (D. Mass. 2004).

Here, there is no serious question that Caldwell did not comply with its obligation to confer in good faith prior to filing its motion. Most of the documents now sought were in fact sent to Caldwell the day ***before*** it filed its motion, and Caldwell knew as early as November 22 that the documents would be produced. Amesbury also informed Caldwell in writing several hours before the motion was filed that it had already produced the documents, and in any event a simple telephone call to Amesbury's counsel to inquire into the status of the documents would have revealed that they had already been sent. Caldwell made no such call. Nor did it attempt to reach Amesbury by e-mail, facsimile, or any other medium of communication on the day it filed its motion. There was simply no good faith recognition by Caldwell that the issues presented by its motion were in fact moot before the motion was ever filed.

## CONCLUSION

For the reasons set forth above, Amesbury Group, Inc. and Amesbury Springs Ltd. respectfully request that this Court deny defendant's Motion to Compel, and grant any other relief that the Court deems proper.

Respectfully submitted,

/s/ Jordan M. Singer
Douglas J. Kline (BBO# 556680)
Jordan M. Singer (BBO# 651068)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
Phone:  (617) 570-1000
Fax:  (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.
AMESBURY SPRINGS LTD.**

Dated: December 7, 2005

LIBA/1653493.1

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

NEAL L. SLIFKIN

DIRECT:  (585) 419-8636
FAX:     (585) 419-8813
NSLIFKIN@HARRISBEACH.COM

*By Facsimile  617/523-1231*

November 21, 2005

Jordan M. Singer, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

    Re:    <u>Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Co.</u>
            U.S. District Court, D. Mass, Case No. 05-10020

Dear Jordie:

    We are writing to advise you of a number of deficiencies in your document production. We ask that you indicate by the close of business tomorrow whether you intend to produce the documents requested in this letter and we ask for the documents by November 28, 2005. If we do not have all documents requested in this letter by November 28, 2005, we intend to file a motion to compel on November 29, 2005.

    Caldwell's document Request Nos. 51-55 request documents relating to the secondary considerations of non-obviousness. Amesbury has objected on the basis that it calls for documents which are not relevant or reasonably calculated to lead to discovery of admissible evidence. We ask that you either produce all documents that you have relating to the secondary considerations or confirm that you will not be relying on any secondary considerations to support the validity of any of the patents in suit.

    Request No. 76 seeks for each patented Amesbury product, electronic data sufficient to completely reconstruct all purchase orders and any invoices concerning any such product. Although Mr. Koopmann testified at his 30(b)(6) deposition that the data exists, Amesbury has produced no electronic data in this case. We request that you produce to us all electronic sales information concerning all patented Amesbury products.

    Request No. 79 seeks for each patented Amesbury product all documents concerning the gross profit, net income, net profit/net income before taxes on each such product. Amesbury has produced a small number of spreadsheets which relate to this request. Again, Mr. Koopmann testified that Amesbury has in its possession supporting detail and voluminous records concerning these items. We request that Amesbury produce all documents responsive to this request.

    Caldwell's Request No. 80 seeks for each patented Amesbury product, all documents concerning the cost of goods, costs of sales, costs of development, fixed costs, or variable costs

Jordan M. Singer, Esq.
November 21, 2005
Page 2

**HARRIS BEACH**
ATTORNEYS AT LAW

for each product. Again, Amesbury has produced a small number of spreadsheets. The request seeks all documents responsive to this request.

Request No. 81 seeks for each patented Amesbury product, all documents concerning the cost of developing the capacity to make, sell, or import such product. We have been able to identify no documents responsive to this request. Please either identify the documents that you have produced responsive to this request, or provide the documents to us.

Request No. 85 seeks all documents concerning the market share of each patented Amesbury or accused Caldwell product. Please confirm that you either have no such documents or that you will produce all responsive documents.

Request No. 91 seeks all documents that reflect the rate at which Amesbury pays interest on incurred debts. We have been unable to identify any documents which you have produced responsive to this request. Please produce all such documents.

Request No. 98 seeks all annual reports of Amesbury from January, 1999 to the present. We have not received any annual reports of Amesbury. Please produce all such annual reports.

We wish to avoid motion practice if possible. Please consider this as our effort to resolve the dispute and feel free to contact me if you wish to discuss the matter.

Sincerely,

*Neal L. Slifkin*

Neal L. Slifkin

NLS:nac
T:\user\nos\caldwell\Singer ltr1.doc

GOODWIN | PROCTER

Jordan M. Singer
617.570.1096
jsinger@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

November 22, 2005

**By Facsimile and First Class Mail**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:   *Amesbury Group, Inc. et al. v. Caldwell Manufacturing Co.*,
      <u>U.S. District Court, D. Mass., Case No. 05-10020</u>

Dear Neal:

The letter will address *seriatim* the issues raised in your letter of November 21.

<u>Document Request Nos. 51-55</u>: Amesbury has already produced documents relating to secondary considerations of non-obviousness, including documents reflecting Amesbury's sales, which constitutes evidence of commercial success. Amesbury will rely on all applicable secondary considerations of non-obviousness to support the validity of its patents-in-suit, including without limitation commercial success, long-felt need, unsuccessful attempts by others to find the solution described in the patents-in-suit, copying by competitors, and superior results.

<u>Document Request No. 76</u>: Consistent with Richard Koopmann's testimony on November 2, Amesbury will provide copies of electronic data responsive to Request No. 76 as soon as copies are available.

<u>Document Request No. 79</u>: Amesbury does not track profit and income by individual product lines, and accordingly does not have significant documentation on this topic. Furthermore, Amesbury has already produced documents responsive to this Request. Amesbury, however, will search for any additional documents response to Request No. 79, and will produce any such documents to the extent they are found.

<u>Document Request Nos. 80-81</u>: Amesbury has already produced documents responsive to the cost of developing, manufacturing and selling its products that practice the patents-in-suit. Nevertheless, Amesbury will search again for documents responsive to Request Nos. 80 and 81, and will produce responsive documents if any are located.

GOODWIN | PROCTER

Neal L. Slifkin, Esq.
November 22, 2005
Page 2

      Document Request No. 85: Amesbury does not conduct its own analyses of market share. Any approximations of market share used by Amesbury are derived from general market breakdowns by organizations within the industry, such as the American Architectural Manufacturers Association (AAMA). Such information is as readily obtainable by Caldwell as it is by Amesbury. Nonetheless, Amesbury will again look for documents responsive to this Request, and will produce responsive documents if any are located.

      Document Request No. 91: Amesbury has no documents responsive to this Request.

      Document Request No. 98: Amesbury does not issue annual reports, and therefore has no documents responsive to this Request.

      Caldwell's demand that Amesbury produce any additional responsive documents by November 28 is unreasonable. Nevertheless, in the spirit of resolving these issues expeditiously, Amesbury will make every effort to produce responsive documents, if any, by November 30. If you have any questions on this matter, feel free to contact me.

Sincerely yours,

*Jordan Singer*

Jordan M. Singer

cc:    Douglas J. Kline, Esq.
       Safraz W. Ishmael, Esq.

**GOODWIN | PROCTER**

Jordan M. Singer
617.570.1096
jsinger@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T 617 570.1000
F 617 523 1231

November 29, 2005

**By Federal Express**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:   *Amesbury Group, Inc. et al. v. Caldwell Manufacturing Co.*,
      U.S. District Court, D. Mass., Case No. 05-10020

Dear Neal:

Following up on my letter of November 22, 2005, I am enclosing documents Bates numbered AME 01949 to AME 02146.

Amesbury is currently working to provide copies of electronic data responsive to Request No. 76, and will produce CDs containing such data as soon as it is able.

Please let me know if you have any questions.

Sincerely yours,

Jordan M. Singer

Enclosures

cc:   Douglas J. Kline, Esq. (w/o enclosures)
      Safraz W. Ishmael, Esq. (w/o enclosures)

# HARRIS BEACH

ATTORNEYS AT LAW

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

NEAL L. SLIFKIN, ESQ.
MEMBER
DIRECT:  (585) 419-8636
FAX:       (585) 419-8813
NSLIFKIN@HARRISBEACH.COM

November 29, 2005

*By Facsimile*

Douglas J. Kline, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109-2881

     Re: <u>Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Company
Civil Action No. 05-10020-DPW, District of Massachusetts</u>

Dear Doug:

    During the depositions of Amesbury's witnesses, we requested that Amesbury produce certain documents. Attached is a list of those documents. These documents were all within the scope of our requests for the production of documents, but were apparently overlooked by Amesbury. Some of the depositions during which the documents were requested took place over one month ago. To date, we have not received any additional documents responsive to those requests. If we do not receive the documents by tomorrow morning, we will be forced to file a motion to compel by the end of the day tomorrow.

    Please consider this letter as our good faith effort to resolve a dispute prior to filing a motion to compel.

                                              Sincerely,

                                              Neal L. Slifkin

NLS:nac
Enclosure
cc:  Jordan Singer
       Safraz Ishmael
       Paul J. Yesawich, III, Esq.

11/29/2005  16:53    15854198812              HARRIS BEACH PLLC 1C                    PAGE  03/03

## AMESBURY VS. CALDWELL
*DOCUMENTS REQUESTED AT DEPOSITIONS*

| DEPONENT | DATE | REQUEST | PAGE REFERENCE |
|---|---|---|---|
| Koopman 30(b)(6) | 11/2/2005 | Invoices on CDs | 196 - 199 |
| Koopman 30(b)(6) | 11/2/2005 | Exhibit 18 - produced in electronic format | 146 |
| Koopman 30(b)(6) | 11/2/2005 | Paper reports located in "Hawaii Room" | 102 and 103 |
| Koopman 30(b)(6) | 11/2/2005 | Costing sheet - cost for the 156 series balance | 167 |
| Koopman 30(b)(6) | 11/2/2005 | Document that relates to the Omega Profits and Losses that would show information such as PBIT, sales revenues etc. | 170 - 171 |
| Newman 30(b)(6) | 10/18/2005 | Andersen 728 - the 4th item on page 3 of Exhibit 4, as well as any other design activity lists or design activity documents relating to the Andersen 700 series products | 35 |
| Newman 30(b)(6) | 10/18/2005 | Any other design activity lists | 36 |
| Newman 30(b)(6) | 10/18/2005 | Documentation of payments made to Fastek for production of tooling | 190-191 |
| Newman 30(b)(6) | 10/18/2005 | Shipping documents indicating Fastek has shipped prototype to Amesbury | 190-191 |
| Newman (rough draft) | 10/19/2005 | An invoice that corresponds to Exhibit 21, a build order for products for Andersen | 6 |

19963.v1                                                1

# HARRIS BEACH

ATTORNEYS AT LAW

FAX  10/4/2005

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

NEAL L. SLIFKIN

DIRECT: (585) 419-8636
FAX:    (585) 419-8813
NSLIFKIN@HARRISBEACH.COM

| File No. | 210199 | Page 1 of 2 |
|---|---|---|

| TO: | Douglas J. Kline | Fax No. | 617/523-1231 |
|---|---|---|---|
| FROM: | Neal L. Slifkin | | |
| RE: | Amesbury v. Caldwell | | |

▶ This will be the only form of delivery

If this fax is incomplete, please contact Nancy Colgrove at (585) 419-8673

The information contained in this facsimile message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that dissemination, distribution or copying of this information is prohibited. If you have received this communication in error, please notify us immediately by telephone.

Circular 230 Disclosure: In accordance with Internal Revenue Service Circular 230, we inform you that any discussion of a federal tax issue contained in this communication (including any attachments) is not intended to be used, and it cannot be used, by any recipient for the purpose of avoiding penalties that may be imposed on the recipient under United States federal tax laws.

GOODWIN | PROCTER

Safraz W. Ishmael, Esq.
617.570.1729
sishmael@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

November 30, 2005

**By Facsimile (585-419-8801)**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:   Amesbury Group, Inc., *et al.* v. The Caldwell Manufacturing Company
      C.A. No. 05-10020-DPW, District of Massachusetts

Dear Neal:

We are in receipt of your letter of November 29, 2005, faxed to us at 4:53 pm yesterday, requesting that Amesbury produce, by this morning, certain documents identified in the 30(b)(6) deposition of Amesbury and in the deposition of Gary Newman. Before receiving your letter, Amesbury yesterday produced many of these documents. See 11/29/2005 Letter from Jordan Singer to Neal Slifkin. Amesbury is in the process of locating the remaining documents and will produce them if they are located.

Additionally, your letter demanding production of these documents within less than twenty-four (24) hours is certainly not a good faith effort to resolve what you characterize as a dispute. There is in fact no dispute here as Amesbury is making reasonable efforts to find and produce the documents at issue.

Very truly yours,

*/s/ Safraz W. Ishmael*

Safraz W. Ishmael

cc:   Paul J. Yesawich, III, Esq.
      David J. Edwards, Esq.
      Laura W. Smalley, Esq.

LIBA/1651730

Confirmation Report-Memory Send

```
                              Time       : Nov-30-05  01:12pm
                              Tel line 1 : 16172278591
                              Name       : ADA(GDT PROCTER LLP
```

| | | |
|---|---|---|
| Job number | : | 844 |
| Date | : | Nov-30 01:10pm |
| To | : | #84415854198801 |
| Document Pages | : | 02 |
| Start time | : | Nov-30 01:10pm |
| End time | : | Nov-30 01:12pm |
| Pages sent | : | 02 |
| Job number | : 844 | \*\*\* SEND SUCCESSFUL \*\*\* |

GOODWIN | PROCTER

Safraz W. Ishmael Esq
617 570 1729
sishmael@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston MA 02109
T 617 570 1000
F 617 523 1231

November 30, 2005

**By Facsimile (585-419-8801)**

Neal L. Slifkin, Esq
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:   **Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Company
      C.A. No. 05-10020-DPW, District of Massachusetts**

Dear Neal:

We are in receipt of your letter of November 29, 2005, faxed to us at 4:53 pm yesterday, requesting that Amesbury produce, by this morning, certain documents identified in the 30(b)(6) deposition of Amesbury and in the deposition of Gary Newman. Before receiving your letter, Amesbury yesterday produced many of these documents. *See* 11/29/2005 Letter from Jordan Singer to Neal Slifkin. Amesbury is in the process of locating the remaining documents and will produce them if they are located.

Additionally, your letter demanding production of these documents within less than twenty-four (24) hours is certainly not a good faith effort to resolve what you characterize as a dispute. There is in fact no dispute here as Amesbury is making reasonable efforts to find and produce the documents at issue.

Very truly yours,

Safraz W. Ishmael

cc:   Paul J. Yesawich, III, Esq.
      David J. Edwards, Esq.
      Laura W. Smalley, Esq

LIBA/1651730

# GOODWIN | PROCTER

Goodwin Procter LLP
Exchange Place
Boston, MA 02109

## FAX TRANSMITTAL

If problems with transmittal call fax department at 617.570.1816

| Date | Total pages | Attorney number | Client / Matter number |
|---|---|---|---|
| 11/30/05 | 2 | 09111 | 120800-155371 |

| To | Company | Fax number | Telephone |
|---|---|---|---|
| Neal Slifkin | Harris Beach | 585-419-8801 | |
| Paul Yesawich, III | | | |
| David Edwards | Laura Smalley | | |

| From | Company | Fax number | Telephone |
|---|---|---|---|
| Sarraz Ishmael | | 617.227.8591 | |

Message

The information contained in this communication is intended only for the personal and confidential use of the designated recipients addressed This message may be an attorney-client communication from the law firm of Goodwin Procter LLP, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited If you have received this communication in error, please notify us by telephone and return the original message to us by mail. Thank you

# GOODWIN | PROCTER

Safraz W. Ishmael, Esq.
617.570.1729
sishmael@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

December 6, 2005

**By Federal Express**

Neal L. Slifkin, Esq.
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

Re:   Amesbury Group, Inc., et al. v. The Caldwell Manufacturing Company
      C.A. No. 05-10020-DPW, District of Massachusetts

Dear Neal:

Further to your letter of November 29, 2005, enclosed are documents Bates labeled AME 02147 through AME 02192, and a CD Bates labeled AME 02193.

The CD contains electronic data, all hereby designated "Confidential – Counsel's Eyes Only," reflecting purchase orders and invoices. The data is in mostly Microsoft Access and Tiff format.

While additional data relating to purchase orders and invoices are available, transferring such data to CD in a useful format is time consuming and burdensome. As such, Amesbury requests that Caldwell review the enclosed CD and determine whether it would like the remaining invoice data. If Caldwell determines that it is likely to use the information compiled on the CD, please contact us and Amesbury will make the remaining similar information available.

Very truly yours,

*[signature]*

Safraz W. Ishmael

LIBA/1654043