UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC. and<br>AMESBURY SPRINGS LTD,<br>                              Plaintiffs,<br>vs.<br><br>THE CALDWELL MANUFACTURING<br>COMPANY,<br>                              Defendant. | Civil Action No. 05-10020-DPW |

**ATTORNEY'S AFFIRMATION**

NEAL L. SLIFKIN, an attorney duly admitted to practice, affirms as follows under the penalties of perjury:

1. I am a member of Harris Beach, PLLC, one of the attorneys for the defendant Caldwell Manufacturing Company ("Caldwell") in this action. I submit this affirmation in further support of Caldwell's motion for leave to amend its answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. More specifically, I submit this affirmation in response to the opposition to our motion submitted on behalf of the plaintiffs Amesbury Group, Inc. and Amesbury Springs, Ltd. ("Amesbury").

2. In its opposition, Amesbury alleges that Caldwell's motion must be dismissed as futile because Caldwell allegedly cannot prove that the inventor, Gary Newman, intended to deceive the U.S. Patent and Trademark Office ("PTO") or knew that prior art was material to his patent application.

3. Amesbury suggests that Caldwell "appears to have known about the Andersen product as early as June 10, 2005". (Amesbury Opposition, p.14). It is true that I had

information which led me to suspect that there was an issue as to prior art products of Amesbury. However, the documentation in my possession did not make a connection between the drawings of an Amesbury product and the purchase orders for that product. Thus, it was not until October 18, 2005, when I deposed Gary Newman, that I became aware of the connection between the drawings and the invoices[1]. Annexed hereto as Exhibit A is a true and accurate copy of the relevant portions of the deposition of Mr. Newman.

    4. While it is true that Mr. Newman's testimony supported our contention that Amesbury had engaged in inequitable conduct, we felt that confirmation from additional witnesses was desirable. Consequently, we took the depositions of Stuart Uken and Larry VerSteeg. The testimony of these individuals confirmed our contention. Annexed hereto as Exhibits B and C, respectively, are true and accurate copies of the relevant portions of the depositions of Mr. Uken and Mr. Versteeg. Caldwell has no opposition to the extension of the fact discovery deadline should Amesbury feel the need for additional depositions.

    5. Since the best evidence of the testimony of Mr. Newman is his deposition transcript, we waited until we had received this transcript before making the motion to amend. It should be noted that this motion was filed approximately two weeks after receipt of the deposition transcript.

    6. Somewhat disingenuously, Amesbury suggests that a case schedule that was agreed to by the parties set July 1, 2005 as the last day to amend the pleadings. Neither this date, or any other, was set as a cutoff date in the Scheduling Order which was

---

[1] Documents relating to this issue were, for the first time, sent by Amesbury to my office, located in Pittsford, New York, via overnight mail on October 17, 2005. Thus, this information was first received from Amesbury by my office on the same day that I was deposing Mr. Newman in Boston.

ultimately issued by the Court on May 4, 2005, a true and accurate copy of which is annexed as Exhibit D. Thus, Caldwell's motion to amend does not run afoul of any of this Court's Scheduling Orders.

I declare the foregoing is true and correct under penalty of perjury. Executed on December 14, 2005.

                                            /S/ NEAL L. SLIFKIN
                                            NEAL L. SLIFKIN

# EXHIBIT A

# FILED UNDER SEAL

# EXHIBIT B

# FILED UNDER SEAL

# EXHIBIT C

# FILED UNDER SEAL

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., ET AL
    Plaintiff,

v.                                      CIVIL ACTION
                                        NO.05-10020-DPW

THE CADWELL MANUFACTURING
COMPANY,
    Defendant,

SCHEDULING ORDER

WOODLOCK, D.J.

This Order is intended primarily to aid and assist counsel in scheduling and planning the preparation and presentation of cases, thereby insuring the effective, speedy and fair disposition of cases, either by settlement or trial.

The above-entitled action having been heard on April 28, 2005, it is hereby ORDERED pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), that:

(1)   fact discovery is to be completed by **OCTOBER 17, 2005**, unless shortened or enlarged by Order of this Court;

(2)   parties shall exchange claim construction charts (views on claim construction) by **JULY 30, 2005**;

(3)   Plaintiffs' Markman Brief is due **SEPTEMBER 15, 2005**; Defendants Markman Brief is due **OCTOBER 14, 2005.**

(4)   **ELECTRONIC FILING**: All future submissions in this case are subject to electronic filing and all counsel who choose to appear must make arrangements to register for participation in electronic case filing, if they have not already done so. In addition to electronically filing any pleading, counsel shall also file all submissions relating to dispositive matters with the Court in hard copy, clearly marked **"Courtesy Copy - Do Not Scan"** on the cover page of each pleading/submission. Notices, orders and memoranda of the Court will only be filed and served electronically.

(5) A further scheduling/status conference is set for **OCTOBER 21, 2005 AT 2:30 P.M.** in Courtroom 1 on the 3rd floor before Hon. Douglas P. Woodlock, U.S.D.J. By **OCTOBER 13, 2005**, the parties shall file a STATUS REPORT indicating the current status of the case, including discovery proceedings, settlement discussions, pending or contemplated motions, proposed dates for pretrial conferences and for trial, and any other matters which should be addressed at the further conference.

All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery, join other parties, amend the pleadings or file motions. The Court may then enter a final scheduling order, if necessary.

Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the court or upon the request of counsel, if the Court can be of assistance in resolving preliminary issues or in settlement.

By the Court,

/s/ Michelle Rynne
Deputy Clerk

DATED: May 4, 2005