## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC., and AMESBURY SPRINGS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE CALDWELL MANUFACTURING COMPANY, <br><br> Defendant. | Civil Action No. 05-10020-DPW |

## MOTION TO STRIKE REPLY BRIEF

Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd. (collectively, "Amesbury") move to strike the Reply brief submitted by defendant Caldwell Manufacturing Company ("Caldwell") in Support of Its Motion to Amend the Answer (Docket No. 53). Caldwell submitted its Reply brief, which is more than twice as long as its original brief, without formally seeking or obtaining leave of Court to file or conferencing the issue with Amesbury. Furthermore, the Reply brief consists exclusively of arguments that Caldwell could have included in its original motion. In further support of this Motion, Amesbury states as follows:

    1. On December 14, 2005, Caldwell filed a document captioned "Caldwell's Reply Memorandum In Support of Its Motion to Amend the Answer." The Local Rules of the District of Massachusetts make clear that reply briefs in support of a motion may be submitted only with leave of Court. *See* L.R. 7.1(B)(3). Caldwell, however, filed its Reply brief and supporting documents without any evidence that it sought or obtained leave of Court to file. Nor did Caldwell inform Amesbury that it intended to file the Reply brief or intended to seek leave from the Court to do so.

2.     During a December 15 teleconference with Amesbury's counsel, Caldwell's counsel stated that it had confirmed with the Court on December 12 that it had leave to file the Reply based on the Court's October 27 scheduling order.  This *ex parte* conversation was not noted anywhere in Caldwell's Reply brief, nor was it brought to Amesbury's attention before the Reply was filed.  Amesbury respectfully asserts that nothing in this Court's October 27 scheduling order specifically grants Caldwell leave to file its Reply.  The scheduling order set deadlines for filing of reply briefs for discovery motions *only*, and even then, did not automatically grant leave to file any such replies.  Caldwell's Reply brief relates not to a discovery motion but to a motion to amend the answer, which was never raised at the October 27 scheduling hearing and was never contemplated in the Court's scheduling order.

3.     In any event, even if Caldwell's Reply technically was permissible, it should be stricken because it consists entirely of arguments that should have been set forth in its original motion.  For example, pages 5-8 of Caldwell's Reply brief address the materiality and intent elements of an inequitable conduct claim.  These issues were already discussed in Caldwell's original motion, and any discussion of the same issues in the Reply is merely duplicative.  Similarly, page 10 of the Reply discusses the issue of prejudice to Amesbury, which was already discussed in Caldwell's original motion.  Caldwell had the opportunity to expand the discussion of these issues in its original motion and chose not to do so; it should not have a free pass simply to reiterate the same points in a reply brief.

4.     Even if portions of Caldwell's Reply brief can be construed as a response to Amesbury's opposition, those "responsive" arguments should have been anticipated by Caldwell and included in its original motion.  By way of example, Caldwell spends three pages on its Reply brief setting out the legal standard for futility.  But Caldwell already discussed the legal

standard for granting a motion to amend in its original motion, and should have included its futility discussion at that time. Similarly, Caldwell spends pages 11-12 of its Reply brief attempting to explain why it filed its motion to amend at the very close of discovery, and almost six weeks after becoming aware of all the facts surrounding its purported inequitable conduct claim. There is no reason why these issues should not have been addressed in Caldwell's original motion.[1]

5.    Caldwell made the decision to file a *five-page* motion for leave to amend its answer on November 28. It no doubt anticipated that Amesbury would oppose the motion and should have included all of its arguments in the one pleading to which it was entitled. Instead, Caldwell now attempts to file a *thirteen-page* Reply brief containing arguments that were included, or should have been included, in its earlier motion, which it is not entitled to do. Caldwell's Reply should be stricken.

WHEREFORE, for the foregoing reasons, Amesbury respectfully requests that this Court strike Caldwell's Reply Memorandum in Support of Its Motion to Amend the Answer (Docket No. 53) and supporting documents.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies that on December 15, 2005, counsel for Amesbury contacted counsel for Caldwell in an effort to resolve the issues raised by this Motion, but the parties were not able to narrow or resolve the issues presented.

---

[1] Even if Caldwell did not anticipate Amesbury's arguments in opposition to its motion, it reasonably should have done so, and in any event Caldwell would have learned of Amesbury's position had Caldwell conducted a proper telephone conference with Amesbury prior to filing its motion. Instead, Caldwell filed its motion less than 24 hours after sending a letter informing Amesbury of its intent to file.

Respectfully submitted,

/s/ Jordan M. Singer
Douglas J. Kline (BBO# 556680)
Jordan M. Singer (BBO# 651068)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Fax: (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: December 15, 2005

LIBA/1656830.1