IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

                              Plaintiffs,

vs.                                                    Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

                              Defendant.

## RESPONSE TO MOTION TO STRIKE REPLY BRIEF

This memorandum is submitted in response to Plaintiffs' Amesbury Group, Inc. and Amesbury Springs Ltd.'s (collectively "Amesbury") motion to strike the reply brief submitted by defendant Caldwell Manufacturing Company ("Caldwell") in further support of its motion to amend its Answer.    For the reasons outlined below, Amesbury's motion to strike is patently meritless because: (1) the Court's October 27, 2005 Scheduling Order permitted Caldwell to file a reply; and (2) Caldwell's reply papers were properly limited to issues raised in its initial motion and responsive to arguments raised by Amesbury.    Amesbury's motion should therefore be denied.

1.    As a preliminary matter, Amesbury's contention that Caldwell required leave of Court to file a reply is simply wrong.  This Court's October 27, 2005 Scheduling Order, attached as Exhibit "A", expressly permitted the parties to reply to pending discovery motions on December 14, 2005.  As outlined in the Declaration of Thomas E. Lent, attached as Exhibit "B", Caldwell's counsel confirmed with the Court that Caldwell did not need to seek leave to file a reply in light of the Court's Scheduling Order.   Amesbury's filing of this motion to strike in light of the Court's order and its interpretation thereof borders on frivolous.

1

2.      If permission were required under the October 27 Scheduling Order, Caldwell respectfully requests retroactive permission to serve a reply.    Amesbury's opposition to Caldwell's motion to amend its answer was lengthy, and extensively challenged the merits of the proposed Amended Answer.    Caldwell believes that its reply papers will be of assistance to the Court in clarifying the issues.[1]

3.      Furthermore, Caldwell's reply papers were properly confined to the issues raised on its initial motion to amend and by Amesbury's responsive papers.    In upholding Magistrate Judge Swartwood's denial of a motion to strike, the First Circuit stated that: "the arguments [plaintiff] claims should have been stricken directly responded to arguments in [plaintiff's] memorandum opposing summary judgment, and were therefore appropriate for a reply brief." Parker v. Worchester Insurance Co., 247 F.3d 1, 7 (1st Cir. 2001).    Indeed, although Amesbury contends that Caldwell's reply papers address: (1) matters that "should have been set forth in its original motion;" or (2) arguments that "should have been anticipated" by Caldwell (Motion to Strike, p. 2), it is clear that Caldwell's reply does not raise any basis for the motion not stated in its initial moving papers, and the arguments therein are responsive to the points raised by Amesbury in its responding papers.

4.      Specifically, Caldwell raised the issues of materiality and intent in its opening brief and responded to Amesbury's arguments on that point in its reply:

      A.      <u>Page 2 of Caldwell's Opening Brief</u>:    "[I]nequitable conduct includes affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." <u>Semiconductor Energy Laboratory Company, Ltd. v. Samsung Electronics Co.</u>, 204 F.3d 1368, 1373 (Fed. Cir. 2000).    If an alleged infringer can establish that (1) a material reference was withheld from the PTO, and (2) it was withheld with intent to deceive, the patent is

---

[1] In the alternative, Caldwell seeks permission to "supplement" its initial motion to amend with the material contained in its reply papers, as this procedure is apparently embraced by some counsel in the District of Massachusetts. (<u>See</u> Amesbury's Motion for Permission to Supplement Its Motion to Compel, Docket No. 57).

rendered unenforceable.  <u>See</u>, <u>id.</u>; <u>Baxter Intern., Inc. v. McGaw, Inc.</u>, 149 F.3d 1321, 1327 (Fed. Cir. 1998).

    B.    <u>Pages 4 through 8 of Amesbury's responding brief</u>:  "Caldwell's Proposed Inequitable Conduct Claim Is Futile as Caldwell Cannot Show Intent to Deceive or Materiality" (at p. 4).

    C.    <u>Caldwell's Reply Brief pages 4 through 8</u>:  Caldwell's inequitable conduct claim is not futile because the 728 series balance is material prior art that Amesbury withheld with intent to deceive.

5.    Furthermore, the arguments relating to materiality and intent to deceive were not duplicative.  In its responding papers, Amesbury argued that Caldwell had not alleged or demonstrated the intent to deceive, and that the prior art reference withheld from the PTO was not material.  In reply, Caldwell addressed these points with the testimony of Gary Newman, as well as the testimony of two additional witnesses, Stuart Uken and Larry Versteeg.  These arguments were properly within the scope of Caldwell's original motion and responsive to Amesbury's arguments.

6.    Similarly, Caldwell's discussion of the prejudice to Amesbury was limited to points permissible in a reply brief.  The issues were raised by the parties as follows:

    A.    <u>Pages 3 and 4 of Caldwell's opening brief</u>:  Caldwell did not have a viable counterclaim until the October 18, 2005 deposition of Gary Newman; and the proposed amendment will not prejudice Amesbury because the underlying facts are within its possession and already known to it.

    B.    <u>Pages 11 through 13 of Amesbury's responding brief</u>:  Amesbury argues that it would be prejudiced because the discovery period is now closed, depriving it of the opportunity to examine certain witnesses, and because reopening discovery for that purpose would cause it expense and delay.

    C.    <u>Page 10 of Caldwell's reply brief</u>:  Caldwell argues that Amesbury would not be prejudiced by the amendment because Amesbury knew about Caldwell's prosecution of an inequitable conduct claim, and because Amesbury's professed need for discovery contradicts its claim in its responding brief that no issues of fact exist for trial.

7.     Finally, the discussion of futility in Caldwell's reply brief was proper.  Leaving aside Amesbury's argument that Caldwell should have anticipated a claim of futility on an inequitable conduct claim which Amesbury claims is "highly fact-intensive" (Amesbury's responding brief, at p. 1) and requires Amesbury to expend significant funds to "investigate and explore" (p. 12), Caldwell did anticipate that the Amesbury would argue the merits of its claim. Therefore, Caldwell's opening brief (at pp. 2-4) discussed the elements of a claim of inequitable conduct and how its allegations satisfied those elements.   After Amesbury argued that the proposed amendment was futile because Caldwell did not prove materiality and intent, Caldwell specifically responded to those arguments in its brief at pages 8 through 9, including a discussion of futility.  This is the proper use of a reply.   Parker, 247 F.3d at 7 (issues directly responsive to arguments raised by non-moving party proper for a reply).

8.     For the foregoing reasons, this Court should deny Amesbury's motion to strike Caldwell's reply brief in its entirety.

Dated:  December 21, 2005                              Respectfully submitted,

                                                       HARRIS BEACH PLLC


                                           By:     /s/Neal L. Slifkin
                                                   Paul J. Yesawich, III
                                                   Neal L. Slifkin
                                                   David J. Edwards
                                                   Laura W. Smalley
                                                   *Attorneys for Defendant*
                                                   99 Garnsey Road
                                                   Pittsford, New York 14534
                                                   Telephone: 585-419-8800

4

-and-

David E. Lurie, BBO# 542030
Thomas E. Lent, BBO# 644970
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Telephone: 617-367-1970

210199 23506.1

EXHIBIT A

| 10/20/2005 | | Notice of correction to docket made by Court staff. Correction: docket entry 29 corrected because: the document was not electronically signed (Nici, Richard). (Entered: 10/20/2005) |
| 10/21/2005 | 32 | JOINT STATEMENT re scheduling conference. (Lurie, David) (Entered: 10/21/2005) |
| 10/27/2005 | | ElectronicClerk's Notes for proceedings held before Judge Douglas P. Woodlock : Further Scheduling/Status Conference held on 10/27/2005. Markman hearing scheduled for 12/22/05 at 9:00 am. Deposition discovery shall be completed by 11/30/05. Any discovery motions shall be filed by 11/30/05, oppositions by 12/7/05, replies by 12/14/05. All pending issues shall be address at the hearing on 12/22/05. 25 MOTION for Issuance of Letters Rogatory *Letters of Request* ALLOWED. (Court Reporter Pam Owens.) (Rynne, Michelle) (Entered: 10/27/2005) |
| 10/27/2005 | | NOTICE of Hearing; Markman Hearing set for 12/22/2005 09:00 AM in Courtroom 1 before Judge Douglas P. Woodlock. (Rynne, Michelle) (Entered: 10/27/2005) |
| 10/27/2005 | 33 | Judge Douglas P. Woodlock : ORDER issuing letters of request. (Nici, Richard) (Entered: 11/01/2005) |
| 11/14/2005 | 34 | MOTION to Compel *Amesbury to Designate a 30(b)(6) Witness on Its Infringement Contentions* by The Caldwell Manufacturing Company, The Caldwell Manufacturing Company.(Lent, Thomas) Modified on 11/15/2005 (Nici, Richard). RECEIVED UNREDACTED VERSION 11/14/05 (Entered: 11/14/2005) |
| 11/14/2005 | 35 | DECLARATION re 34 MOTION to Compel *Amesbury to Designate a 30(b)(6) Witness on Its Infringement Contentions of Neal J. Slifkin* by The Caldwell Manufacturing Company, The Caldwell Manufacturing Company. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P)(Lent, Thomas) Modified on 11/15/2005 (Nici, Richard).RECEIVED UNREDACTED VERSION 11/14/05 (Entered: 11/14/2005) |
| 11/14/2005 | 36 | DECLARATION re 34 MOTION to Compel *Amesbury to Designate a 30(b)(6) Witness on Its Infringement Contentions of David J. Edwards* by The Caldwell Manufacturing Company, The Caldwell Manufacturing Company. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Lent, Thomas) Modified on 11/15/2005 (Nici, Richard).RECEIVED UNREDACTED VERSION 11/14/05 (Entered: 11/14/2005) |
| 11/14/2005 | 37 | MOTION to Seal *Portions of Motion to Compel and Declaration of Neal J. Slifkin* by The Caldwell Manufacturing Company, The Caldwell Manufacturing Company.(Lent, Thomas) Modified on 11/15/2005 (Nici, Richard). RECEIVED UNREDACTED VERSION 11/14/05 (Entered: 11/14/2005) |
| 11/14/2005 | 38 | DUPLICATE OF #37 MOTION to Seal by The Caldwell Manufacturing Company.(Nici, Richard) Modified on 11/15/2005 (Nici, Richard). (Entered: 11/15/2005) |
| 11/14/2005 | 39 | DUPLICATE OF #'S 34,35,36 MOTION to Compel with declarations in support by Neal F. Slifkin and David Edwards with exhibits by The Caldwell Manufacturing Company.(Nici, Richard) Modified on 11/15/2005 (Nici, Richard). (Entered: 11/15/2005) |

## Thomas Lent

| | |
|---|---|
| **From:** | <ECFnotice@mad.uscourts.gov> |
| **To:** | <CourtCopy@mad.uscourts.gov> |
| **Sent:** | Thursday, October 27, 2005 5:23 PM |
| **Subject:** | Activity in Case 1:05-cv-10020-DPW Amesbury Group, Inc. et al v. The Caldwell Manufacturing Company "Status Conference" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Rynne, Michelle entered on 10/27/2005 at 5:23 PM EDT and filed on 10/27/2005

| | |
|---|---|
| **Case Name:** | Amesbury Group, Inc. et al v. The Caldwell Manufacturing Company |
| **Case Number:** | 1:05-cv-10020 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
ElectronicClerk's Notes for proceedings held before Judge Douglas P. Woodlock : Further Scheduling/Status Conference held on 10/27/2005. Markman hearing scheduled for 12/22/05 at 9:00 am. Deposition discovery shall be completed by 11/30/05. Any discovery motions shall be filed by 11/30/05, oppositions by 12/7/05, replies by 12/14/05. All pending issues shall be address at the hearing on 12/22/05. [25] MOTION for Issuance of Letters Rogatory *Letters of Request* ALLOWED. (Court Reporter Pam Owens.) (Rynne, Michelle)

The following document(s) are associated with this transaction:

**1:05-cv-10020 Notice will be electronically mailed to:**

Safraz W. Ishmael    sishmael@goodwinprocter.com

Douglas J. Kline    dkline@goodwinprocter.com

Thomas E. Lent    tlent@luriekrupp.com

David E. Lurie    dlurie@luriekrupp.com

Jordan M. Singer    jsinger@goodwinprocter.com, jenglander@goodwinprocter.com

Stephen D. Whetstone    whetston@tht.com; boivin@tht.com

**1:05-cv-10020 Notice will not be electronically mailed to:**

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,

                 Plaintiffs,

vs.                                             Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

                 Defendant.

---

## AFFIDAVIT OF THOMAS E. LENT

I, Thomas E. Lent, state under oath as follows:

1.      I am a member of the Bar of the Commonwealth of Massachusetts and an associate of the law firm of Lurie & Krupp, LLP. I am one of the attorneys at Lurie & Krupp representing Defendant The Caldwell Manufacturing Company ("Caldwell") in this action.

2.      I submit this affidavit in connection with Caldwell's opposition to the Motion to Strike Reply Brief filed on December 15, 2005 on behalf of plaintiffs Amesbury Group, Inc. and Amesbury Springs, Ltd ("Amesbury").

3.      In its Motion to Strike Reply Brief, Amesbury requests that this Court strike Caldwell's Reply Memorandum in Support of Its Motion to Amend the Answer (Docket No. 53) because Caldwell submitted its Reply brief "without formally seeking or obtaining leave of Court to file."

4.      During a December 15 teleconference with Amesbury's counsel and by subsequent letter dated December 15, 2005, however, I attempted in good faith to confer with Amesbury's counsel under Local Rule 7.1(A)(2) of the District of Massachusetts to resolve this

issue. Specifically, I informed Amesbury's counsel that I had confirmed with the Court that

Caldwell did not need to submit a motion for leave to file a reply memorandum in support of its

motion to amend its answer. After the teleconference with Amesbury's counsel, I sent him a

letter confirming our telephone conversation and again explaining to him why no leave to file

was required by Caldwell. A true and accurate copy of the December 15, 2005 letter from

Thomas E. Lent to Jordan Singer is attached hereto as Exhibit 1.

     5.     As set forth in my letter to Amesbury's counsel, on Thursday, December 8, 2005,

I had left a voicemail message for Michelle Rynne, Clerk to Judge Douglas P. Woodlock,

relating to the specific question of whether Caldwell needed to submit a motion for leave to file a

reply memorandum in support of its motion to amend its answer. On Monday, December 12,

2005, Ms. Rynne and I had a telephone conversation at which time Ms. Rynne informed me that

Caldwell did not need to submit a motion for leave to file its reply memorandum. Ms. Rynne

also stated that the Court previously had contemplated the likelihood that parties would submit

reply memoranda, as evidenced by the October 27, 2005 scheduling order, and therefore, a

motion for leave to file a reply was not required.

                                         /s/ Thomas E. Lent\
                                       Thomas E. Lent

EXHIBIT 1

# LURIE & KRUPP, LLP

ONE MCKINLEY SQUARE
BOSTON, MA 02109

PETER B. KRUPP
DAVID E. LURIE

SARA A. LAROCHE
THOMAS E. LENT

TEL: (617) 367-1970
FAX: (617) 367-1971

E-MAIL: tlent@luriekrupp.com

December 15, 2005

By Facsimile and First-Class Mail

Jordan Singer
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Re: Amesbury Group, Inc. et al ("Amesbury") v.
The Caldwell Manufacturing Company ("Caldwell")
Civil Action No. 05-10020-DPW

Dear Jordan:

I am writing to follow up on our telephone conversation earlier today regarding Amesbury's intent to file a motion to strike Caldwell's Reply Memorandum in Support of Its Motion to Amend its Answer. During our telephone conversation, you indicated that Amesbury's motion to strike would be based on, among other things, Caldwell not submitting a motion for leave to file its reply memorandum.

During our telephone conversation, however, I informed you that I had spoken directly to Judge Woodlock's clerk, Michelle Rynne, about the specific question of whether Caldwell needed to submit a motion for leave to file a reply memorandum in support of its motion to amend its answer. I specifically told you that on Thursday, December 8, 2005, I had left a voicemail message for Ms. Rynne about this issue, and that on Monday, December 12, she and I had a telephone conversation at which time she informed me that Caldwell did not need to submit a motion for leave to file its reply memorandum. Ms. Rynne also stated that the Judge previously had contemplated the likelihood that the parties would submit reply memoranda, as evidenced by the October 27, 2005 e-notice, and therefore, a motion for leave to file a reply was not required.

Therefore, this letter also shall serve as my attempt in good faith to confer with you under Local Rule 7.1 to resolve this issue. Should Amesbury still elect to file its motion to strike on the basis of Caldwell not submitting a motion for leave to file its reply memorandum, Caldwell will seek its costs, including attorney's fees, in preparing its opposition to any such motion.

**LURIE & KRUPP, LLP**

Civil Clerk's Office
United States District Court
  for the District of Massachusetts
December 15, 2005
Page 2

Very truly yours,

Thomas E. Lent

cc:     Neal L. Slifkin, Esq.
        Laura W. Smalley, Esq.
        Douglas J. Kline, Esq.
        Safraz W. Ishmael, Esq.
        David E. Lurie, Esq.