IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD,
          Plaintiffs,

vs.                                      Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,
          Defendant.

## SUPPLEMENTAL SUBMISSION REQUESTED AT DECEMBER 22, 2005 HEARING

1. <u>Projection means positioned between said inwardly turned opposed flanges of the Channel means which cooperate with said flanges of the channel means</u>:

The Court asked the parties to submit additional authority on whether the phrase "projection means," as used in the claim, recites sufficient structure to rebut the presumption that it is a means plus function element, and thus subject to traditional means plus function analysis. <u>See</u> <u>Unidynamics Corp. v. Automatic Prods. Int'l, Ltd.</u>, 157 F.3d 1311, 1319 (Fed Cir. 1998). Amesbury argued at the hearing that the term recites sufficient structure to overcome the presumption because "projection" is itself a structure and the claim further recites a position for that structure.

The claim contains no structure corresponding to the means. The term "projection" is functional and inherently meaningless -- any three dimensional object will project from the surface to which it is attached.[1] The phrase "positioned between" is precisely that -- an indication of position, not structure. <u>See</u> <u>Altiris, Inc. v. Symantec Corp.</u>, 318 F.3d 1363, 1376

---

[1] In an unreported decision, the Federal Circuit found that the "means hingedly connecting" did not cite sufficient structure to rebut the presumption arising from the use of the term means. <u>Beckson Marine, Inc. v. NFM, Inc.</u>, 144 Fed.Appx. 862 (Fed. Cir. July 28, 2005) (<u>See</u> Fed. Cir. 47.6). The Court found that, even if the term could be construed as a "hinged connection," it would describe "a vast number of moveable links." <u>Id</u>. at 865.

1

(Fed. Cir. 2003) (statement of "location" insufficient to overcome presumption). The Federal Circuit has consistently held that use of the word "means," qualified by a functional characteristic, is simply insufficient to overcome the presumption that the claim is to be interpreted as a means plus function element. E.g., Wenger Mfg. Co. v. Coating Machinery Systems, Inc., 239 F.3d 1225, 1232 (Fed. Cir. 2001) (holding that "air circulation means" was a means plus function limitation because the claim failed to cite sufficient structure to perform the function); Kemco Sales, Inc. v. Control Papers Co., Inc., 208 F.3d 1352, 1361 (Fed. Cir. 2000) (holding that "plastic envelope closing means" was in means plus function format because the claim failed to cite sufficient structure to perform that function); Sage Prods., Inc. v. Devon Indus., Inc., 126 F.3d 1420, 1428 (Fed. Cir. 1997) (holding that a "moveable closure means" recited insufficient structure to rebut the presumption where the claim failed to "explicitly recite structure, material or acts needed to perform these limitations.").

"In the cases where [the Federal Circuit] has found sufficient structure in the claims, the claim language specifies a specific physical structure that performs the function." Altiris, Inc., 318 F.3d at 1376. See, e.g., Sear-Foss v. Pioneer Consolid. Corp., 374 F.3d 1142, 1149 (Fed. Cir. 2004) (holding that presumption arising from use of term "actuation means" was rebutted by recitation of sufficient structure in the claim, including "first and second pivot connections respectively between said first and second tension bail legs ...."); Envirco Corp. v. Clestra Cleanroom, Inc., 209 F.3d 1360, 1365 (Fed.Cir.2000) (holding sufficient structure was recited where the limitation was "second baffle means" because it used the word "baffle" (a physical structure) and the claim "described the particular structure of this particular baffle"); Rodime PLC v. Seagate Tech., Inc., 174 F.3d 1294, 1303-04 (Fed.Cir.1999) (holding a claim recited sufficient structure where the limitation was "positioning means" and the claim "provid[ed] a list of the structure underlying the means").

2. <u>Figure 4A of the '264 Patent</u>:

The Court also requested supplemental authority on how it should proceed if a patent drawing conflicts with the claim language. Preliminarily, Caldwell does not agree that Figure 4A unambiguously shows a bottom guide roller partially in the channel and partially in the bottom guide. Although it is difficult to determine the exact position of the bottom guide roller due to the angle of the drawing, it appears that the bottom guide roller is entirely <u>within</u> the bottom guide. In any event, a drawing that contains matter surrendered during the prosecution of the patent cannot expand the scope of the claims. In <u>Rheox, Inc. v. Entact, Inc.</u>, the patentee argued that the written description defined the term "calcium orthophosphate" as including "monocalcium orthophosphate." 276 F.3d 1319, 1327 (Fed. Cir. 2002). Finding that the patentee had disclaimed the use of monocalcium orthophosphate during prosecution, the Federal Circuit held: "Reading the written description alone, this argument might be effective, but in light of the prosecution history, which was generated after the written description was drafted, it is apparent that [the plaintiff] relinquished any coverage of" that compound. <u>Id</u>. at 1327. <u>See also</u>, <u>Elekta Instrument S.A. v. O.U.R. Scientific Intern., Inc.</u>, 214 F.3d 1302 (Fed. Cir. 2000) (where specification was inconsistent with amended claim language and prosecution history, the claim and history control).

3. <u>Connecting Means</u>:

Caldwell has not received the hearing transcript and is unsure whether the Court desired supplemental authority on the issue of whether a connecting device consisting of a rivet was enabled. To the extent that the Court wants such authority, the Federal Circuit has held that the patent drawings must show every feature of the invention specified in the claims. <u>Pandrol USA, LP v. Airboss Ry. Prods. Inc.</u>, 320 F.3d 1354 (Fed. Cir. 2003); <u>Toro Co. v. White Consol. Indus., Inc.</u>, 199 F.3d 1295 (Fed. Cir. 1999). Although conventional features known to those

3

skilled in the art may be depicted by a symbol or representation, such as a box, the '368 Patent depicts the "connecting device" as tabs (Figs. 3A and 3B), not a rivet or a box.  As such, the claim is not enabled.

Dated:  January 6, 2006                                    Respectfully submitted,

                                                HARRIS BEACH PLLC

By:     /s/ Neal L. Slifkin
      Paul J. Yesawich, III
      Neal L. Slifkin
      David J. Edwards
      Laura W. Smalley
      *Attorneys for Defendant*
      99 Garnsey Road
      Pittsford, New York 14534
      Telephone: 585-419-8800

        -and-

By:     /s/ Sara A. Laroche
      David E. Lurie, BBO# 542030
      Thomas E. Lent, BBO# 644970
      Lurie & Krupp, LLP
      One McKinley Square
      Boston, MA 02109
      Telephone: 617-367-1970

210199 26383.2