UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC., and AMESBURY SPRINGS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE CALDWELL MANUFACTURING COMPANY, <br><br> Defendant. | Civil Action No. 05-10020-DPW |

**ASSENTED TO MOTION TO IMPOUND EXHIBITS 36 AND 37
TO THE DECLARATION OF SAFRAZ W. ISHMAEL IN SUPPORT OF
AMESBURY'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT AND
THAT THE ASSERTED CLAIMS ARE NOT INVALID**

Pursuant to Local Rule 7.2 of the United States District Court for the District of Massachusetts, plaintiffs, Amesbury Group, Inc. and Amesbury Springs, Ltd. (collectively "Amesbury"), hereby move for an order impounding Exhibits 36 and 37 to the Declaration Of Safraz W. Ishmael In Support Of Amesbury's Motion For Summary Judgment Of Infringement And That The Asserted Claims Are Not Invalid dated May 19, 2006. As set forth in the accompanying Certification pursuant to Local Rule 7.1, counsel for defendant, the Caldwell Manufacturing Company ("Caldwell"), has assented to this motion. As grounds for this Motion, Amesbury states as follows:

1. This action is a patent infringement lawsuit involving three patents concerning improvements in window balances for use in hung windows. Amesbury is seeking summary judgment of infringement of claims 1, 2, 4 and 5 of United States Patent No. 6,598,264; claims 2,

3, 6 and 7 of United States Patent No. 6,820,368; and claims 1, 2, 3 and 8 of United States Patent No. 5,365,638 and that the asserted claims are not invalid.

2. In connection with that motion, Amesbury is submitting a portion of certain documents designated "Confidential – Counsel Eyes Only" pursuant to the Stipulated Protective Order executed by this Court on August 24, 2005. These confidential documents are referenced in Amesbury's motion papers and attachments. One document is a very useful illustration of various claim elements, and the other document is evidence that Caldwell sells one of the accused products to a certain customer.

3. This request for impoundment is limited to only two documents concerning information designated "Confidential – Counsel Eyes Only" pursuant to the Stipulated Protective Order and pertains to information that is not of general public concern.

4. Pursuant to the Stipulated Protective Order in this case, all documents designated "Confidential – Counsel Eyes Only" must be filed under seal with the Court. Therefore, the party filing any such document must also file a motion to impound.

5. In accordance with the Stipulated Protective Order, Amesbury requests that the Court maintain Exhibits 36 and 37 to the Ishmael Declaration as confidential. Amesbury has provided a copy of Exhibits 36 and 37 for filing under seal. Amesbury's Motion For Summary Judgment of Infringement And That The Asserted Claims Are Not Invalid, supporting Memorandum, and the Ishmael Declaration will be electronically filed without Exhibits 36 and 37.

6. Amesbury requests that the impounding order be lifted only upon further order of the Court, and that Exhibits 36 and 37 be kept in the Clerk's nonpublic information file during any post-impoundment period.

LIBA/1415116.1

**WHEREFORE**, plaintiffs, Amesbury Group, Inc. and Amesbury Springs, Ltd., respectfully requests that the Court allow its Motion to Impound.

DATED: May 19, 2006                    Respectfully submitted,

/s/ Terese Dillingham
Douglas J. Kline (BBO# 556680)
Terese Dillingham (BBO #644520)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
Phone:  (617) 570-1000
Fax:  (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

## LOCAL RULE 7.1 CERTIFICATION AND CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel hereby certifies that on May 19, 2006, counsel for Caldwell Manufacturing Co. was contacted and assented to this motion.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 19, 2006.

/s/ Terese Dillingham