## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

        Plaintiffs,

    v.

THE CALDWELL MANUFACTURING
COMPANY,

        Defendant.

Civil Action No. 05-10020-DPW

**ORAL ARGUMENT REQUESTED**

### AMESBURY'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT AND THAT THE ASSERTED CLAIMS ARE NOT INVALID

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, plaintiffs Amesbury Group, Inc. and Amesbury Springs, Ltd. (collectively "Amesbury") hereby move for summary judgment of infringement and that the asserted claims are not invalid.

As grounds for and in support of this Motion, Amesbury relies on and incorporates fully herein: (1) Amesbury's Local Rule 56.1 Statement of Material Facts of Record As To Which There Is No Genuine Issue To Be Tried; (2) Memorandum Of Law In Support Of Amesbury's Motion For Summary Judgment Of Infringement And That The Asserted Claims Are Not Invalid; and (3) the Declaration of Shafraz W. Ishmael In Support of Amesbury's Motion for Summary Judgment of Infringement and That The Asserted Claims Are Not Invalid and attached exhibits, filed herewith.

As additional grounds for this Motion, Amesbury states:

1.      Five window balance systems sold by defendant the Caldwell Manufacturing Company ("Caldwell"), the Series 86xt, Series 97ez, Series 97i, Series 97ih, and the Quick-Tilt*nc Constant Force System, infringe three Amesbury patents: U.S. Patent Nos. 6,598,264 ("'264 patent"), 6,820,368 ("'368 patent"), and 5,365,638 ("'638 patent").

2.      Caldwell admits that its balances feature nearly all of the elements of the asserted claims of the patents-in-suit.  Regarding the few claim elements Caldwell contests, Caldwell fails to identify evidence sufficient to raise any genuine issue of material fact concerning its infringement.  Amesbury, on the other hand, has established by a preponderance of evidence that the Caldwell balances do in fact feature all the elements of the asserted claims.

3.      Caldwell fails to present clear and convincing evidence sufficient to prove that any claim of the patents-in-suit is invalid.  Caldwell has not substantively challenged the validity of the '368 patent.  Regarding the '264 and '638 patents, Caldwell admits that each of its so-called "anticipating" prior art references fails to disclose at least one element of each asserted claim.  Caldwell also fails to present any evidence that any person of ordinary skill in the relevant art would be motivated to combine the many prior art references upon which Caldwell relies and to combine them in the manner in which Caldwell argues they should be combined.

4.      Therefore, summary judgment of infringement of claims 1, 2, 4 and 5 of the '264 patent; claims 2, 3, 6 and 7 of the '368 patent; and claims 1, 2, 3 and 8 of the '638 patent should be granted.

5.      Further, summary judgment that claims 1, 2, 4 and 5 of the '264 patent; claims 2, 3, 6 and 7 of the '368 patent; and claims 1, 2, 3 and 8 of the '638 patent are not invalid should be granted.

2

Based on the foregoing, Amesbury requests that this Court grant its Motion for Summary

Judgment Of Infringement And That The Asserted Claims Are Not Invalid.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), counsel for Amesbury hereby requests oral argument on

the issues raised in this Motion.

DATED:  May 19, 2006                    Respectfully submitted,

                                        /s/ Douglas J. Kline
                                        Douglas J. Kline (BBO# 556680)
                                        Terese Dillingham (BBO #644520)
                                        Safraz W. Ishmael (BBO# 657881)
                                        GOODWIN PROCTER LLP
                                        Exchange Place
                                        Boston, MA  02109
                                        Phone:  (617) 570-1000
                                        Fax:  (617) 523-1231

                                        Attorneys for Plaintiffs

                                        **AMESBURY GROUP, INC.**
                                        **AMESBURY SPRINGS LTD.**

## LOCAL RULE 7.1 CERTIFICATION AND CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel hereby certifies that counsel
for Amesbury conferred with counsel for Caldwell Manufacturing Co. in a good faith effort to
determine whether Caldwell would assent to this motion.  The issues could not be resolved or
narrowed and counsel for Caldwell declined to assent to this Motion.

I further certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on May 19, 2006.

                                        /s/ Terese Dillingham

LIBA/1415116.1