UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

───────────────────────────────

AMESBURY GROUP, INC., and
AMESBURY SPRINGS LTD.,

       Plaintiffs,

   vs.                            Civil Action No. 05-10020-DPW

THE CALDWELL MANUFACTURING
COMPANY,

       Defendant.

───────────────────────────────

**AMESBURY'S RESPONSE TO CALDWELL'S RESPONSE TO AMESBURY'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Plaintiffs, Amesbury Group, Inc. and Amesbury Springs, Ltd. (collectively "Amesbury"), submit this response to defendant's, the Caldwell Manufacturing Company ("Caldwell"), response to Amesbury's Statement pursuant to this Court's Local Rule 56. 1. All record materials, not previously filed with the Court, and referenced herein with exhibit numbers, accompany the Declaration of Safraz W. Ishmael submitted with Amesbury's initial brief and the Supplemental Declaration of Safraz W. Ishmael, filed herewith.

**The Parties**

1.    Amesbury Group, Inc. is a corporation organized and existing under the laws of Delaware, and maintains a regular place of business at 57 Hunt Road, Amesbury, Massachusetts (Complaint, ¶ 1).

Caldwell's Response: Amesbury has not cited to any evidence of record to support this fact.

**Amesbury's Response:**  Caldwell's response does not create a genuine issue of material fact because the state of incorporation and business address of Amesbury is not material to the issues presented in Amesbury's Motion for Summary Judgment of Infringement and That the Asserted Patents Are Not Invalid.

2.    Amesbury Group, Inc. is the owner of U.S. Patent No. 6,598,264 ("'264 patent") (See Ex. 33, Assignment Documents AME 00004 through AME 00008).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

3.    Amesbury Group, Inc. is the owner of U.S. Patent No. 6,820,368 ("'368 patent") (See Ex. 34, Assignment Documents AME 00501 through AME 00506).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

4.    Amesbury Springs Ltd. is a corporation organized and existing under the laws of the United Kingdom, and maintains a regular place of business in Peterborough, United Kingdom (Complaint, ¶ 2).

Caldwell's Response:  Amesbury has not cited to any evidence of record to support this fact.

**Amesbury's Response:**  Caldwell's response does not create a genuine issue of material fact because the state of incorporation and business address of Amesbury is not material to the issues presented in Amesbury's Motion for Summary Judgment of Infringement and That the Asserted Patents Are Not Invalid.

5.    Amesbury Springs Ltd. is the owner of U.S. Patent No. 5,365,638 ("'638 patent") (See Ex. 35, Assignment Documents AME 01045 through AME 01057).

LIBA/1708887.1

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

6.      The Caldwell Manufacturing Company is a corporation organized and existing under the laws of the State of New York, and maintains a regular place of business in Rochester, New York (See Complaint, ¶ 3; Answer and Counterclaim, ¶ 3).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

**The Caldwell Series 86xt Balance**

7.      Caldwell made and sold in the United States the Caldwell Series 86xt window balance product (Ex. 32, Lelio Dep. Tr. 74:6 - 21).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

8.      The Caldwell Series 86xt balance is a block and tackle window balance device (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 22; Ex. 6, Still April 17 Report, Exhibit B, at 1; Ex. 7, Still Dep. Tr. 123:21 - 25).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

9.      The Caldwell Series 86xt balance includes a channel comprising a first end and a second end (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 22; Ex. 6, Still April 17 Report, Exhibit B, at 1; Ex. 7, Still Dep. Tr. 124:1 - 6).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

3

10.    The Caldwell Series 86xt balance includes a top guide connected to the first end of the channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 2; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 22; Ex. 6, Still April 17 Report, Exhibit B, at 1; Ex. 7, Still Dep. Tr. 124:8 - 11).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

11.    The Caldwell Series 86xt balance includes a bottom guide connected to the second end of the channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 2; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 22; Ex. 6, Still April 17 Report, Exhibit B, at 1; Ex. 7, Still Dep. Tr. 124:12 - 14).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

12.    The Caldwell Series 86xt balance includes a bottom guide roller rotatably mounted in the bottom guide, as the term was construed by the Court (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 3; Ex. 9, Shina March 23 Report at 22 - 23; Ex. 7, Still Dep. Tr. 110:11-17, 121:12 - 17).  The Caldwell Series 86xt balance performs the same function as the '264 patent's bottom guide roller, in the same way, to achieve the same results (See Ex. 9, Shina March 23 Report, at 23).

Caldwell's Response:  Disputed.  The Caldwell Series 86xt balance does not include a bottom guide roller, but includes a pulley in the bottom guide; a pulley is different from a roller. (Ex. 11, Newman Dep. Tr. 23:12; Ex. 9, Still at 99:3-20).  The second sentence of this paragraph is also disputed.  The cited Shina March 23 Report contains conclusory statements which lack

foundation in fact in the record. A pulley does not perform the same function as a roller (Still Dec. ¶10-13).

**Amesbury's Response:**  Undisputed because the evidence cited by Amesbury supports this statement but Caldwell cites no evidence relevant to the context of the '264 patent in support of its response. *See Cordero-Soto v. Island Fin, Inc.*, 418 F.3d 114, 118 (1st Cir. 2005); *Carreiro v. Rhodes Gill & Co.*, 68 F.3d 1443, 1446 (1st Cir. 1995).  Broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 901 (1990) (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co. v. Murdoch Magazines Distrib.*, 393 F.Supp.2d 199, 205 (D.N.Y. 2005) ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.").  Caldwell has not demonstrated with objective evidence how, in the context of the '264 patent, the bottom guide roller is different from a pulley.

13.    The Caldwell Series 86xt balance includes a fixed pulley block unit connected to the channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 3; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs, Exhibit A; Ex. 9, Shina March 23 Report at 23, Ex. 6, Still April 17 Report, Exhibit B, at 1; Ex. 7, Still Dep. Tr. 124:8 -11).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

14.    The Caldwell Series 86xt balance includes a translatable pulley block unit moveable within the channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 4; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit

LIBA/1708887.1

A; Ex. 9, Shina March 23 Report at 23; Ex. 6, Still April 17 Report, Exhibit B, at 1 - 2; Ex. 7, Still Dep. Tr. 125:17 - 19).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

15.    The Caldwell Series 86xt balance includes a spring comprising a first end and a second end, wherein the first end is fixed relative to the channel and the second end is connected to the translatable pulley block unit (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 4; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 23; Ex. 6, Still April 17 Report, Exhibit B, at 2; Ex. 7, Still Dep. Tr. 125:20 -126:6).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

16.    The Caldwell Series 86xt balance includes a cord comprising a first cord end and a second cord end, wherein the cord is threaded through the translatable pulley block unit and the fixed pulley block unit and extends around the bottom guide roller, the first cord end being attached to the translatable pulley block unit and the second cord end being attachable to a jamb (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 5 - 6; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 23; Ex. 6, Still April 17 Report, Exhibit B, at 2 -3; Ex 7, Still Dep. Tr. 126:7 -127:5).

Caldwell's Response:  Disputed.  Caldwell's 86xt balance does not have a bottom guide roller, but includes a pulley in the bottom guide; a pulley is different from a roller (Ex. 11, Newman Dep. Tr. 23:12-13; Ex. 9, Still Dep. Tr. 99:3-20; Still Dec. ¶7, Ex. "C" at p. 7).

**Amesbury's Response:**  Undisputed because the evidence cited by Amesbury supports this statement but Caldwell cites no evidence relevant to the context of the '264 patent in support of its response.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *See Lujan*, 497 U.S. at 901; *United Magazine Co.*, 393 F.Supp.2d at 205.  Caldwell has not demonstrated with objective evidence how, in the context of the '264 patent, the bottom guide roller is different from a pulley.

17.    The Caldwell Series 86xt balance includes a bottom guide roller located external to the channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 6; Ex. 9, Shina March 23 Report at 23; Ex. 6, Still April 17 Report, Exhibit B, at 3).

Caldwell's Response:  Disputed.  The Caldwell Series 86xt balance does not have a bottom guide roller, but includes a pulley in the bottom guide; a pulley is different from a roller (Ex. 11, Newman Dep. Tr. 23:12-13; Ex. 9, Still Dep. Tr. 99:3-20; Still Dec. ¶7, Ex. "C" at p. 7).

**Amesbury's Response:**  Undisputed because the evidence cited by Amesbury supports this statement but Caldwell cites no evidence relevant to the context of the '264 patent in support of its response.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *See Lujan*, 497 U.S. at 901; *United Magazine Co.*, 393 F.Supp.2d at 205.  Caldwell has not demonstrated with objective evidence how, in the context of the '264 patent, the bottom guide roller is different from a pulley.

18.    The Caldwell Series 86xt balance includes a bottom guide where a portion of the bottom guide is external to the channel (Ex. 4, Amesbury's Second Supp. Response to

7

Caldwell's Interrogs., Appendix B, at 7; Ex. 9, Shina March 23 Report at 24; Ex. 6, Still April 17 Report, Exhibit B, at 3; Ex. 7, Still Dep. Tr. 121:5 - 8).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

19.    The Caldwell Series 86xt balance includes a bottom guide where the bottom guide forms a channel to receive a portion of a window sash (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix B, at 6; Ex. 9, Shina March 23 Report at 24; Ex. 6, Still April 17 Report, Exhibit B, at 3).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

**The Caldwell Series 97ez Balance**

20.    Caldwell made and sold in the United States the Caldwell Series 97ez window balance product (Ex. 32, Lelio Dep. Tr. 88:19 - 89:12).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

21.    The Caldwell Series 97ez balance is a window balance system (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 32; Ex. 6, Still April 17 Report, Exhibit D).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

22.    The Caldwell Series 97ez balance includes a U-shaped channel comprising a plurality of openings (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 1; Ex. 5, Def's Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9,

8

Shina March 23 Report at 32; Ex. 6, Still April 17 Report, Exhibit D; Ex. 7, Still Dep. Tr. 140:8

10).

      <u>Caldwell's Response</u>:  Undisputed.

      **<u>Amesbury's Response:</u>**  Undisputed.

      23.     The Caldwell Series 97ez balance includes a spring connected to a system of

pulleys located within the U-shaped channel (Ex. 4, Amesbury's Second Supp. Response to

Caldwell's Interrogs,, Appendix C, at 1; Ex. 5, Def.'s Supp. Answers to Plf.'s First Set of

Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 32; Ex. 6, Still April 17 Report, Exhibit

D).

      <u>Caldwell's Response</u>:  Undisputed.

      **<u>Amesbury's Response:</u>**  Undisputed.

      24.     The Caldwell Series 97ez balance includes a cord with a first cord end and a

second cord end, the first cord end connected and threaded through the system of pulleys, the

second cord end connected to a jamb mounting attachment (Ex. 4, Amesbury's Second Supp.

Response to Caldwell's Interrogs., Appendix C, at 2; Ex. 5, Def's Supp. Answers to Pls.' First

Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 32; Ex. 6, Still April 17 Report,

Exhibit D).

      <u>Caldwell's Response</u>:  Undisputed.

      **<u>Amesbury's Response:</u>**  Undisputed.

      25.     The Caldwell Series 97ez balance includes a balance shoe (Ex. 4, Amesbury's

Second Supp. Response to Caldwell's Interrogs., Appendix C, at 3; Ex. 5, Def.'s Supp. Answers

to Pls.'  First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 32; Ex. 6, Still April

17 Report, Exhibit D; Ex. 7, Still Dep. Tr. 140:11- 12).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

26.    The balance shoe of the Caldwell Series 97ez balance includes a frame comprising an enlarged first end and a second end, wherein the second end is adapted to be received by the U-shaped channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 3; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 32; Ex. 6, Still April 17 Report, Exhibit D).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

27.    The second end of the frame of the balance shoe of the Caldwell Series 97ez balance forms a pocket positioned in the second end of the frame adapted to mate with a rivet, as this term was construed by the Court.  (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 3 - 4; Ex. 9, Shina March 23 Report at 32 - 34; Robertson Dep. Tr. 49:9-19, 51:9-16; Ex. 7, Still Dep. Tr. 135:15-20, 142:24 -143:8).  The Caldwell Series 97ez balance performs the same function as the claimed "pocket" element, in the same way, to achieve the same result (Ex. 9, Shina March 23 Report, at 33).

Caldwell's Response:  Disputed.  The second end of the frame of the balance shoe of the Caldwell Series 97ez balance does not form a pocket positioned in the second end of the frame adapted to mate with a rivet (Still Dec. ¶7, Ex. "C" at p. 8).  There is no evidence in the record that the Caldwell Series 97ez balance has a part that performs the same function as a pocket element, in the same way, to achieve the same result.  The balance shoe of the Caldwell Series 97ez balance does not touch the rivet near the end of the balance shoe (Ex. 14, Kellum Dep. Tr.

144:3-12; Ex. 13, Batten Dep. Tr. 131:2-7) and, therefore, cannot perform the same function in the same way to achieve the same result as the claimed pocket and rivet.

**Amesbury's Response:** Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "pocket" different from that determined by the Court.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact.  In addition, the evidence cited by Caldwell does not address Amesbury's specific allegations that the "pocket" mates with the rivet during shipping and handling.  (Ex. 9, Shina March 23 Report, at 33 item "2G")  The testimony cited from Kellum and Batten does not address this specific situation which is the basis for Amesbury's infringement allegations.  Broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *See Lujan*, 497 U.S. at 901; *United Magazine Co.*, 393 F.Supp.2d at 205.

28.    The balance shoe of the Caldwell Series 97ez balance includes a locking member proximal to the enlarged first end (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 5; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 34; Ex. 6, Still April 17 Report, Exhibit D).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

29.    The balance shoe of the Caldwell Series 97ez balance includes a cam in communication with the locking member (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 5; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 34; Ex. 6, Still April 17 Report, Exhibit D).

LIBA/1708887.1

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

30.    The Caldwell Series 97ez balance includes a connecting device for attaching the balance shoe within the U-shaped channel of the window balance, as this term was construed by the Court (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 6; Ex. 9, Shina March 23 Report at 34; Ex. 6, Still April 17 Report, Exhibit D; Ex. 7, Still Dep. Tr. 140:13 -17; Batten Dep. Tr. 128:10-19).

Caldwell's Response:  Disputed.  The Caldwell Series 97ez balance has no connecting device for attaching the balance shoe within the U-shaped channel of the window balance, as this term was construed by the Court (Ex. 11, Newman Dep. Tr. 120:23 - 122:17; Ex. 9, Still Dep. Tr. 141:8-142:6; Still Dec. at ¶7, Exhibit "C" at p. 8; Ex. 14, Kellum Dep. Tr. at 144:3-12).

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "connecting device" different from that determined by the Court.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact.  In addition, the evidence cited by Caldwell does not support its response.  *Id.* Broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *See Lujan*, 497 U.S. at 901; *United Magazine Co.*, 393 F.Supp.2d at 205. Caldwell's own expert admitted that a rivet is used in the 97ez balance as a "connecting device."  (Ex. 41, Batten Dep. Tr. 128:10-19.)  Therefore, Amesbury's evidence is undisputed.

31.    The connecting device of the Caldwell Series 97ez balance is a rivet (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 7; Ex. 9, Shina

March 23 Report at 35; Ex. 6, Still April 17 Report, Exhibit D; Ex. 7, Still Dep. Tr. 140:13 - 7; Batten Dep. Tr. 128:10-19).

Caldwell's Response:  Disputed.  The Caldwell Series 97ez balance does not have both the connecting device for attaching the balance shoe within the U-shaped channel of the window balance and a rivet with which the pocket is adapted to mate (Ex. 11, Newman Dep. Tr. 120:23 - 122:17; Ex. 9, Still Dep. Tr. 141:6-142:19; Still Dec. at ¶7, Ex. "C" at p. 8; Ex. 14, Kellum Dep. Tr. at 144:3-12).

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "connecting device" different from that determined by the Court.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact.  In addition, the evidence cited by Caldwell does not support its response.  *Id.* Broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *See Lujan*, 497 U.S. at 901; *United Magazine Co.*, 393 F.Supp.2d at 205. Caldwell's own expert admitted that a rivet is used in the 97ez balance as a "connecting device."  (Ex. 41, Batten Dep. Tr. 128:10-19.)  Therefore, Amesbury's evidence is undisputed.

32.    The cam of the Caldwell Series 97ez balance is at least partially housed within the enlarged first end of the frame (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 7; Ex. 9, Shina March 23 Report at 35; Ex. 6, Still April 17 Report, Exhibit D).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

33.    Rotating the cam of the Caldwell Series 97ez balance forces the locking member to engage a jamb track when the balance shoe is installed in a window jamb (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 7; Ex. 9, Shina March 23 Report at 35; Ex. 6, Still April 17 Report, Exhibit D).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

34.    The locking member of the Caldwell Series 97ez balance shoe comprises two opposing ends integrally connected by a spring member (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix C, at 7; Ex. 9, Shina March 23 Report at 35 - 36; Ex. 6, Still April 17 Report, Exhibit D).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

**The Caldwell Series 97i Balance**

35.    Caldwell made and sold in the United States the Caldwell Series 97i window balance product (Ex. 32, Lelio Dep. Tr. 101:25 -102:16).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

36.    The Caldwell Series 97i balance is a window balance system (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 43; Ex. 6, Still April 17 Report, Exhibit C; Ex. 7, Still Dep. Tr. 132:9 -11).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

37.    The Caldwell Series 97i balance includes a U-shaped channel comprising a plurality of openings (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 43; Ex. 6, Still April 17 Report, Exhibit C; Ex. 7, Still Dep. Tr. 132:12 - 15).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

38.    The Caldwell Series 97i balance includes a spring connected to a system of pulleys located within the U-shaped channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 43; Ex. 6, Still April 17 Report, Exhibit C; Ex. 7, Still Dep. Tr. 132:16 - 19).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

39.    The Caldwell Series 97i balance includes a cord with a first cord end and a second cord end, the first cord end connected and threaded through the system of pulleys, the second cord end connected to a jamb mounting attachment (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 2; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 43; Ex. 6, Still April 17 Report, Exhibit C; Ex. 7, Still Dep. Tr. 132:20 - 133:5).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

LIBA/1708887.1

40.     The Caldwell Series 97i balance includes a balance shoe (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 3; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 43; Ex. 6, Still April 17 Report, Exhibit C; Ex. 7, Still Dep. Tr. 13 3:6 - 10).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

41.     The balance shoe of the Caldwell Series 97i balance includes a frame comprising an enlarged first end and a second end, wherein the second end is adapted to be received by the U-shaped channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 3 - 4; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 43 - 44; Ex. 6, Still April 17 Report, Exhibit C; Ex. 7, Still Dep. Tr. 133:11 - 17).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

42.     The second end of the frame of the balance shoe of the Caldwell Series 97i balance forms a pocket positioned in the second end of the frame adapted to mate with a rivet, as this term was construed by the Court (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 4; Ex. 9, Shina March 23 Report at 43 - 45; Ex. 7, Still Dep. Tr. 135:9-24).

Caldwell's Response:  The Caldwell Series 97i balance has no pocket positioned in the second end of the frame adapted to mate with a rivet.  (Still Dec. ¶7, Ex. "C" at p. 7-8).

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "pocket" different from that determined by the Court.  *See*

16

*Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446. Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact. Therefore, Amesbury's evidence is undisputed.

43.    The balance shoe of the Caldwell Series 97i balance includes a locking member proximal to the enlarged first end (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 4; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 44; Ex. 6, Still April 17 Report, Exhibit C; Ex. 7, Still Dep. Tr. 133:18 - 20).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

44.    The balance shoe of the Caldwell Series 97i balance includes a cam in communication with the locking member (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 5; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 44; Ex. 6, Still April 17 Report, Exhibit C; Ex. 7, Still Dep. Tr. 132:21 - 23).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

45.    The Caldwell Series 97i balance includes a connecting device for attaching the balance shoe within the U-shaped channel of the window balance, as this term was construed by the Court (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 6; Ex. 9, Shina March 23 Report at 44; Ex. 7, Still Dep. Tr. 134:11-15; Robertson Dep. 26:1519).

Caldwell's Response:  Disputed.  The Caldwell Series 97i balance does not include both a connecting device for attaching the balance shoe within the U-shaped channel of the window

17

balance and a rivet to which the pocket is adapted to mate (Still Dec. ¶7 Ex. "C" at p. 7-8). To the extent that Amesbury is asserting that the rivet element of the claim and the connecting device element of the claim point to the same part on Caldwell's 97i balance, such a position is contrary to well established law.

**Amesbury's Response:** Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "connecting device" different from that determined by the Court. *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446. Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact. Caldwell's expert concedes that that the Series 97i balance incorporates a rivet for connecting the balance shoe to the U-shaped channel. (Ex. 40, Still Dep. Tr. 134:11-15.) Therefore, Amesbury's evidence is undisputed.

46.    The connecting device of the Caldwell Series 97i balance is a rivet (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 7; Ex. 9, Shina March 23 Report at 45; Ex. 7, Still Dep. Tr. 134:11-15; Robertson Dep. 26:15-19).

Caldwell's Response:  Disputed.  The Caldwell Series 97i balance does not include both a connecting device for attaching the balance shoe within the U-shaped channel of the window balance and a rivet to which the pocket is adapted to mate (Still Dec. ¶7, Ex. "C" at p. 7-8). To the extent that Amesbury is asserting that the rivet element of the claim and the connecting device element of the claim point to the same part on Caldwell's 97i balance, such a position is contrary to well established law.

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "connecting device" different from that determined by the Court. *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, this evidence

18

is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact. Caldwell's expert concedes that that the Series 97i balance incorporates a rivet for connecting the balance shoe to the U-shaped channel. (Ex. 40, Still Dep. Tr. 134:11-15.) Therefore, Amesbury's evidence is undisputed.

47.    The cam of the Caldwell Series 97i balance is at least partially housed within the enlarged first end of the frame (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 7; Ex. 9, Shina March 23 Report at 45 - 46; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

48.    Rotating the cam of the Caldwell Series 97i balance forces the locking member to engage a jamb track when the balance shoe is installed in a window jamb (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 7; Ex. 9, Shina March 23 Report at 46; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

49.    The locking member of the Caldwell Series 97i balance shoe comprises two opposing ends integrally connected by a spring member (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 7; Ex. 9, Shina March 23 Report at 46; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

**The Caldwell Series 97ih Balance**

LIBA/1708887.1

50.    Caldwell made and sold in the United States the Caldwell Series 97ih window balance product (Ex. 32, Lelio Dep. Tr. 82:13 - 83:6.)  The Series 97ih balance comprises the same shoe or carrier structure and design as the Series 97i balance (See Batten Dep. Tr. 74:2224).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

51.    The Caldwell Series 97ih balance is a window balance system (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 1; Ex. 5, Def's Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 38; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

52.    The Caldwell Series 97ih balance includes a U-shaped channel comprising a plurality of openings (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 39; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

53.    The Caldwell Series 97ih balance includes a spring connected to a system of pulleys located within the U-shaped channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 39; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

54.    The Caldwell Series 97ih balance includes a cord with a first cord end and a second cord end, the first cord end connected and threaded through the system of pulleys, the second cord end connected to a jamb mounting attachment (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 2; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 39; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

55.    The Caldwell Series 97ih balance includes a balance shoe (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 3; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 39; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

56.    The balance shoe of the Caldwell Series 97ih balance includes a frame comprising an enlarged first end and a second end, wherein the second end is adapted to be received by the U-shaped channel (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 3 - 4; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 39; Ex. 6, Still April 17 Report, Exhibit C.)

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

LIBA/1708887.1

57.    The second end of the frame of the balance shoe of the Caldwell Series 97ih balance forms a pocket positioned in the second end of the frame adapted to mate with a rivet, as this term was construed by the Court (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 4; Ex. 9, Shina March 23 Report at 39; Ex. 7, Still Dep. Tr. 135:9-24).

Caldwell's Response:  Disputed.  Caldwell's 97ih does not have a pocket in the second end of its balance shoe (Still Dec. ¶7, Ex. "C" at p. 7-8; Ex. 13, Dep. Tr. Batten at 74:22 [indicating that there is no difference in the balance shoes of the 97i and 97ih]).

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "pocket" different from that determined by the Court.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact.  Therefore, Amesbury's evidence is undisputed.

58.    The balance shoe of the Caldwell Series 97ih balance includes a locking member proximal to the enlarged first end (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 4; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 39; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

59.    The balance shoe of the Caldwell Series 97ih balance includes a cam in communication with the locking member (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 5; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 39; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

60.     The Caldwell Series 97ih balance includes a connecting device for attaching the balance shoe within the U-shaped channel of the window balance, as this term was construed by the Court (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 6; Ex. 9, Shina March 23 Report at 40; Ex. 7, Still Dep. Tr. 134:11-15; Robertson Dep. 26:15-19).

Caldwell's Response:  Disputed.  The Caldwell Series 97ih balance does not include both a connecting device for attaching the balance shoe within the U-shaped channel of the window balance and a rivet with which the pocket is adapted to mate (Still Dec. ¶7, Ex. "C" at p. 7-8; Ex. 13, Dep. Tr. Batten at 74:22 [indicating there is no difference in the balance shoes of the 97i and 97ih]).  To the extent that Amesbury is asserting that the rivet element of the claim and the connecting device element of the claim point to the same part on Caldwell's 97i balance, such a position is contrary to well established law.

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "connecting device" different from that determined by the Court.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact.  Caldwell's expert concedes that the Series 97i balance (which Caldwell concedes has the same balance shoe as the Series 97ih balance) incorporates a rivet for connecting the balance shoe to the U-shaped channel.  (Ex. 40, Still Dep. Tr. 134:11-15.) Therefore, Amesbury's evidence is undisputed.

61.    The connecting device of the Caldwell Series 97ih balance is a rivet (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 7; Ex. 9, Shina March 23 Report at 41; Ex. 7, Still Dep. Tr. 134:11-15; Robertson Dep. 26:15-19).

Caldwell's Response:  Disputed.  The Caldwell Series 97i balance does not include both a connecting device for attaching the balance shoe within the U-shaped channel of the window balance and a rivet with which the pocket is adapted to mate (Still Dec. ¶7, Ex. "C" at p. 7-8; Ex. 13, Dep. Tr. Batten 74:22 [indicating there is no difference in the balance shoes of the 97i and 97ih]).  To the extent that Amesbury is asserting that the rivet element of the claim and the connecting device element of the claim point to the same part on Caldwell's 97i balance, such a position is contrary to well established law.

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction of the term "connecting device" different from that determined by the Court.  See Cordero-Soto, 418 F.3d at 118; Carreiro, 68 F.3d at 1446.  Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact.  Caldwell's expert concedes that the Series 97i balance (which Caldwell concedes has the same balance shoe as the Series 97ih balance) incorporates a rivet for connecting the balance shoe to the U-shaped channel.  (Ex. 40, Still Dep. Tr. 134:11-15.) Therefore, Amesbury's evidence is undisputed.

62.    The cam of the Caldwell Series 97ih balance is at least partially housed within the enlarged first end of the frame (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 7; Ex. 9, Shina March 23 Report at 41; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

63.    Rotating the cam of the Caldwell Series 97ih balance forces the locking member to engage a jamb track when the balance shoe is installed in a window jamb (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 7; Ex. 9, Shina March 23 Report at 41; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

64.    The locking member of the Caldwell Series 97ih balance shoe comprises two opposing ends integrally connected by a spring member (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix D, at 7; Ex. 9, Shina March 23 Report at 41; Ex. 6, Still April 17 Report, Exhibit C).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

**The Caldwell Quick-Tilt*nc**

65.    Caldwell made and sold in the United States the Caldwell Quick-Tilt*nc window balance product (Ex. 32, Lelio Dep. Tr. 94:4 - 15).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

66.    The Caldwell Quick-Tilt*nc balance is a mounting assembly (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 1; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 9; Ex. 6, Still April 17 Report, Exhibit A, at 1; Ex. 7, Still Dep. Tr. 57:22 - 58:2).

Caldwell's Response:  Undisputed.

**Amesbury's Response:**  Undisputed.

25

67.    The Caldwell Quick-Tilt*nc balance includes a channel means having a rear wall, side walls and at extremities of said side walls, inwardly turned opposed flanges (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 1 - 2; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 9; Ex. 6, Still April 17 Report, Exhibit A, at 1; Ex. 7, Still Dep. Tr. 58:3 - 13).

Caldwell's Response:  Disputed.  Caldwell does not make, use, sell or offer to sell a channel means, having a rear wall, side walls and at extremities of said side walls, inwardly turned opposed flanges.  (Zinter Dec. ¶8-11).  Caldwell's Quick Tilt*nc balance does not include a channel means having a rear wall, side walls and at extremities of said side walls, inwardly turned opposed flanges (Zinter Dec. ¶8-11).  Caldwell's customers supply their own channels with a rear wall, side walls and inwardly turned opposed flanges (Zinter Dec. ¶8-11).  In Mr. Still's April 17 report, he states: "The window design must have certain design features in order **to receive a constant force balance.  It must have jamb tracks in the shape of a channel** with one side of the channel open, creating flanges on each side" (Still Dec. ¶7, Exhibit "C" at 5)(emphasis added).  Thus, Caldwell's Quick Tilt*nc constant force balance is received in the jamb of the window.  Caldwell does not provide the window (Zinter Dec. ¶8-11).  Caldwell's customers provide the windows which include the jamb having a channel (Zinter Dec. ¶8-11).  Therefore, Caldwell does not provide the jamb with the channel, rear wall, side walls and flanges (Zinter Dec. ¶8-11).

**Amesbury's Response:**    It is undisputed that in Still's April 17 report, he states: "The window design must have certain design features in order to receive a constant force balance.  It must have jamb tracks in the shape of a channel with one side of the channel open, creating flanges on each side" (Ex. 6, Still April 17 Report at 5).  However, Amesbury's statement is

undisputed because the evidence cited by Amesbury supports this statement while the only

evidence cited by Caldwell is a contradictory affidavit which cannot be used to create a genuine

issue of material fact to defeat summary judgment.  *See Colantuoni v. Alfred Calcagni & Sons,*

*Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994) (citations omitted) ("When an interested witness has given

clear answers to unambiguous questions, he cannot create a conflict and resist summary

judgment with an affidavit that is clearly contradictory, but does not offer a satisfactory

explanation of why the testimony is changed."); *Stefanik v. Friendly Ice Cream Corporation*, 183

F.R.D. 52, 54 (D. Mass. 1998) ("a party 'is not permitted to kick over the chess board in the face

of a checkmate.'").

68.    The Caldwell Quick-Tilt*nc balance includes a sash frame support means slidable

in said channel means (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs.,

Appendix A, at 2; Ex. 5, Def.'s Supp. Answers to Pls.'-First Set of Interrogs., Exhibit A; Ex. 9,

Shina March 23 Report at 9; Ex. 6, Still April 17 Report, Exhibit A, at 1; Ex. 7, Still Dep. Tr.

58:14 - 16).

Caldwell's Response:  Disputed to the extent that it implies that Caldwell provides the

channel (See Zinter Dec. ¶8-11).

**Amesbury's Response:**  Undisputed because the evidence cited by Amesbury supports

this statement while the only evidence cited by Caldwell is a contradictory affidavit which

cannot be used to create a genuine issue of material fact to defeat summary judgment.  *See*

*Colantuoni,* 44 F.3d at  4-5; *Stefanik*, 183 F.R.D. at 54.

69.    The Caldwell Quick-Tilt*nc balance includes a coiled ribbon spring having a first

end engaged with said sash frame support means (Ex. 4, Amesbury's Second Supp. Response to

Caldwell's Interrogs., Appendix A, at 2; Ex 5, Def.'s Supp. Answers to Pls.' First Set of

Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 9; Ex. 6, Still April 17 Report, Exhibit A, at 1; Ex. 7, Still Dep. Tr. 58:17 - 21).

    Caldwell's Response:  Undisputed.

    **Amesbury's Response:**  Undisputed.

    70.    The Caldwell Quick-Tilt*nc balance includes a means for mounting said coiled ribbon spring, as this term was construed by the Court (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 2; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 9 - 10; Ex. 6, Still April 17 Report, Exhibit A, at 1; Ex. 7, Still Dep. Tr. 58:23 - 59:2).

    Caldwell's Response:  Undisputed.

    **Amesbury's Response:**  Undisputed.

    71.    The coiled body portion of the coiled ribbon spring of the Caldwell Quick-Tilt*nc balance has the other end of the coiled ribbon spring within the coil positioned in the mounting means, while the other end of the coiled ribbon spring is free and unattached to the mounting means (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 3; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina March 23 Report at 10; Ex. 6, Still April 17 Report, Exhibit A, at 2; Ex. 7, Still Dep. Tr. 59:3 - 18).

    Caldwell's Response:  Undisputed.

    **Amesbury's Response:**  Undisputed.

    72.    The mounting means of the Caldwell Quick-Tilt*nc balance is secured in the channel means (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 3; Ex. 5, Def.'s Supp. Answers to Pls.' First Set of Interrogs., Exhibit A; Ex. 9, Shina

March 23 Report at 10; Ex. 6, Still April 17 Report, Exhibit A, at 2; Ex. 7, Still Dep. Tr. 59:19-22.)

Caldwell's Response:  Disputed to the extent that it implies that Caldwell provides the channel.  (See Zinter Dec. ¶8-11).

**Amesbury's Response:**  Undisputed because the evidence cited by Amesbury supports this statement while the only evidence cited by Caldwell is a contradictory affidavit which cannot be used to create a genuine issue of material fact to defeat summary judgment. *See Colantuoni,* 44 F.3d at  4-5; *Stefanik*, 183 F.R.D. at 54.

73.    The mounting means of the Caldwell Quick-Tilt*nc balance has a raised spine positioned between and in the same plane as said inwardly turned opposed flanges of said channel means whereby rotational motion of said mounting means is inhibited (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 3 - 4; Ex. 9, Shina March 23 Report at 11 - 14; Ex. 6, Still April 17 Report, Exhibit A, at 2; Ex. 7, Still Dep. Tr. 59:23 - 60:5, 72: 4-8).

Caldwell's Response:  Disputed.  Amesbury has taken Mr. Still's testimony out of context.  Mr. Still testified that the spine does not inhibit rotation.  The portion of Mr. Still's testimony that Amesbury relies upon is incomplete.  Mr. Still was shown a balance which was not screwed in and was pulled partially out of its channel.  When the balance is placed fully within the channel, Mr. Still again confirmed that the spine does not inhibit rotation (Ex. 9, Still Dep. Tr. 70:6-10 (emphasis added)).

Q:  Okay.  I would like to show you, Mr. Still, I have taken Still Exhibit 10 and I have inserted the Quick-Tilt balance **partially into** the channel, correct?

A:  Yes.

. . .

LIBA/1708887.1

(Continuing at Ex. 9, Still Dep. Tr. 71:13-16):

Q:  When I put it in there even further, I can wiggle it and still cause the spine to hit the wall of the flanges, correct?

A:  That is correct.

. . .

(Continuing at Ex. 9, Still Dep. Tr. 72:4-73:13):

Q:  -Independent of whether additional features of the Caldwell balance inhibit rotation, in this assembly, this spine also inhibits rotation of the balance, correct?

A:  It can.

Q:  Do you know whether Caldwell sold Quick-Tilt balances to any customer installing those balances in jambs configured like those we have marked as Still Exhibit 10?

A:  I do not.

Q:  So can we agree that in some applications it's your opinion that -strike that.  So it's your opinion that in certain installations, the spine on Caldwell's Quick-Tilt does not inhibit rotation because it's narrower than the gap defined by the flanges, correct?

MR. SLIFKIN:  Objection.

Q:  And in other installations having narrower gaps, the spine can inhibit rotation, correct?

MR. SLIFKIN:  Objection.

A:  **It does not.  Let me show you.**  When you had this pulled out, you are disregarding the top cover which is a tighter tolerance than the body of the element.  If you put the unit all the way in, the top of the mounting element acts as an anti-rotation as well.

Q:  In addition to the spine, correct?

A:  **In addition, no.**  In addition to the body of the element itself.  In other words, it has a tighter tolerance because it is designed to be tight, tighter than the actual mounting element.  **So the spine does not have any relationship to the rotation at all.**  (emphasis added)).

On redirect, Mr. Still further clarified that Mr. Kline was asking questions about a balance which

was partially out of the channel (Ex. 9, Still Dep. Tr. 148:12-25):

Q:  And Mr. Kline asked you a number of questions about the function of the spine and its role if any in inhibiting rotation; do you recall that testimony?

A:  Yes, I do.

Q:  When he did that, he held the shoe partially in and partially out of the channel; do you recall that?

A:  Yes

Q:  When a window balance is installed in a window and the window it is fully assembled in a building, does the shoe ever hang partially out of the channel?

A:  It does not.

**Amesbury's Response:**  Undisputed because Still admits that the spine of the Caldwell Quick-Tilt*nc balance is positioned in the same plane as the inwardly turned opposed flanges (Ex. 40, Still Dep. Tr. 59:23-60:5)  and can inhibit rotation.  (Ex. 40, Still Dep. Tr. 72:4-73:13) Therefore Amesbury's evidence is undisputed.

74.     The mounting means of the Caldwell Quick-Tilt*nc balance has a support surface disposed in contact with the outer surface of the coiled body portion of the coiled ribbon spring during movement of the coiled ribbon spring as the sash support means moves in the channel means (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 4; Ex. 9, Shina March 23 Report at 14 - 15; Ex. 6, Still April 17 Report, Exhibit A, at 2 - 3).

Caldwell's Response:  Disputed to the extent that it implies that Caldwell makes, uses, sells or offers to sell channels (*See* response to ¶67 *infra.* citing Zinter Dec. at ¶8-11).

**Amesbury's Response:**  *See* Amesbury's response to Caldwell's response to ¶ 67. Undisputed because the evidence cited by Amesbury supports this statement while the only evidence cited by Caldwell is a contradictory affidavit which cannot be used to create a genuine issue of material fact to defeat summary judgment.  *See Colantuoni,* 44 F.3d at  4-5; *Stefanik,* 183 F.R.D. at 54.

75.     The mounting means of the Caldwell Quick-Tilt*nc balance has a body portion having an aperture, a fixing screw positioned in the aperture by which the mounting means is

31

secured relative to the channel means, a surface of the body portion being concavely curved, the coiled body portion of the coiled ribbon spring being in contact with and supported by the curved surface of the body portion (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 4 - 5; Ex. 9, Shina March 23 Report at 15 - 16; Ex. 6, Still April 17 Report, Exhibit A, at 3).

Caldwell's Response:  Disputed to the extent that it implies that Caldwell makes, uses, sells or offers to sell channels (See response to ¶67 *infra.* citing Zinter Dec. at ¶8-11).

**Amesbury's Response:**  *See* Amesbury's response to Caldwell's response to ¶ 67. Undisputed because the evidence cited by Amesbury supports this statement while the only evidence cited by Caldwell is a contradictory affidavit which cannot be used to create a genuine issue of material fact to defeat summary judgment. *See Colantuoni,* 44 F.3d at  4-5; *Stefanik*, 183 F.R.D. at 54.

76.    The mounting means of the Caldwell Quick-Tilt*nc balance has a projection means, positioned between said inwardly turned opposite flanges of the channel means which cooperate with said flanges of the channel means within which the mounting means is positioned, whereby rotational movement of the mounting means is inhibited. (Ex. 4, Amesbury's Second Supp. Response to Caldwell's Interrogs., Appendix A, at 7 - 8; Ex. 9, Shina March 23 Report at 17 - 21; Ex. 6, Still April 17 Report, Exhibit A, at 5; Ex. 7, Still Dep. Tr. 5 9:2 3 - 60:5, 72: 4-8).

Caldwell's Response:  Disputed.  See Response to S.O.F. ¶34-46.

**Amesbury's Response:**  Undisputed because Local Rule 56.1 requires that a party opposing summary judgment support any alleged genuine issue of material fact with "page references to affidavits, depositions and other documentation."  L.R. 56.1; *Lujan*, 497 U.S. at

901 (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."). Amesbury's statement should be deemed undisputed because Caldwell fails to cite any evidence to dispute the statement. To the extent the statement is not deemed undisputed for this reason, it is undisputed because the evidence cited does not support the alleged "facts." *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446. In addition, broad conclusory statements are not sufficient to raise an issue of genuine material fact. *See Lujan*, 497 U.S. at 901; *United Magazine Co.*, 393 F.Supp.2d at 205. Should Caldwell produce more specific information in response to this statement, Amesbury reserves the right to respond.

**Prosser '797 Patent**

77.    Prosser discloses a window balance designed to be mounted to a window jamb (See Ex. 10, Prosser '797 patent, col. 1, 11. 8-28).

Caldwell's Response: Undisputed.

**Amesbury's Response:** Undisputed.

78.    The Prosser window balance is stationary in the jamb and includes a bottom plate that is attached to the window sash. The bottom plate alone moves with the sash while the rest of the balance is stationary and is mounted to the jamb. (See Ex. 10, Prosser '797 patent, col. 3, 11. 18-26).

Caldwell's Response: Undisputed.

**Amesbury's Response:** Undisputed.

LIBA/1708887.1

79.     Prosser does not disclose any of a top guide, a bottom guide, and a bottom guide roller rotatably mounted in a bottom guide (Ex. 7, Still Dep. Tr. 100:15 - 101:2; 102:15 104:3; Ex. 11, Shina April 18 Report, at 21, 22).

Caldwell's Response:  Disputed.  Prosser includes a top guide, a bottom guide and a bottom guide roller (Ex. 9, Still Dep. Tr. 99:21 - 100:4; Still Dec. ¶7 Exhibit "A" at 67).

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction different from that determined by the Court.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact.  As a result, Amesbury's evidence is undisputed.

80.     Prosser does not disclose a first cord end being attached to the translatable pulley block unit (Ex. 7, Still Dep. Tr. 97:6-9; Ex. 10, Prosser '797 patent, col. 3, 11. 18 - 22 and Figure 5).

Caldwell's Response:  Undisputed, but objected to as irrelevant.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

81.     Prosser does not disclose a second cord end that is attachable to a jamb (Ex. 10, Prosser '797 patent, col. 3, 11. 18 - 22 and Figure 5; Ex. 11, Shina April 18 Report, at 23).

Caldwell's Response:  Undisputed, but objected to as irrelevant.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

82.    Prosser does not suggest combining the teachings of Prosser with the teachings of any other reference to achieve any of the inventions of the patents-in-suit (See generally Ex. 10, Prosser '797 patent).

Caldwell's Response:  Undisputed but objected to as irrelevant.  The relevant combination is taking the admitted prior art in the '264 Patent and adding to it the bottom guide roller of Prosser (Still Dec. at ¶7, Exhibit "A" at 6-7).

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

**Thompson '011 Patent**

83.    Thompson discloses a window balance for a tiltable window, where the top end of the balance is screwed into the window sash (See Ex. 12, Thompson '011 patent Abstract, and Fig. 4).

Caldwell's Response:  Undisputed, but objected to as irrelevant.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

84.    Thompson does not disclose a top guide (See Ex. 12, Thompson '011 patent; Ex. 13, Def.'s Second Supp. Ans. to Pls.' First Set of Interrogs.; Ex. 14, Still March 8 Report, Exhibit A, at 1).

Caldwell's Response:  Undisputed, but objected to as irrelevant.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

LIBA/1708887.1

85.    Thompson does not disclose not disclose a bottom guide and does not disclose a bottom guide roller rotatably mounted in a bottom guide (See Ex. 12, Thompson '011 patent; Ex. 11, Shina April 18 Report at 12).

Caldwell's Response:  Disputed.  Thompson includes a bottom guide with a bottom guide roller (Ex. 11, Newman Dep. Tr. 18:21-19:20; Still Dec. at ¶7, Exhibit "A" at 6-7).

**Amesbury's Response:**  Undisputed because the evidence cited by Caldwell is based on a claim construction different from that determined by the Court.  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, this evidence is not relevant to the infringement analysis in this case and cannot raise a genuine issue of material fact.  In addition, the evidence cited does not support the alleged "fact."  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  Therefore, Amesbury's evidence is undisputed.

86.    Thompson does not suggest combining the teachings of Thompson with the teachings of any other reference to achieve any of the inventions of the patents-in-suit (See Ex. 12, Thompson '011 patent, col. 5, 11. 8-9; Ex. 11, Shina April 18 Report, at 11).

Caldwell's Response:  Undisputed but objected to as irrelevant.  The relevant combination is taking the admitted prior art in the '264 Patent and adding to it the bottom guide roller of Thompson '011.  Amesbury has it backwards.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

**Sterner '808 Patent**

87.    Sterner does not disclose a raised spine, as the term was construed by the Court (See Ex. 18, Sterner '808 patent, Fig. 12; Ex. 11, Shina April 18 Report, at 2).

<u>Caldwell's Response</u>: Disputed. Sterner contains all of the elements disclosed in claims 1, 2, 3 and 8 of the '638 Patent, thereby anticipating those claims (Still Dec. ¶7, Exhibit "B" at 6; Ex. 10, Shina Dep. Tr. at 179:20-185:24).

**Amesbury's Response:** Undisputed because the evidence cited does not support the alleged "fact." *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446. In addition, broad conclusory statements are not sufficient to raise an issue of genuine material fact. *Lujan*, 497 U.S. at 901 (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."). The opinions given in Still expert report are conclusory and are contradicted by the evidence of record. (*See* Ex. 18, Sterner '808 patent, Fig. 12; Ex. 11, Shina April 18 Report, at 2). Therefore, Amesbury's evidence is undisputed.

88.     Sterner does not disclose a projection means on the mounting means, as the term was construed by the Court (<u>See</u> Ex. 18, Sterner '808 patent, Fig. 12; Ex. 11, Shina April 18 Report at 2).

<u>Caldwell's Response</u>: Disputed. Sterner contains all of the elements disclosed in claims 1, 2, 3 and 8 of the '638 Patent, thereby anticipating those claims (Still Dec. ¶7, Ex. "B" at 6; Ex. 10, Shina Dep. Tr. at 179:20-185:24).

**Amesbury's Response:** Undisputed because the evidence cited does not support the alleged "fact." *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446. In addition, broad conclusory statements are not sufficient to raise an issue of genuine material fact. *Lujan*, 497 U.S. at 901 (the party opposing summary judgment "must set forth specific facts showing that

LIBA/1708887.1

there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."). The opinions given in Still expert report are conclusory and are contradicted by the evidence of record. (*See* Ex. 18, Sterner '808 patent, Fig. 12; Ex. 11, Shina April 18 Report at 2). Therefore, Amesbury's evidence is undisputed.

89.    Sterner does not disclose a raised spine or projection positioned between and in the same plane as inwardly opposed flanges of a channel means (See Ex. 18, Sterner '808 patent, Figures 3 and 6; Ex. 7; Ex. 9, Still Dep. Tr. 53:22 - 54:17; Ex. 11, Shina April 18 Report, at 3).

Caldwell's Response:  Disputed.  Sterner contains all of the elements disclosed in claims 1, 2, 3 and 8 of the '638 Patent, thereby anticipating those claims (Still Dec. ¶7, Exhibit "B" at 6; Shina Dep. Tr. at 179:20-185:24).

**Amesbury's Response:**  Undisputed because the evidence cited does not support the alleged "fact."  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  In addition, broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *Lujan*, 497 U.S. at 901 (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.").  The opinions given in Still expert report are conclusory and are contradicted by the evidence of record. (*See* Ex. 18, Sterner '808 patent, Figures 3 and 6; Ex. 7; Ex. 40, Still Dep. Tr. 53:22 - 54:17; Ex. 11, Shina April 18 Report, at 3). Therefore, Amesbury's evidence is undisputed.

90.    Sterner does not disclose inhibiting rotational movement of the mounting means. (Ex. 18, Sterner 808 patent; Ex. 7, Still Dep. Tr. 40:11-16).

Caldwell's Response:  Disputed.  Sterner contains all of the elements disclosed in claims 1, 2, 3 and 8 of the '638 Patent, thereby anticipating those claims (Still Dec. ¶7, Exhibit "B" at 6; Shina Dep. Tr. at 179:20-185:24).

**Amesbury's Response:**  Undisputed because the evidence cited does not support the alleged "fact."  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  In addition, broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *Lujan*, 497 U.S. at 901 (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.").  The opinions given in Still expert report are conclusory and are contradicted by the evidence of record. (Ex. 18, Sterner 808 patent; Ex. 40, Still Dep. Tr. 40:11-16). Therefore, Amesbury's evidence is undisputed.

91.    Sterner does not suggest combining the teachings of Sterner with the teachings of any other reference to achieve any of the inventions of the patents-in-suit (See generally, Ex. 18, Sterner ' 808 patent).

Caldwell's Response:  Disputed and irrelevant.  No combination is necessary.  See generally, Amesbury Ex. 18, Sterner '808 Patent.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

**Other Prior Art References Cited in Caldwell's Interrogatory Responses**

92.    U.S. Patent No. 3,114,178 to Wood does not disclose any of a top guide, a bottom guide, a bottom guide roller rotatably mounted in a bottom guide, or a translatable pulley block unit moveable within the channel (See Ex. 13, Def's Second Supp. Answers to Pls.' First Set of Interrogs., at 6; Ex. 21, '178 patent, Figure 1).

Caldwell's Response:  Disputed.  (See Slifkin Dec. ¶8, Ex. 8, [Def.'s Second Supp. Answers to P.'s First Set of Interrogs., at 6]).

**Amesbury's Response:**  Undisputed because broad conclusory statements are not sufficient to raise an issue of genuine material fact. *Lujan*, 497 U.S. at 901 (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.").  Caldwell simply cites to figures with no further explanation.  As a result, Amesbury's evidence is undisputed.

93.    U.S. Patent No. 3,449,862 to Biro does not disclose any of a translatable pulley block unit moveable within the channel or a bottom guide roller rotatably mounted in a bottom guide (See Ex. 13, Def.'s Second Supp. Answers to Pls.' First Set of Interrogs., at 7; Ex. 22, '862 patent, Fig. 1).

Caldwell's Response:  Disputed.  Mr. Newman, an admitted expert in window balances, testified (albeit reluctantly) that the bottom guide roller of Biro was in the bottom guide (Ex. 11, Newman Dep. Tr. 61:24-62:17):

Q:  Is the, does part of the turnaround roller project into the bottom guide?

A:  No, not very far.  I mean, it's, the center line of the axle coincides with the tip of the, of the cam.

Q:  You said not very far, so it does to some extent?

A:  Well, slightly.

Q:  Is the -- in fact, everything below the axle projects into the bottom guide, isn't that correct?

A:  Yes.

Q:  So perhaps forty percent of that roller is in the bottom guide, is that accurate?

A:  Yes, I --

Q:  At least forty percent?

A:  I mean, it's not mounted to it, but it's somewhat projected down into the caming surface of the guide, yes.

(See also Def.'s Second Supp. Answers to P.'s First Set of Interrogs., at 7, Ex. 8)

**Amesbury's Response:**  Undisputed because the testimony cited does not support the alleged "fact."  *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446.  In addition, broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *Lujan*, 497 U.S. at 901 (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.").  Caldwell simply cites to figures with no further explanation.  As a result, Amesbury's evidence is undisputed.

94.    U.S. Patent No. 4,704,821 to Berndt does not disclose any of a top guide, a bottom guide, a bottom guide roller rotatably mounted in a bottom guide, a fixed pulley block unit, or a translatable pulley block unit (See Ex. 13, Def.'s Second Supp. Answers to Pls.' First Set of Interrogs., at 8; Ex. 23, '821 patent, Figure 6.)

41

Caldwell's Response:  Disputed (See Def.'s Second Supp. Answers to P.'s First Set of Interrogs., at 8, Ex. 8).  Also, objected to as irrelevant.  This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**Amesbury's Response:**  Undisputed because broad conclusory statements are not sufficient to raise an issue of genuine material fact.  *Lujan*, 497 U.S. at 901 (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.").  Caldwell simply cites to figures with no further explanation.  As a result, Amesbury's evidence is undisputed.

95.    U.S. Patent No. 4,089,085 to Fitzgibbon does not disclose a bottom guide roller rotatably mounted in a bottom guide (See Ex. 24, '085 patent, Figure 1; Ex. 13, Def's Second Supp. Answers to Pls.' First Set of Interrogs., at 9).

Caldwell's Response:  Disputed and objected to as irrelevant.  (See Def.'s Second Supp. Answers to Pl.'s First Set of Interrogs., at 8, Ex. 8).  This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

96.    Japanese Utility Model JITUSKAI S62-19485 does not disclose any of a top guide, a bottom guide, a bottom guide roller rotatably mounted in a bottom guide, a fixed pulley block unit, a translatable pulley block unit, a spring, or a cord (See Ex. 13, Def.'s Second Supp. Answers to Pls.' First Set of Interrogs., at 11; Ex. 25, JP '485 patent).

42

Caldwell's Response: Objected to as irrelevant. This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**Amesbury's Response:** Undisputed. Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

97.    U.S. Patent No. 6,041,476 to DeNormand does not disclose a balance shoe comprising a frame with an enlarged first end and wherein the shoe forms a pocket positioned in the second end of the frame adapted to mate with a rivet (See Ex. 13, Def.'s Second Supp. Answers to Pls.' First Set of Interrogs., at 14; Ex. 26, '746 patent.) The DeNormand '746 patent also does not disclose a balance shoe with any of a locking member or a cam (See Ex 13, Def.'s Second Supp. Answers to Pls.' First Set of Interrogs., at 14; Ex. 26, '746 patent).

Caldwell's Response: Objected to as irrelevant. This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**Amesbury's Response:** Undisputed. Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

98.    U.S. Patent No. 4,704,821 to Berndt does not disclose any of a system of pulleys, a locking member, or a cam (See Ex. 13, Def's Second Supp. Answers to Pls.' First Set of Interrogs., at 15; Ex. 23, '821 patent).

Caldwell's Response: Objected to as irrelevant. This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

43

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

99.    U.S. Patent No. 5,301,467 to Schmidt does not disclose any of a balance shoe with an enlarged first end, a cord, or a system of pulleys (See Ex. 13, Def.'s Second Supp. Answers to Pls.' First Set of Interrogs., at 16; Ex. 27, '467 patent).

Caldwell's Response:  Disputed and objected to as irrelevant.  This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

100.    U.S. Patent No. 5,069,001 to Makarowski does not disclose any of a sash frame support means, a coiled ribbon spring, or a means for mounting the coiled ribbon spring (See Ex. 13, Def.'s Second Supp. Answers to Pls.' First Set of Interrogs., at 19; Ex. 28, '001 patent).

Caldwell's Response:  Disputed and objected to as irrelevant.  This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**Amesbury's Response:**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

101.    Japanese Utility Model No. JIKKOHEI8-9334 does not disclose any of a sash frame support means, a coiled ribbon spring, or a means for mounting the coiled ribbon spring (See Ex. 13, Def's Second Supp. Answers to Pls.' First Set of Interrogs., at 20; Ex. 31, JIKKOHEI-9334.)

<u>Caldwell's Response</u>:  Disputed and objected to as irrelevant.  This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**<u>Amesbury's Response:</u>**  Undisputed. Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

102.    Japanese Utility Model No. JIKKAIHE14-119083 does not disclose any of a sash frame support means, a coiled ribbon spring, or a means for mounting the coiled ribbon spring, a raised spine, and a projection means (<u>See</u> Ex. 13, Def's Second Supp. Answers to Pls.' First Set of Interrogs., at 21; Ex. 29, JIKKAIHEI4-119083).

<u>Caldwell's Response</u>:  Disputed and objected to as irrelevant.  This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**<u>Amesbury's Response:</u>**  Undisputed. Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

103.    Japanese Utility Model No. JIKKOHEI14-112279 does not disclose any of a sash frame support means, a coiled ribbon spring, a means for mounting the coiled ribbon spring, a raised spine, or a projection means (<u>See</u> Ex. 13, Def.'s Second Supp. Answers to Pls.' First Set of Interrogs., at 22; Ex. 30, JIKKOHEII4-112279).

<u>Caldwell's Response</u>:  Disputed and objected to as irrelevant.  This fact does not address the issue of a combination of references under 35 U.S.C. § 103.

**<u>Amesbury's Response:</u>**  Undisputed.  Caldwell's response does not create a genuine issue of material fact because it does not identify any way in which Amesbury's statement is factually incorrect.

45

**Tri-State Windows**

104.    Caldwell sold Quick-Tilt*nc balance products to Tri-State Wholesale Building Supplies, Inc. of Cincinnati, Ohio ("Tri-State") in 2005 (See Ex. 37, Caldwell Sales and Invoice Spreadsheet Data).

Caldwell's Response:  Undisputed, and the second contains no admissible evidence substantiating this allegation.

**Amesbury's Response:**  Undisputed.

105.    Tri-State uses the Quick-Tilt*nc balance product in window jambs of the same relevant configuration as that of Still Deposition Exhibit 10 (See Ex. 38, Printout of the Tri-State website).

Caldwell's Response:  Disputed.  As a preliminary matter, Ex. 38 is a document that was never produced by or to Caldwell during discovery.  It does not bear a document production number of either party and, in fact, appears to have been printed from the Internet on the day Amesbury filed its motion for summary judgment.  No witness has ever testified as to its contents, accuracy or the truth of any matter asserted on the page.  In fact, no witness has ever identified the web page as that of Caldwell's customer.  No witness has testified that the photograph on the web page is that of an actual Tri-State window or simply a window image selected by the web site designer.  No witness has testified that the photograph is of a window which is sold with a Caldwell balance.  There is no evidence of record linking the photograph from the website to Still Deposition Exhibit 10.

Furthermore, the web page is not evidence in admissible form as required by Local Rule 56.1 and Federal Rule 56(e).  When did it become acceptable to print off a page from the internet of a third party's website and call information on the page evidence? It is not evidence of anything.

LIBA/1708887.1

Even if the web page were acceptable evidence of something, the configuration of the window jamb in the web page cannot be determined from the photograph on that page (Zinter ¶18-20). The jamb configuration of the photograph on the web page is indistinguishable from the jamb configurations which Dr. Shina concluded, when combined with Caldwell balances do not infringe the '638 Patent (See Caldwell S.O.F. ¶48-59).

**Amesbury's Response:** Undisputed because the evidence cited does not support the alleged "fact." *See Cordero-Soto*, 418 F.3d at 118; *Carreiro*, 68 F.3d at 1446. In addition, broad conclusory statements are not sufficient to raise an issue of genuine material fact. *Lujan*, 497 U.S. at 901 (the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial"); *United Magazine Co.*, 393 F.Supp.2d at 205 ("The non-moving party may not rely on mere conclusory allegation nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."). Further, the Zinter Declaration cited by Caldwell is a contradictory affidavit which cannot be used to create a genuine issue of material fact to defeat summary judgment. *See Colantuoni,* 44 F.3d at 4-5; *Stefanik*, 183 F.R.D. at 54. In addition, Dr. Shina examined the Earthwise window from Ex. 38 containing a Quick-Tilt*nc balance and determined that the window jamb appeared to be "identical" to Still Deposition Exhibit 10. (Rogers Decl. at ¶¶ 2,5; Dillingham Decl. at ¶¶ 2,3; Shina Second Decl. at ¶ 8) Therefore, Amesbury's evidence is undisputed.

Respectfully submitted,

/s/ Douglas J. Kline
Douglas J. Kline (BBO# 556680)
Terese Dillingham (BBO# 644520)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place

47

Boston, MA  02109
Phone:  (617) 570-1000
Fax:  (617) 523-1231
Attorneys for Plaintiffs
**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: June 23, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 23, 2006.

/s/ Terese Dillingham

LIBA/1708887.1