IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

AMESBURY GROUP, INC., and
AMESBURY SPRINGS, LTD.,

          Plaintiffs,

    v.                                   Civil Action No. 05-CV-10020

THE CALDWELL MANUFACTURING
COMPANY,

          Defendant.

_____

**CALDWELL MANUFACTURING COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFFS' REPLY PAPERS ON ITS MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Now that fact discovery and expert discovery are closed and the plaintiff's expert has been examined as to the purported basis for his opinions, Amesbury has apparently now gone out and acquired an actual window with a Caldwell balance installed.[1] Amesbury then introduced its expert's new found reliance on this window for the first time in this case in the context of *reply* papers on a motion for summary judgment, effectively precluding Caldwell from examining the product, questioning Amesbury's expert or offering any response. Caldwell, thus moves to strike the Declarations of Christopher Rogers, Terese Dillingham and Sammy Shina, Ph.D., from the reply submitted by Amesbury in further support of its motion for summary judgment, as well as any reliance Amesbury may place on the late disclosure of the product described in those documents, including the implicit expansion (after the close of expert discovery) of its expert's opinion. As set forth more fully below, these declarations seek to introduce new materials and new arguments which are not permissible in reply papers, and violate the Court's order with respect to expert discovery.

**FACTS**

Following the conclusion of discovery on May 5, 2006, Amesbury filed a motion for summary judgment on May 24, 2006, asserting that several of Caldwell's window balances infringe certain of the claims set forth in Amesbury's window balance patents. In support of that motion, Amesbury submitted the unsworn report of its retained expert, Sammy Shina, Ph.D., who asserted that Caldwell's Quick Tilt *nc balances--balances he had never seen installed in any window--infringed Amesbury's patents.

---

[1] Unknown at this juncture is whether the balance is the accused Quick Tilt *nc or the easily confused original Quick Tilt which is not before the court in this lawsuit.

On June 23, 2006, Amesbury filed its reply in further support of its summary judgment motion papers. As part of that reply, the Rogers and Dillingham declarations assert that the law firm of Goodwin Proctor, LLP, Amesbury's counsel, arranged for a private investigator to purchase an Earthwise Window from Tri-State Wholesale Building Supplies, Inc. This window was delivered on June 21, 2006 to Amesbury's counsel and subsequently to Dr. Shina. Dr. Shina then apparently conducted an immediate inspection of the window and signed a new declaration, dated June 22, 2006, in which he asserts that the window contains a Caldwell Quick-Tilt *nc balance that infringes Amesbury's patent.

## ARGUMENT

### POINT I

**AMESBURY'S REPLY PAPERS SHOULD BE STRICKEN SINCE THEY CLEARLY RAISE NEW FACTUAL ISSUES AND ARGUMENTS FOR THE FIRST TIME IN REPLY**

The viability of Amesbury's expert's opinion--and thus ultimately its claims of patent infringement--is significantly impacted by Dr. Shina's initial failure to examine a properly mounted Caldwell window balance prior to asserting in his report, and later at his deposition, that the Caldwell balances operated in such a manner as to infringe Amesbury's patents. Amesbury has attempted to remedy this failure, but only after the close of discovery and in reply papers to which Caldwell has no opportunity to respond. Since discovery is now closed, Caldwell cannot examine Dr. Shina with respect to his new analysis and, indeed, cannot even examine the window which Amesbury's lawyers recently purchased.

Moreover, this tactic runs afoul of the well-settled rule that new arguments may not be raised for the first time in reply. VanHaaren v. State Farm Mut. Auto. Inc. Co.,

989 F.2d 1, 7 n.7 (1st Cir. 1993); Fish Mkt. Nominee Corp. v. Pelofsky, 72 F.3d 4, 6 (1st Cir. 1995). The Court of Appeals for this Circuit has also rejected post-discovery attempts to alter claims which would prejudice a party opposing summary judgment. Kennedy v. Josephthal, Inc., 814 F.2d 798, 806 (1st Cir. 1987); Quaker State Oil Refining Corp. v. Garrity, 884 F.2d 1510, 1517 (1st Cir. 1989). In Picker International, Inc. v. Leavitt, 865 F.Supp 951 (D. Mass. 1994), the plaintiff moved for summary judgment, to which the defendant responded by attempting to assert a new factual claim which, in essence, amended its counterclaim. In rejecting such an attempt, the Court noted that the defendant was aware of the relevant events for a number of years and asserted them after the close of discovery. Thus, "it was clear that [plaintiff] would be unfairly prejudiced by the introduction of yet another claim, which could require additional discovery, and which could and should have been asserted earlier." *Id.* at 957.

Similarly, this Court has also rejected new factual allegations set forth in response to dispositive motions. Miller v. Suffolk County House of Correction, *No. 01-11331* 2002 WL 31194866, *2 n.1 (D. Mass. Sept. 27, 2002), citing Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996) (attempted expansion of claim in response to summary judgment motion), Scholastic, Inc. v. Stouffer, 124 F. Supp.2d 836, 851 n.16 (S.D.N.Y. 2000), Davis v. Cole, 999 F. Supp. 809, 813 (E.D. Va. 1998), In re Colonial Ltd. P'ship Litig., 854 F.Supp. 64, 79 (D. Conn. 1994).

Based upon Dr. Shina's deposition testimony, his basic lack of knowledge concerning windows and window balance design, and the fact that he had not examined a properly assembled window, his analysis of the window balance in question was deficient. Rather than attempt to cure this deficiency within the discovery period and

3

allow a second deposition of Dr. Shina, Amesbury waited until after the passage of the discovery deadline and then made a summary judgment motion.  Amesbury then compounded the prejudice to Caldwell by offering Dr. Shina's new analysis not in its original motion papers, but in reply.

The balance functions much differently when properly installed than when it is loose in a jamb channel as Dr. Shina originally examined it.  Caldwell now has no opportunity to: 1) examine the window and window balance; 2) verify that the window balance is in fact the one at issue in this case; 3) determine whether or not the balance was properly mounted in the window; 4) re-depose Dr. Shina as to his method for arriving at his conclusions given that the balance cannot actually be seen when properly installed in a window; and 5) inquire as to whether he correctly accounted for elements of Caldwell's balance other than the spine that prevent rotation.

The prejudice to Caldwell is immediately apparent from a review of Amesbury's Reply to Caldwell's Local Rule 56.1 Statement of Additional Facts.  In several responses in that filing, Amesbury states that Caldwell's facts are "directly contradicted by all contemporaneous evidence of record," relying on Shina's Second Declaration and the newly obtained evidence.  <u>See</u> Amesbury's responses to facts 41, 50, 51 and 53.  At the time Caldwell prepared its Local Rule 56.1 Statement, there was no evidence of record to support necessary, and indeed, critical facts which Amesbury needed to rely upon.  Amesbury has since obtained new evidence and, now, asserts that this new  evidence proves that there was (or is)    evidence of record on these

4

critical facts.[2]

Even more astonishingly, Amesbury relies on its new evidence in its response to Caldwell's response to Amesbury's Local Rule 56.1 Statement by stating that the new facts are "undisputed." For example, in Amesbury's response to fact number 105, Amesbury states that "Dr. Shina examined the Earthwise window from Ex. 38 containing a Quick-Tilt*nc balance and determined that the window jamb appeared to be "identical" to Still Deposition Exhibit 10." Amesbury cites to only the three new declarations and concludes that "Therefore, Amesbury's evidence is undisputed." Of course, by bringing this evidence in through the back door, Caldwell was not given the chance to see, much less dispute, this evidence submitted for the first time on reply.

Accordingly, Caldwell has been prejudiced by Amesbury's untimely submission of Dr. Shina's reply declaration, and therefore, the Court should reject Amesbury's reply papers.

## POINT II

### THE IMPLICIT EXPANSION OF AMESBURY'S EXPERT DISCLOSURE AFTER THE DISCOVERY CUT-OFF VIOLATES FRCP 26(e)

The Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of a retained expert and provide a statement of "all opinions to be expressed and

---

[2] For example, Caldwell's fact number 51 and Amesbury's response provide:

> 51. There is no evidence of record that the channel geometry of Still Exhibit 10 is the same as is found in the Tri-State window product shown on Tri-State's website.
>
> **Amesbury's Response**: This statement should be stricken because it is directly contradicted by all contemporaneous evidence of record. Dr. Shina compared the channel geometry of Still Exhibit 10 to the window Amesbury purchased from Tri-State via the Tri-State website. Dr. Shina concluded that the channel geometry of Still Exhibit 10 appears to be identical to the channel geometry of the Tri-State window. (Shina Second Decl. at ¶8)

5

the basis and reasons therefore." Such disclosures are to be made "at the times and in the sequence directed by the court." Fed. R. Civ. P. Rule 26(a)(2)(C). In the present case, the court-imposed deadline for initial expert disclosures was March 24, 2006 (Scheduling Order, February 24, 2006, Docket #68). Thus, any opinions to be expressed by Dr. Shina had to be disclosed prior to this date. As the Court of Appeals for the First Circuit has noted, "[t]he required sanction in the ordinary case is mandatory preclusion" of an expert report which is submitted in violation of the discovery deadlines. Klonoski, M.D., v. Mahlab, M.D., 156 F.3d 255, 269 (1st Cir. 1998).

Rule 26(e)(i) does require supplementation of an expert's report that is "incomplete or incorrect." However, this provision does not allow for the correction of a party's failure to undertake the necessary testing and analysis that was required in the first place. Akeva LLC v. Mizuno Corp., 212 F.R.D. 306 (M.D. N.C., 2002) is instructive. There, the court excluded an affidavit by the plaintiff's expert which reflected a new test which he had performed after the discovery deadline. As the court explained, supplementation as defined by Rule 26(e) is not permitted to fill in gaps in a party's initial expert analysis:

> Plaintiff does not argue that Mr. Fredericksen's initial opinion was incorrect, but appears to argue that it was incomplete. The Court cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions. Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading. ***It does not cover failures of omission because the expert did an inadequate or incomplete preparation.*** To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation. Therefore, Mr. Fredericksen's

6

>    second test and opinion was not supplementation, but merely an out-of-time disclosure.

Id, at 310 (emphasis added) (internal citations omitted).  Accord, Sharpe v. United States, 230 F.R.D. 452 (E.D.Va, 2005).

As in Akeva, there is no indication that Dr. Shina's initial report was incorrect or misleading.  It simply lacked the necessary analysis and foundation for the opinions advanced.  Dr. Shina's most recent declaration, however, attempts to cure this omission by boltsering the opinions rendered in his initial report by reciting the new tests he conducted on the recently-acquired window with the alleged (and unidentified) Caldwell balance.  This is merely an attempt at improper bolstering of the opinions stated in his initial report that lacked the necessary foundation of proper testing.  Thus, the reply declaration of Dr. Shina does not constitute proper supplementation of his prior report and, as such, is not authorized by Rule 26(e).

Since Amesbury has failed to comply with the expert disclosure provisions of Rule 26(a)(2), the enforcement provisions of Rule 37(c)(1) apply.  "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).  This rule, although traditionally invoked to preclude expert testimony at trial, can also be applied to motions for summary judgment.  Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004), citing Lohnes v. Level 3 Communs., Inc., 272 F.3d 49, 60 (1st Cir. 2001).  Amesbury cannot take refuge in either of the exclusions provided by Rule 37.  There is no justification for Amesbury's delay in obtaining a properly-mounted window balance for Dr. Shina to examine, nor can they argue that they were unable to obtain a window until after the close of discovery.

7

Also, as noted above, Caldwell would be substantially prejudiced should Dr. Shina's new affidavit be admitted since it would be unable to question him with respect to a number of factors bearing on his new examination of the recently-acquired window.

As the Court of Appeals for the First Circuit has observed "Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to 'depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery." Poulis-Minott, supra, at 358, quoting Thibeault v. Square D. C., 960 F.2d 239, 244 (1st Cir. 1992). This observation applies directly to the facts of the case at bar and mandates the conclusion that Amesbury's belated expansion of Dr. Shina's new testimony should not be countenanced.

## CONCLUSION

Based on the foregoing, Caldwell respectfully requests that the Court grant an order striking the Declarations of Christopher Rogers, Terese Dillingham and Sammy Shina from Amesbury's reply papers, along with such other an further relief as may be just and proper.

Dated: July 11, 2006             Respectfully submitted,


                                 THE CALDWELL MANUFACTURING COMPANY

                                 By its attorneys,

                                 /s/Neal L. Slifkin_____
                                 Paul J. Yesawich, III
                                 Neal L. Slifkin
                                 David J. Edwards
                                 Laura W. Smalley
                                 *Attorneys for Defendant*
                                 99 Garnsey Road
                                 Pittsford, New York 14534
                                 Telephone: 585-419-8800

                                        -and-

                                 David E. Lurie, BBO# 542030
                                 Thomas E. Lent, BBO# 644970
                                 Lurie & Krupp, LLP
                                 One McKinley Square
                                 Boston, MA 02109
                                 Telephone: 617-367-1970



**CERTIFICATE OF SERVICE**

   I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2006.

                                 /s/ Thomas E. Lent_____
                                 Thomas E. Lent

9