UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMESBURY GROUP, INC.
    Plaintiff

CIVIL ACTION NO. 05-10020-DPW

v.

THE CALDWELL MANUFACTURING COMPANY
    Defendant

## ORDER RE: TRIAL AND PRE-TRIAL CONFERENCE

WOODLOCK, District Judge

  The above-entitled action will be called for a Pre-Trial Conference at **2:00 P.M.. on MARCH 1, 2007** in courtroom 1 on the 3rd floor of the United States District Court, Boston, MA. A Jury Trial is set for **9:00 a.m. on MARCH 12, 2007.** Trial will be conducted on a 9:00am to 1:00pm schedule until deliberations.

    Unless excused by the Court, each party shall be represented at the Pre-Trial Conference by counsel who will conduct the trial.

    Counsel shall have conferred with their clients and with each other to explore the possibilities of settlement before the Pre-Trial Conference, shall be prepared to advise the Court as to prospects of settlement and shall be themselves authorized or accompanied by persons authorized to engage in settlement discussions and consummate settlement. No excuses will be granted from this obligation.

    All pending motions and other matters ready for hearing will be considered at the conference.

    Prior to the Pre-Trial Conference, counsel shall meet and confer for the purpose of

preparing, either jointly or separately, a pre-trial memorandum for presentation to the Court no later than **FEBRUARY 21, 2007.** (The pretrial memorandum shall be filed electronically with courtesy paper copies to the Court.) Extensions for filing will not be granted without showing of exceptional cause. Failure to file a Pre-Trial Memorandum in a timely manner may result in dismissal, default or other appropriate sanctions.

The Pre-Trial Memorandum shall set forth:

1. The names, addresses and telephone numbers of trial counsel;

2. Whether the case is to be tried with or without a jury;

3. A concise summary of the evidence that will be offered by the plaintiff, defendant, and other parties, with respect to both liability and damages (including special damages, if any);

4. A statement of facts to be submitted to the court or jury:

   (a) by stipulation; and,

   (b) by admission.

Counsel shall stipulate to all facts not in genuine dispute;

5. Contested issues of fact;

6. Any jurisdictional question;

7. Issues of law, including evidentiary questions, together with supporting authority;

8. Any requested amendments to the pleadings;

9. Any additional matters to aid in the disposition of the action;

10. The probable length of trial;

11. The names and addresses of witnesses who will testify at the trial, and the purpose of the testimony of each witness, i.e., whether factual, medical, expert, etc. Unless the

qualifications of any medical or other expert witness are admitted, a brief statement of the qualifications of such witness shall be included;

12. An identification by inclusive page and lines of any portions of depositions or interrogatory responses to be offered at trial and a precise statement of any objections thereto.

13. In cases to be tried by a jury:

   (a) requests for instructions with citation to supporting authority;

   (b) any proposed interrogatories or special verdict forms; and

   (c) any proposed questions for the <u>voir dire</u> examination.

14. Motions in limine or other requests regarding foreseeable disputes concerning evidentiary issues, including authority for the ruling requested.

No later than the first day of trial and before impaneling the jury, parties shall file in **triplicate:**

1. A list of exhibits to be introduced without objection, <u>identified by a single sequence of numbers</u>, regardless of which party is the proponent of an exhibit, **in the form attached hereto as Appendix "A".**

2. A list of marked items to be offered at trial, as to which a party reserves the right to object, <u>identified by a single sequence of capital letters</u>, regardless of which party is the proponent of an exhibit, **in the form attached hereto as Appendix "A".**

Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order, and shall file a copy of the writing with the Clerk.

In the event that some disposition of the case has heretofore been made, or is made before the Pre-Trial Conference, counsel shall by telephone forthwith notify the Deputy Clerk signing

this Order and promptly thereafter submit closing papers.  Compliance with this Order is not excused, absent the actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

Counsel are advised of the Court's "5 minute-rule", which requires that during jury deliberations, counsel may leave the courtroom, but must appear in court within 5 minutes of a call from the deputy clerk, in order to respond to any jury question or for the return of a verdict.

The court's electronic evidence presentation system is available for use by the parties during trial. Parties are encouraged to make full use of this technology.  Parties shall contact the deputy clerk to arrange for training on this equipment.

Failure to comply with any of the directions set forth above may result in judgment of dismissal or default, or the imposition of other sanctions deemed appropriate by the Court.

BY THE COURT,

/s/ Michelle Rynne
Deputy Clerk

DATED: December 19, 2006

APPENDIX "A"

USE THIS FORMAT FOR PREPARATION OF EXHIBIT LIST:

| Exhibit Offered By: | Exhibit Number/ Letter | Marked [yes/no] | Admitted [yes/no] | Descrip-tion of Exhibit | Offered through Witness: | Date Admitted |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

SAMPLE EXHIBIT LIST

(Third, Fourth, Sixth and Seventh Columns and bracketed material to be completed at trial)

| Exhibit Offered By: | Exhibit Number/ Letter | Marked [yes/no] | Admitted [yes/no] | Descrip-tion of Exhibit | Offered through Witness: | Date Admitted |
|---|---|---|---|---|---|---|
| Plaintiff | 1 | yes | yes | MGH Hospital Record dated 8/5/98 | John Jones | 10/10/98 |
| Defendant | 2 | yes | yes | Boston Police Report dated 8/5/98 | Officer John Smith | 10/11/98 |
| Plaintiff | 3A | yes | yes | 3x5 photo of Plaintiff showing injuries | Plaintiff | 10/11/98 |
| Plaintiff | 3B | yes | yes | 4x6 photo scene of accident | Plaintiff | 10/11/98 |