UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC., and<br>AMESBURY SPRINGS LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CALDWELL MANUFACTURING<br>COMPANY,<br><br>Defendant. | Civil Action No. 05-10020-DPW |

**AMESBURY'S MEMORANDUM IN OPPOSITION TO CALDWELL'S
MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

**TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................... 1

STATEMENT OF FACTS.................................................................................................. 2

ARGUMENT ......................................................................................................................... 4

    I.    The Court Cannot Grant Summary Judgment if a Genuine Issue of Material Fact Exists. .................................................................................. 4

    II.    A Genuine Issue of Material Fact Exists as to Whether the Series 97i and Series 97ih Balances Literally Contain the "Pocket" of Claim 2. ...................................................................................................... 5

        1.    Whether the Opening in the Balance Shoe That Receives the Rivet Meets the "Pocket" Limitation is a Genuine Issue of Material Fact. .............................................................................. 5

        2.    Caldwell's Threading Arguments are Irrelevant Because the "Pocket" Element Does Not, and Cannot by Law, Include a Limitation that the Connecting Rivet not be Threaded Through the "Pocket." .................................................... 7

    III.    A Genuine Issue of Material Fact Exists As to Whether the Series 97i and Series 97ih Balances Contain an Equivalent to the "Pocket" of Claim 2. ................................................................................ 11

    IV.    The Court Should Also Deny Summary Judgment With Respect to Dependent Claims 3, 6, and 7................................................................. 13

CONCLUSION ................................................................................................................... 13

## TABLE OF AUTHORITIES

### FEDERAL CASES

| | |
|---|---|
| AEG Indus., Inc. v. Cardinal IG Co., 375 F.3d 1367 (Fed. Cir. 2004) | 7 |
| Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) | 4 |
| Biogen, Inc. v. Berlex Laboratories, Inc., 113 F.Supp.2d 77 (D. Mass. 2000) | 10 |
| Celotex Corp. v. Catrett, 477 U.S. 317 (1986) | 4 |
| Dawn Equip. Co. v. Kentucky Farms Inc., 140 F.3d 1009 (Fed. Cir. 1998) | 11 |
| Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) | 9 |
| Matsushita Elec . Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) | 4 |
| Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005) | 9 |
| Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298 (Fed. Cir. 1999) | 10 |

### FEDERAL STATUES

| | |
|---|---|
| 35 U.S.C. § 112 | 8 |

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should deny Caldwell's Motion for Partial Summary Judgment of Non-Infringement of Amesbury's United States Patent No. 6,820,368 by Caldwell's Series 97i and Series 97ih window balances. Caldwell has failed to address the relevant structure of its infringing balances (the balance shoes, in particular) and, instead, has focused solely on the manner in which Caldwell claims to assemble its balances. Amesbury's '368 patent claims, however, describe balance *structures*, not assembly methods. That Caldwell might assemble its 97i and 97ih balances by threading a rivet through a pocket formed in each balance's shoe, is irrelevant to whether the balances infringe Amesbury's patent. Thus, Caldwell has failed to meet its burden of establishing the absence of any genuine issue of material fact concerning infringement by these products.

Caldwell has contested only that the accused balances include the claimed "pocket." Amesbury's expert, Professor Shina, however, identified the opening in Caldwell's balance shoe that receives the rivet as the claimed pocket. This fact alone is sufficient to preclude summary judgment for Caldwell. In an effort to avoid this dispute, Caldwell has misapplied the Court's construction of "pocket" and has imported into the claims, limitations from one balance shoe embodiment described in the '368 patent specification, a practice forbidden by the Federal Circuit.

Specifically, Caldwell argues that the claimed "pocket" precludes a threaded rivet installation. According to Caldwell, Amesbury's claims are limited to balance shoes that are installed by snapping the rivet into the "pocket." This argument improperly imports into the claims features of one balance shoe embodiment described in the '368 patent specification, and ignores that the specification uses the word "snap" to refer to the

1

resilient tabs of an embodiment not at issue in this case; the word "snap" bears neither on the structure of the claimed "pocket" nor on its interaction during assembly with the claimed connecting device.

Viewing the facts with all inferences drawn in Amesbury's favor, as the Court must, Caldwell also has failed adequately to address infringement by the Series 97i and 97ih balances under the doctrine of equivalents. In particular, each of Caldwell's Series 97i and 97ih balances includes an opening (i.e., a pocket) that performs substantially the same function of the claimed "pocket" (preventing displacement of the balance shoe), in substantially the same way (by mating with the rivet), to achieve substantially the same result (to secure the balance shoe in the U-shaped channel). Professor Shina's expert reports and declarations support a finding of Caldwell's infringement in this manner as well, and therefore preclude summary judgment for Caldwell.

## STATEMENT OF FACTS

Amesbury's '368 patent describes a tiltable block and tackle window balance including a locking shoe comprising an enlarged end. (See generally, Ex. 1[1], '368 patent.) The innovative features of this patented balance enable it to be installed easily in existing window jambs. (See e.g., Ex. 1, '368 patent, 2:57 – 3:19.) A connecting device connects the locking shoe to the balance channel. The locking shoe includes a pocket adapted to mate with a rivet. (Ex. 1, '368 patent, 2:1 – 56.) As shown in Fig. 3C of the '368 patent, reproduced here, the

---

[1] Unless otherwise noted, all exhibits referenced herein accompany the Declaration of Safraz W. Ishmael in Opposition to Caldwell's Motion for Partial Summary Judgment, filed herewith.

locking shoe **210** is connected to the bottom of the balance channel **630**. (Ex. 1, '368 patent, Fig. 3C.)

Caldwell has manufactured and sold, in the United States, the Series 97i and Series 97ih tiltable block and tackle window balances. (See Ex. 2, Lelio Dep. 101:25 – 102:16; Amesbury's Local Rule 56.1 Statement of Material Facts of Record As to Which There is at Least a Genuine Issue to be Tried ("SOF"), at ¶ 1 (filed herewith).) The Series 97i and Series 97ih balances are configured similarly and are, in fact, indistinguishable for the purposes of this motion. (See Caldwell's Brief, at 2.)

Caldwell disputes only that its Series 97i and 97ih balances incorporate the claimed "pocket . . . adapted to mate with a rivet" and "connecting device for attaching the balance shoe within the U-shaped channel of the window balance." (See Ex. 3, Def.'s Supp. Answers to Pls.' First Set of Interrogs., at Ex. A; Ex. 4, Still April 17 Report, at Ex. C; Ex. 5, Still Dep. 132:5 – 134:10; SOF at ¶¶ 2 – 7, 9 – 10, 12 – 15, 17 – 22, 24 -25, 27 - 30.) However, as discussed in Amesbury's May 19, 2006, Motion for Summary Judgment (Doc. No. 76), the Series 97i and 97ih balances both include a rivet for connecting the balance shoe to the U-shape channel, and both Caldwell's expert and its Series 97i and 97ih designer, Jeffrey Robertson, admitted this fact. (See Ex. 5, Still Dep. 134:11 – 15; Ex. 6, Robertson Dep. 26:15 – 19; SOF at ¶ 11, 26.) As a result, this connecting rivet meets the Court's construction of the claim term "connecting device,"[2] which the Court confirmed in ruling on Amesbury's Motion. (See 11/02/2006 Memorandum and Order, Doc. No. 108, at 43 – 44.) Therefore, the only remaining

---

[2] The Court construed the claim term "connecting device" to mean "[a] device, such as a rivet, screw, or resilient tabs, that connects the balance shoe to the U-shaped channel of the inverted window balance." (01/20/2006 Memorandum and Order, Doc No. 64, at 72.)

3

contested issue is whether Caldwell's Series 97i and 97ih balances contain the "pocket" of independent claim 2 and its dependent claims.

## ARGUMENT

As set forth below, Caldwell is not entitled to summary judgment that its Series 97i and Series 97ih balances do not infringe claims 2, 3, 6, and 7 of Amesbury's '368 patent because, at the very least, genuine issues of material fact exist as to whether these balances contain the claimed "pocket," both literally and under the doctrine of equivalents.

### I.    The Court Cannot Grant Summary Judgment If a Genuine Issue of Material Fact Exists.

The Court cannot grant summary judgment if a genuine issue of material fact exists for trial. <u>Matsushita Elec . Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Caldwell, as the party moving for summary judgment, bears the burden of proving the absence of any genuine issue of material fact. <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 323 (1986). Furthermore, when considering Caldwell's motion for summary judgment, the Court must "view the evidence presented through the prism of the substantive evidentiary burden" and in the light most favorable to Amesbury. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254, 255 (1986). Thus, "all justifiable inferences are to be drawn in [Amesbury's] favor." <u>Id.</u> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." <u>Id.</u>

**II.     A Genuine Issue of Material Fact Exists As To
         Whether The Series 97i and Series 97ih Balances
         <u>Literally Contain The "Pocket" of Claim 2.</u>**

   **1.   Whether the Opening in the Balance Shoe That Receives the Rivet
         Meets the "Pocket" Limitation is a Genuine Issue of Material Fact.**

A genuine issue of material fact exists as to whether the opening in each of the Series 97i and 97ih balance shoes that receives the connecting rivet meets the Court's construction of the claim term "pocket." The Court has construed "pocket" to mean a "notch with an opening shaped to mate (i.e. 'to join or fit together') with a rivet, thereby aiding to secure the balance shoe within the U-shaped channel of the inverted window balance." (01/20/2006 Memorandum and Order, Doc. No. 64, at 63.)

As illustrated in the photograph below of a Series 97i and 97ih balance shoe, the shoe contains a generally U-shaped opening in each of its two sidewalls along which the rivet passes. These sidewall openings are further defined by the end wall of the shoe frame at the far end. (<u>See also</u>, Shina Third Decl. at ¶ 8; SOF ¶¶ 8, 23.) A central



elongated finger extends partially into the opening. <u>Id.</u> Collectively, the sidewalls and end wall form a notch that structurally and functionally is configured to mate with the rivet. <u>Id.</u> The tip of the finger keeps the rivet in the notch and prevents the rivet from falling out of the notch. (<u>See also</u>, Shina Third Decl. at ¶ 10.) The opening mates with the rivet in that if it were

5

too small, the rivet could not physically be received therein, and if the opening were too large, the end wall and extension finger would not contact the rivet and the shoe would not be secured properly in the balance channel. (<u>See also</u>, Shina Third Decl. at ¶ 8; SOF ¶¶ 8, 23.) Caldwell's decision to add the central elongated finger to aid in securing the rivet in the opening does not change the fact that the opening itself, formed by the sidewalls and end wall, defines a notch shaped to mate with the rivet. Viewing these facts with all inferences in favor of Amesbury, there exists at a minimum a genuine issue of material fact as to whether the Series 97i and Series 97ih balances contain a notch with an opening shaped to mate with the rivet, and thus summary judgment of non-infringement must be denied.

Additionally, Amesbury's expert identified this very same opening as the claimed "pocket" consistent with the Court's claim construction. (<u>See</u> Ex. 7, Shina March 23 Report at 43-45; Ex. 8, Shina Dep. 243:4 - 23; Shina Third Decl. at ¶ 8; SOF at ¶¶ 8, 23.) For example, at his deposition, Amesbury's expert, upon inspecting a Series 97i balance physical specimen, identified the balance shoe opening that receives the rivet as a "pocket" that meets the Court's claim construction precisely.[3]

---

[3] Q. Okay. So the pocket is an opening that's surrounding that rivet?

MR. SINGER: Objection.

A. Well, the correct term that I want to use is -- whenever we use the word "pocket" in this patent '368, **I refer to -- to the US District Court claim construction of the word "pocket."**

Q. What is that construction?

A. Reading from my report on page 44, if I may, The disputed term "pocket," to be constructed as quote, notch with an opening shaped to mate, i.e. to join or fit together, with a rivet, thereby aiding to secure the balance shoe within the U-shaped channel of the inverted window balance.

**Q. Do you find that, what you have just read, as the definition of pocket in Still. Exhibit 20 somewhere?**

**A. That's correct.**

(Ex. 8, Shina Dep. 243: 4 – 23 (emphasis added).)

6

As this Court noted in denying in part Amesbury's Motion for Summary Judgment, "the fact that the experts gave conflicting answers in their depositions supports the conclusion that there is a genuine issue of material fact." (11/02/06 Memorandum and Order, Doc. No. 108, at 14.) Accordingly, Amesbury's expert's opinion and testimony that Caldwell's Series 97i and 97ih balance shoes' opening is the claimed "pocket" creates a genuine issue of material fact and, therefore, the Court cannot grant summary judgment. See AFG Indus., Inc. v. Cardinal IG Co., 375 F.3d 1367, 1371 (Fed. Cir. 2004) ("a trial court cannot reach a conclusive finding of noninfringement if the record shows some evidence supporting a finding of noninfringement and some evidence to the contrary").

    **2.    Caldwell's Threading Arguments Are Irrelevant Because The "Pocket" Element Does Not, and Cannot by Law, Include A Limitation That The Connecting Rivet Not Be Threaded Through The "Pocket."**

Caldwell's entire argument that its Series 97i and 97ih balances avoid the "pocket" claim limitation is based not on the balances' structure, but on the manner that Caldwell claims to assemble them. According to Caldwell, it assembles the Series 97i and 97ih balances by threading the connecting rivet sideways through the U-shaped channel and the balance shoe opening, not by snapping the rivet into the opening. But, the claims of the '368 patent describe window balance systems, not balance assembly methods. Caldwell's focus on assembly of its balance shoes twists this Court's claim construction and imports limitations into the claims improperly.

The Court's reference in its claim construction order to the threading of the rivet, was in the limited context of a finding that the "pocket" cannot be a "***fully enclosed channel*** through the balance shoe, in which the rivet would have to be thread through. . ."

7

(01/20/2006 Memorandum and Order, Doc. No. 64, at 63 (emphasis added).)  As is clear from the photograph of the Series 97i and 97ih shoe above, the opening that meets the "pocket" limitation is not a fully enclosed channel.  (See also, Shina Third Decl. at ¶ 9; SOF at ¶ 8, 23.)  The opening is defined by the shoe side walls and end wall.  The central elongated finger that retains the rivet in the opening is much narrower than the width of the balance shoe and so does not fully enclose the opening forming the "pocket."  Furthermore, a top view of the balance shoe, as shown in the picture below, shows that the opening that defines the notch is not completely enclosed, but rather is almost completely open.  Thus, the opening forming the "pocket" of the Series 97i and 97ih balances is certainly not a fully enclosed channel that the Court's construction envisioned would not meet the "pocket" limitation.



In addition, the Court's claim construction ruling should not be interpreted to require that the term "pocket" includes a limitation that the rivet may not, under any possible assembly method, be threaded through the pocket, because the importation of such a limitation would be contrary to both the patent statute and to well established Federal Circuit law.  Because 35 U.S.C. § 112 "requires that the claims themselves set

8

forth the limits of the patent grant [and] also because persons of ordinary skill in the art rarely would confine their definitions of terms to the exact representations depicted in the embodiments," the Federal Circuit has "repeatedly warned against confining the claims to those embodiments" described in the specification.  Phillips v. AWH Corp., 415 F.3d 1303, 1323 (Fed. Cir. 2005).  Indeed, it is a fundamental principle of patent law that "it is a function and purpose of claims," not the "written description part of the specification itself," to "delimit the right to exclude."  Markman v. Westview Instruments, Inc., 52. F.3d 967, 980 (Fed. Cir. 1995).

Therefore, "[t]o avoid importing limitations from the specification into the claims, it is important to keep in mind that the purposes of the specification are to teach and enable those of skill in the art to make and use the invention and to provide a best mode for doing so."  Phillips at 1323.  As such, simply because the specification discloses one embodiment of installing the balance shoe into the U-shaped channel by fitting the rivet into the "pocket," as illustrated in FIG. 6A through FIG. 6D, does not mean that the claim term "pocket" is limited structurally to only such a method of installation.  Indeed, one of ordinary skill in the art can easily envision an alternative method of installing the rivet into the "pocket," where the shoe is first placed into the U-shaped channel and then the rivet is threaded through the pocket, using a procedure similar to that described in Caldwell's Smith Declaration (Doc. No. 117) and the attached video[4].  (See Shina Third

---

[4] The facts asserted by the Declaration of Fletcher Smith ("Smith Declaration") were never produced during discovery.  Furthermore, at the December 5, 2006 scheduling conference, the Court directed that the parties jointly produce a video depicting the assembly and/or disassembly of Caldwell's Series 97i and Series 97ih balances.  Caldwell ignored this order and ***unilaterally produced a video***, without Amesbury's input or participation, that it attached to the Smith Declaration.  (See Ex. 9, Letter from Douglas Kline to Neal Slifkin, 12/18/2006.)  Additionally, Caldwell did not identify previously Mr. Fletcher Smith in this litigation.  As such, should the Court be inclined to find the Smith Declaration material to a ruling in favor of Caldwell on the present motion, Amesbury respectfully requests, under Rule 56(f), a continuance and leave from the Court to depose Mr. Smith in order to ascertain facts to

9

Decl. at ¶ 11; SOF at ¶¶ 31, 32.) Such an alternative method of installation, where the rivet is threaded through the pocket, is not precluded by the clear language of the claims, and to hold to the contrary would import a non-essential limitation of one embodiment described in the specification into the claims, a practice contrary to well established Federal Circuit case law.

Finally, Caldwell's argument that the "pocket" must be configured so that the rivet is snapped into the shoe is not only an improper importation of limitations from the specification, but is also plainly an incorrect reading of the specification.[5] The term "snap," as used in the specification, *never* refers to the "pocket." In fact, the term "snap," whenever used in the specification, *always refers to the snapping of the resilient or retractable tabs* of one embodiment of the invention into holes in the U-shaped channel when the balance shoe is installed in the channel. (See Ex. 1, '368 patent, col. 5, ll. 29-31 ("In the depicted embodiment, the connecting device 212 is a pair of *retractable tabs that snap* into the rigid U-shaped channel 630." (emphasis added).) Indeed, nowhere in the specification is the word "snap" used to describe the pocket or the rivet that the pocket receives.

As to Caldwell's focus on the patent's title, "Snap Lock Balance Shoe and System for Pivotable Window," the title of a patent is nearly irrelevant to claim construction. Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298, 1312 (Fed. Cir. 1999); Biogen, Inc. v. Berlex Laboratories, Inc., 113 F.Supp.2d 77, 99 (D. Mass. 2000) ("the

---

further oppose the motion. Otherwise, Amesbury would be unfairly prejudiced as it had no opportunity to depose Mr. Smith and/or participate in Mr. Smith's demonstration of the Series 97i and Series 97ih manufacturing process.

[5] Nevertheless, it is reasonably conceivable that the elongated finger of the Series 97i and 97ih shoe, shown in the figure, is resilient and so allows for the rivet to slide into the "pocket" and/or allow for the "pocket" to snap onto an already installed rivet. This, at the very least, is a genuine issue of material

10

Court of Appeals for the Federal Circuit has noted '[t]he near irrelevancy of the patent title to claim construction'"). This is especially the case here where the title of the patent describes only one embodiment of the invention incorporating resilient or retractable tabs – an embodiment that is not even the subject of any of the claims at issue in this case.

As the claim term "pocket" does not, and cannot by law, contain a limitation that the connecting rivet cannot be threaded through the pocket, Caldwell's arguments that the Series 97i and Series 97ih connecting rivet is threaded through the balance shoe is irrelevant to summary judgment.

### III.   A Genuine Issue of Material Fact Exists As To Whether The Series 97i and Series 97ih Balances Contain An Equivalent to The "Pocket" of Claim 2.

The Court should deny summary judgment of non-infringement for the additional reason that there exists a genuine issue of material fact whether, under the doctrine of equivalents, the material forming the opening of the Series 97i and 97ih balance shoe that receives the rivet is equivalent to the claimed "pocket." See Dawn Equip. Co. v. Kentucky Farms Inc., 140 F.3d 1009, 1016 (Fed. Cir. 1998) (a claim limitation is met if there is an element of the accused product that performs substantially the same function, in substantially the same way, to achieve substantially the same result).

In particular, the "pocket" disclosed in the '368 patent performs the function of preventing displacement of the balance shoe, by mating with the rivet it receives, achieving the result of securing the balance shoe in the U-shaped channel. (See Ex. 1, '368 patent, 5:29 – 39; Ex. 7, Shina March 23 Report at 33.) From the physical specimens of the Series 97i and 97ih balances in evidence, Professor Shina's testimony,

---

fact for a jury to decide, and so summary judgment is inappropriate.

and other evidence, a jury reasonably could conclude that Caldwell's Series 97i and Series 97ih rivet-receiving balance shoe openings perform substantially the same function as the claimed pocket (preventing displacement of the shoe), in substantially the same way (by mating with the rivet), to achieve substantially the same result (to secure the shoe in the U-shaped channel). (See also, Shina Third Decl. at ¶ 12.) Thus, a genuine issue of material fact precludes summary judgment for Caldwell on this issue.

Caldwell argues that the function of the claimed "pocket" is to accept, into the top of the "pocket," a rivet that has previously been installed. However, Amesbury's expert has explained that "one possible function of the pocket in claim 2 is to prevent displacement or rotation of the balance shoe during shipping and handling." (Ex. 7, Shina March 23 Report at 33.) These differing opinions on the function of the "pocket" either create a genuine issue of material fact, making summary judgment of non-infringement inappropriate, or alternatively, may be reconciled by recognizing that the "pocket" can have multiple functions, one of which is to accept a threaded rivet from the side after the shoe is in place in the U-shaped channel, a function Caldwell has purported is characteristic of the Series 97i and 97ih shoe opening that receives the rivet. The installation procedure described in FIGS. 6A – 6D of the '368 patent where the "pocket" is slid around the connecting rivet is simply an installation procedure of the resilient tab shoe embodiment (not at issue in this litigation), and should not limit the claimed "pocket" to solely a structure that can accept a previously installed rivet. (See Ex. 1, '368 patent, 6:34 ("FIGS. 6A – 6D show *one embodiment* of a method for securing the snap lock balance shoe 210 within a rigid U-shaped channel" (emphasis added)); Shina Third Decl. at ¶ 11.)

At the very least, conflicting expert testimony on the proper function, way, and result performed and achieved by the claimed "pocket" and accused balance shoe opening creates a genuine issue of material fact to be resolved at trial. For this reason as well, the Court should deny summary judgment.

### IV.     The Court Should Also Deny Summary Judgment With Respect to Dependent Claims 3, 6, and 7.

Caldwell has also moved for summary judgment of non-infringement of dependent claims 3, 6, and 7. Because Caldwell has conceded that the Series 97i and 97ih balances meet the additional limitations of these claims, the only contested element, with respect to these dependent claims, is the "pocket" element discussed above with respect to independent claim 2. (See Ex. 4, Still April 17 Report, at Ex. C; SOF at ¶¶ 12 – 15, 27 - 30.) Therefore, for the reasons discussed above, genuine issues of material fact exist as to whether the Series 97i and 97ih balances meet the "pocket" limitation, both literally and under the doctrine of equivalents. As such, the Court should deny summary judgment with respect to claims 3, 6, and 7, for the same reasons as discussed above with respect to claim 2.[6]

## CONCLUSION

For the reasons set forth above, Amesbury respectfully requests that this Court deny Caldwell's Motion for Partial Summary Judgment of Non-Infringement.

---

[6] Notably, Caldwell has failed to move for summary judgment with respect to claims 8 and 11 of the '368 patent, both claims Amesbury has asserted against the Series 97i and 97ih balances. (See Ex. 10, Amesbury's Second Supp. Resp. To Caldwell's Interrogs., at 2.)

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), counsel for Amesbury hereby requests oral argument on the issues raised in this memorandum.

Respectfully submitted,

/s/ Douglas J. Kline
Douglas J. Kline (BBO# 556680)
Terese Dillingham (BBO# 644520)
Safraz W. Ishmael (BBO# 657881)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA  02109
Phone:  (617) 570-1000
Fax:  (617) 523-1231

Attorneys for Plaintiffs

**AMESBURY GROUP, INC.**
**AMESBURY SPRINGS LTD.**

Dated: January 12, 2007

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 12, 2007.

/s/ Douglas J. Kline
