UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMESBURY GROUP, INC., and<br>AMESBURY SPRINGS LTD.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE CALDWELL MANUFACTURING<br>COMPANY,<br><br>　　　　　Defendant. | Civil Action No. 05-10020-DPW |

## CONSENT JUDGMENT AND AGREED ORDER OF DISMISSAL

Pursuant to a confidential Settlement Agreement between Plaintiffs Amesbury Group, Inc. and Amesbury Springs Ltd. ("Amesbury") and Defendant The Caldwell Manufacturing Company ("Caldwell"), the parties have settled their differences and agreed to entry of this Consent Judgment and Agreed Order of Dismissal to resolve this action. This Court hereby states and orders as follows:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties. Venue is proper in this District.

2. Amesbury's allegations of infringement of Amesbury's U.S. Patent No. 5,365,638 ("the '638 patent") as set forth in paragraphs 7-14 of Amesbury's complaint are hereby dismissed with prejudice.

3. Pursuant to the Court's Decision dated November 2, 2006, Caldwell's Series 86xt balance infringes Amesbury's U.S. Patent No. 6,598,264 ("the '264 patent").

4. With respect to Amesbury's U.S. Patent No. 6,820,368 ("the '368 patent"):

(a) Pursuant to the Court's Decision dated November 2, 2006, Caldwell's Series 97ez window balance infringes the '368 patent,

(b) Pursuant to the Court's Decision dated November 2, 2006, the '368 patent is not invalid, and

(c) Caldwell, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby enjoined for the remaining enforceable term of the '368 patent, from the manufacture, use, sale, offer for sale, or importation, into or within the United States of Caldwell's Series 97ez window balance as well as any other balance that is not more than colorably different from such Series 97ez window balance.

5. All other claims or counterclaims asserted by any party to this action, are hereby dismissed without prejudice.

6. The parties agree that each party shall bear its own costs, expenses and attorneys fees incurred in this case and all rights of appeal arising out of this case are hereby waived.

IT IS SO ORDERED:

This the 1st day of March, 2007.

*[signature]*
Douglas P. Woodlock, U.S.D.J.

LIBC/2924615.1

Dated: February 28, 2007

Respectfully submitted,

| /s/ Douglas J. Kline | /s/ Neal L. Slifkin |
|---|---|
| Douglas J. Kline (BBO# 556680)<br>Terese Dillingham (BBO# 644520)<br>Safraz W. Ishmael (BBO# 657881)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>Phone: (617) 570-1000<br>Fax: (617) 523-1231 | Neal L. Slifkin<br>Paul J. Yesawich, III<br>HARRIS BEACH PLLC<br>99 Garnsey Road<br>Pittsford, NY 14534<br>Phone: (585) 419-8800<br>Fax: (585) 419-8801<br><br>David E. Lurie (BBO# 542030)<br>Thomas E. Lent (BBO# 644970)<br>LURIE & KRUPP, LLP<br>One McKinley Square<br>Boston, MA 02109<br>Phone: (617) 367-1970<br>Fax: (617) 367-1971 |
| Attorneys for Plaintiffs<br>**AMESBURY GROUP, INC.**<br>**AMESBURY SPRINGS LTD.** | Attorneys for Defendant<br>**THE CALDWELL MANUFACTURING**<br>**COMPANY** |

LIBC/2924615.1